UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BARBARA LODER HILDEBRANDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. C-1-02 0003 |
| ) | |
| HYATT CORPORATION, et al. ) | Judge Sandra Beckwith |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
TABLE OF CONTENTS**

I.  FACTUAL AND PROCEDURAL BACKGROUND ................................................... 1

   A.  Introduction ........................................................................................... 1

Ohio Revised Code ("O.R.C.") Chapter 4112
Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.*
Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*

   B.  Plaintiff's Employment With Hyatt. ................................................................ 3

   C.  Hyatt's National Sales Force ......................................................................... 3

   D.  Promotional Opportunities In The NSF ........................................................... 4

   E.  Plaintiff's Quota ...................................................................................... 10

   F.  The Economic Downturn In 2001 ................................................................. 10

   G.  The 2001 Mid-Year Review ........................................................................ 11

   H.  Booth's Alleged Gender And Age-Based Comments ........................................ 13

   I.  The Tragedy of September 11, 2002 And Its Effects
       On Hyatt's Workforce ............................................................................... 14

   J.  The Reduction In Force In September 2001 ................................................... 15

| | | | |
|---|---|---|---|
| | K. | The Reassignment Of Plaintiff's Accounts | 17 |
| | L. | Statistical Overview Of Hyatt's Workforce Before And After The Reduction In Force | 18 |
| | M. | Summary Of Plaintiff's Claims | 20 |
| II. | | LEGAL ANALYSIS AND ARGUMENT | 21 |
| | A. | Summary Judgment Standard | 21 |

*Morris v. Oldham County Fiscal Court*, 201 F.3d 784 (6th Cir. 2000)
*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)
*Evans v. Jay Instrument and Specialty Co.*, 889 F. Supp 302 (S.D. Ohio 1995)
*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)
*Hedberg v. Indiana Bell Telephone Co.*, 47 F.3d 928 (7th Cir. 1995)
*Ruth v. Allis-Chalmers Corp.*, 1986 U.S. Dist. LEXIS 26531
    (W.D. Ky. April 18, 1986)
*Harker v. Federal Land Bank of Louisville*, 679 S.W.2d 226 (Ky. 1984)
*Sublett v. Edgewood Universal Cabling Systems, Inc.*, 194 F. Supp. 2d 692
    (S.D. Ohio 2001)

| | | | |
|---|---|---|---|
| | B. | Plaintiff's Claims For Age And Gender Discrimination Against Hyatt Fail As A Matter Of Law | 22 |

*Irwin v. Marquette Medical Systems, Inc.*, 107 F. Supp 2d 974 (S.D. Ohio 2000)
*Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm.*,
66 Ohio St. 2d 192, 421 N.E.2d 128 (1981)
*Genaro v. Central Transport, Inc.*, 84 Ohio St. 3d 293, 703 N.E.2d 782 (1999)

| | | | | |
|---|---|---|---|---|
| | | 1. | Plaintiff Cannot Establish A *Prima Facie* Case Of Age Or Gender Discrimination Against Hyatt | 23 |
| | | | a. *Applicable Burdens Of Proof For Age And Gender Discrimination* | 23 |

*Sublett v. Edgewood Universal Cabling Systems, Inc.*, 194 F. Supp. 2d 692
    (S.D. Ohio 2001)
*Manzer v. Diamond Shamrock Chem. Co.*, 29 F. 3d 1078 (6th Cir. 1994)
*Terbovitz v. Fiscal Court of Adair County*, 825 F.2d 111 (6th Cir. 1997)
*Price Waterhouse v. Hopkins*, 490 U.S. 238 (1989)
*Kittle v. Cynocom Corp.*, 232 F. Supp. 2d 867 (S.D. Ohio 2002)
*Mauzy v. Kelly Services, Inc.*, 75 Ohio St. 3d 578, 664 N.E. 2d 1272
    (1996)
*Creech v. The Ohio Casualty Ins. Co.*, 944 F. Supp. 1347 (S.D. Ohio 1996)
*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)

*Irwin v. Marquette Medical Systems, Inc.*, 107 F. Supp. 2d 974
   (S.D. Ohio 2000)
*Roh v. Lakeshore Estates, Inc.*, 241 F.3d 491 (6th Cir. 2001)
*Barnhart v. Pickerel, Schaeffer & Ebeling Co., L.P.A.*, 12 F.3d 1382
   (6th Cir. 1993)
*Kline v. Tennessee Valley Auth.*, 128 F.3d 337 (6th Cir. 1997)

    b.    ***Plaintiff Cannot Establish A Prima Facie Case Of Age Or Gender Discrimination Based On Hyatt's Alleged Failure To Promote Her To Certain Positions ............ 25***

*AMTRAK v. Morgan*, 536 U.S. 101, 120 S. Ct. 2061 (2002)
*Roh v. Lakeshore Estates, Inc.*, 241 F.3d 491 (6th Cir. 2001)
*Pritchard v. Office Max, Inc.*, 2000 U.S. App. LEXIS 437
   (6th Cir. January 6, 2000)
*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)
*Betkerur v. Aultman Hosp. Ass'n.*, 78 F.3d 1079 (6th Cir. 1996)
*Brown v. Tennessee*, 93 F.2d 00 (6th Cir. 1982)
*Hines v. Ohio State University*, 3 F. Supp. 2d 859
   (S.D. Ohio 1998)
*Dews v. A.B. Dick Co.*, 231 F.3d 1016 (6th Cir. 2000)
*Donahoo v. Ohio Department of Youth Services*, 2002 U.S.
   Dist. LEXIS 23613 (N.D. Ohio August 26, 2002)
*Frazier v. Ford Motor Co.*, 176 F. Supp. 2d 719
   (W.D. Ky. 2001)

        1)    THE ASSOCIATE DIRECTOR OF SALES POSITION ........... 28

*AMTRAK v. Morgan*, 536 U.S. 101, 120 S. Ct. 2061 (2002)
*Hedberg v. Indiana Bell Telephone Co.*, 47 F.3d 928 (7th Cir. 1995)
*Ruth v. Allis-Chalmers Corp.*, 1986 U.S. Dist. LEXIS 26531
   (W.D. Ky. April 18, 1986)

        2)    THE ASSISTANT VICE PRESIDENT FOR INTERNATIONAL AND INDIVIDUAL TRAVEL POSITION ......................................................... 29

*AMTRAK v. Morgan*, 536 U.S. 101, 120 S. Ct. 2061 (2002)
*Brown v. Tennessee*, 93 F.2d 600 (6th Cir. 1982)

        3)    THE DIRECTOR OF SALES FOR THE CENTRAL NATIONAL SALES OFFICE POSITION .............................. 31

*Brown v. Tennessee*, 93 F.2d 600 (6th Cir. 1982)

    c.    ***Plaintiff Cannot Establish A Prima Facie Case Of Age Or Gender Discrimination Based On***

*The Elimination Of Her Position During Hyatt's Reduction in Force* ........................................................ *32*

*Scott v. Goodyear Tire and Rubber Co.*, 160 F.3d 1121 (6th Cir. 1998)
*Irwin v. Marquette Medical Systems, Inc.*, 107 F. Supp 2d 974
    (S.D. Ohio 2000)
*Evans v. Jay Instrument and Specialty Co.*, 889 F. Supp 302
    (S.D. Ohio 1995)
*Barnes v. GenCorp, Inc.*, 896 F.2d 1457 (6th Cir. 1990)
*Herbst v. System One Information Management, L.L.C.*,
    31 F. Supp. 2d 1025 (N.D. Ohio 1998)

    1)    PLAINTIFF CAN PRESENT NO DIRECT EVIDENCE
           OF AGE OR GENDER DISCRIMINATION .......................... 33

        *Terbovitz v. Fiscal Court of Adair County*, 825 F.2d 111
           (6th Cir. 1997)
        *Creech v. The Ohio Casualty Insurance Co.*, 944 F. Supp. 1347
           (S.D. Ohio 1996)
        *Bush v. Dictaphone Corp.*, 161 F.3d 363 (6th Cir. 1998)
        *Byrnes v. LCI Communication*, 77 Ohio St. 3d 125,
           672 N.E.2d 145 (1996)

    2)    PLAINTIFF CAN POINT TO NO CIRCUMSTANTIAL
           EVIDENCE DEMONSTRATING HER TERMINATION
           AS A RESULT OF THE REDUCTION IN FORCE WAS
           RELATED TO HER AGE OR GENDER.............................. 35

        *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344 (6th Cir. 1998)
        *Mitchell v. Toledo Hosp.*, 964 F.2d 577 (6th Cir. 1992)
        *Hooper v. Cargill, Inc.*, 1999 U.S. App. LEXIS 17969
           (6th Cir. July 23, 1999)
        *Trepka v. The Board of Education for the Cleveland City School Dist.*,
           28 Fed. Appx. 455, 2002 U.S. App. LEXIS 1357 (6th Cir.
           January 24, 2002)

    3)    PLAINTIFF CAN POINT TO NO STATISTICAL
           EVIDENCE SUPPORTING HER CLAIMS............................ 39

        *Barnes v. GenCorp, Inc.*, 896 F.2d 1457 (6th Cir. 1990)
        *Laugesen v. Anaconda Co.*, 510 F.2d 307 (6th Cir. 1975)
        *Adams v. Florida Power Corp.*, 255 F.3d 1322 (11th Cir. 2001)

    2.    **Even If Plaintiff Establishes A *Prima Facie* Case For Age
           And/Or Gender Discrimination, She Cannot Establish
           That Hyatt's Legitimate, Nondiscriminatory Reasons For**

    **Her Discharge Or Allegedly Denied Promotions Were Pretext For Discrimination** ............................................................... 40

    *Manzer v. Diamond Shamrock Chem. Co.*, 29 F. 3d 1078 (6th Cir. 1994)
    *Roh v. Lakeshore Estates, Inc.*, 241 F.3d 491 (6th Cir. 2001)
    *Herbst v. System One Information Management, L.L.C.*, 31 F. Supp. 2d 1025
     (N.D. Ohio 1998)
    *Ruth v. Allis-Chalmers Corp.*, 1986 U.S. Dist. LEXIS 26531
     (W.D. Ky. April 18, 1986)
    *Bush v. Dictaphone Corp.*, 161 F.3d 363 (6th Cir. 1998)
    *Betkerur v. Aultman Hosp. Ass'n.*, 78 F.3d 1079 (6th Cir. 1996)

    a. *There Is No Evidence Of Pretext In the Context Of Plaintiff's Allegations That She Was Not Promoted To Certain Positions* ............................ 42

    b. *There Is No Evidence Of Pretext In The Context Of The Elimination Of Plaintiff's Position* ............................ 44

     *Frantz v. Beechmont Pet Hosp.*, 117 Ohio App. 3d 351,
      690 N.E.2d 987 (1996)
     *Herbst v. System One Information Management, L.L.C.*,
      31 F. Supp. 2d 1025 (N.D. Ohio 1998)

  C. **Plaintiff's Claims Against The Individual Defendants For Age And Gender Discrimination Fail As A Matter Of Law** ............................ 45

    O.R.C. § 4112.01(A)(2)
    *Genaro v. Central Transport, Inc.*, 84 Ohio St. 3d 293, 703 N.E.2d 782 (1999)
    *Williams v. General Electric Co.*, 269 F. Supp. 2d 958, 970 (S.D. Ohio 2003)
    *Jones v. Kilbourne Medical Laboratories*, 162 F. Supp. 2d 813 (S.D. Ohio 2000)
    *Brown v. Worthington Steel, Inc.*, 211 F.R.D. 320 (S.D. Ohio 2002)

  D. **Plaintiff's Claims Against Defendants For Discharge Based On A Violation Of Public Policy Should be Dismissed As A Matter Of Law** ............................ 48

    *Wiles v. Medina Auto Parts*, 96 Ohio St. 3d 241 (2002)
    O.R.C. § 4112.99
    *Rice v. CertainTeed Corp.*, 84 Ohio St. 3d 417, 704 N.E.2d 1217 (1999)
    *Barlowe v. AAAA Int'l Driving*, 2003 Ohio App. LEXIS 5097 (October 24, 2003)
    *Kittle v. Cynacom Corp.*, 232 F. Supp. 2d 867 (S.D. Ohio 2002)
    *Jones v. Kilbourne Med. Labs.*, 162 F. Supp. 2d 813 (S.D. Ohio 2000)

III. **CONCLUSION** ............................................................................................... 50