UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BARBARA LODER HILDEBRANDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  C-1-02-0003 |
| | ) | |
| HYATT CORPORATION | ) | Judge Beckwith |
| | ) | Magistrate Judge Sherman |
| and | ) | |
| | ) | |
| TY HELMS | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BRIAN J. BOOTH, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS

Defendants HYATT CORPORATION, TY HELMS, AND BRIAN J. BOOTH ("Defendants"), by and through their undersigned counsel, hereby respond, in accordance with Rule 33(b) of the Federal Rules of Civil Procedure, to the consecutively numbered paragraphs of Plaintiff's First Set of Interrogatories to All Defendants served on Defendants by Plaintiff BARBARA LODER HILDEBRANDT ("Plaintiff"), as follows:

## GENERAL OBJECTIONS

1.        Defendants object to those Interrogatories which seek information that would contravene the attorney-client privilege, work-product doctrine, Federal Rules of Civil Procedure, or


EXHIBIT
M

any other applicable privilege, doctrine or rule.

2.    Defendants object to those Interrogatories which are overly broad, oppressive and/or burdensome.

3.    Defendants object to those Interrogatories which seek information which is neither relevant nor calculated to lead to the discovery of admissible evidence.

4.    Defendants object to Plaintiff's Interrogatories to the extent that the information requested is not within the knowledge of Defendants or their agents.

5.    Defendants do not waive their right to object to the relevancy or admissibility of any information provided in response to any Interrogatory by Plaintiff.

6.    Defendants reserve the right to supplement these responses as appropriate.

7.    Defendants object to any characterization of Plaintiff as a management-level employee.

## SPECIFIC RESPONSES

## INTERROGATORY NO. 1:

Please identify each person who approved, recommended, was consulted about, had input into, or played any role of any kind in the decision to terminate Ms. Hildebrandt's employment, in any consideration of termination of her employment, in any consideration of alternatives to termination of her employment, or in any alternatives to termination of employment you allege were actually offered to Ms. Hildebrandt and explain that person's role in and contribution to the decision making process (e.g. approved, consulted, recommended, offered alternative employment).

## RESPONSE:

Defendants object to Interrogatory No. 1 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that some of the information sought may be protected by the attorney-client privilege or the attorney work product doctrine.

Without waiving the foregoing objections, the following individuals played a role in the decision to terminate Plaintiff's employment through a reduction in the National Sales Force in September 2001:

Brian Booth was aware that a reduction in the National Sales Force was possible due to the financial downturn Defendant Hyatt had experienced and continued to experience before and after September 11, 2001. He was notified of the reduction that would occur on September 28, 2001, on September 27, 2001, by Jack Horne.

Ty Helms was aware that a reduction in the National Sales Force was possible due to the financial downturn Defendant Hyatt had experienced and continued to experience before and after September 11, 2001. Mr. Helms directed Jack Horne to analyze the various marketplaces in which Hyatt National Sales operated to determine what would result in the least customer disruption, improved efficiencies, and the biggest cost savings. His role in the decision involved reviewing Jack Horne's recommendations and presenting a plan to the company's managing committee.

Jack Horne was aware of the financial state of Defendant Hyatt prior to the time the decision was made to make the reduction in force that took place on September 28, 2001. He was involved in analyzing the statistics related to market coverage and cost savings in eliminating various positions in the National Sales Force.

Doug Patrick was the individual in Human Resources who reviewed the data regarding those individuals in the National Sales force whose jobs would be affected by the reduction in force on September 28, 2001, for purposes of insuring fairness and compliance with policies and laws.

<u>INTERROGATORY NO. 2:</u>

Please identify and state the date, time and place, and describe fully the substance, of each communication relating in any way to the decision to terminate Ms. Hildebrandt's employment, to any consideration of termination of her employment, to any consideration of alternatives to termination of her employment, or to any alternatives to termination of her employment you allege were actually offered to Ms. Hildebrandt. This request shall be construed broadly to include, without limitation, communications between defendants and their advisors, including legal counsel, and communications between defendants and any provider or administrator of any fringe benefit program, including any health insurance carrier or administrator.

<u>RESPONSE:</u>

Defendants object to Interrogatory No. 2 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that some of the information sought may be protected by the attorney-client privilege or the attorney work product doctrine. Defendants further object to Interrogatory No. 2 on the grounds that Defendants cannot possibly detail the time, date, place, and substance of every communication relating in any way to the decision to terminate Plaintiff.

Without waiving the foregoing objections, see Defendants' Answer to Interrogatory No. 1. Also, various conversations between Ty Helms, Jack Horne, and Brian Booth occurred prior to the time the decision was made to reduce the National Sales Force. Generally, Ty Helms asked Jack Horne to analyze the data to determine which markets could be eliminated for the maximum cost savings, due to the downturn of the economy and the subsequent events of September 11, 2001, which further affected Defendant Hyatt's profits. Additionally, Jack Horne informed Brian Booth of the individuals who would be affected by the reduction and Ty Helms and Jack Horn instructed Mr. Booth to assist in communications with some of the affected individuals regarding this decision. Additionally, discussions were held with Doug Patrick in Human Resources regarding the impact of the reduction in force on different individuals for purposes of insuring fairness and compliance with policies and laws. These discussions occurred prior to the time the final decision was made to reduce the National Sales Force.

## INTERROGATORY NO. 3:

Please identify any person who replaced Ms. Hildebrandt after October 1, 2001, or who performed work upon or was assigned to administer Ms. Hildebrandt's accounts, or who performed any portion of Ms. Hildebrandt's responsibilities after October 1, 2001, and state the gender, date of birth and duties of each person named in the answer.

## RESPONSE:

Defendants object to Interrogatory No. 3 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, various individuals took over the responsibility for Plaintiff's accounts after her employment with Defendant Hyatt ended. No one, however, was hired to replace Plaintiff or fill her position in the Cincinnati area or in any other territory. Instead, various individuals took over responsibility for her accounts. Those individuals include the following:

Molly Crompton
Female
DOB: 3/6/68
Director National Accounts-Central National Sales Office

Barbara Hale
Female
DOB: 4/27/67
Director National Accounts-Central National Sales Office

Fred Reichelt
Male
DOB: 3/29/56
Director National Accounts-Central National Sales Office

Inge Spindola
Female
DOB: 2/22/58
Director of National Accounts-Central National Sales Office [is this accurate?]

Jennifer Roman
Female
DOB: 3/11/66
Director of National Accounts

## INTERROGATORY NO. 4:

If defendants contend that Ms. Hildebrandt was terminated due to a reduction in force, explain clearly what the reduction in force consisted of, over what period of time the reduction in force occurred, and how many employees were affected by the reduction in force, listing by date of birth, gender, and position, time of service with the company employees who left the Company's employ (including those who were temporarily laid off, those who resigned, and those who were offered early retirement), employees who were demoted, and employees who were transferred.

## RESPONSE:

Defendants object to Interrogatory No. 4 on the grounds that it is overly broad, unduly burdensome, and not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, the following ten individuals, were affected by the restructure of the National Sales Force that occurred on September 28, 2001, with an effective date of October 1, 2001.

1.   Plaintiff
     Age at the time of reduction in force: 49
     Female
     Position: Director of National Accounts-Central National Sales Office
     Years of Service at time of reduction in force: 22

2.   Wendy Jensen
     Age at the time of reduction in force: 42
     Female
     Position: Director National Accounts-Northeastern National Sales Office
     Years of Service at time of reduction in force: 12.75

3.   Mary Rocereto
     Age at the time of reduction in force: 45
     Female
     Position: Director of National Accounts-Eastern National Sales Office
     Years of Service at time of reduction in force: 23

4.   Mary Patton
     Age at the time of reduction in force: 37
     Female
     Position: Director of National Accounts-Central National Sales Office
     Years of Service at time of layoff: 7

5.  Jane Johnson
    Age at the time of reduction in force: 46
    Female
    Position: Director of National Accounts-Western National Sales Office
    Years of Service at time of layoff: 16.5

6.  Dean D'Anna
    Age at the time of reduction in force: 41
    Male
    Position: Director of National Accounts-Eastern National Sales Office
    Years of Service at time of layoff: 9

7.  Dawn Beagle
    Age at the time of reduction in force: 41
    Female
    Position: Director of National Accounts-Western National Sales Office
    Years of Service at time of layoff: 12.75

8.  Cardella Gills
    Age at the time of reduction in force: 44
    Female
    Position: National Sales Manager-Omaha National Sales Office
    Years of Service at time of layoff: 25

9.  Gail Smith
    Age at the time of reduction in force: 39
    Female
    Position: Director of National Accounts-Omaha National Sales Office
    Years of Service at time of layoff: 11

10. Herve Roussel
    Age at the time of reduction in force: We will provide this information as soon as it becomes
    available
    Male
    Position: Director of National Accounts-Omaha National Sales Office
    Years of Service at time of layoff: 2 years

No members of the National Sales Force were demoted or offered other positions at the time the
National Sales Force was reduced in September 2001.

## INTERROGATORY NO. 5:

If defendants contend that Ms. Hildebrandt was terminated due to a reduction in force due to economic reasons, please answer the following for the time period (See definition of "time period" on page 7, Plaintiff's First Set of Document Requests to All Defendants), unless instructed otherwise in the Interrogatory:

    a.    identify any consultants hired, retained or upon which the Company relied for business or financial planning;

    b.    identify all persons competent to testify as to Hyatt Corporation's financial condition during the time period, stating each such person's name, last known home address and phone number and work address and phone number;

    c.    identify all reports made by or to any office or agency of the state or federal government regarding the Company's financial condition;

    d.    state the amount paid through any salary, bonus, stock options, or any other form of compensation, financial or otherwise, to management-level employees;

    e.    identify by Bates number all documents discussing or relating to the Company's business, projected sales, projected growth, financial forecasting and/or acquisitions;

    f.    state the Company's franchise or other arrangements regarding operation of Hyatt Regency Hotels not owned by the Company, itemize the amount paid each year to third parties for space utilized by the Company's management-level employees by hotel, and identify each management level employee on whose behalf such rent was paid by gender, age, job title, and job duties;

    g.    itemize all overhead/expenses defendants claim they incurred each year as a result of the employment of each management-level employee, including Ms. Hildebrandt, specifying the amount of each expense, the reason for each expense;

    h.    state the amount billed to and the amount received from third parties, including owners of Hyatt Regency Hotels for the services of the Company's management-level employees per year during the last ten years, itemizing the annual amounts for each management-level employee, and state the amount of money paid by third parties directly to the Company's management-level employees per year during the last ten years, itemizing the annual amounts for each management-level employee;

i.    state specifically all funds borrowed by the Company, by year, including the lender, the nature of the funds, and the amount borrowed from each lender per year and indicate specifically any loans that were not repaid according to the loan agreement schedule.

## RESPONSE:

Defendants object to Interrogatory No. 5(a-i) on the grounds that it and each of its subparts are overly broad, unduly burdensome, and not relevant or reasonably calculated to lead to the discovery of admissible evidence and on the grounds that some of the information sought may be protected by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to Interrogatory No. 5(a-i) on the grounds that some of the information sought is confidential business information, not relevant or reasonably calculated to lead to the discovery of admissible evidence in this litigation.

Without waiving the foregoing objections, Defendants answer a limited portion of Interrogatory No. 5 as follows:

a.    Hyatt did not hire a financial consultant immediately prior to the decision to reduce its National Sales Force.

b.    Frank Borg, Senior Vice President of Finance, Hyatt Corporation, 200 West Madison, Chicago, Illinois 60606, is competent to testify regarding the financial condition of Defendant Hyatt during the period immediately prior to September 28, 2001, which necessitated the reduction of the National Sales Force.

c.    None.

## INTERROGATORY NO. 7 [sic]:

Please identify each management-level employee whose employment was terminated, who resigned, who accepted early retirement, who was demoted, or who was transferred during the time period and state each person's date of birth, gender, and job duties.

## RESPONSE:

Defendants object to Interrogatory No. 7 [sic] on the grounds that it is overly broad, unduly burdensome, and not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent this Interrogatory suggests Plaintiff was a management-level employee. In the interest of cooperation, however, Defendants are responding to this Interrogatory with information regarding persons on Defendant Hyatt's National Sales Force on Plaintiff's same level. Without waiving the foregoing objections, Defendant Hyatt's National Sales Force was reduced by 10 individuals on or about September 28, 2001. None were demoted or retired.

## INTERROGATORY NO. 8 [sic]:

Please state the date, time and place, and describe fully the substance, of each communication relating to the termination of employment, requested resignation, early retirement, demotion, or transfer of any management-level employees; of each communication relating to the consideration or the possibility of the termination of employment, requested resignation, early retirement, demotion, or transfer of said employees; of each communication relating to the consideration of any alternatives to termination of employment, requested resignation, early retirement, demotion, or transfer of said employees; and of any communication relating to any alternatives to termination of employment, requested resignation, early retirement, demotion, or transfer actually offered to said employees. This request shall be construed broadly to include without limitation communications between defendants and their advisors, including legal counsel and communications between defendants and any provider or administrator of any fringe benefit program, including any health insurance carrier or administrator.

## RESPONSE:

Defendants object to Interrogatory No. 8 [sic] on the grounds that it is vague, overly broad, unduly burdensome, and not relevant or reasonably calculated to lead to the discovery of admissible evidence and on the grounds that some of the information sought may be protected by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object on the grounds that some of the information requested is confidential business information, not relevant or reasonably calculated to lead to the discovery of admissible evidence in this litigation. Defendants further object to the extent this Interrogatory suggests Plaintiff was a management-level employee. In the interest of cooperation, however, Defendants are responding to this Interrogatory with information regarding persons on Defendant Hyatt's National Sales Force on Plaintiff's same level. Additionally, Defendants object to this Interrogatory on the grounds that it defies reasonable attempts to respond, to the extent it seeks information not contained in written records and seeks the substance of every communication related to a variety of events.

Without waiving the foregoing objections, and pursuant to Fed.R.Civ.P. 33(d), see documents relating to the reduction of the National Sales Force on or about September 28, 2001, produced in response to Plaintiff's First Request for Production of Documents to All Defendants at Bates Nos. 10674 through 10699.

## INTERROGATORY NO. 9 [sic]:

Please identify each person who replaced any management-level employee adversely affected by the reduction in force, or to whom any of their duties and responsibilities were assigned, or who assumed any of their duties and responsibilities, and identify the management-level employees who were replaced or whose duties were reassigned to or assumed by others, and state the gender, date of birth and duties of each person named in the answer.

## RESPONSE:

Defendants object to Interrogatory No. 9 [sic] on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that some of the information sought may be protected by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to the extent this Interrogatory suggests Plaintiff was a management-level employee. In the interest of cooperation, however, Defendants are responding to this Interrogatory with information regarding persons on Defendant Hyatt's National Sales Force on Plaintiff's same level.

Without waiving the foregoing objections, the names of the Directors of National Accounts on the National Sales force who were affected by the reduction in force that occurred on or about September 28, 2001, are provided in response to Interrogatory No. 4.

## INTERROGATORY NO. 10 [sic]:

Please identify each management-level person hired or promoted during the time period, and state their duties, their pay, their gender, and their date of birth.

## RESPONSE:

Defendants object to Interrogatory No. 10 [sic] on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent this Interrogatory suggests Plaintiff was a management-level employee. In the interest of cooperation, however, Defendants are responding to this Interrogatory with information regarding persons on Defendant Hyatt's National Sales Force on Plaintiff's same level.

Without waiving the foregoing objections, no individuals have been hired to work as Director of National Accounts on the National Sales Force since the reduction in force occurred on or about September 28, 2001.

## INTERROGATORY NO. 11 [sic]:

Please identify, by Bates number, all documents defendants relied upon or considered when deciding to terminate plaintiff's employment.

## RESPONSE:

Defendants object to Interrogatory No. 11 [sic] on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that some of the information sought may be protected by the attorney-client privilege or the attorney work product doctrine.

Without waiving the foregoing objections, although documents were not the only items used in making the determination that a reduction in force was necessary or in making the determination of which individuals would be affected by the reduction in force, the documents used in determining which Directors of National Accounts would be affected by the reduction in force include documents produced in response to Plaintiff's First Request for Production of Documents at Bates Nos. 10674 through 10697.

## INTERROGATORY NO. 12 [sic]:

Please explain the methods or processes, if any, that defendants utilized to decide which employees to discharge, to request resignation from, to request early retirement from, to demote, to transfer, or to offer alternative employment to during any alleged reduction in force, and with regard to each such method or process, explain how Ms. Hildebrandt was evaluated or compared relative to other management-level employees. Please identify by Bates number any documentation used in selecting her for discharge rather than other employees who resigned, took early retirement were demoted, were transferred, or were offered alternative employment.

## RESPONSE:

Defendants object to Interrogatory No. 12 [sic] on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that some of the information sought may be protected by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object on the grounds that some of the information requested is confidential business information, not relevant or reasonably calculated to lead to the discovery of admissible evidence in this litigation. Additionally Defendants object to Interrogatory No. 12 [sic] to the extent it categorizes Plaintiff's position as a Director of National Accounts as a "management-level" position. Defendants further object to this Interrogatory on the ground that it exceeds the permissible number of interrogatories pursuant to Fed.R.Civ.P. 33(a).

Without waiving the foregoing objections, see Defendants' response to Interrogatory No. 1. Additionally, none of members of the National Sales Force who were affected by the reduction in force in September 2001 were eligible for transfer, early retirement, or alternative employment. Also, see documents produced in response to Plaintiffs' First Request for Documents to All Defendants at Bates Nos. 10674 through 10701.

## INTERROGATORY NO. 13 [sic]:

Please identify all litigation with Hyatt Corporation, Ty Helms, Jack Horne and/or Brian J. Booth during the time period over claims of employment discrimination by giving for each the date of the claim, the name of the case, the address and telephone number of the claimant(s) and the claimant's attorney, the nature of the litigation (e.g., judicial, administrative or arbitral), the court and docket number(s), the judge or arbitrator, and the outcome of the litigation (e.g., claim approved, claim denied, or claim settled).

## RESPONSE:

Defendants object to Interrogatory No. 13 [sic] on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that some of the information sought may be protected by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object on the grounds that some of the information requested is confidential business information, not relevant or reasonably calculated to lead to the discovery of admissible evidence in this litigation. Defendants further object to this Interrogatory on the ground that it exceeds the permissible number of interrogatories pursuant to Fed.R.Civ.P. 33(a).

Without waiving the foregoing objections, neither Ty Helms, Jack Horne, nor Brian Booth have been named as individual defendants in any lawsuit or have been implicated in any litigation during their association with Defendant Hyatt.

-16-

## INTERROGATORY NO. 14 [sic]:

Please identify all claims of employment discrimination made by employees of Hyatt Corporation against Hyatt Corporation, Ty Helms, Jack Horne and/or Brian J. Booth, including internal and external equal employment opportunity charges, during the time period by giving for each the date of the complain, the name, address, telephone number and current employment of the complainant, the nature of the complaint, the official to whom the complaint was made, the nature of the investigation, if any, that was made, and the outcome of the complaint.

## RESPONSE:

Defendants object to Interrogatory No. 14 [sic] on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that some of the information sought may be protected by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object on the grounds that some of the information requested is confidential business information, not relevant or reasonably calculated to lead to the discovery of admissible evidence in this litigation. Defendants further object to this Interrogatory on the ground that it exceeds the permissible number of interrogatories pursuant to Fed.R.Civ.P. 33(a).

Without waiving the foregoing objections, neither Mr. Helms, Mr. Horne, nor Mr. Booth have been subject to internal or external claims or charges regarding age or gender discrimination during the specified time period.

## INTERROGATORY NO. 15 [sic]:

Please identify all persons who supervised Ms. Hildebrandt during the last ten years of her tenure with Hyatt Corporation and/or its predecessors.

## RESPONSE:

Defendants object to Interrogatory 15 [sic] on the ground that it exceeds the permissible number of interrogatories pursuant to Fed.R.Civ.P. 33(a).

Without waiving the foregoing objections, Plaintiff was supervised directly by the following individuals during her tenure with Hyatt Corporation.

1.    Brian Booth

2.    Bruce Small

3.    Christine Hicks

4.    Fred Shea

## INTERROGATORY NO. 16 [sic]:

Please identify each Company official occupying the position of Vice President or higher during the time period, stating each individual's title(s), date of birth, gender, and job history.

## RESPONSE:

Defendants object to Interrogatory No. 16 [sic] on the grounds that it is overly broad, unduly burdensome, and not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Interrogatory on the ground that it exceeds the permissible number of interrogatories pursuant to Fed.R.Civ.P. 33(a).

Without waiving the foregoing objections, the individual in the National Sales Office, in the position of Vice President or higher as of September 28, 2001, who participated in the decision to reduce the National Sales Force was Ty Helms, 44 years old, male, who was the Vice President of Sales for Hyatt Corporation in September 2001, when the reduction in force took place in the National Sales Office. Mr. Helms was hired by Hyatt in or about 1992. Additionally, Fred Shea is currently the Vice President of Sales Operations.

## INTERROGATORY NO. 17 [sic]:

Please identify each person with knowledge relevant to the subject matter of the pending action, including the allegations in the Complaint and Amended Complaint, any defenses asserted, and damages, stating the substance of that person's relevant knowledge, and identify all persons defendants have interviewed relating to the allegations in the Complaint or Amended Complaint, stating each such person's name, last known home address and phone number and work address and phone number.

## RESPONSE:

Defendants object to Interrogatory No. 17 [sic] on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that some of the information sought may be protected by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object on the grounds that Defendants do not have knowledge of each person with information relevant to the subject matter of the pending action and on the grounds that some of the information requested is confidential business information or personal information protected by privacy concerns, which is not relevant or reasonably calculated to lead to the discovery of admissible evidence in this litigation. Defendants further object to this Interrogatory on the ground that it exceeds the permissible number of interrogatories pursuant to Fed.R.Civ.P. 33(a).

Without waiving the foregoing objections, the following individuals, have knowledge of the allegations in Plaintiff's Amended Complaint and the Defendants' defenses:

Plaintiff

Individuals identified in response to Interrogatory No. 4

Ty Helms
Vice President of Sales
Hyatt Corporation
200 West Madison
Chicago, Illinois 60606
(312) 750-1234

Jack Horne
Assistant Vice President of National Sales
Hyatt Corporation
200 West Madison
Chicago, Illinois 60606
(312) 750-1234

Brian Booth
Director of the National Sales Office
Hyatt Corporation
200 West Madison
Chicago, Illinois  60606
(312) 750-1234

Doug Patrick
Assistant Vice President of Human Resources
Hyatt Corporation
200 West Madison
Chicago, Illinois  60606
(312) 750-1234

Scott Miller (has knowledge limited to the decision to instruct all department managers to evaluate all staff in light of economic factors)
President
Hyatt Corporation
200 West Madison
Chicago, Illinois  60606
(312) 750-1234

Ed Rabin (has knowledge limited to the decision to instruct all department managers to evaluate all staff in light of economic factors)
Chief Operating Officer/Executive Vice President
Hyatt Corporation
200 West Madison
Chicago, Illinois  60606
(312) 750-1234

Defendants reserve the right to supplement this response as discovery progresses.

## INTERROGATORY NO. 18 [sic]:

Please identify by Bates number each policy that indemnifies the defendants, or any of them, for liability based on the allegations in this case, including the name(s) of the insurer(s), the name(s) of the insured(s), the name and number of each policy, and the amount of each policy.

## RESPONSE:

Defendants object to Interrogatory No. 18 [sic] on the grounds that it is overly broad, unduly burdensome, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it seeks confidential business information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Interrogatory on the ground that it exceeds the permissible number of interrogatories pursuant to Fed.R.Civ.P. 33(a).

Without waiving the foregoing objections, the following information relates to the relevant policy in place:

Carrier: National Union Fire Insurance Company
Insured: Hyatt Corporation
Policy Number (primary comprehensive liability policy): RMGL6124113

## INTERROGATORY NO. 19 [sic]:

Please state whether, during the last ten years, any defendant has ever been investigated by an agency of the United States government or an agency of any State or municipality. If the answer is "Yes," please identify the date each investigation began, the agency conducting the investigation, the subject matter of the investigation, and the results, if any, of the investigation.

## RESPONSE:

Defendants object to Interrogatory No. 19 [sic] on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that some of the information sought may be protected by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object on the grounds that some of the information requested is confidential business information, not relevant or reasonably calculated to lead to the discovery of admissible evidence in this litigation. Defendants further object to this Interrogatory on the ground that it exceeds the permissible number of interrogatories pursuant to Fed.R.Civ.P. 33(a).

## INTERROGATORY NO. 20 [sic]:

Please identify each document or portion thereof requested in Plaintiff's First Set of Document Requests to All Defendants that you have withheld from production or intend to withhold, or that you have redacted and explain specifically why you are withholding it or why you have redacted information from it.

## RESPONSE:

Defendants object to Interrogatory No. 20 [sic] on the ground that it exceeds the permissible number of interrogatories pursuant to Fed.R.Civ.P. 33(a).

Without waiving the foregoing objections, the following documents have been withheld from production based on the attorney-client privilege and/or the attorney work product doctrine:

List of various National Sales Force employees and related statistics, produced in anticipation of litigation and at direction of counsel.

Memorandum from Ty Helms to Jack Horne, regarding the National Sales Force Restructure.

In addition, see redacted documents produced in response to Plaintiff's First Request for Production of Documents to All Defendants, which have been redacted to preserve the confidentiality of the information contained therein.

## INTERROGATORY NO. 21 [sic]:

Please identify all persons who participated in answering these Interrogatories.

## RESPONSE:

Jack Horne, Ty Helms, Doug Patrick, and Brian Booth participated in answering these Interrogatories.

VERIFICATION OF ANSWERS TO INTERROGATORIES

I, Ty Helms , hereby state as follows:

1.    I am Vice President of Sales for Hyatt Corporation.

2.    I have reviewed the foregoing answers to Plaintiff's Interrogatories. The information provided therein was obtained from current and former employees of Hyatt Corporation and/or from Company records and is also based on my personal knowledge. I reserve the right to make any changes in the answers if it appears at any time that omissions or errors have been made therein, or that more accurate information is available.

3.    Subject to limitations set forth herein, I verify under penalty of perjury that the foregoing answers to Plaintiff's Interrogatories are true and correct to the best of my knowledge, information and belief.

                                    Ty Helms
                                    Vice President of Sales
                                    Hyatt Corporation

STATE OF Indiana            )
                            ) ss
COUNTY OF Lake              )

          SWORN TO AND SUBSCRIBED before me this 15 day of
March            , 2002, by Ty Helms, Vice President of Sales of Hyatt Corporation, who is personally known to me or has produced _____ as identification.

                                    Teresa C. Castellanos
                                    Notary Public

OFFICIAL SEAL
Teresa C Castellanos
Notary Public. State of Indiana
My Commission Expires 3/4/08

                                    Printed
                                    Name: Teresa C. Castellar
                                    My Commission Expires: 3·4·08

VERIFICATION OF ANSWERS TO INTERROGATORIES

I, Brian Booth, hereby state as follows:

1.    I am Director of the National Sales Office for Hyatt Corporation.

2.    I have reviewed the foregoing answers to Plaintiff's Interrogatories. The information provided therein was obtained from current and former employees of Hyatt Corporation and/or from Company records and is also based on my personal knowledge. I reserve the right to make any changes in the answers if it appears at any time that omissions or errors have been made therein, or that more accurate information is available.

3.    Subject to limitations set forth herein, I verify under penalty of perjury that the foregoing answers to Plaintiff's Interrogatories are true and correct to the best of my knowledge, information and belief.

                                            _____
                                            Brian Booth
                                            Director of National Sales
                                            Hyatt Corporation

STATE OF Indiana        )
                        ) ss
COUNTY OF Lake          )

SWORN TO AND SUBSCRIBED before me this 15 day of March , 2002, by Brian Booth, Director of National Sales of Hyatt Corporation, who is personally known to me or has produced _____ as identification.

```
*OFFICIAL SEAL*
Teresa C. Castellanos
Notary Public, State of Indiana
My Commission Expires 3/4/08
```

Teresa C. Castellanos
Notary Public

Printed Name: Teresa C Castellanos
My Commission Expires: 3.4.08

## VERIFICATION OF ANSWERS TO INTERROGATORIES

I, Doug Patrick, hereby state as follows:

1.     I am Assistant Vice President of Human Resources for Hyatt Corporation in Chicago, Illinois.

2.     I have reviewed the foregoing answers to Plaintiff's Interrogatories. The information provided therein was obtained from current and former employees of Hyatt Corporation and/or from Company records. Hyatt Corporation reserves the right to make any changes in the answers if it appears at any time that omissions or errors have been made therein, or that more accurate information is available.

3.     Subject to limitations set forth herein, I verify under penalty of perjury that the foregoing answers to Plaintiff's Interrogatories are true and correct to the best of my knowledge, information and belief.

HYATT CORPORATION

Doug Patrick
Assistant Vice President of Human
Resources
Hyatt Corporation

STATE OF _Illinois_           )
                              ) ss
COUNTY OF _Cook_              )

SWORN TO AND SUBSCRIBED before me this _15th_ day of _March_, 2002, by Doug Patrick, as Assistant Vice President of Human Resources of Hyatt Corporation, who is personally known to me ~~or has produced~~ ~~as identification.~~

Notary Public

Printed
Name: _Linda G. Price_
My Commission Expires: _7-25-05_

OFFICIAL SEAL
LINDA G PRICE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/25/05

DATED this 15th day of March, 2002.

Respectfully submitted,


By: _____

    Theresa M. Gallion*
    Florida Bar No. 726801
    tgallion@laborlawyers.com

    Natalie J. Storch*
    Florida Bar No. 269920
    nstorch@laborlawyers.com

    FISHER & PHILLIPS LLP
    1250 Lincoln Plaza
    300 South Orange Avenue
    Orlando, Florida 32801
    Telephone:    (407) 541-0888
    Facsimile:    (407) 541-0887


By: _____ *by telephone authorized*

    Jeffrey J. Harmon
    Ohio Bar No. 0032848
    CORS & BASSETT
    1881 Dixie Highway, Suite 350
    Ft. Wright, Kentucky 41011
    Telephone:    859-331-6440
    Facsimile:    859-331-5337


    Attorneys for Defendants, HYATT CORPORATION,
    et al.

*Admitted Pro Hac Vice

-29-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Defendants' Answers and Objections to Plaintiff's First Set of Interrogatories to All Defendants has been furnished by facsimile on March 15, 2002, and U.S. Mail, postage pre-paid, on March 16, 2002, to: Stanley M. Chesley and Robert A. Steinberg, Waite, Schneider, Bayless & Chesley Co., L.P.A., 1513 Central Trust Tower, Cincinnati, OH.

Natalie J. Storch