UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BARBARA LODER HILDEBRANDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  C-1-02-0003 |
| | ) | |
| HYATT CORPORATION | ) | Judge Beckwith |
| | ) | Magistrate Judge Sherman |
| and | ) | |
| | ) | |
| TY HELMS | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BRIAN J. BOOTH, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' FIRST SUPPLEMENTAL ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS

Defendants HYATT CORPORATION, TY HELMS, AND BRIAN J. BOOTH ("Defendants"), by and through their undersigned counsel, hereby respond, in accordance with Rule 33(b) of the Federal Rules of Civil Procedure, to the consecutively numbered paragraphs of Plaintiff's First Set of Interrogatories to All Defendants served on Defendants by Plaintiff BARBARA LODER HILDEBRANDT ("Plaintiff"), as follows:

### GENERAL OBJECTIONS

1.    Defendants object to those Interrogatories which seek information that would contravene the attorney-client privilege, work-product doctrine, Federal Rules of Civil Procedure, or any other applicable privilege, doctrine or rule.

2.      Defendants object to those Interrogatories which are overly broad, oppressive and/or burdensome.

3.      Defendants object to those Interrogatories which seek information which is neither relevant nor calculated to lead to the discovery of admissible evidence.

4.      Defendants object to Plaintiff's Interrogatories to the extent that the information requested is not within the knowledge of Defendants or their agents.

5.      Defendants do not waive their right to object to the relevancy or admissibility of any information provided in response to any Interrogatory by Plaintiff.

6.      Defendants reserve the right to supplement these responses as appropriate.

7.      Defendants object to any characterization of Plaintiff as a management-level employee.

## SPECIFIC RESPONSES

## INTERROGATORY NO. 1:

Please identify each person who approved, recommended, was consulted about, had input into, or played any role of any kind in the decision to terminate Ms. Hildebrandt's employment, in any consideration of termination of her employment, in any consideration of alternatives to termination of her employment, or in any alternatives to termination of employment you allege were actually offered to Ms. Hildebrandt and explain that person's role in and contribution to the decision making process (e.g. approved, consulted, recommended, offered alternative employment).

## RESPONSE:

Defendants object to Interrogatory No. 1 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that some of the information sought may be protected by the attorney-client privilege or the attorney work product doctrine.

Without waiving the foregoing objections, the following individuals played a role in the decision to terminate Plaintiff's employment through a reduction in the National Sales Force in September 2001:

Brian Booth was aware that a reduction in the National Sales Force was possible due to the financial downturn Defendant Hyatt had experienced and continued to experience before and after September 11, 2001. He was notified of the reduction that would occur on September 28, 2001, on September 27, 2001, by Jack Horne.

Ty Helms was aware that a reduction in the National Sales Force was possible due to the financial downturn Defendant Hyatt had experienced and continued to experience before and after September 11, 2001. Mr. Helms directed Jack Horne to analyze the various marketplaces in which Hyatt National Sales operated to determine what would result in the least customer disruption, improved efficiencies, and the biggest cost savings. His role in the decision involved reviewing Jack Horne's recommendations and presenting a plan to the company's managing committee.

Jack Horne was aware of the financial state of Defendant Hyatt prior to the time the decision was made to make the reduction in force that took place on September 28, 2001. He was involved in analyzing the statistics related to market coverage and cost savings in eliminating various positions in the National Sales Force.

Doug Patrick was the individual in Human Resources who reviewed the data regarding those individuals in the National Sales force whose jobs would be affected by the reduction in force on September 28, 2001, for purposes of insuring fairness and compliance with policies and laws.

Robert V. Schnitz was the individual in the Legal Department who reviewed the data regarding those individuals in the National Sales force whose jobs would be affected by the reduction in force on September 28, 2001, for purposes of insuring fairness and compliance with policies and laws.

## INTERROGATORY NO. 3:

Please identify any person who replaced Ms. Hildebrandt after October 1, 2001, or who performed work upon or was assigned to administer Ms. Hildebrandt's accounts, or who performed any portion of Ms. Hildebrandt's responsibilities after October 1, 2001, and state the gender, date of birth and duties of each person named in the answer.

## RESPONSE:

Defendants object to Interrogatory No. 3 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, various individuals took over the responsibility for Plaintiff's accounts after her employment with Defendant Hyatt ended. No one, however, was hired to replace Plaintiff or fill her position in the Cincinnati area or in any other territory. Instead, various individuals took over responsibility for her accounts. Those individuals include the following:

Molly Crompton
Female
DOB: 3/6/68
Director National Accounts-Central National Sales Office

Barbara Hale
Female
DOB: 4/27/67
Director National Accounts-Central National Sales Office

Fred Reichelt
Male
DOB: 3/29/56
Director National Accounts-Central National Sales Office

Inge Spindola
Female
DOB: 2/22/58
Director of National Accounts-Central National Sales Office

Jennifer Roman
Female
DOB: 3/11/66
Director of National Accounts

Initially, Plaintiff's accounts were distributed amongst the above-named individuals, so they could assess whether they were appropriate accounts for the National Sales Force, or whether they should be "released to the field" because they failed to meet the criteria for a "National Account." After Plaintiff's accounts were assessed, the following accounts were released to various sales personnel in hotels:

AEC Mgmt Resources Inc
Bellwether Int'l
Chief Officers State Library Assn
F&W Publishing
National Assn of Gov't Deferred
National Assn of State Info Resource Executives
National Assn of State Purchasing Office
US Cutting Tool Institute
Brown Forman
Remember Data Services
Self Storage Assn
Spectra Precision Inc
Thomas Associates Inc
Travel Link
Western Southern Life Insurance Corp
United Commercial Travelers
American Association of Lab Animal Science
GE Aircraft Engines
International Anesthesia Research Society
Longaberger Company

## INTERROGATORY NO. 4:

If defendants contend that Ms. Hildebrandt was terminated due to a reduction in force, explain clearly what the reduction in force consisted of, over what period of time the reduction in force occurred, and how many employees were affected by the reduction in force, listing by date of birth, gender, and position, time of service with the company employees who left the Company's employ (including those who were temporarily laid off, those who resigned, and those who were offered early retirement), employees who were demoted, and employees who were transferred.

## RESPONSE:

Defendants object to Interrogatory No. 4 on the grounds that it is overly broad, unduly burdensome, and not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, the following ten individuals, were affected by the restructure of the National Sales Force that occurred on September 28, 2001, with an effective date of October 1, 2001.

1.    Plaintiff
      Age at the time of reduction in force: 49
      Female
      Position: Director of National Accounts-Central National Sales Office
      Years of Service at time of reduction in force: 22

2.    Wendy Jensen
      Age at the time of reduction in force: 42
      Female
      Position: Director National Accounts-Northeastern National Sales Office
      Years of Service at time of reduction in force: 12.75

3.    Mary Rocereto
      Age at the time of reduction in force: 45
      Female
      Position: Director of National Accounts-Eastern National Sales Office
      Years of Service at time of reduction in force: 23

4.    Mary Patton
      Age at the time of reduction in force: 37
      Female
      Position: Director of National Accounts-Central National Sales Office
      Years of Service at time of layoff: 7

5.    Jane Johnson
      Age at the time of reduction in force: 46

Female
Position: Director of National Accounts-Western National Sales Office
Years of Service at time of layoff: 16.5

6.    Dean D'Anna
      Age at the time of reduction in force: 41
      Male
      Position: Director of National Accounts-Eastern National Sales Office
      Years of Service at time of layoff: 9

7.    Dawn Beagle
      Age at the time of reduction in force: 41
      Female
      Position: Director of National Accounts-Western National Sales Office
      Years of Service at time of layoff: 12.75

8.    Cardella Gills
      Age at the time of reduction in force: 44
      Female
      Position: National Sales Manager-Omaha National Sales Office
      Years of Service at time of layoff: 25

9.    Gail Smith
      Age at the time of reduction in force: 39
      Female
      Position: Director of National Accounts-Omaha National Sales Office
      Years of Service at time of layoff: 11

10.    Herve Roussel
      Age at the time of reduction in force: 46
      Male
      Position: Director of National Accounts-Omaha National Sales Office
      Years of Service at time of layoff: 2 years

In addition, the dates of the birth of the sales personnel in the National Sales Force affected by the Reduction in Force are as follows:

Wendy Jensen:09/05/59
Mary Rocereto: 12/22/56
Mary Patton: 06/21/64
Jane Johnson: 09/05/59
Dean D'Anna: 03/13/60
Dawn Beagle:03/26/60
Cardella Gills: 02/22/57
Gail Smith: 03/02/62
Herve Roussel: 11/25/54

No sales personnel in the National Sales Force were demoted or offered other positions at the time the reduction in force occurred in September 2001.

## INTERROGATORY NO. 5:

If defendants contend that Ms. Hildebrandt was terminated due to a reduction in force due to economic reasons, please answer the following for the time period (See definition of "time period" on page 7, Plaintiff's First Set of Document Requests to All Defendants), unless instructed otherwise in the Interrogatory:

    a.    identify any consultants hired, retained or upon which the Company relied for business or financial planning;

    b.    identify all persons competent to testify as to Hyatt Corporation's financial condition during the time period, stating each such person's name, last known home address and phone number and work address and phone number;

    c.    identify all reports made by or to any office or agency of the state or federal government regarding the Company's financial condition;

    d.    state the amount paid through any salary, bonus, stock options, or any other form of compensation, financial or otherwise, to management-level employees;

    e.    identify by Bates number all documents discussing or relating to the Company's business, projected sales, projected growth, financial forecasting and/or acquisitions;

    f.    state the Company's franchise or other arrangements regarding operation of Hyatt Regency Hotels not owned by the Company, itemize the amount paid each year to third parties for space utilized by the Company's management-level employees by hotel, and identify each management level employee on whose behalf such rent was paid by gender, age, job title, and job duties;

    g.    itemize all overhead/expenses defendants claim they incurred each year as a result of the employment of each management-level employee, including Ms. Hildebrandt, specifying the amount of each expense, the reason for each expense;

    h.    state the amount billed to and the amount received from third parties, including owners of Hyatt Regency Hotels for the services of the Company's management-level employees per year during the last ten years, itemizing the annual amounts for each management-level employee, and state the amount of money paid by third parties directly to the Company's management-level employees per year during the last ten years, itemizing the annual amounts for each management-level employee;

    i.    state specifically all funds borrowed by the Company, by year, including the lender, the nature of the funds, and the amount borrowed from each lender per year and indicate specifically any loans that were not repaid according to the loan agreement schedule.

RESPONSE:

Defendants object to Interrogatory No. 5(a-i) on the grounds that it and each of its subparts are overly broad, unduly burdensome, and not relevant or reasonably calculated to lead to the discovery of admissible evidence and on the grounds that some of the information sought may be protected by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to Interrogatory No. 5(a-i) on the grounds that some of the information sought is confidential business information, not relevant or reasonably calculated to lead to the discovery of admissible evidence in this litigation.

Without waiving the foregoing objections, Defendants answer a limited portion of Interrogatory No. 5 as follows:

a.    Hyatt did not hire a financial consultant immediately prior to the decision to reduce its National Sales Force.

b.    Frank Borg, Senior Vice President of Finance, and other such members of the Finance Department, Hyatt Corporation, 200 West Madison, Chicago, Illinois 60606, is competent to testify regarding the financial condition of Defendant Hyatt during the period immediately prior to September 28, 2001, which necessitated the reduction of the National Sales Force.

c.    None.

d.    Defendants have provided the personnel files of the sales personnel in the National Sales Office.

e.    Defendants will produce limited financial documents, to be used by the individual who will testify regarding Hyatt's financial condition at the time of the reduction in force.

## INTERROGATORY NO. 7 [sic]:

Please identify each management-level employee whose employment was terminated, who resigned, who accepted early retirement, who was demoted, or who was transferred during the time period and state each person's date of birth, gender, and job duties.

## RESPONSE:

Defendants object to Interrogatory No. 7 [sic] on the grounds that it is overly broad, unduly burdensome, and not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent this Interrogatory suggests Plaintiff was a management-level employee.   Without waiving the foregoing objections, in addition to the individuals in the National Sales Force affected by the Reduction in force on or about September 28, 2001, the following sales personnel in the National Sales Office whose employment with Hyatt ended in 2000 or 2001:

| Last Name | First Name | Date of Birth | Gender | Job Title |
|-----------|------------|---------------|--------|-----------|
| Lebowitz | Richard | 6/24/57 | Male | Director National Accounts |
| Neshat | N'Loo | 4/14/67 | Female | Manager National Accounts |
| Calabrese | Dan | 8/30/61 | Male | Director National Accounts |
| Rhodes | Jodi | 5/5/65 | Female | Director National Accounts |
| Swift | Gail | 10/13/46 | Female | Manager National Accounts |
| Best | Barbara | 11/28/56 | Female | Director National Accounts |
| Dollens | Andrea | 4/10/57 | Female | Director National Accounts |
| Wilcox | Linda | 11/30/56 | Female | Director of Sales - NSO |
| Releker | Michele | 5/31/67 | Female | Manager National Accounts |
| Williams | Terri | 5/2/64 | Female | Director National Accounts |
| Cassidy | Brian | 10/12/48 | Male | Director National Accounts |
| Haagen | Armon | 7/7/51 | Male | Director National Accounts |
| Venezia | Loretta | 8/1/59 | Female | Director National Accounts |
| Hansen | Janet | 7/20/51 | Female | Sales Manager |
| Bucher | Michelle | 2/2/61 | Female | National Account Manager |
| Payton | Elaine | 4/13/47 | Female | Sales Manager |
| Bass | Tara | 2/12/71 | Female | National Sales Manager |
| Demby | Bobby | 3/9/67 | Male | National Sales Manager |
| Showell | Velton | 12/13/58 | Male | Director of Sales |
| Wall | Robin | 7/6/65 | Female | Director National Accounts |

## INTERROGATORY NO. 10 [sic]:

Please identify each management-level person hired or promoted during the time period, and state their duties, their pay, their gender, and their date of birth.

## RESPONSE:

Defendants object to Interrogatory No. 10 [sic] on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent this Interrogatory suggests Plaintiff was a management-level employee. In the interest of cooperation, however, Defendants are responding to this Interrogatory with information regarding persons on Defendant Hyatt's National Sales Force on Plaintiff's same level.

Without waiving the foregoing objections, no individuals have been hired to work as Director of National Accounts on the National Sales Force since the reduction in force occurred on or about September 28, 2001, other than two individuals who recently were hired to fill positions voluntarily vacated by two sales personnel in the National Sales Force, Kathryn Yerger and Mike Michel.

Debra Rodriguez, date of birth 07/01/53, was promoted to Director of Sales for the Northeastern National Sales Office on or about October 8, 2001, to fill a position vacated by Linda Wilcox.

Also, Ellen Gerchick, date of birth 5/31/51, was hired in or around February 2001 as the Director of Luxury Market Sales.

Also, Defendants have produce or will produce the personnel files of the sales personnel in the National Sales Office who were hired and/or promoted into a sales position in the National Sales Office in 2000 or 2001.

## INTERROGATORY NO. 17 [sic]:

Please identify each person with knowledge relevant to the subject matter of the pending action, including the allegations in the Complaint and Amended Complaint, any defenses asserted, and damages, stating the substance of that person's relevant knowledge, and identify all persons defendants have interviewed relating to the allegations in the Complaint or Amended Complaint, stating each such person's name, last known home address and phone number and work address and phone number.

## RESPONSE:

Defendants object to Interrogatory No. 17 [sic] on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that some of the information sought may be protected by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object on the grounds that Defendants do not have knowledge of each person with information relevant to the subject matter of the pending action and on the grounds that some of the information requested is confidential business information or personal information protected by privacy concerns, which is not relevant or reasonably calculated to lead to the discovery of admissible evidence in this litigation. Defendants further object to this Interrogatory on the ground that it exceeds the permissible number of interrogatories pursuant to Fed.R.Civ.P. 33(a).

Without waiving the foregoing objections, the following individuals, have knowledge of the allegations in Plaintiff's Amended Complaint and the Defendants' defenses:

Plaintiff

Ty Helms
Vice President of Sales
Hyatt Corporation
200 West Madison
Chicago, Illinois  60606
(312) 750-1234

Jack Horne
Assistant Vice President of National Sales
Hyatt Corporation
200 West Madison
Chicago, Illinois  60606
(312) 750-1234

Brian Booth
Director of the National Sales Office
Hyatt Corporation
200 West Madison
Chicago, Illinois  60606
(312) 750-1234


Doug Patrick
Assistant Vice President of Human Resources
Hyatt Corporation
200 West Madison
Chicago, Illinois  60606
(312) 750-1234


Scott Miller (has knowledge limited to the decision to instruct all department managers to evaluate all staff in light of economic factors)
President
Hyatt Corporation
200 West Madison
Chicago, Illinois  60606
(312) 750-1234


Ed Rabin (has knowledge limited to the decision to instruct all department managers to evaluate all staff in light of economic factors)
Chief Operating Officer/Executive Vice President
Hyatt Corporation
200 West Madison
Chicago, Illinois  60606
(312) 750-1234


Individuals named in depositions relating to this case, including, but not limited to the following individuals:


Cathy Petz
Bruce Small
Jeanne Pearson
Mark Henry
Linda Wilcox
Rob Sarmiento
Loretta Venezia
Gus Vonderheide
Gary Schneeberg
Christie Hicks
Frank Borg
Terri Benich

All persons listed in Defendants' Responses to Interrogatories 3, 4, and 7 and Defendants' First Supplemental Responses to Interrogatories 3, 4, 7.

Molly Crompton
Barbara Hale
Fred Reichelt
Inge Spindola
Jennifer Roman
Barbara Loder Hildebrandt
Wendy Jensen
Mary Rocereto
Mary Patton
Jane Johnson
Dean D'Anna
Dawn Beagle
Cardella Gills
Gail Smith
Herve Roussel
Mark Luxemberger
Richard Lebowitz
N'Loo Neshat
Dan Calabrese
Brenda Dismond
Jodi Rhodes
Gail Swift
Barbara Best
Andrea Dollens
Michele Releker
Terri Williams
Brian Cassidy
Armon Haagen
Janet Hansen
Michele Bucher
Elaine Payton
Tara Bass
Bobby Demby
Velton Showell
Robin Wall
Kathryn Yerger
Mike Michel

All persons listed in the document produced by Defendants entitled "Percent of Achievement to Yearly Quota – Transient Figures Only." See documents Bates numbered 10702 - 10704, attached hereto.

All persons listed in the document produced by Defendants entitled "Percent of Achievement to Yearly Quota". See documents Bates numbered 10705 - 10707, attached hereto.

All persons listed in the documents produced by Defendants relating to the Reduction in Force. See documents Bates numbered 10679 – 10701, attached hereto.

All persons identified in Defendants' Responses to Plaintiff's Discovery Requests.

Jeane Ellworth (Plaintiff's supervisor at the Cincinnati Horticultural Society)

Lee Hildebrandt

Defendants reserve the right to supplement this response as discovery progresses.

**INTERROGATORY NO. 21 [sic]:**

Please identify all persons who participated in answering these Interrogatories.

**RESPONSE:**

Jack Horne, Ty Helms, Eric Charlson, and Brian Booth participated in answering these Interrogatories.

## VERIFICATION OF ANSWERS TO INTERROGATORIES

I, Brian Booth, hereby state as follows:

1.    I am Director of the National Sales Office for Hyatt Corporation.

2.    I have reviewed the foregoing First Supplemental Answers to Plaintiff's Interrogatories. The information provided therein was obtained from current and former employees of Hyatt Corporation and/or from Company records and is also based on my personal knowledge. I reserve the right to make any changes in the answers if it appears at any time that omissions or errors have been made therein, or that more accurate information is available.

3.    Subject to limitations set forth herein, I verify under penalty of perjury that the foregoing answers to Plaintiff's Interrogatories are true and correct to the best of my knowledge, information and belief.

Brian Booth
Director of National Sales
Hyatt Corporation

STATE OF  Indiana          )
                           )  ss
COUNTY OF  Lake            )

SWORN TO AND SUBSCRIBED before me this 12th day of November, 2002, by Brian Booth, Director of National Sales of Hyatt Corporation, who is personally known to me or has produced _____ as identification.

OFFICIAL SEAL
Teresa C. Castellanos
Notary Public, State of Indiana
My Commission Expires 3/4/08

Teresa C. Castellanos
Notary Public

Printed Name: Teresa C. Castellanos
My Commission Expires:

VERIFICATION OF ANSWERS TO INTERROGATORIES

I, _Tyson Helms_ , hereby state as follows:

    1.    I am _Vice President - Sales_ for Hyatt Corporation in _Chicago_ , _Illinois_ .

    2.    I have reviewed the foregoing First Supplemental Answers to Plaintiff's Interrogatories. The information provided therein was obtained from current and former employees of Hyatt Corporation and/or from Company records. Hyatt Corporation reserves the right to make any changes in the answers if it appears at any time that omissions or errors have been made therein, or that more accurate information is available.

    3.    Subject to limitations set forth herein, I verify under penalty of perjury that the foregoing First Supplemental Answers to Plaintiff's Interrogatories are true and correct to the best of my knowledge, information and belief.

                                        HYATT CORPORATION

                                        _____

                                        _____

STATE OF                    )
                                 ) ss
COUNTY OF                   )

    SWORN TO AND SUBSCRIBED before me this _10th_ day of _May_ , 2002, by _Ty Helms_ , as _Vice President - Sales_ of Hyatt Corporation, who is personally known to me or has produced _____ as identification.

                                        _____
                                        Notary Public

                                        Printed Name: _Julie J. Devaney_
                                        My Commission Expires: _4/30/05_

                        **"OFFICIAL SEAL"**
                        JULIE J. DEVANEY
                        Notary Public, State of Illinois
                        My Commission Expires April 30, 2005

-8-

## VERIFICATION OF ANSWERS TO INTERROGATORIES

I, Eric Charlson , hereby state as follows:

1.     I am Director of Human Resources for Hyatt Corporation in Chicago, Illinois.

2.     I have reviewed the foregoing First Supplemental Answers to Plaintiff's Interrogatories.  The information provided therein was obtained from current and former employees of Hyatt Corporation and/or from Company records. Hyatt Corporation reserves the right to make any changes in the answers if it appears at any time that omissions or errors have been made therein, or that more accurate information is available.

3.     Subject to limitations set forth herein, I verify under penalty of perjury that the foregoing answers to Plaintiff's Interrogatories are true and correct to the best of my knowledge, information and belief.

HYATT CORPORATION

Eric Charlson
Director of Human Resources
Hyatt Hotels Corporation


STATE OF     ~~Illinois~~ Indiana     )
                                                       ) ss
COUNTY OF     ~~Cook~~ Lake     )

SWORN TO AND SUBSCRIBED before me this 25th day of November, 2002, by Eric Charlson, as Director of Human Resources of Hyatt Corporation, who is personally known to me.

Notary Public

Printed Name: Teresa C. Castellanos
My Commission Expires:

```
"OFFICIAL SEAL"
Teresa C. Castellanos
Notary Public, State of Indiana
My Commission Expires 3/4/08
```

-18

DATED this 22nd day of November, 2002.

Respectfully submitted,

By: _____

Theresa M. Gallion*
Florida Bar No. 726801
tgallion@laborlawyers.com

Natalie J. Storch*
Florida Bar No. 269920
nstorch@laborlawyers.com

FISHER & PHILLIPS LLP
1250 Lincoln Plaza
300 South Orange Avenue
Orlando, Florida 32801
Telephone:    (407) 541-0888
Facsimile:    (407) 541-0887

By: _____

Jeffrey J. Harmon
Ohio Bar No. 0032848
CORS & BASSETT
1881 Dixie Highway, Suite 350
Ft. Wright, Kentucky  41011
Telephone:    859-331-6440
Facsimile:    859-331-5337


Attorneys    for    Defendants,    HYATT
CORPORATION, et al.


*Admitted Pro Hac Vice

-19-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Defendants' First Supplemental Answers and Objections to Plaintiff's First Set of Interrogatories to All Defendants has been furnished on November 22nd, 2002, via facsimile and Overnight Mail, postage pre-paid, to: Stanley M. Chesley and Robert A. Steinberg, Waite, Schneider, Bayless & Chesley Co., L.P.A., 1513 Central Trust Tower, Cincinnati, OH.

Natalie J. Storch