UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BARBARA LODER HILDEBRANDT, | : |
| Plaintiff | : |
| vs. | : CASE NO. C-1-02-0003 |
| | : Judge Beckwith |
| HYATT CORPORATION, *et al*., | : Magistrate Judge Sherman |
| Defendants | : |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO IDENTIFY REBUTTAL WITNESSES**

Defendants have moved for an extension of time to April 23, 2004 to identify rebuttal expert witnesses. (Doc. 66). This motion should be denied for three reasons: First, Defendants failed to comply with Local Rule 7.3, which requires that counsel consult with Plaintiff's counsel before filing such a motion. Second, no reason is given why Defendants were unable to name a rebuttal expert witness within the deadline, considering the fact that they have had Plaintiff's expert reports in their possession for more than one year. Third, granting the motion will prejudice Plaintiff's effort to complete three depositions, which themselves were rescheduled after the discovery deadline to accommodate the deponents' schedules and Plaintiff's effort to respond the pending summary judgment motion.

1

## I.   DEFENDANTS HAVE FAILED TO EXHAUST EXTRAJUDICIAL EFFORTS TO RESOLVE THE DISPUTE

Defendants' representation that they attempted to confer with Plaintiff regarding this motion and that Plaintiff has refused to consent is misleading. Plaintiff's counsel was contacted by Defendants' attorney Natalie Storch by email at 3:44 p.m. Friday, March 26, 2004 and asked to agree to an extension of time for Defendants to identify rebuttal experts.  (Ex. A).  Plaintiff's counsel, who was then engaged in drafting a major brief in another case, responded in a timely manner at 3:51 p.m. (Id.).  Defendants' attorney asked for clarification, and Plaintiff's attorney explained, "Yes, I oppose it.  You have already filed an expert report.  But, I am willing to discuss.  Just not on Friday evening."  (Id.). Defendant's responded, "We will touch base with you on Monday.  Have a good weekend, too."  (Id.).  At about the same time, Defendants' other attorney, Theresa Gallion, who cancelled a deposition in this case scheduled that same day due to her illness, emailed Plaintiff's counsel and asked him to agree to an extension of time on Monday.  (Id.).

Early the morning of Tuesday, March 30, at 8:50 a.m., Plaintiff's counsel received an email from Ms. Gallion stating, "It is unfortunate you have not responded to our requests that you consent to the relief sought in the attached motion.  If we have not heard from you by 1:00 p.m. today, we will file the attached motion.  Please reconsider your inexplicable lack of cooperation."  (Ex. B).  Plaintiff's counsel responded : "Your threatening email sent this morning is incorrect.  As set forth below, I told Natalie I opposed your belated request for an extension, but I was willing to discuss it - just not on Friday evening.  You have

2

never responded to discuss it or to give a reason. I am available for discussion as my schedule allows. Feel free to file the motion, if that is the way you wish to proceed." (Ex. C). Ms. Gallion sent a second email asking for a decision on the extension request and again threatening to file a motion for extension of time and stating Plaintiff opposed it, if she did not receive an answer by 1:00 p.m. that day. (Id.). Plaintiff's counsel responded at 10:08 a.m., informing Ms. Gallion, "I am presently completing a brief in a major case that must be filed today; therefore I cannot drop what I am doing to discuss this. I can talk late today or sometime tomorrow." (Id.). Ms. Gallion responded by stating, "We will file the motion today noting your previous opposition." (Id.). Had a valid reason been discussed with Plaintiff's counsel, we would have made an effort to resolve the problem without Court intervention. However, Defendants' counsel insisted on filing the instant motion.

Thus, Defendants have not exhausted extrajudicial efforts to resolve this matter before burdening the Court with it. The motion Defendants filed does not give a reason for seeking the extension, but merely references other scheduling matters agree to by the parties. Therefore, Plaintiff's counsel is still unable to state an agreement to the extension, because we see no reason for it.

**II.    NO REASON IS GIVEN OR IS APPARENT FOR THE REQUESTED EXTENSION**

Defendants have had in their possession Plaintiffs' expert reports for more than one year. Plaintiffs served their two expert reports in March, 2003 as required by the Court's deadline and agreement of the parties. (Doc. 16). The original deadline for Defendants to identify rebuttal experts was April 3, 2003.

3

(Doc. 16). Due to ongoing discovery disputes documented in Plaintiffs' motions to compel discovery and hearings thereon, Defendants did not identify rebuttal experts. On March 5, 2003, Plaintiff's counsel provided Dr. Rosen's report. (Ex. D). On March 3, 2003, Plaintiff's counsel provided Dr. Parson's report. (Ex. E). The report of Dr. Harvey Rosen, an economist, tracked Plaintiff's lost wages and benefits. (Ex. F, cover page of Dr. Rosen's report). The report of Dr. George Parsons, established Plaintiff's 21% reduction in her participation rate in the economy due to her termination and her three-year reduction in her work life expectancy due to her termination. (Ex. G, report). It is obvious from reading these reports they are unlikely to change in any significant way over time, unless Plaintiff's current work status changed, which it has not.

On June 2, 2003, the District Judge ruled on pending discovery motions filed by Plaintiff and extended the discovery deadlines, including the expert report deadlines, by one year. (Doc. 56). On February 3, 2004, Plaintiffs' counsel advised Defendants' counsel that Plaintiffs would rely on the expert reports furnished to Defendants in March 2003. (Ex. H). Defendants' attorney identified their expert and provided his report on March 2, 2004. (Ex. I). Thus, Defendants had from February 3, 2004 until April 3, 2004 to determine their rebuttal experts based on reports that were in their possession for over one year. Defendants have not explained to Plaintiff or to the Court why they have been unable to identify a rebuttal expert within the time period.

4

### III. ALLOWING AN EXTENSION OF TIME TO IDENTIFY REBUTTAL EXPERTS WILL PREJUDICE PLAINTIFFS

Due to delays encountered in taking depositions of Defendants' officials, which were requested in November 2003, Plaintiff received an extension of time to respond to Defendants' summary judgment motion until 20 days after the conclusion of the depositions, which are to be taken no later than April 30, 2004. Plaintiff's counsel will be occupied in this case conducting depositions that were continued beyond the discovery deadline to accommodate Defendants' officials' schedules and in researching and drafting a response to the summary judgment motion. Plaintiff should not be burdened with additional legal work involving rebuttal experts during this time, when no reason has been given for the delay.

### CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests the Court to deny Defendants' request to extend the deadline for identifying rebuttal experts and producing their reports.

Respectfully submitted,

s/Robert A. Steinberg
Stanley M. Chesley (0000852)
Robert A. Steinberg (0032932) (Trial Attorney)
**WAITE, SCHNEIDER, BAYLESS**
 **& CHESLEY CO., L.P.A.**
1513 Fourth and Vine Tower
Cincinnati, OH 45202
513-621-0267
bobsteinberg@wsbclaw.cc

and

> Michael J. O'Hara (0014966)
> **O'HARA, RUBERG, TAYLOR, SLOAN**
>  **& SERGENT**
> 209 Thomas More Park, Suite C
> P.O. Box 17411
> Covington, Kentucky 41017-0411
> (606) 331-2000
> mohara@ortlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion was served by electronic filing via the CM/ECF System to Theresa M. Gallion, Esq. and Natalie J. Storch, Esq. this 5th day of April, 2004.

> <u>s/Robert A. Steinberg</u>
> Robert A. Steinberg

6