# WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.

ATTORNEYS & COUNSELLORS AT LAW
1513 FOURTH & VINE TOWER
ONE WEST FOURTH STREET
CINCINNATI, OHIO 45202
TELEPHONE (513) 621-0267

ROBERT A. STEINBERG

FAX (513) 381-2375
FAX (513) 621-0262

March 3, 2003

**VIA FACSIMILE 407-541-0887**
Theresa M. Gallion, Esq.
Natalie J. Storch, Esq.
Fisher & Phillips LLP
300 So. Orange Ave., Suite 1250
Orlando, FL 32801

    Re:    Hildebrandt v. Hyatt Hotels Corp., Case No. C-1-02-0003, S.D. Ohio

Dear Theresa and Natalie:

    Enclosed please find our vocational expert's report.

Sincerely,

Robert A. Steinberg

RAS/meh
Enclosure
cc: Plaintiff's co-counsel



PLAINTIFF'S EXHIBIT
E

# BURKE, ROSEN & ASSOCIATES
2800 Euclid Avenue, Suite 300, Cleveland, OH 44115

John F. Burke, Jr., Ph.D.                                                                 Harvey S. Rosen, Ph.D.

March 4, 2003

Robert Steinberg, Esq.
**WAITE, SCHNEIDER, BAYLESS & CHESLEY**
1513 Central Trust Tower
Fourth & Vine Streets
Cincinnati, Ohio 45202

Re:     Barbara Loder Hildebrandt

Dear Attorney Steinberg:

You have asked for my opinion as to the economic loss created by the termination of Barbara Loder Hildebrandt. Mrs. Hildebrandt was terminated from her Director of National Accounts position by the Hyatt Hotel Corporation on October 1, 2001, at which time she was approximately 49 years of age. Calculated from the present, she is 50.5 years of age, has a statistical work life expectancy to approximately the age of 60, and a life expectancy under normal circumstances to the age of 82 years.

I have calculated expected losses under two scenarios assuming she: (1) continued in her position with Hyatt Hotel Corporation, and (2) had received the position and earnings structure of a peer, Brian Booth.

Mrs. Hildebrandt had earnings at Hyatt ranging between $94,152 in 1997 and $111,101 in 2000, her last full year of employment. After an extended period of unemployment, Mrs. Hildebrandt gained employment at lower wages and with fewer fringe benefits than she received prior to her termination from Hyatt.

My findings indicate that had Mrs. Hildebrandt's remained in her position, her termination created an economic loss of between $1,400,347 and $973,712. The loss was determined by computing the difference in the reasonable amounts of earnings Mrs. Hildebrandt would have been expected to earn over the remainder of her work life expectancy between her pre- and-post termination jobs. The high end of the range reflects the assumption that she would have worked to age 66, when she will be eligible for full Social Security retirement benefits under current legislation, whereas, the low end of the range assumes she would have retired at her statistical work life expectancy at the approximate age of 60 years. Please note that my findings also include compensation for the loss of vacation time at Mrs. Hildebrandt's new position, and the loss of hotel accommodation benefits.

My findings indicate that had Mrs. Hildebrandt received a pay increase to the level of Brian Booth from his date of promotion, her termination created an economic loss of between $2,232,796 and $1,535,079, calculated to the same points in time as above.

You have also asked me to review the economic impact of the premature tax liability created by the involuntary early retirement savings account distribution for Mrs. Hildebrandt. I have calculated the present value of a tax deferral to be $8,153.

The impact of future inflation on all computations was not taken into account. To be consistent, a real discount rate was utilized when the figures were reduced to present value.

My findings are detailed in this report.

Sincerely yours,

Harvey S. Rosen /rh
Harvey S. Rosen, Ph.D.
John Burke Jr., Ph.D.
Economists

HSR:JFB:rh
Enclosure

**PLAINTIFF'S EXHIBIT**
E

Telephone: (216) 566-9300          Facsimile (216) 566-0927          e-mail: h.rosen@burkerosen.com

George E. Parsons

GPA
guidance process associates

Re: Loss of Employment Opportunity
Of Barbara Hildebrandt

Date of Report: March 1, 2003
Date of Exam: January 23, 2003
Report prepared by George E. Parsons, Ph.D.
Report prepared for Robert Steinberg

The following report was prepared after extensive review of current research and professional peer reviewed publications. This report was prepared using knowledge and findings most closely associated with vocational and career changes of women. Its content and findings are provided within reasonable vocational certainty and are based not only on review of professional publications, but also on an extensive interview with Ms. Hildebrandt, and over thirty years of experience as an occupational specialist, vocational expert, and professor.

Prior to this report, an extensive examination of labor and employment characteristics for women in the stabilization and crystallization periods of employment was carried out. According to the U.S. Bureau of Labor Statistics (BLS), mid-life and older women are increasingly found in the labor force, with additional reported incidences of loss of employment by nature of their sex or age, sex and age separately, or by the combination of sex and age. The majority of women, 79% as found in private industry, report some form of employment difficulties (AARP, Vol. II, Employment Discrimination Against Mid-life and Older Women, 1997).

Loss of employment, particularly for women in the stabilization and crystallization age group, for whatever reason, has a profound effect on cutting short the productive years, especially the participation rate and work life expectancy (Brookshire and Smith, 1990; U.S. Department of Commerce, Statistical Abstract, 1989, p. 73). Loss of employment opportunity in the work place, therefore, reduces the participation probability and in all cases when compared females to males, and white to black, females will be lower (Brookshire and Smith, 1990, p. 118). This lower rate is maintained throughout all age groups. The fact that both males and females are equally interested in employment (trying to find a job), and rates of employment between genders are similar, seems to

2728 Madison Road
Cincinnati, Ohio 45209
(513) 351-3334
Fax (513) 351-0309

*Coaching For Transition*



PLAINTIFF'S EXHIBIT G

Page 2

have no effect on the gender participation rate with males greater than females. Statistically, this phenomenon reduces the yearly income by one third for blue-collar semi-skilled and unskilled workers and by two thirds for those in professional or skilled work. This reduced income creates a ripple effect in other areas of women's income, both in fringe benefits and retirement (Blou and Ferber, Occupations and Earnings of Women Workers, 1987).

Statistically, half of the women between the ages of fifty and sixty-one years of age, and one quarter of the women between sixty-two and sixty-four years of age having stopped work, find new employment (BLS, Women's Section, 2002). Women and men over the age of fifty years old differ on the length of time between jobs after loss of employment; men averaging six to eight months between jobs and women averaging sixteen to eighteen months between jobs (U.S. Department of Health and Human Services, 2001). Additional losses also occur in monies spent for training with a reported fifty per cent reduction for women over age fifty, versus women thirty-five to forty years old (New Policy Institute, Third Age Employment, 2002), and in the areas of self-confidence, emotional stability and security.

A two and one half-hour interview was conducted with Ms. Hildebrandt on January 23, 2003. On that date, Ms. Hildebrandt appeared as an attractive, middle-aged, white female, who had driven herself to the appointment. She is currently fifty years of age and is the youngest of three children in her family. She was born in Pittsburgh, Pennsylvania, but spent the majority of her life in Cincinnati, Ohio. Her mother is still alive at age eighty-nine, but in fair health. Her mother has a college education, having graduated from Rhode Island University and worked both in Washington, D.C. at the Pentagon and later at the University of Cincinnati in the Development Office. Ms. Hildebrandt's father passed away in 1998, at age ninety. He completed two years at the University of Pittsburgh and continued to work until the age of seventy-five, for the Cincinnati Air Conditioning Company.

Ms. Hildebrandt has a college degree, a Bachelor of Arts degree from the University of Cincinnati with a major in art history. Ms. Hildebrandt has been continuously employed since her graduation in 1974, other than a period between September 2001, and June 2002. Her initial employment after graduation was with A.B. Clossen Company, as an interior designer from 1974 until 1977. She then took a position as an interior designer at Rice House in Charleston, South Carolina for one year. From 1977 until 1979, she was again employed as an interior designer at Paul Dorsett, in Charleston, South Carolina.

Following this employment, she began her career with the Hyatt Corporation in 1979 until 2001, when she was terminated, as a director of national accounts. Her initial position was as a sales manager at the Hyatt Regency Phoenix. She subsequently was transferred or promoted to Tampa, Savannah, Cincinnati and the national office. She moved from a sales manager position, making approximately $12,000 in 1979, to a

director of national accounts making $112,000 in base salary and commissions. Her work, as she describes it, has been skilled and sedentary.

Ms. Hildebrandt's current position is development director for Cincinnati Horticultural Society, making approximately $30,000 per year. Her work is skilled and light in nature, involving sales organization, communication skills and follow-up. Ms. Hildebrandt provided no history of medical restrictions or disability and viewed her current health as good.

In regard to her termination from the Hyatt Corporation, it is my professional opinion within reasonable vocational certainty that Ms. Hildebrandt has and will suffer wage and fringe benefit losses between her current and past employment in a negative direction. Further, it is my professional opinion that her participation and employment prior to her termination was one hundred per cent and will now be reflective of the average P&E of 79% (BLS, Statistical Report, Nov. 2001).

The work history of Ms. Hildebrandt prior to her termination was continuous without interruption for child rearing, injury or retraining. Her participation rate was therefore 100% and would have been expected to remain at this level until the age of sixty and perhaps beyond due to her life expectancy of eighty years and also due to a family history of her father working into his 70s. Unfortunately, her termination has resulted in a forced break that makes her statistically more likely to revert to the average participation rate of 79%. Additionally, it is my opinion that her work life has been reduced from eleven to eight years (Work Life Expectancy Table, U.S. Department of Labor).

Certainly, a number of intangible losses were reported by Ms. Hildebrandt including loss of contribution, pride of independence in work, and possible advancement and promotion. Although these factors come without an economic number, they strongly impact a person's job satisfaction and feelings of worth, ultimately leading to a reduced quality of life.

Sincerely,

*George E. Parsons Ph.D*

George E. Parsons, Ph.D.
Occupational Specialist

# WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.

ATTORNEYS & COUNSELLORS AT LAW
1513 FOURTH & VINE TOWER
ONE WEST FOURTH STREET
CINCINNATI, OHIO 45202
TELEPHONE (513) 621-0267

ROBERT A. STEINBERG

FAX (513) 381-2375
FAX (513) 621-0262

February 3, 2004

<u>VIA FACSIMILE 407-541-0887</u>
Natalie J. Storch, Esq.
Fisher & Phillips LLP
300 So. Orange Ave., Suite 1250
Orlando, FL 32801

Re:    Hildebrandt v. Hyatt Hotels Corp., Case No. C-1-02-0003, S.D. Ohio

Dear Teresa & Natalie:

Plaintiffs will rely on the expert reports by Dr. Rosen and Dr. Parsons previously furnished to you in March, 2003.

Sincerely,

Robert A. Steinberg

RAS/meh

PLAINTIFF'S EXHIBIT
H

# FISHER & PHILLIPS LLP
## ATTORNEYS AT LAW

www.laborlawyers.com

RECEIVED MAR - 3 2004

**Orlando**
1250 Lincoln Plaza
300 South Orange Avenue
Orlando, FL 32801
(407) 541-0888 Tel
(407) 541-0887 Fax
Writer's Direct Dial:
(407) 541-0883

Writer's E-mail:
nstorch@laborlawyers.com

March 2, 2004

*VIA FEDERAL EXPRESS*

Robert A. Steinberg, Esq.
Waite, Schneider, Bayless & Chesley Co., L.P.A.
1513 Central Trust Tower
Cincinnati, Ohio 45202

Re: *Hildebrandt v. Hyatt Hotels Corporation, et al.*
Case No. C-1-02003 Judge Sandra Beckwith

Dear Bob:

Enclosed is a copy of Defendant's Expert Report, prepared by David A. Berins in the above-captioned matter.

Should you have any questions, please do not hesitate to contact Theresa or me.

Very truly yours,

Natalie J. Storch
For FISHER & PHILLIPS LLP

NJS:maf
Enclosures

cc: Theresa M. Gallion, Esquire (w/o enclosures)

Atlanta · Chicago · Fort Lauderdale · Irvine · New Orleans · Oakland · San Diego

Orlando 60380.1



PLAINTIFF'S EXHIBIT
I