UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BARBARA LODER HILDEBRANDT,  )<br>  )<br>   Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>HYATT CORPORATION, et al.  )<br>  )<br>  )<br>   Defendants.  )<br>_____ ) | Case No. C-1-02-0003<br><br>Judge Sandra S. Beckwith<br>Magistrate Judge David S. Perelman |

### DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO IDENTIFY REBUTTAL WITNESSES

Defendants HYATT CORPORATION, TY HELMS, BRIAN J. BOOTH, and JOHN HORNE ("Defendants"), by and through their undersigned counsel, hereby file a Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion for Extension of Time to Identify Rebuttal Witnesses, and state as follows:

Plaintiff's opposition to Defendants' Motion for Extension of Time to Identify Rebuttal Witnesses, is unfounded and is contrary to the courtesies extended to Plaintiff by Defendants throughout the pendency of this matter. Although Plaintiff claims that Defendants failed to comply with Local Rule 7.3; gave no reason why they failed to name a rebuttal expert witness within the deadline; and that such an extension will prejudice Defendants, such claims are without basis.

First, Defendants did confer with Plaintiff's counsel regarding their requested extension on Friday, March 26, 2004, but Plaintiff's counsel indicated, without giving a

Orlando 61191.1

reason, that he opposed the motion but would be willing to discuss it at a time other than Friday afternoon. Defendants' counsel indicated they would contact him the following Monday, and Plaintiff gave no indication that he would be unwilling to discuss it on that day. When Defendants' counsel did contact Plaintiff's counsel the following Monday, March 30, 2004, they repeated their request for consent to the requested extension. They also indicated they would file the motion requesting the extension, noting Plaintiff's previously-stated opposition if they failed to hear from Plaintiff's counsel by 1:00 p.m. that same day. As the deadline in question was days away, Defendants could not further delay asking for the relief.

During communications with Defendants' counsel, Plaintiff's counsel never indicated why he opposed the requested extension of 20 days, which would affect no other deadlines in the case. Additionally, although Plaintiff's counsel stated he was busy filing a brief in another case, he did respond to several of Defendants' e-mails but failed to explain his opposition or affirmatively state a time he would be available to discuss resolution of the issues. Because the deadline for the identification of rebuttal experts was quickly approaching, Defendants wished to request an extension as soon as possible prior to such deadline, so they filed their Motion for Extension on Monday, March 30, 2004.

Second, whether Defendants gave Plaintiff's counsel what he believed to be a sufficient reason for the requested extension is irrelevant to Defendants' request. Although Plaintiff did forward Defendants her expert reports in March 2003, one month after the deadline for such a disclosure, it was not until February 2004 that Plaintiff indicated she would utilize the same experts and reports submitted in March 2003.

Following the deposition of one of Plaintiff's experts on March 22, 2004, Defendants determined a rebuttal expert might be beneficial. As the deadline for identifying rebuttal experts was April 3, 2004, Defendants contacted Plaintiff on March 26, 2004, so they could file a motion for extension of that deadline as soon as possible prior to April 3, 2004. Because Defendants have granted Plaintiff numerous courtesies and extensions during the life of this case, they did not believe such a requested extension would be opposed, especially because such a request would have no bearing on other deadlines in the case. Nonetheless, Plaintiff's counsel refused to consent to the requested extension and failed to give a reason for his refusal.[1]

Third, Plaintiff would suffer no prejudice by the requested extension. Plaintiff's counsel indicates he will be "burdened" with additional legal work due to depositions he requested at the end of the discovery, which will be conducted after the close of discovery due to scheduling issues. He fails to detail, however, how his client will be prejudiced by such a brief extension. Plaintiff will be able to depose any rebuttal expert identified by Plaintiff in May, June, or July, prior to trial in this matter. Further, the

---

[1] Plaintiff's counsel also fails to mention that Defendants granted Plaintiff an extension of time to conduct discovery outside of the discovery period, even though such period previously had been extended by one year. Defendants had identified the witnesses Plaintiff requested to depose more than one year prior to his request to take such depositions. Plaintiff, for the first time, on November 24, 2003, expressed a desire to depose three witnesses, immediately prior to the holiday season and on the eve of the close of the discovery period, January 7, 2004, a date known to Plaintiff for nearly one year. At such a late date, finding contiguous dates for all three of the requested witnesses to be deposed, which were convenient for Plaintiff's and Defendants' counsel as well, was not possible. Therefore, in an attempt to cooperate with Plaintiff, Defendants consented to the extension of the discovery period to conduct such depositions. Although Plaintiff was well-aware of the dispositive motion deadline and subsequent time allotted for a response one year prior to the deadline, he requested Defendants' consent for an extension of time to file a memorandum in opposition to Defendants' Motion for Summary Judgment, which Defendants did not oppose. Pursuant to Plaintiff's unopposed request, on or about March 24, 2004, the Court entered an Order granting Plaintiff's request for an extension of time to respond to Defendants' Motion for Summary Judgment filed on March 1, 2004. Thus, Plaintiff will have approximately 13 weeks to prepare a memorandum in opposition to Defendants' Motion for Summary Judgment, which is substantially similar to the one filed and later withdrawn in February 2003. Nonetheless, Defendants did not object to the requested extension in order to extend a professional courtesy to Plaintiff.

identification of a rebuttal expert by Defendants will have no bearing on Defendants' Motion for Summary Judgment, which was filed on March 1, 2004, or Plaintiff's anticipated memorandum in opposition, due to be filed no later than May 20, 2004. Plaintiff has pointed to no reason, and Defendants can determine no basis, aside from Plaintiff's counsel's attempt to be uncooperative, that Plaintiff would have to oppose Defendants' requested 20 day extension.

Accordingly, for the reasons set forth above, Defendants respectfully request the Court to grant their request to extend the deadline for identifying rebuttal experts and producing the reports of such experts.

DATED this 6th day of April 2004.

                        Respectfully submitted,

By:   s/Theresa M. Gallion by
        s/Jeffrey J. Harmon per telephone
        authorization of 4/06/04
        Theresa M. Gallion*
        Florida Bar No. 726801
        E-mail:  tgallion@laborlawyers.com

        Natalie J. Storch*
        Florida Bar No. 269920
        E-mail:  nstorch@laborlawyers.com

        FISHER & PHILLIPS LLP
        1250 Lincoln Plaza
        300 South Orange Avenue
        Orlando, Florida 32801
        Telephone:   (407) 541-0888
        Facsimile:   (407) 541-0887

By:   s/Jeffrey J. Harmon
        Jeffrey J. Harmon
        Ohio Bar No. 0032848
        CORS & BASSETT, LLC
        1881 Dixie Highway, Suite 350
        Ft. Wright, Kentucky  41011
        Telephone:   (859) 331-6440
        Facsimile:   (859) 331-5337
        E-mail: jjh@corsbassett.com

Attorneys for Defendants, HYATT CORPORATION, et al.

*Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 6, 2004, I electronically filed the foregoing Defendants' Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion for Extension of Time to Identify Rebuttal Witnesses with the Clerk of Court using the CM/ECF system which will send notification of such filing to Stanley M. Chesley and Robert A. Steinberg, Waite, Schneider, Bayless & Chesley Co., L.P.A., 1513 Central Trust Tower, Cincinnati, Ohio 45202 and Michael J. O'Hara, O'Hara, Ruberg, Taylor, Sloan & Sergent. 209 Thomas More Park, Suite C, Covington, Kentucky 41017-0411.

s/Jeffrey J. Harmon
Jeffrey J. Harmon
Ohio Bar No. 0032848
CORS & BASSETT, LLC
1881 Dixie Highway, Suite 350
Ft. Wright, Kentucky 41011
Telephone: (859) 331-6440
Facsimile: (859) 331-5337
E-mail: jjh@corsbassett.com

240606.1