UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BARBARA LODER HILDEBRANDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. C-1-02 0003 |
| ) | |
| HYATT CORPORATION, et al. ) | Judge Sandra Beckwith |
| ) | Magistrate Judge Timothy S. Black |
| ) | |
| Defendants. ) | |

DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
TABLE OF CONTENTS

(ORAL ARGUMENT REQUESTED)

I.    INTRODUCTION .......................................................................................... 1

II.   FEW OF PLAINTIFF'S ORIGINAL CLAIMS IN THIS CASE REMAIN FOR
      DISPOSITION BY THE COURT .............................................................. 2

          Chapter 4112, Ohio Rev. Code

III.  PLAINTIFF HAS NOT CREATED GENUINE ISSUES OF MATERIAL FACT
      WITH REGARD TO HER FEW REMAINING CLAIMS, AND,
      ACCORDINGLY, JUDGMENT AS A MATTER OF LAW IN FAVOR OF
      ALL DEFENDANTS IS APPROPRIATE .................................................. 5

      A.    The Legal Standards Set Forth In Plaintiff's Opposition Do Not Reflect
            The Proper Legal Standards To Be Used By This Court In Resolving
            Defendants' Motion For Summary Judgment. .................................... 6

            *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564 (6th Cir. 2003)
            *Desert Palace v. Costa*, 539 U.S. 90 (2003)
            *Grosjean v. First Energy Corp.*, 349 F.3d 332, 340 (6th Cir. 2003)

Orlando 62209.1

B.  **Summary Judgment In Favor of Defendants Is Appropriate With Regard To Plaintiff's Claims Of Age Discrimination For Her Termination During Hyatt's Reduction In Force** ................................................................................ 8

    1.  **Plaintiff Cannot Establish A *Prima Facie* Case of Age Discrimination** ................................................................................ 8

        *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564 (6th Cir. 2002)
        *Scott v. Goodyear Tire and Rubber Co.*, 160 F.3d 1121 (6th Cir. 1998)
        *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344 (6th Cir. 1998).
        *Hedrick v. Western Reserve Care System and Forum Health*, 355 F.3d 444, 462 (6th Cir. 2004)

        a.  **Horne's Alleged "Dinosaur" Comment** ......................................... 9

            *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611 (1993)

        b.  **Allegations That Defendants Hired "Young People" Into the NSF During 2001 And Planned To Reduce Hyatt's Workforce Are Without Foundation And Irrelevant To Plaintiff's Claims** ................................................................. 10

        c.  **No Evidence Establishes Brain Booth Positioned Plaintiff For Termination From The NSF** ................................. 12

        d.  **Rationale Supporting Hyatt's Reduction In Force In No Way Demonstrates An Age Animus** ..................................... 12

            *Hedrick v. Western Reserve Care System and Forum Health*, 55 F.3d 444, 462 (6th Cir. 2004)

        e.  **Distributing Plaintiff's Account, In Part, To Molly Crompton And Barbara Hale Does Not Evidence Age Discrimination** .... 14

            *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611 (1993)

        f.  **Plaintiff's Focus On Other NSF Employees Affected By the Reduction in Force Does Not Create Genuine Issues of Material Fact With Regard to Her Own Claims** ....................... 15

        **g.**     **Plaintiff's Statistical Evidence Does Not Establish Age Animus** .................................................................................. **16**

                *Grosjean v. First Energy Corp.*, 349 F.3d at 330
                *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611 (1993)
                *Kulling v. Grinders for Indus., Inc.*, 115 F. Supp. 2d 828, 839
                  (E.D. Mich. 2000)
                *Police Officers for Equal Rights v. City of Columbus*, 644 F. Supp. 393 (S.D. Ohio 1985)
                *Senter v. General Motors Corp.*, 532 F.2d 511 (6th Cir. 1976)

     **2.**     **Plaintiff Cannot Establish That Defendants' Legitimate, Nondiscriminatory Reasons Were Pretext For Age Discrimination ... 18**

                *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 146-147 (2000)

  **C.**    **Plaintiff's Claims She Was Not Promoted Because Of Her Gender And/or Age Gail As A Matter of Law** ............................................... **18**

        O.R.C. §§4112.14 and 4112.02

  **D.**    **Plaintiff Has Failed To Address Defendant's Arguments Regarding Individual Liability, So Judgment In The Individual Defendants' Favor Is Appropriate** ................................................... **21**

  **E.**    **Plaintiff's Claims Public Policy Discharge Fail As A Matter Law** .................. **22**

        *Wiles v. Medina Auto Parts*, 96 Ohio St. 3d 240 (2002)
        *Ferraro v. B.F. Goodrich Co.*, 149 Ohio App. 3d 301 (Ohio App. 9 Dist. 2002)
        *Kulch v. Structural Fibers, Inc.*, 78 Ohio St. 3d 134 (1997)
        *Barlowe v. AAAA Int'l Driving*, 2003 Ohio 5748, 2003 Ohio App. LEXIS 5097 (October 24, 2003)
        O.R.C. Chapter 4112

**IV.**    **CONCLUSION** ............................................................................................ **22**

**V.**    **REQUEST FOR ORAL ARGUMENT**.........................................................**23**

<div align="center">

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

</div>

| | | |
|---|---|---|
| **BARBARA LODER HILDEBRANDT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Case No. C-1-02 0003** |
| | ) | |
| **HYATT CORPORATION, et al.** | ) | **Judge Sandra S. Beckwith** |
| | ) | **Magistrate Judge Timothy S. Black** |
| | ) | |
| Defendants. | ) | |

<div align="center">

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
**(ORAL ARGUMENT REQUESTED)**

</div>

Defendants HYATT CORPORATION ("Hyatt"), TY HELMS ("Helms"), BRIAN J. BOOTH ("Booth"), and JACK HORNE ("Horne") by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 56 and S.D. Ohio Civ. R. 7.2, file this Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment, and state as follows:

## I.    INTRODUCTION

On or about May 12, 2004, Plaintiff filed her Memorandum in Opposition to Defendants' Motion for Summary Judgment.   ("Opposition").   As an initial matter, although Plaintiff's Opposition is 65 pages in length, nothing contained therein creates genuine issues of material fact to justify denial of Defendants' Motion for Summary Judgment and Memorandum of Law in Support of Motion for Summary Judgment ("Motion for Summary Judgment").[1]   Significantly, Plaintiff's

---

[1] Although Plaintiff's Opposition is 65 pages long, she has not filed an index in compliance with Local Rule 7.2(a)(3), which requires the submission of a "combined table of contents and a succinct, clear and accurate summary, not to exceed five (5) pages, indicating the main sections of the memorandum, the principal arguments and the citations to primary authority made in each section, as well as the pages on which each section and sub-section may be found."

Opposition contains the following arguments, which underscore that summary judgment in favor of

Defendants is appropriate on all claims Plaintiff has made or attempted to make in this matter:

- For the first time in her Opposition, and approximately one full year after the completion of a majority of discovery in this case (featuring the production of approximately 25,000 documents), Plaintiff acknowledges that she is not pursuing many of the claims set forth in the relevant Complaint and Amended Complaint in this matter. Her failure timely to make this acknowledgment has wasted the limited judicial resources of this Court and prejudiced Defendants because Defendants continued litigating such claims;

- The purported legal standards and analysis set forth in Plaintiff's Opposition are not appropriate in a case of individual disparate treatment employment discrimination;

- Plaintiff has failed to address and/or adequately address many of the arguments raised by Defendants in their Motion for Summary Judgment, and, accordingly, summary judgment in favor of Defendants on such claims is appropriate as a matter of law;

- Plaintiff relies in large part on alleged circumstances surrounding the employment of other Hyatt employees, without any credible legal argument that such circumstances are relevant or should be considered in connection with her own claims; and

- Plaintiff relies, in large part, on speculation regarding what she believed occurred during her employment and her opinions regarding how Defendants should have handled business decisions, none of which are relevant or can serve to create genuine issues of fact with regard to her claims.

Accordingly, for all of the reasons set forth below and in Defendants' Motion for Summary

Judgment, even construing all relevant "facts" contained in Plaintiff's lengthy and dramatic

Opposition in favor of Plaintiff, summary judgment in favor of all Defendants is appropriate as a

matter of law.

## II.    FEW OF PLAINTIFF'S ORIGINAL CLAIMS IN THIS CASE REMAIN FOR DISPOSITION BY THE COURT.

In her Opposition, Plaintiff for the first time eliminates many of the claims she made in her

Complaint and Amended Complaint, despite the lengthy period that has passed since either party

engaged in significant discovery. Plaintiff has had over two years to voluntarily narrow her claims.

As a result of her failure, Defendants were forced to address all of Plaintiff's claims in their Motion

for Summary Judgment, resulting in a waste of Court resources and a waste of Defendants' time and resources. In Plaintiff's Amended Complaint against Hyatt, Helms, and Booth and in her Complaint against Hyatt and Horne (originally filed as Case No. C-1-02-464, and later consolidated into this case), which will be collectively referenced as "Complaints," Plaintiff seems to allege the following: (1) gender discrimination pursuant to Title VII against Hyatt for failure to promote; (2) gender discrimination pursuant to Title VII against Hyatt for her termination; (3) gender discrimination pursuant to Chapter 4112, Ohio Rev. Code ("O.R.C."), against Hyatt, Helms, Horne, and Booth for failure to promote;[2] (4) gender discrimination pursuant to O.R.C. Chapter 4112 for her termination; (5) age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA") against Hyatt for failure to promote; (6) age discrimination pursuant to the ADEA against Hyatt for her termination; (7) age discrimination pursuant to O.R.C. Chapter 4112 against Hyatt, Helms, Horne, and Booth for failure to promote; (8) age discrimination pursuant to O.R.C. Chapter 4112 against Hyatt, Helms, Horne, and Booth, for her termination; and (9) violation of Ohio public policy for alleged age and gender discrimination as set forth in the Complaints.

In her Opposition, however, Plaintiff acknowledges that she is not claiming that Hyatt failed to promote her because of her gender in alleged violation of Title VII or her age in alleged violation of the ADEA. (Opposition at 61). She also concedes she is not asserting any claim that she was terminated due to her gender. (Opposition 61). Therefore, by Plaintiff's own concession in her Opposition, her only remaining claims are as follows: (1) gender discrimination pursuant to O.R.C.

---

[2] On the face of her Complaints, Plaintiff alleges only that Horne, rather than Hyatt, Helms, and Booth, was responsible for failing to promote her due to her age and gender. Throughout discovery in this matter, Plaintiff has only claimed that the alleged failed promotions were due to her gender. (Pl. Depo. 116-118, 122, 132). "Pl. Depo. _" references the deposition of Plaintiff, taken on March 19, 2002, excerpts of which are attached to Defendants' Memorandum of Law in Support of Defendants' Motion for Summary Judgment as Exhibit B. In an abundance of caution, and because Plaintiff claims in her Opposition, without factual basis, that such alleged failure to promote was also due to her age, Defendants will address this claim. During Plaintiff's deposition, however, Plaintiff pointed only to her age as the basis for the failure to promote claims. Further, according to all of the evidence in this case, it is apparent that none of the Defendants failed to promote Plaintiff on any actionable basis, especially her age. For Plaintiff to make

Chapter 4112, against Hyatt, Helms, Horne, and Booth for failure to promote; (2) age discrimination pursuant to the ADEA against Hyatt for her termination; (3) age discrimination pursuant to O.R.C. Chapter 4112, against Hyatt, Helms, Horne, and Booth for failure to promote; (4) age discrimination pursuant to O.R.C. Chapter 4112, against Hyatt, Helms, Horne, and Booth, for her termination; and (5) violation of Ohio public policy for alleged age and gender discrimination as set forth in the Complaints, excluding the claims Plaintiff has voluntarily abandoned.

Therefore, Plaintiff has eliminated four of her nine general claims against Defendants, leaving only the following claims for disposition by the Court:

- Alleged age discrimination for her termination;

- Alleged age and gender discrimination for failure to promote;

- Alleged violation of Ohio public policy for age discrimination in her termination and failure to promote and gender discrimination for failure to promote.

In addition, in her Opposition, Plaintiff has failed to respond to the arguments of Defendants with regard to many of her claims, and, thus, judgment as a matter of law is appropriate as to those claims because Plaintiff has failed to create genuine issues of material fact.

As all substantive discovery in this case has been completed for approximately one year, Plaintiff was on notice that many of her claims were defective. [3] Nonetheless, despite Plaintiff being on notice of such defects in her claims based on lack of evidence and statute of limitations issues, she continued to pursue those claims, necessitating Defendants address such claims in their Motion for Summary Judgment. Maintaining such claims was detrimental to Defendants and a waste of this

---

such claims after stating an opposite intent during her deposition, at such a late date in the litigation, without factual support, demonstrates her propensity throughout this litigation to continue with claims unsupported by record evidence.

[3] Specifically, Defendants advised Plaintiff two years ago that because no evidence existed to support claims against Booth individually, he should be dismissed as a party Defendant. A copy of correspondence evidencing Defendants' attempt to bring this defect to Plaintiff's attention is attached as Exhibit A. Plaintiff never voluntarily dismissed Booth.

Court's judicial resources. Therefore, in the event judgment as a matter of law is entered in Defendants' favor on such claims, they are entitled to sanctions for Plaintiff's failure to pursue her claims in good faith.

**III.  PLAINTIFF HAS NOT CREATED GENUINE ISSUES OF MATERIAL FACT WITH REGARD TO HER FEW REMAINING CLAIMS, AND, ACCORDINGLY, JUDGMENT AS A MATTER OF LAW IN FAVOR OF ALL DEFENDANTS IS APPROPRIATE.**

Despite what is a clear attempt by Plaintiff to set forth lengthy, irrelevant facts and argument contrary to the law of this Circuit to muddy the issues before the Court, nothing in Plaintiff's Opposition can create genuine issues of material fact with regard to her remaining claims. Therefore, judgment as a matter of law in favor of all Defendants as to all of Plaintiff's claims is appropriate. Plaintiff sets forth the following "evidence" in her Opposition in an attempt to create issues of fact with regard to her claims:

- Hyatt hired "young people" into the National Sales Force in late 2000/2001;

- Hyatt allegedly pre-selected young men for promotions;

- Hyatt allegedly "planned" a reduction in force in May 2001;

- Hyatt carried out a Company-wide Reduction in Force in September 2001, which was used as an alleged excuse to remove older individuals from the NSF;

- Defendants did not follow alleged Company procedure by neglecting to use a form in implementing the Reduction in Force for the National Sales Force;

- Horne allegedly made the stray remark regarding "dinosaurs" to Dawn Beagle, prior to the time the Reduction in Force was planned, in reference to outdated methods of thinking and not in reference to an employee's age;

- Defendants Horne and Helms terminated the employment of older individuals and "gave their accounts" to younger, recently hired employees.

Plaintiff's theories regarding her claims, however, set forth in great detail in her Opposition, are simply speculation and conjecture and serve only to waste the Court's limited judicial resources, as many of the "facts" are unsupported by record evidence, are grossly mischaracterized by Plaintiff,

are untrue, are unrelated to Plaintiff's claims, or have no bearing on the claims before the Court. Therefore, summary judgment in favor of Defendants is appropriate as a matter of law.

### A. The Legal Standards Set Forth In Plaintiff's Opposition Do Not Reflect The Proper Legal Standards To Be Used By This Court In Resolving Defendants' Motion For Summary Judgment.

In her Opposition, Plaintiff argues that a different standard should be used to analyze her claims of employment discrimination. She claims that Defendants "limited" their analysis and have not considered the alleged alternative standards that exist in this Circuit. She further asserts that Defendants have not set forth the appropriate standards to be used for cases in which a reduction in force has taken place. It is clear from the cases cited in her Opposition, however, that Plaintiff misstates the standard to be used in analyzing her claims in an attempt to defeat a well-grounded summary judgment motion because, when using the appropriate standards, summary judgment in favor of Defendants is appropriate as a matter of law.[4]

As is clearly recognized by the Sixth Circuit Court of Appeals, in order to prove a case of discrimination based on age or gender, a plaintiff can utilize direct <u>or</u> circumstantial evidence. As set forth in Defendants' Motion for Summary Judgment, because Plaintiff has set forth no direct evidence of discrimination, her claims must be analyzed using the *McDonnell Douglas* burden shifting standard. (MSJ at 23-25)[5]    With regard to Plaintiff's claims relating to the reduction in force, a

---

[4] In her Opposition, Plaintiff cites cases which discuss the appropriate standards to be used in analyzing employment discrimination claims. (Opposition at 38-40). In her attempt to modify the appropriate standards to be considered, however, Plaintiff relies on cases that are factually distinct from than the present case. For example, Plaintiff criticizes Defendants for failing to cite a case which analyzes the employee's claims using a mixed motive analysis, which does not apply in this case, and it does not involve a reduction in force. Such an analysis is not analogous to the present matter. *See Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564 (6th Cir. 2003). Further, Plaintiff's reliance on *Desert Palace v. Costa* is misplaced, as the Court discusses a mixed motive analysis only in the context of jury instructions and only in the context of the 1991 amendments to Title VII, rather than in the context of Title VII. *See Desert Palace v. Costa*, 539 U.S. 90 (2003).

[5] "MSJ at _" refers to Defendants' Memorandum of Law in Support of Motion for Summary Judgment, filed on or about March 1, 2004. In a case where a Plaintiff presents "direct evidence," the burden of persuasion shifts to the employer to show it would have taken the same action even without the discriminatory motive. (MSJ at 23). Direct evidence, as defined in this Circuit, is proof that establishes discrimination on its own, without need for the inference of discrimination arising from the *prima facie* case under *McDonnell Douglas*. (MSJ 23-25) In this case, the only alleged "direct

slightly different standard is used. Specifically, in analyzing the fourth prong of the *prima facie* case, the Plaintiff must come forth with "additional direct, circumstantial, or statistical evidence tending to indicate the employer singled out [the plaintiff] for discharge for impermissible reasons," in this case, Plaintiff's age. (MSJ at 32-33). Although Plaintiff asserts Defendants have failed to articulate the differing standard used in reductions in force, such a standard is clearly set forth on page 32 of Defendants' Memorandum of Law in Support of its Motion for Summary Judgment, and any representation to the contrary is false on its face. (MSJ at 32). In her Opposition, Plaintiff also indicates that "comparison" to individuals who are substantially younger is necessary to establish a *prima facie* case in a workforce reduction. The Sixth Circuit Court of Appeals recently held that, in the absence of direct evidence, a difference of six years or less between an employee and a replacement in an age discrimination case is not significant for the purposes of the ADEA. *See Grosjean v. First Energy Corp.*, 349 F.3d 332, 340 (6th Cir. 2003). Accordingly, for all of the foregoing reasons and the reasons set forth below, judgment as a matter of law in favor of all Defendants is appropriate for all of Plaintiff's claims.

---

evidence" to which Plaintiff points is the alleged "dinosaur" comment by Home, which is a stray remark and, on its face, is unrelated to age and cannot under the direct evidence standards in this Circuit, establish discrimination on its own. (MSJ at 23-24, 33-35). The alleged comments by Brian Booth relating to Plaintiff's marriage are similarly stray remarks and are wholly unrelated to any alleged decision made regarding Plaintiff's employment, as Booth was not responsible for the decision to terminate Plaintiff, nor was he involved in any of the decisions regarding the alleged denied promotions. (MSJ at 5-9, 24).

**B.**    **Summary Judgment In Favor of Defendants Is Appropriate With Regard To Plaintiff's Claims Of Age Discrimination For Her Termination During Hyatt's Reduction In Force.**

**1.    Plaintiff Cannot Establish A *Prima Facie* Case Of Age Discrimination.**

Plaintiff contends she has established a *prima facie* case of age discrimination with regard to her termination pursuant to the Reduction in Force.[6]  According to the clear standards articulated by this Circuit with regard to reductions in force, however, Plaintiff has not set forth "additional direct, circumstantial, or statistical evidence tending to indicate that [Hyatt] singled out [Plaintiff] for discharge for impermissible reasons." (MSJ at 32-33). Plaintiff's "evidence" has nothing to do with age animus towards any employee, including Plaintiff, and certainly does not constitute age animus sufficient to overcome Defendants' Motion for Summary Judgment.  In the cases cited by Plaintiff throughout her Opposition to support her argument that genuine issues of material fact exist, the alleged comments by decisionmakers were directly related to the employee's age, generally consisted of more than one comment, and generally were considered in addition to other factors, most of which weighed in favor of the employee's contention that he or she was subject to disparate treatment on the basis of his or her age.[7]  In this case, however, Plaintiff has no evidence whatsoever linking her age to the decision made to terminate her employment in connection with the reduction in force.  Plaintiff attempts to cloud the actual issues before the Court by introducing her speculative beliefs regarding why her employment was affected by the Reduction in Force.  Plaintiff's speculation and conjecture, however, are insufficient to defeat summary judgment in Defendants' favor. (MSJ at 21-22).  *See also Hedrick v. Western Reserve Care System and Forum Health*, 355 F.3d 444,

---

[6] In this section of her argument, however, Plaintiff also mentions her alleged improper treatment with regard to promotional opportunities. (Opposition p. 41).  This, however, has nothing to do with the analysis regarding her termination pursuant to the Reduction in Force.

[7] *See, e.g., Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564 (6th Cir. 2002); *Scott v. Goodyear Tire and Rubber Co.*, 160 F.3d 1121 (6th Cir. 1998); *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344 (6th Cir. 1998).

462 (6th Cir. 2004)(noting subjective skepticism regarding the truth of an employer's representation does no raise triable issues of pretext).[8]

### a.    *Horne's Alleged "Dinosaur" Comment.*

Plaintiff makes much Horne's alleged comment regarding "dinosaurs" in the NSF to support her claims.  Assuming for the purposes of the Motion for Summary Judgment only that Horne did utter this comment, which he did not, it was not heard by Plaintiff, and it was reported by Dawn Beagle, another individual in the NSF affected by the Reduction in Force, as follows:

> Q:    . . . Do you know of anything that Jack Horne has done to treat older workers less favorably than younger workers?
>
> A:    . . .I'd have to go back with a conversation I had with Jack when Brian Cassidy resigned from the company after many, many years . . . . I was on the phone with Jack and had mentioned that, you know, after so long I was surprised that Brian had actually left. And Jack's response to me was that there were other dinosaurs in the national sales force that he wouldn't mind seeing go, also that they had just been around too long.
>
> Q:    So he said not that they were too old but that they were around too long.
>
> A:    No.  He called them dinosaurs.
>
> Q:    Okay, dinosaurs, which would be a separate species of creature that was destroyed according to the big bang theory a number of millions of years ago, is that correct, is that right, what a dinosaur is?
>
> A:    Yes.

(Beagle Depo. 106).[9]  Clearly, this alleged comment by Horne is not age-specific, and was made in connection with a male employee's voluntary resignation in or about April 2001. (Patrick Aff. ¶16).[10]

---

[8] Plaintiff introduces many "facts" such as Plaintiff's employment history, history of good performance, and the importance of long-term relationships with National Accounts.  Defendants, however, for the purposes of their Motion for Summary Judgment, do not dispute that Plaintiff and the other individuals affected by the Reduction in Force had a good performance history with Hyatt and that long term relationships in any business are important.  These issues, however, have no bearing on Defendants' Motion for Summary Judgment or the issues raised therein.

Mr. Horne specifically was focused on years of service, which is analytically distinct from consideration of age. *See Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611 (1993). Such a comment does not constitute direct evidence of discrimination, and is at best a stray remark, unrelated to the decision to terminate Plaintiff or the decision to terminate the employment of various individuals, both under and over 40 years of age, during the Reduction in Force in September 2001. (MSJ at 33-35). As a result, such a comment does not create a genuine issue of material fact, as it is not direct or circumstantial evidence that could support Plaintiff's claims of age discrimination for her termination.

> **b.** ***Allegations That Defendants Hired "Young People" Into the NSF During 2001 And Planned To Reduce Hyatt's Workforce Are Without Foundation And Irrelevant To Plaintiff's Claims.***

Plaintiff also emphasizes the alleged "hiring of young people" into the NSF during 2001. Such hiring, however, has nothing to do with the Reduction in Force that occurred in September 2001. Simply because the economy was experiencing a downturn in 2000 and 2001, did not somehow restrict Horne and Helms from hiring sales personnel into the NSF. There is no evidence whatsoever that Horne and Helms hired individuals into the NSF contrary to a Company directive restricting hiring. To the contrary, as Helms is and was responsible for the NSF, and it was his decision whether individuals should have been hired into the NSF, taking into consideration the business needs of the Company and of his department. Although in her Opposition, Plaintiff points to several individuals she alleges were hired into the NSF improperly on the basis of their age <u>prior to</u> the Reduction in Force, some of the individuals were 40 years of age or older when they were hired. Specifically, Donna Bongiovanni, Richard Wood, Judy Lee-Kirchman, and Gracie Anzaldo

---

[9] "Beagle Depo. _" references the deposition of Dawn Beagle, taken on September 25, 2002, excerpts of which are attached as Exhibit B to this Reply.

[10] "Patrick Aff. ¶_" references the Affidavit of Doug Patrick, attached as Exhibit C to this Reply.

Moore were over 40 years of age when they were hired into the NSF.  (Opposition at 11; Patrick Aff. ¶14).  Additionally, the ages of these individuals are irrelevant to Plaintiff's claims with regard to her termination, as they were hired prior to Hyatt's decision to reduce its workforce.  Additionally, many of the individuals named specifically by Plaintiff had numerous years of service with Hyatt.  For example, Donna Bongiovanni began working for Hyatt in 1983; Joann Rumsey began working for Hyatt in 1989; Carolyn Montrose began working for Hyatt in 1988; and Judy Lee-Kirschman began working for Hyatt in 1982. (Patrick Aff. ¶14). Although Plaintiff claims that Horne hired these individuals so he could eventually terminate the older workers, this speculative belief is unsupported by any evidence, and is contrary to reason and good sense.  Further, Plaintiff's Complaints do not include a claim for failure to hire, so alleged comparators hired at any time are meaningless to her claims.

Plaintiff's Opposition also contains a brief reference to an alleged "plan" to reduce the workforce starting in May 2001, with the hire of Rob Schnitz, Hyatt's in-house counsel.  Although Plaintiff might believe this to be true, as this scandalous, unsupported allegation is also contained in her Complaint, there is and has never been any evidence whatsoever that Mr. Schnitz, hired in or around May 2001, was hired to execute the Reduction in Force that occurred at the end of September 2001.  All witnesses who could conceivably have knowledge of this claim denied it. (Rabin Depo. 20-21; Schnitz Depo. 44-45).[11]  Whether Mr. Schnitz, who had practiced labor and employment law prior to being hired by Hyatt, had knowledge and experience relating to workforce reductions, as do many labor and employment attorneys, does not mean that Mr. Schnitz was hired for such a purpose at Hyatt. Plaintiff's allegations with regard to this issue underscore her propensity

---

[11] "Rabin Depo. _" references the deposition of Ed Rabin, taken on April 21, 2004, excerpts of which are attached to this Reply as Exhibit D.  "Schnitz Depo. _" references the deposition of Rob Schnitz, taken on April 22, 2004, excerpts of which are attached to this Reply as Exhibit E.

to misrepresent the testimony and evidence in this case and such allegations should be disregarded by the Court.

### c.    No Evidence Establishes Brian Booth Positioned Plaintiff For Termination From The NSF.

Plaintiff alleges that Brian Booth somehow attempted to position Plaintiff for termination from the NSF, in that he raised her quota, gave her a mid-year review, and commented on her recent marriage. (Opposition at 16-17). None of these issues raises genuine issues of material fact. First, the quotas for numerous individuals in the National Sales Force were raised during the time period Plaintiff references, including males and persons under 40. (MSJ at 10). Additionally, all members of the Central National Sales Force, of varying ages, were given mid-year reviews at the same time as Plaintiff, and Plaintiff's rating was entirely acceptable. (MSJ at 13). Additionally, whether Booth made comments about Plaintiff's marriage is a stray remark, unrelated to Plaintiff's age or gender, and is irrelevant to Plaintiff's claim she was terminated due to her age. Therefore, these issues, taken in a light most favorable to Plaintiff, do not raise genuine issues of material fact.[12]

### d.    Rationale Supporting Hyatt's Reduction In Force In No Way Demonstrates An Age Animus.

Plaintiff asserts that because Hyatt's managing committee did not directly instruct Helms to terminate anyone in the NSF; because no specific cost savings goals were assigned to the NSF; because Horne was not given specific instructions regarding the reduction of the NSF; and because Defendants did not complete the Business Process Review forms in a way Plaintiff believed was appropriate, that the reductions in the workforce were based on the ages of the NSF employees affected. These assertions are speculative at best, and simply constitute Plaintiff's disagreement with

---

[12] Plaintiff also mentions that Horne did not "visit" Plaintiff as he did other Directors of National Accounts. This allegation has nothing to do with Booth and is in no way related to Plaintiff's age or gender. It cannot constitute an adverse employment action because it did not affect any meaningful term or condition of employment. *See White v. Burlington Northern & Santa Fe Railway Co.*, 364 F.3d 789 (6th Cir. 2004)(discussing the requirement that for employment discrimination claims, the action be a "materially adverse change in the terms" of an employee's employment).

the nondiscriminatory processes used by Defendants when making extremely difficult decisions after the tragic events of September 11, 2001.

The Business Process Review Form, which is part of Hyatt's Policy Manual, sets forth certain guidelines to utilize in a reduction in force. In examining these forms, however, it is evident that they are meant to be used in the field, or at the hotel level, as the wording on such forms shows a request flowing from a hotel general manager to a corporate office representative. (Patrick Aff. ¶¶9-10, Ex.1). Because the decisions regarding the NSF were taking place at the corporate level, and the directive to respond to the September 11 crisis came from the corporate office, the "bottom up" method of communicating contemplated on the Business Process Review form was unnecessary. In any event, persons under and over the age of 40 were adversely affected by the Reduction in Force, and nothing in Plaintiff's argument explains how the failure to use the same form for persons under 40 suggests age animus.

Further, simply because Horne was not given specific direction and did not use the criteria Plaintiff would have selected, does not indicate the decisions were made on the basis of the age of the sales personnel. To the contrary, Horne sets forth the criteria he considered; he prepared a written document regarding his proposed reductions; and he articulated his reasons for choosing the individuals who were eventually terminated. (MSJ at 15). He made his decisions based neither on seniority nor performance but based on legitimate, nondiscriminatory business reasons. (MSJ at 16). Simply because Plaintiff disagrees with Horne's decisions and believes he should have considered production, long-term performance, history with the Company and other factors she would have chosen does not indicate such decisions were made on the basis of Plaintiff's age or the age of any other member of the NSF. *See Hedrick*, 355 F.3d at 462.

  **e.**  ***Distributing Plaintiff's Accounts, In Part, To Molly Crompton***
      ***And Barbara Hale Does Not Evidence Age Discrimination.***

   Plaintiff spends numerous pages in her Opposition attempting to demonstrate some type of age-based favoritism Horne exhibited towards Molly Crompton and Barbara Hale. These NSF sales persons were assigned the task of evaluating some of Plaintiff's accounts after her employment was terminated. (MSJ at 35-36; Defendants' First Supplemental Answers and Objections to Plaintiff's Interrogatory No. 3).[13] Despite the approximately nine pages devoted to these two employees, Plaintiff's assertions do not create genuine issues of material fact. First, many of the "facts" referenced by Plaintiff relate to Ms. Crompton's and Ms. Hale's employment history with Hyatt, long before the Reduction in Force was contemplated. These events are not temporally linked to the issues in this case. Further, even if Horne showed "favoritism" towards these employees, there is nothing other than Plaintiff's conjecture to suggest the favoritism was age-based. Plaintiff continually references throughout her Opposition her longevity with the Company, comparing it with the years of service of other employees. As has been made clear by the United States Supreme Court, however, years of service is not an illegal basis for decisionmaking in employment, as it is analytically distinct from an employee's age. *See Hazen Paper Co.*, 507 U.S. at 611.

   Plaintiff also claims that the distribution of her accounts was discriminatory, as her more productive accounts were distributed to the younger, favored workers, allegedly less qualified than Plaintiff. Plaintiff, however, fails to acknowledge that Horne articulated legitimate business reasons for terminating and retaining certain NSF sales personnel, including Jennifer Roman, Molly Crompton, and Barbara Hale. (MSJ at 17-18). Whether these employees were more or less qualified than Plaintiff is Plaintiff's subjective belief based only on her view of the importance of her length

---

[13] A copy of Defendants' First Supplemental Answers and Objections to Plaintiff's First Set of Interrogatories, No. 3, is attached as Exhibit F.

of service with Hyatt and experience in the NSF, not based on the legitimate, age-neutral criteria articulated by Horne. (MSJ at 16-17).

Throughout her allegations related to Ms. Hale and Ms. Crompton, Plaintiff also references the earnings of both individuals, moving expenses, and other financial matters associated with these former co-workers. Plaintiff, however, has not made a claim for disparate treatment on the basis of pay, moving expenses, or bonuses. In fact, Plaintiff earned more than either Ms. Crompton or Ms. Hale during their tenure in the NSF, so any arguments with regard to the earnings of Plaintiff or her co-workers have no bearing on her claims. (Opposition Exs. 15, 86, 155).

> **f.    *Plaintiff's Focus On Other NSF Employees Affected By The Reduction In Force Does Not Create Genuine Issues Of Material Fact With Regard To Her Own Claims.***

Plaintiff also spends considerable time in her Opposition discussing the other NSF sales personnel terminated during the Reduction in Force. Although Plaintiff claims to detail an alleged "pattern of firing older workers," she omits some significant data with regard to the Reduction in Force. For example, Hyatt retained numerous individuals who were older than or not substantially younger than Plaintiff and the other NSF sales personnel terminated during the reduction in force. (MSJ at 18-19). In fact, individuals of the following ages were retained following the Reduction in Force: 40, 41, 42, 43, 44, 45, 47, 48, 49, 50, 51, 52, 56, and 57. (Patrick Aff. ¶15). Plaintiff also continues to emphasize the performance and length of service of the individuals who were terminated during the Reduction in Force. She fails to acknowledge or address, however, Horne's clear testimony that with regard to Plaintiff and her co-workers, performance and length of service were not considered when he made his decisions. (MSJ at 15-16, 18-20). Plaintiff also details numerous "facts" that simply have no bearing on Plaintiff's claims and cannot be characterized as circumstantial, statistical, or direct evidence of discrimination based on age. For example, Plaintiff focuses on Hyatt's payment for Dawn Beagle to attend business management school, for which

Beagle signed a commitment to remain employed with Hyatt for a certain time period. This "fact" is not at all related to Plaintiff's claims of age or gender discrimination and evidences Plaintiff's repeated and vain reliance on neutral circumstances to somehow create disputed facts.[14]

### g.    *Plaintiff's Statistical Evidence Does Not Establish Age Animus.*

Plaintiff relies on contradictory arguments that statistical evidence establishes age animus in this case. Plaintiff argues, on one hand, that Hyatt improperly analyzed the statistics because it did not employ an expert and failed to utilize statistical analyses Plaintiff would have used in determining which employees would be affected by the Reduction in Force. Plaintiff also argues, however, that the "small sample size of about 70 persons in the NSF . . . is insufficient for an expert determination of statistical significance under [certain statistical analyses]." Plaintiff cannot credibly make both arguments, however, as they are wholly inconsistent.

The ultimate conclusion is that the statistics, along with the other facts in the case, do not provide sufficient evidence to defeat Defendants' Motion for Summary Judgment. Even using Plaintiff's analysis, there is only a five year difference in the average age of the individuals terminated during the Reduction in Force (average age: 43) and those who were retained (average age: 38). This age difference is not "significant" for the purposes of age discrimination claims as the Sixth Circuit recently held that, in the absence of direct evidence, a differential of 6 years or less was not significant under the ADEA. *See Grosjean*, 349 F.3d at 330. It is unclear why Plaintiff categorizes certain employees as "protected" from termination. The relevant inquiry, if such statistics are considered, is how many employees were retained and how many were terminated, and the ages of these employees. (MSJ at 19). Significantly, none of the employees who were age 50 and over were terminated pursuant to the Reduction in Force. Further, although Plaintiff makes much of the

---

[14] Plaintiff's lengthy details relating to other NSF employees are similarly unrelated to Plaintiff's claims and inclusion of such "facts," which this Court and Defendants must analyze and to which Defendants must respond, is a waste of the Court's valuable and limited resources and the resources of Defendants.

retention of the 20 to 29 year old sales personnel, only approximately six sales personnel in that category worked in the NSF, and all of those employees worked in the Omaha National Sales Office, in which Plaintiff never worked. (MSJ at 19).

Again, Plaintiff errs by relying upon years of service and/or NSF experience, neither of which was considered by Horne in making his decisions regarding the reduction in force, and neither of which evidences age animus under the *Hazen Paper* analysis. *See Hazen Paper Co.*, 507 U.S. at 611. Showing the fatality of Plaintiff's contrary arguments about the impact of statistical evidence is her reliance upon *Kulling v. Grinders for Indus., Inc.*, 115 F. Supp. 2d 828, 839 (E.D. Mich 2000). This case featured an 11.2 year age differential and all of the adversely affected individuals were over the age of 50. *See Kulling v. Grinders for Indus., Inc.*, 115 F. Supp. 2d 828, 839 (E.D. Mich 2000). Therefore, in the present case, use of such a small statistical sample in the absence of other evidence supporting a theory of age discrimination, does not create genuine issues of material fact.

Plaintiff also relies on certain caselaw to support her argument that a subjective selection procedure should be closely examined because of its capacity for unlawful bias. The cases cited by Plaintiff, however, are not in the context of a reduction in force allegedly based on age but are pattern and practice class actions or actions addressing past practices of race discrimination. *See Police Officers for Equal Rights v. City of Columbus*, 644 F. Supp. 393 (S.D. Ohio 1985); *Senter v. General Motors Corp.*, 532 F.2d 511 (6th Cir. 1976). Accordingly, nothing in Plaintiff's Opposition creates genuine issues of material fact to overcome her failure to establish a *prima facie* case of age discrimination for her termination.

2.    **Plaintiff Cannot Establish That Defendants' Legitimate,
Nondiscriminatory Reasons Were Pretext For Age Discrimination.**[15]

For the reasons set forth above, Plaintiff has presented no evidence that her termination was

pretext for age discrimination. (MSJ at 25, 40-41, 44-45). Even in light of *Reeves v. Sanderson Plumbing*

*Products, Inc.*, which indicates a plaintiff can establish pretext via evidence relating to the *prima facie*

case or with additional evidence. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 146-147

(2000). The *Reeves* Court, however, acknowledged the a "plaintiff's *prima facie* case combined with

sufficient evidence to find that the employer's asserted justification is false may permit the trier of

fact to conclude that the employer unlawfully discriminated." *Id.* But it also recognized there are

instances in which the plaintiff carries his or her burden of demonstrating a *prima facie* case and

pretext; but no rational factfinder could conclude the action was discriminatory and the employer

would be entitled to judgment as a matter of law. *Id.* at 148. This is such a case. Thus, because

Plaintiff has not set forth sufficient evidence establishing pretext in her termination, judgment as a

matter of law in favor of all Defendants is appropriate.

C.    **Plaintiff's Claims She Was Not Promoted Because Of Her Gender and/or
Age Fail As A Matter Of Law.**[16]

As discussed above, Plaintiff has denied the existence of an age bias in awarding promotions.

Specifically, during discovery, Plaintiff alleged that the failure to promote her to three positions

during her employment was due only to her gender. (Pl. Depo. 116-118, 122, 132). Her testimony

with regard to these issues was as follows:

---

[15] Plaintiff asserts, contrary to the authority in this Circuit, that the reasons articulated by Defendants for her termination were not "legitimate." The burden borne by Defendants at this stage of the analysis is one of production— not persuasion—thus, Defendants must only articulate such a nondiscriminatory reason. (MSJ at 24-25). Whether Plaintiff believes such an articulated reason is "legitimate" is not an inquiry the Court will or should make.(MSJ at 24-25).

[16] From the face of Plaintiff's Complaints, Plaintiff purportedly brings claims against Horne under O.R.C. §§4112.14(A) and 4112.14(B). Against Hyatt, Helms, and Booth, Plaintiff's state law claims purportedly are brought under O.R.C. §§4112.02(A) and 4112.99. To the extent Plaintiff's claims fail on statute of limitations grounds, Defendants in no way concede Plaintiff has submitted her claims within the applicable statute of limitations period.

Q:    Did you believe that Rob Sarmiento got the AVP of individual travel position over you because of your age or gender, and, if so, why?

A:    Over my gender, yes.

Q:    So you think it was not an age decision but a gender decision, is that right?

A:    It was a gender decision.

Q:    Why?

A:    I think that women were not considered for these positions, that they had already selected who they wanted before they were even announced, if they were announced.

Q:    What makes you think that has something to do with being a woman? . . .

A:    A man got the job. . . .

Q:    Let's talk about the next situation which is the associate director of sales from '98 or '99 . . .And this is the position that Mark Henry got?

A:    Yes.

Q:    Are you saying that, in this lawsuit, that his selection had something to do with age or gender?

A:    It had to do with gender.

(Pl. Depo. 116-118, 122).  In spite of this clear testimony, however, Plaintiff conclusively states in her Opposition that she was denied promotional opportunities based on her age and her gender.

Plaintiff's argument that she was not promoted based on her age and gender is incredible, particularly as one of the individuals she claims received a promotion in which she was interested, Mark Henry, was older than Plaintiff. (MSJ at 5).  For the Rob Sarmiento position, it is undisputed the individual initially selected for the job was a woman, over the age of 40. (MSJ at 7-8).  Although Defendants have argued in their Motion for Summary Judgment that Plaintiff cannot establish a *prima facie* case of discrimination on the basis of her age or gender and cannot establish pretext for

any position for which Plaintiff claims she was denied a promotion, Plaintiff has failed to address Defendants' legal arguments directly and failed to rebut undisputed facts.. (Opposition at 50-53). She also fails to rebut Defendants' undisputed proof that she failed to apply for these opportunities or express interest in moving to Chicago for promotional purposes. (MSJ at 4-9). Neither can she show that similarly-situated employees outside of the protected classification or substantially younger were treated more favorably. (MSJ at 25-28). Significantly, Plaintiff was not similarly situated to any of the individuals hired to fill these positions from the standpoint of qualifications. All positions were located in Chicago, and Plaintiff had expressed an unwillingness to leave Cincinnati to her supervisor at the time, Bruce Small, and has presented no evidence of a willingness to relocate following her conversation with Mr. Small. (MSJ at 28).

Additionally, even if she could establish a *prima facie* case with regard to each position, her claims fail because she cannot establish the legitimate, nondiscriminatory reasons articulated by Defendants were pretext for age or gender discrimination. Plaintiff has not pointed to any alleged age or gender based comments by anyone making the promotional decisions regarding the allegedly denied promotions.

Plaintiff cites cases which she believes stand for the proposition that discouragement in applying for promotions can form a basis for a failure to promote claim. (Opposition at 52). As set forth in Defendants' Motion for Summary Judgment, however, there is no evidence that Plaintiff was discouraged from applying for promotions. To the contrary, in each of her performance reviews, she had the opportunity to express interest in promotional opportunities, which she failed to do from 1998 through the end of her employment in 2001. (MSJ at 140-143). Further, Plaintiff acknowledges she never expressed interest in such promotions at all or until after the positions had been filled. (MSJ at 5-9). Plaintiff's argument that individuals were "positioned" for promotion based on age or gender is simply her speculation and belief, which are insufficient to create genuine

issues of material fact in the absence of evidence supporting such beliefs. (MSJ at 21-22).[17]

Defendants have asserted legitimate business justifications for the promotions of the three

individuals, but absent evidence of discrimination, it is not up to the Court to second guess an

employer's business decisions or sit as a "super-personnel" department and question an employer's

reasons for making a decision. (MSJ at 40-41).

### D. Plaintiff Has Failed To Address Defendants' Arguments Regarding Individual Liability, So Judgment In The Individual Defendants' Favor Is Appropriate.

In their Motion for Summary Judgment, Defendants argue that judgment as a matter of law

is appropriate in favor of the individual Defendants. Plaintiff has failed to specifically address those

claims, except to speculate that the Defendants, including Booth, are somehow individually

responsible for the alleged discrimination in this case. As there is no evidence to support the

underlying gender and age claims, the individual Defendants are entitled to judgment in their favor

on all counts. Of particular note is Plaintiff's failure to address the claims she has made against

Booth individually. In their Motion for Summary Judgment, Defendants argue that no evidence in

the case indicates Booth had a decisionmaking role for any of the decisions Plaintiff alleges were

discriminatory. (MSJ at 45-47). Plaintiff has failed to come forward with evidence to the contrary.

Therefore, judgment as a matter of law in favor of Booth is appropriate. Further, as Plaintiff has

been on notice of the lack of such evidence since approximately May 2002, Defendants believe

sanctions are appropriate with regard to Plaintiff's claims against Booth for age and gender

discrimination. (Ex. A).

---

[17] Additionally, whether Loretta Venezia has the same speculative beliefs as Plaintiff regarding promotional opportunities has no bearing on Plaintiff's claims. Ms. Venezia has not brought a claim of employment discrimination against Hyatt and has set forth no evidence of her adverse treatment during her employment with Hyatt. In fact, Ms. Venezia resigned her employment prior to the Reduction in Force. Her speculation regarding promotional opportunities in which she was interested are based only on her beliefs, rather than evidence that could establish claims on Plaintiff's behalf.

E.    **Plaintiff's Claims For Public Policy Discharge Fail As A Matter Of Law.**

Plaintiff claims that Ohio law counters Defendants' argument that her claims alleging discharge in violation of public policy discharge on the basis of age discrimination is not permitted under the Ohio Civil Rights Act.  In support of this proposition, Plaintiff cites *Ferraro v. B.F. Goodrich Co.*, decided on the same day as the case cited by Defendants in support of their proposition that age claims under Ohio law cannot form the basis of a public policy discharge claim. *Compare Wiles v. Medina Auto Parts*, 96 Ohio St. 3d 240 (2002) *with Ferraro v. B.F. Goodrich Co.*, 149 Ohio App. 3d 301 (Ohio App. 9 Dist. 2002).  First, *Wiles* is a decision issued by the Ohio Supreme Court, and *Ferraro* was decided by a lower court, the Court of Appeals of Ohio for the 9th Appellate District.  Further, the decisions cited by Plaintiff in support of her proposition were decided prior to *Wiles*, and, thus are not persuasive to the extent they conflict with the Ohio Supreme Court's reasoning in *Wiles*. (Opposition at 63-64).  In fact, the court in *Wiles* narrows its holding in *Kulch v. Structural Fibers, Inc.*, 78 Ohio St. 3d 134 (1997), the case on which *Ferraro* relies. *See Ferraro*, 149 Ohio App. 3d at 316.

The more persuasive reasoning is set forth in *Barlowe v. AAAA Int'l Driving*, 2003 Ohio 5748, 2003 Ohio App. LEXIS 5097 (October 24, 2003), which indicates there is no need to recognize a cause of action for wrongful discharge based on public policy based under O.R.C. Chapter 4112, as the statute provides adequate remedies. (MSJ at 48).   In addition, because Plaintiff's other claims fail as a matter of law, summary judgment in favor of Defendants regarding all public policy discharge claims is appropriate.

IV.    **CONCLUSION**

For all of the foregoing reasons, because Plaintiff has failed to establish genuine issues of material fact as to her claims of age discrimination, gender discrimination, and alleged violation of Ohio public policy, judgment as a matter of law in favor of Defendants is appropriate.

## V.    REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(b)(2), Defendants respectfully request oral argument on

Defendants' Motion for Summary Judgment on the grounds that oral argument is essential to

the fair resolution of the case because of its public importance and the complexity of the issues

before the Court.

DATED this 24th day of May 2004.

<div style="margin-left:40%">

Respectfully submitted,

FISHER & PHILLIPS LLP
1250 Lincoln Plaza
300 South Orange Avenue
Orlando, Florida 32801
Telephone:    (407) 541-0888
Facsimile:    (407) 541-0887

By:    s/Theresa M. Gallion, Esq.
Theresa M. Gallion, Esq.
Florida Bar No. 726801
E-mail: TGallion@LaborLawyers.com

Natalie J. Storch, Esq.
Florida Bar No. 0269920
E-mail: NStorch@LaborLawyers.com

s/Jeffrey J. Harmon, Esq.
Jeffrey J. Harmon
Ohio Bar No. 0032848
CORS & BASSETT, LLC
537 E. Pete Rose Way
Suite 400
Cincinnati, Ohio 45202
Telephone:    513-852-8201
Facsimile:    513-852-8222
E-mail: jjh@corsbassett.com

ATTORNEYS FOR DEFENDANTS

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 24, 2004, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to Stanley M. Chesley and Robert Steinberg, , Waite, Schneider, Bayless, & Chesley Co., L.P.A., 1513 Central Trust Tower, Cincinnati, Ohio, 45202, Michael J. O'Hara, O'Hara, Ruberg, Taylor, Sloan & Sergent, 209 Thomas More Park, Suite C, P.O. Box 17411, Covington, Kentucky 41017-0411, and John S. Marshall and Edward R. Forman, Marshall and Morrow LLC, 111 West Rich Street, Suite 430, Columbus, Ohio 43215-5296.

s/Jeffrey J. Harmon
Jeffrey J. Harmon