```
 1              UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF OHIO
 2                   WESTERN DIVISION

 3

 4   BARBARA LODER HILDEBRANDT,    )
                                   )
 5           Plaintiff,            )
                                   )
 6      -vs-                       )   No.  C-1-02-0003
                                   )
 7   HYATT CORPORATION, et al.,    )
                                   )
 8           Defendants.           )

 9

10           Deposition of ROBERT SCHNITZ, taken before

11   KAREN R. SHALES, C.S.R., R.P.R., and Notary Public,

12   pursuant to the Federal Rules of Civil Procedure for

13   the United States Courts pertaining to the taking of

14   depositions for the purpose of discovery, at 420, 140

15   South Dearborn Street, Chicago, Illinois, commencing

16   at 8:44 a.m., on the 22nd day of April, 2004.

17

18

19

20

21

22

23

24
```

LEGALINK- CHICAGO
(312) 263-3524

EXHIBIT E

Page 44

1  where you max out.  Basically your maximum amount of
2  severance pay, but someone who has been with the
3  company 20 years versus 15 years, I don't know if
4  that would make a difference one way or the other.
5     Q  Do you recall whether ten years is a breaking
6  point?
7     A  I don't recall.
8     Q  Okay.  This will determine whether I have any
9  additional questions.  Is it true or not that the
10 only advice you have given Hyatt officials about the
11 reduction in force is legal advice?
12    A  Yes, except with respect to my department.
13    Q  Right.
14    A  As I was mentioning before.
15    Q  Okay.
16    MR. STEINBERG:  I think we have come to the end
17 of the road then.  Thanks.
18    MS. GALLION:  I have just a few questions, Mr.
19 Schnitz.
20              FURTHER EXAMINATION
21              BY MS. GALLION:
22    Q  I would like to go back to the beginning of
23 your relationship with Hyatt.  During any of your
24 interviews or discussions with senior management then

1   at Hyatt while you were still working for the Fisher
2   & Phillips law firm, did anyone at that company
3   indicate that one of the purposes of your hire was to
4   direct or to participate in any kind of reduction in
5   force?
6       A   No.
7       Q   During the first few months that you were
8   there, May, June, July, and August of 2001, are you
9   aware of any reduction in force within the company
10  that occurred anywhere?
11      A   No.
12      Q   Did you give advice for any reduction in
13  force anywhere?
14      A   In --
15      Q   Prior to September of 2001?
16      A   No.
17      Q   Did anyone at Hyatt ask you to pay attention
18  to or to look into or give advice concerning any
19  reduction in force prior to the date that you have
20  testified in approximately mid September of 2001?
21      A   No.
22      Q   I believe you were here yesterday for Mr.
23  Rabin's deposition; is that correct?
24      A   That's correct.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BARBARA LODER HILDEBRANDT, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. C-1-02-0003 |
| HYATT CORPORATION | ) Judge Beckwith |
| and | ) Magistrate Judge Sherman |
| TY HELMS | ) |
| and | ) |
| BRIAN J. BOOTH, | ) |
| Defendants. | ) |

### DEFENDANTS' FIRST SUPPLEMENTAL ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS

Defendants HYATT CORPORATION, TY HELMS, AND BRIAN J. BOOTH ("Defendants"), by and through their undersigned counsel, hereby respond, in accordance with Rule 33(b) of the Federal Rules of Civil Procedure, to the consecutively numbered paragraphs of Plaintiff's First Set of Interrogatories to All Defendants served on Defendants by Plaintiff BARBARA LODER HILDEBRANDT ("Plaintiff"), as follows:

### GENERAL OBJECTIONS

1. Defendants object to those Interrogatories which seek information that would contravene the attorney-client privilege, work-product doctrine, Federal Rules of Civil Procedure, or any other applicable privilege, doctrine or rule.

EXHIBIT F

2.   Defendants object to those Interrogatories which are overly broad, oppressive and/or burdensome.

3.   Defendants object to those Interrogatories which seek information which is neither relevant nor calculated to lead to the discovery of admissible evidence.

4.   Defendants object to Plaintiff's Interrogatories to the extent that the information requested is not within the knowledge of Defendants or their agents.

5.   Defendants do not waive their right to object to the relevancy or admissibility of any information provided in response to any Interrogatory by Plaintiff.

6.   Defendants reserve the right to supplement these responses as appropriate.

7.   Defendants object to any characterization of Plaintiff as a management-level employee.

## SPECIFIC RESPONSES

### INTERROGATORY NO. 1:

Please identify each person who approved, recommended, was consulted about, had input into, or played any role of any kind in the decision to terminate Ms. Hildebrandt's employment, in any consideration of termination of her employment, in any consideration of alternatives to termination of her employment, or in any alternatives to termination of employment you allege were actually offered to Ms. Hildebrandt and explain that person's role in and contribution to the decision making process (e.g. approved, consulted, recommended, offered alternative employment).

### RESPONSE:

Defendants object to Interrogatory No. 1 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that some of the information sought may be protected by the attorney-client privilege or the attorney work product doctrine.

Without waiving the foregoing objections, the following individuals played a role in the decision to terminate Plaintiff's employment through a reduction in the National Sales Force in September 2001:

## INTERROGATORY NO. 3:

Please identify any person who replaced Ms. Hildebrandt after October 1, 2001, or who performed work upon or was assigned to administer Ms. Hildebrandt's accounts, or who performed any portion of Ms. Hildebrandt's responsibilities after October 1, 2001, and state the gender, date of birth and duties of each person named in the answer.

## RESPONSE:

Defendants object to Interrogatory No. 3 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, various individuals took over the responsibility for Plaintiff's accounts after her employment with Defendant Hyatt ended. No one, however, was hired to replace Plaintiff or fill her position in the Cincinnati area or in any other territory. Instead, various individuals took over responsibility for her accounts. Those individuals include the following:

Molly Crompton
Female
DOB: 3/6/68
Director National Accounts-Central National Sales Office

Barbara Hale
Female
DOB: 4/27/67
Director National Accounts-Central National Sales Office

Fred Reichelt
Male
DOB: 3/29/56
Director National Accounts-Central National Sales Office

Inge Spindola
Female
DOB: 2/22/58
Director of National Accounts-Central National Sales Office

Jennifer Roman
Female
DOB: 3/11/66
Director of National Accounts

-4-

Initially, Plaintiff's accounts were distributed amongst the above-named individuals, so they could assess whether they were appropriate accounts for the National Sales Force, or whether they should be "released to the field" because they failed to meet the criteria for a "National Account." After Plaintiff's accounts were assessed, the following accounts were released to various sales personnel in hotels:

AEC Mgmt Resources Inc
Bellwether Int'l
Chief Officers State Library Assn
F&W Publishing
National Assn of Gov't Deferred
National Assn of State Info Resource Executives
National Assn of State Purchasing Office
US Cutting Tool Institute
Brown Forman
Remember Data Services
Self Storage Assn
Spectra Precision Inc
Thomas Associates Inc
Travel Link
Western Southern Life Insurance Corp
United Commercial Travelers
American Association of Lab Animal Science
GE Aircraft Engines
International Anesthesia Research Society
Longaberger Company

# VERIFICATION OF ANSWERS TO INTERROGATORIES

I, Brian Booth, hereby state as follows:

1. I am Director of the National Sales Office for Hyatt Corporation.

2. I have reviewed the foregoing First Supplemental Answers to Plaintiff's Interrogatories. The information provided therein was obtained from current and former employees of Hyatt Corporation and/or from Company records and is also based on my personal knowledge. I reserve the right to make any changes in the answers if it appears at any time that omissions or errors have been made therein, or that more accurate information is available.

3. Subject to limitations set forth herein, I verify under penalty of perjury that the foregoing answers to Plaintiff's Interrogatories are true and correct to the best of my knowledge, information and belief.

_____
Brian Booth
Director of National Sales
Hyatt Corporation

STATE OF Indiana  )
                  ) ss
COUNTY OF Lake    )

SWORN TO AND SUBSCRIBED before me this 12th day of November, 2002, by Brian Booth, Director of National Sales of Hyatt Corporation, who is personally known to me or has produced _____ as identification.

OFFICIAL SEAL
Teresa C Castellanos
Notary Public, State of Indiana
My Commission Expires 3/4/08

_____
Notary Public

Printed Name: Teresa C. Castellanos
My Commission Expires:

-20

## VERIFICATION OF ANSWERS TO INTERROGATORIES

I, __Tyson Helms__, hereby state as follows:

1. I am __Vice President - Sales__ for Hyatt Corporation in __Chicago__, __Illinois__.

2. I have reviewed the foregoing First Supplemental Answers to Plaintiff's Interrogatories. The information provided therein was obtained from current and former employees of Hyatt Corporation and/or from Company records. Hyatt Corporation reserves the right to make any changes in the answers if it appears at any time that omissions or errors have been made therein, or that more accurate information is available.

3. Subject to limitations set forth herein, I verify under penalty of perjury that the foregoing First Supplemental Answers to Plaintiff's Interrogatories are true and correct to the best of my knowledge, information and belief.

HYATT CORPORATION

_[signature]_

STATE OF              )
                      ) ss
COUNTY OF             )

___ SWORN TO AND SUBSCRIBED before me this __10th__ day of __May__, 2002, by __Ty Helms__, as __Vice President - Sales__ of Hyatt Corporation, who is personally known to me or has produced _____ as identification.

_[signature]_
Notary Public

Printed Name: __Julie J. Devaney__
My Commission Expires: __4/30/05__

"OFFICIAL SEAL"
JULIE J. DEVANEY
Notary Public, State of Illinois
My Commission Expires April 30, 2005

-8-

## VERIFICATION OF ANSWERS TO INTERROGATORIES

I, Eric Charlson, hereby state as follows:

1. I am Director of Human Resources for Hyatt Corporation in Chicago, Illinois.

2. I have reviewed the foregoing First Supplemental Answers to Plaintiff's Interrogatories. The information provided therein was obtained from current and former employees of Hyatt Corporation and/or from Company records. Hyatt Corporation reserves the right to make any changes in the answers if it appears at any time that omissions or errors have been made therein, or that more accurate information is available.

3. Subject to limitations set forth herein, I verify under penalty of perjury that the foregoing answers to Plaintiff's Interrogatories are true and correct to the best of my knowledge, information and belief.

HYATT CORPORATION

*Eric Charlson*

Eric Charlson
Director of Human Resources
Hyatt Hotels Corporation

STATE OF ~~Illinois~~ Indiana )
                              ) ss
COUNTY OF ~~Cook~~ Lake       )

SWORN TO AND SUBSCRIBED before me this 25th day of November, 2002, by Eric Charlson, as Director of Human Resources of Hyatt Corporation, who is personally known to me.

*Teresa C. Castellanos*
Notary Public

"OFFICIAL SEAL"
Teresa C. Castellanos
Notary Public, State of Indiana
My Commission Expires 3/4/08

Printed Name: Teresa C. Castellanos
My Commission Expires:

-18

DATED this 22nd day of November, 2002.

Respectfully submitted,

By: _____
Theresa M. Gallion*
Florida Bar No. 726801
tgallion@laborlawyers.com

Natalie J. Storch*
Florida Bar No. 269920
nstorch@laborlawyers.com

FISHER & PHILLIPS LLP
1250 Lincoln Plaza
300 South Orange Avenue
Orlando, Florida 32801
Telephone:   (407) 541-0888
Facsimile:   (407) 541-0887

By: _____
Jeffrey J. Harmon
Ohio Bar No. 0032848
CORS & BASSETT
1881 Dixie Highway, Suite 350
Ft. Wright, Kentucky  41011
Telephone:   859-331-6440
Facsimile:   859-331-5337

Attorneys for Defendants, HYATT CORPORATION, et al.

*Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Defendants' First Supplemental Answers and Objections to Plaintiff's First Set of Interrogatories to All Defendants has been furnished on November 22nd, 2002, via facsimile and Overnight Mail, postage pre-paid, to: Stanley M. Chesley and Robert A. Steinberg, Waite, Schneider, Bayless & Chesley Co., L.P.A., 1513 Central Trust Tower, Cincinnati, OH.

Natalie J. Storch