**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| BARBARA LODER HILDEBRANDT, | : | |
| Plaintiff | : | |
| | : | CASE NO. C-1-02-0003 |
| vs. | : | |
| | : | Judge Beckwith |
| HYATT CORPORATION, *et al.*, | : | Magistrate Judge Black |
| | : | |
| Defendants | : | |
| | : | |

**PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTIONS IN OPPOSITION TO PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTIONS IN LIMINE TO EXCLUDE EXPERT WITNESSES**

On June 17, 2004, Defendants filed motions in limine to exclude two expert witnesses who have been determined to be qualified to testify as experts on the same subject matter as this case in over one hundred federal and state court cases. Although a schedule was set by the Court for such a motion, Plaintiffs' counsel did not anticipate that frivolous, time-wasting motions would be filed in this case against experts who are far better qualified than Defendants' hotel expert. (The motion regarding Dr. Parsons is moot because we have recently learned that, due to confidential personal reasons, he is not available to testify in the trial of this matter and must be withdrawn as an expert witness.)

Defendants object to the requested extension because Plaintiff's counsel did not seek their agreement to it, because other attorneys who have filed appearances in this case should have responded to the motion, because the Court indicated that no further extensions will be granted, and because the Court

denied Defendants' request for a "similar extension of time."

Plaintiff's counsel Robert Steinberg is responsible for Plaintiffs' expert witnesses. He worked with them exclusively and he defended their depositions. Attorneys Stanley Chesley, Michael O'Hara, and John Marshall are responsible for discrete areas of work in this case and may not appear at trial. Attorney Edward Forman is employed by John Marshall and is not involved in this case. Therefore, the motion response was Mr. Steinberg's responsibility. On April 27, 2004, Mr. Steinberg filed a Notice of Unavailability from June 7 through June 16, 2004 (Doc. 72 ). Therefore, all parties were aware that he would not be available until June 17, 2004, the day before the motion response was due. Mr. Steinberg did not request an amendment to the response date earlier, because he could not envision a motion in limine being filed against experts whose testimony on identical issues has been accepted by many courts, and he believed there would be sufficient time to respond in any event. Intervening circumstances, explained below, resulted in that time not being available.

Mr. Steinberg apologizes for failing to make an effort to obtain Defendants' consent to an extension, which would have been a vain act in any event. However, in this Court's April 8, 2004 Order denying Defendants' request for an extension of time, the Court did not rely upon the fact that Defendants failed to comply with Local Rule 7.3 as a reason for denial. That should not be a reason for denying Plaintiff's request, either.

Defendants' claim that this Court denied a similar extension is a distortion of the facts. Defendants did not seek a short extension of time to file a motion

response, as does Plaintiff. Instead, they sought an extension to name a rebuttal expert after they had possession of Plaintiff's expert witnesses' reports for one year. Furthermore, as the Court noted in its Order, they gave no reason at all for failing to name the rebuttal expert within the time allotted. Finally, and most important, adding a new witness at that point in the case would have prejudiced Plaintiff's effort to complete three depositions, which themselves were rescheduled after the discovery deadline to accommodate the deponents' schedules and would prejudice Plaintiff's effort to respond to Defendants' then-pending summary judgment motion. Defendants fail to allege any prejudice that would result were the Court to grant the extension Plaintiff has requested.

Shortly before June 7, 2004, the parties in *Doe v. Roman Catholic Diocese of Covington*, a large class action case pending in Kentucky, filed a notice with the Kentucky State Court that they had agreed to a mediation to be conducted by Kenneth Feinberg, the Special Master in the September 11, Victim's Compensation Fund of 2001 distributions, to take place by early July. Mr. Steinberg, Mr. Chesley, and Mr. O'Hara are class counsel in that case. During the period of Mr. Steinberg's unavailability, he learned that Mr. Feinberg scheduled the mediation to take place on a confidential date for two days shortly after Mr. Steinberg's return. Because this was the only time Mr. Feinberg was available due to his other mediation duties, the parties in that case agreed to it. A very substantial amount of material had to be immediately gathered and sent to the mediator. In addition, a settlement conference in the federal court in Chicago, Illinois is scheduled for June 29, 2004 in three cases similar to the

3

instant case, where Hyatt is also the Defendant. Thus, when he returned to work on June 17, 2004, Mr. Steinberg's time was directed to the preparation of these two events, along with many other duties. Under these circumstances, and because his personal involvement was necessary in the motion in limine response, he felt it was appropriate to request a reasonable extension of time.

Respectfully submitted,

s/Robert A. Steinberg
Stanley M. Chesley (0000852)
Robert A. Steinberg (0032932) (Trial Attorney)
**WAITE, SCHNEIDER, BAYLESS**
 **& CHESLEY CO., L.P.A.**
1513 Fourth and Vine Tower
Cincinnati, OH  45202
513-621-0267
bobsteinberg@wsbclaw.cc

and

Michael J. O'Hara (0014966)
**O'HARA, RUBERG, TAYLOR, SLOAN**
 **& SERGENT**
209 Thomas More Park, Suite C
P.O. Box 17411
Covington, Kentucky 41017-0411
(606) 331-2000
mohara@ortlaw.com

4

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing Motion was served by electronic filing using the CM/ECF system, which will send notification of such filing to Theresa M. Gallion, Esq., Natalie J. Storch, Esq., and Nadine Abrahams, Esq., this 23rd day of June, 2004.

                                              s/Robert A. Steinberg
                                              Robert A. Steinberg