IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BARBARA LODER HILDEBRANDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. C-1-02 0003 |
| ) | |
| HYATT CORPORATION, et al. ) | Judge Sandra Beckwith |
| ) | Magistrate Judge Timothy S. Black |
| ) | |
| Defendants. ) | |

### DEFENDANT BRIAN BOOTH'S MOTION FOR AN AWARD OF COSTS

Defendant Brian Booth ("Booth"), by and through the undersigned attorneys of FISHER & PHILLIPS LLP, hereby moves, pursuant to 42 U.S.C. § 1920 and Fed. R. Civ. P. 54 (d), for entry of an order awarding him a one-fourth share of the costs incurred in the defense of Plaintiff's claims, and taxing that allocated share of the costs to Plaintiff. In support of this motion, Booth states as follows:

1.  On November 29, 2001, Plaintiff filed her initial state court Complaint against Booth and Defendants Hyatt Corporation ("Hyatt") and Ty Helms ("Helms"). Defendants removed that Complaint to federal court. Thereafter, that action was consolidated with a separate federal court action Plaintiff had filed against Hyatt and Defendant Jack Horne ("Horne"). Booth was a named Defendant continuously thereafter up until this Court's recent ruling on Defendants' summary judgment motion.

2.  On June 28, 2004, this Court entered an order granting summary judgment in favor of Brian Booth and dismissing Plaintiff's claims against him with prejudice.

3. As a prevailing party, Booth is entitled to recover his allocated share of the costs as set forth in the accompanying Bill of Costs and Itemization of Bill of Costs filed herewith, for the reasons stated in greater detail in the accompanying Memorandum in Support of Bill of Costs.

WHEREFORE, Defendant Brian Booth respectfully requests that this Court enter an order awarding him his allocated share of the costs, in the amount of $9,257.15, and taxing those costs to the Plaintiff, Barbara Hildebrandt.

Dated: July 12, 2004

                        Respectfully submitted,

                        FISHER & PHILLIPS LLP
                        1250 Lincoln Plaza
                        300 South Orange Avenue
                        Orlando, Florida 32801
                        Telephone:   (407) 541-0888
                        Facsimile:    (407) 541-0887

By:    s/Theresa M. Gallion by
        s/Jeffrey J. Harmon per telephone
        authorization of 7/12/04
        Theresa M. Gallion, Esq.
        Florida Bar No. 726801
        E-mail: TGallion@LaborLawyers.com

        Natalie J. Storch, Esq.
        Florida Bar No. 0269920
        E-mail: NStorch@LaborLawyers.com

        Nadine C. Abrahams. Esq.
        Illinois Bar No. 6209382
        FISHER & PHILLIPS LLP
        140 S. Dearborn, Suite 420
        Chicago, Illinois 60603
        Telephone:   (312) 580-7811
        Facsimile:    (312) 346-3179
        E-mail: nabrahams@LaborLawyers.com

s/Jeffrey J. Harmon
Jeffrey J. Harmon
Ohio Bar No. 0032848
CORS & BASSETT, LLC
537 E. Pete Rose Way, Suite 400
Cincinnati, Ohio 45202-3578
Telephone:  (513) 852-8201
Facsimile:  (513) 852-8222
E-mail: jjh@corsbassett.com

TRIAL ATTORNEYS FOR
DEFENDANTS

## MEMORANDUM IN SUPPORT OF DEFENDANT BRIAN BOOTH'S MOTION FOR AN AWARD OF COSTS

Defendant Brian Booth ("Booth"), by and through the undersigned counsel of FISHER & PHILLIPS LLP, and in support of his Bill of Costs, states as follows:

### I.   INTRODUCTION

This Bill of Costs arises from the judgment entered by this Court on June 28, 2004 finally disposing of all claims by Plaintiff against Booth. Accordingly, as a prevailing party, Defendant Booth submits this Bill of Costs, pursuant to Fed. R. Civ. P. 54 (d), 28 U.S.C. § 1920, and L.R. 54.1, for his one-fourth allocated share of the costs incurred by the four Defendants up to the date of his dismissal from this action.

### II.   ARGUMENT

#### A.   General Legal Principles

Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs are allowed "as of course to the prevailing party unless the Court otherwise directs . . ." Fed. R. Civ. P. 54(d)(1). The Sixth Circuit has recognized that the prevailing party is presumptively entitled to costs and that it is incumbent upon the losing party to overcome this presumption. McHugh v. Olympia Entm't, Inc., 37 Fed. Appx. 730, 2002 U.S. App. Lexis 10312 (6th Cir. 2002); White & White, Inc. v. American Hospital Supply Corp., 786 F.2d 728, 730-32 (6th Cir. 1986); Watkins & Son Pet Supplies v. Iams Co., 197 F. Supp. 2d 1030, 1035 (S.D. Ohio 2002); United States ex rel. Pickens v. GLR Constructors, Inc., 196 F.R.D. 69, 72 (S. D. Ohio 2000). The district court's discretion is narrowly confined under Rule 54(d), such that the court must award costs unless it states good reasons for denying them. Zackaroff v. Koch Transfer Co., 862 F.2d 1263, 1265-66 (6th Cir. 1988).

It is well-settled that the district court has broad discretion when determining whether expenses claimed by the prevailing party are taxable as costs, Zackaroff, 862 F.2d at 1265-66. In order for the district court to award costs to the prevailing party, the court must determine that the expenses are allowable cost items and the costs are reasonable and necessary to the litigation. Jefferson v. Jefferson County Public School System, 360 F.3d 583, 591 (6th Cir. 2004).

### B. Categories Of Recoverable Costs

Defendant Booth's one-fourth allocated share of the costs incurred by Defendants in this case up to the date of his dismissal amounts to a total of $9,257.15, including his share of the total deposition costs, court transcript fees, outside photocopying costs, and expert witness fees incurred in the course of defending this matter to date. Booth seeks one-fourth of the costs incurred to date because, until his recent dismissal, there were four defendants in this case.

#### 1. Deposition Costs

The applicable standard in awarding costs for a deposition is whether the deposition was necessary in light of the facts known at the time it was taken, regardless of whether it is actually used at trial. Baker v. First Tenn. Bank Nat'l Assn., 1998 U.S. App. LEXIS 5769, *11 (6th Cir. 1998) (the expense of discovery depositions that are reasonably necessary for use in the case, even though not used at trial, is recoverable as costs).

Booth claims the sum of $2,821.79, which represents one-fourth of the total costs incurred by Defendants incident to the taking of depositions in this case. Such costs were incurred for the court reporter attendance time, videography and/or for obtaining the deposition transcripts in this case. All of the deposition costs set forth in Defendant Booth's Bill of Costs and accompanying supporting materials, filed contemporaneously herewith, were reasonably

necessary for use in this case. See Bill of Costs, Affidavit of Theresa Gallion, ¶4. The following persons have been deposed in this lawsuit: Doug Patrick, Cathy Petz, Jeanne Pearson, Bruce Small, Jack Horne, Ty Helms, Brian Booth, Molly Crompton, Ed Rabin, George Parsons, Harvey Rosen, Dawn Beagle, Lee Hildebrandt, Wendy Aylward, Dean D'Anna, Mary Rocereto, and Barbara Hildebrandt. Booth, Horne, Helms and Ms. Hildebrandt are or were parties to the case, and Lee Hildebrandt is Plaintiff's husband. George Parsons and Harvey Rosen were identified by Plaintiff as expert witnesses. Aylward, Beagle and Rocereto are plaintiffs in another suit filed against Hyatt in Chicago, and were identified by Plaintiff as having knowledge of her allegations in this case. The remaining listed deponents were defense witnesses deposed by Plaintiff. Excerpts from the depositions of several of the above-listed individuals were used in the summary judgment motion filed by Defendants.

### 2. Official Court Transcript Fees

Defendant Booth claims $4.13 as his allocated share of the cost of obtaining a transcript of a January 28, 2003 proceeding before Magistrate Judge Sherman, as set forth in the accompanying Bill of Costs and Itemization. Section 1920 of the United States Code allows the Court to tax as costs "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The official court transcript of the hearing on sanctions before Magistrate Judge Sherman was reasonable and necessary in that opposing counsel had sought discovery sanctions against Defendants' counsel, and the Court's oral ruling in Defendants' counsel's favor was relevant to a potential appeal and/or other further proceedings relating to that issue. See Bill of Costs, Gallion Aff., ¶5.

### 3. Photocopying Fees

Defendant Booth claims $1,635.15 for his allocated share of the cost of outside

photocopying associated with document productions in this case, as set forth in the Itemization attached to the Bill of Costs. See Bill of Costs, Gallion Aff., ¶6. Section 1920 of Title 28 of the U.S. Code allows the Court to tax as costs "fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The documents for which outside copying costs are sought were necessary to the defense of this case, and the copying charges are reasonable. See National Truck Equip. Ass'n v. National Highway Traffic Safety Admin., 972 F.2d 669, 674 (6th Cir. 1992) (photocopying charges attributable to discovery are "reasonably necessary for use in the case" and can be awarded).

### 4. Expert Witness Fees

Defendant Booth claims $4,811.55 for his allocated share of the expert witness fees incurred by Defendants to date in connection with the defense of this case. See Bill of Costs, Gallion Aff., ¶7. Expert witness fees are recoverable as costs. See Trepel v. Roadway Express, Inc., 266 F.3d 418, 427 (6th Cir. 2001) (expert fees are Rule 54 recoverable costs under the authority provided by Rule 26(b)(4)(c)).

### CONCLUSION

For all of the foregoing reasons, Defendant Booth requests that the Court award the costs set forth in his Bill of Costs and accompanying supporting materials.

Dated: July 12, 2004

                                                Respectfully submitted,

                                                FISHER & PHILLIPS LLP
                                                1250 Lincoln Plaza
                                                300 South Orange Avenue
                                                Orlando, Florida 32801
                                                Telephone:    (407) 541-0888
                                                Facsimile:    (407) 541-0887

By:   s/Theresa M. Gallion by
s/Jeffrey J. Harmon per telephone
authorization of 7/12/04
Theresa M. Gallion, Esq.
Florida Bar No. 726801
E-mail: TGallion@LaborLawyers.com

Natalie J. Storch, Esq.
Florida Bar No. 0269920
E-mail: NStorch@LaborLawyers.com

Nadine C. Abrahams. Esq.
Illinois Bar No. 6209382
FISHER & PHILLIPS LLP
140 S. Dearborn, Suite 420
Chicago, Illinois 60603
Telephone:   (312) 580-7811
Facsímile:   (312) 346-3179
E-mail: nabrahams@LaborLawyers.com

s/Jeffrey J. Harmon
Jeffrey J. Harmon
Ohio Bar No. 0032848
CORS & BASSETT, LLC
537 E. Pete Rose Way, Suite 400
Cincinnati, Ohio 45202-3578
Telephone:   (513) 852-8201
Facsimile:   (513) 852-8222
E-mail: jjh@corsbassett.com

TRIAL ATTORNEYS FOR
DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 12, 2004, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to Stanley M. Chesley, Esq. and Robert Steinberg, Esq., Waite, Schneider, Bayless, & Chesley Co., L.P.A., 1513 Central Trust Tower, Cincinnati, Ohio, 45202, Michael J. O'Hara, Esq., O'Hara, Ruberg, Taylor, Sloan & Sergent, 209 Thomas More Park, Suite C, P.O. Box 17411, Covington, Kentucky 41017-0411, and John S. Marshall, Esq. and Edward R. Forman, Esq., Marshall and Morrow LLC, 111 West Rich Street, Suite 430, Columbus, Ohio 43215-5296.

s/Jeffrey J. Harmon
Jeffrey J. Harmon