IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BARBARA LODER HILDEBRANDT, | : |
| Plaintiff, | : |
| vs. | : Case No. C1-02-0003 |
| HYATT CORPORATION, *et al.*, | : JUDGE BECKWITH |
| Defendants. | : MAGISTRATE JUDGE BLACK |

**PLAINTIFF'S RESPONSE TO DEFENDANT BRIAN BOOTH'S
MOTION FOR AN AWARD OF COSTS AND BILL OF COSTS**

I. **Defendant Booth's Motion and Bill of Costs Is Premature.**

Defendant Booth's Motion for, and Bill of Costs is premature, because the Court's Local Rules require that taxation of costs occur only after a "final judgment" is entered. Mr. Booth has moved for costs pursuant to "42 U.S.C. § 1920" and Rule 54(d) of the Federal Rules of Civil Procedure. Because the United States Code contains no 42 U.S.C. § 1920, defendants must mean 28 U.S.C. § 1920, which provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.  Rule 54(d) provides:

> Except when express provision therefore is made either in a statue of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law.  Such costs may be taxed by the clerk on one day's notice.  On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

Although Rule 54(d) provides that an award of costs under the statute may be made to a "prevailing party," Local Rule 54.1(a) makes it clear that a bill of costs is to be filed only after a "final judgment":

> Unless otherwise ordered, taxation of costs shall not occur until a final judgment in favor of a party entitled to an award of costs has been entered by the Court.  The bill of costs is to be served and filed within fourteen (14) days after the date such judgment becomes final, which ordinarily is the date on which any timely appeal should have been noticed, if one is not taken, or is the date on which the judgment is final after all appeals.

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no final judgment:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.  In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties *shall not terminate the action as to any of the claims or parties,* and the order or other form of decision is subject to revision at any time before the entry of judgment, adjudicating all the claims and the rights and liabilities of all the parties.

*Id.* (emphasis added). For these reasons, defendant Booth's Motion for and Bill of Costs is premature, and should be denied.

II.        **Even if Defendant's Motion Is Timely, Costs Should Be Denied.**

Rule 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party *unless the court otherwise directs*." *Id*. (emphasis noted). *Farmer v. Arabian American Oil Co.*, 379 U.S. 227 (1964). *Crawford Fitting Co. v. J.T. Gibbons,* 482 U.S. 437, 441-442 (1987) holds that "Rule 54(d) generally grants federal courts discretion to refuse to tax costs in favor of the prevailing party."

*White & White, Inc. v. American Hosp. Supply Corp.,* 786 F.2d 728 (6th Cir. 1986) is the leading Sixth Circuit decision addressing the award of costs under Rule 54(d). The case held that a district court may deny costs to the prevailing party where "it would be inequitable *under the circumstances of the case* to put the burden of costs upon the losing party." *Id.* at 732. In *Rosser v. Pipefitters Union Local 392,* 885 F. Supp. 1068 (S.D. Ohio 1995), citing *White & White*, the court considered the following factors in exercising its discretion to deny costs:

> a) Were the taxable expenditures unnecessary to the case or unreasonably large?
> b) Should the prevailing party be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues?
> c) Was the prevailing party's victory so insignificant that the judgment amounts to a victory for the opponent?
> d) Was the case close and difficult?
> e) Did the losing party act reasonably and in good faith in filing, prosecuting or defending the case?
> f) Did the losing party conduct the case with propriety?
> g) Have other courts denied costs to prevailing defendants in similar cases?
> h) Did the prevailing party benefit from the case?
> i) Did the public benefit from the case?

> j) Did the case result in a profound reformation of current practices by defendant?
> k) Does the award of costs have a chilling effect on other litigants?

*Rosser,* 885 F. Supp. at 1071-1072, *citing, White & White, Inc.,* 786 F.2d at 730-731.

Of course, two of these factors (b and c) do not apply in the situation, as here, where a party has prevailed on summary judgment. Based upon at least five of the *Rosser* factors, this Court should exercise its sound discretion, and deny costs to defendant Booth.

First, the majority of the costs billed would have been expended whether Mr. Booth was a defendant, or simply a witness. In pursuing her claims against Hyatt Corporation and the other individual defendants, Ms. Hildebrandt would have conducted the same set of depositions, including the deposition of defendant Booth. Mr. Booth is an important fact witness who most certainly would have been deposed. Indeed, each and every one of the 19 depositions for which defendant Booth seeks costs (including the videotaped depositions), would have been taken. Defendant Booth's presence as a defendant made no difference to the costs incurred. As to expert witness fees incurred by defendants, they bear no relationship to the claims against defendant Booth, or the reasons he prevailed on summary judgment. Defendants' experts did not provide any evidence related to or supportive of the legal grounds upon which summary judgment was granted. This Court's grant of summary judgment to defendant Booth was based upon its finding that defendant Booth's conduct was not "actionable" because it did not rise to the level of an adverse employment action. (Order, 16-17)

Second, certainly Ms. Hildebrandt acted reasonably and exercised good faith in filing and prosecuting her claims against defendant Booth. As this Court noted in its summary judgment decision, there is an arguable basis for the claims:

> The Court supposes that setting an employee's sales quota at an unfair or unattainable level could in some instances be a tangible employment action.

(Order, 16) Here, plaintiff argued that she had suffered an adverse action. This Court disagreed. Nonetheless, the claims were reasonable, and brought in good faith.

Ms. Hildebrandt and her counsel have certainly conducted the case with propriety, cooperating in all reasonable ways with the opposing party for efficient litigation. And, as to *Rosser* factors (h), (i) and (j), while it is true that Mr. Booth has benefited from the summary judgment grant in his favor, there is no imaginable public benefit from the grant of summary judgment to Mr. Booth, nor were there any "changes in practices" required of plaintiff as a result of the decision.

There is one additional reason that costs should be denied. Mr. Booth and the other individual defendants are represented by the same counsel, who also represent defendant Hyatt Corporation. It appears that the Hyatt Corporation is the defendant that has incurred the expenses, even though defendant Booth seeks the payment of costs. Given that it appears that defendant Booth did not actually personally incur any costs, this Court should deny his motion for costs.

        Respectfully submitted,


        S/Robert A. Steinberg
        Stanley M. Chesley (0000852)
        (*stanchesley@wsbclaw.cc*)
        Robert A. Steinberg (0032932)
        (*bobsteinberg@wsbclaw.cc*)
        Lead Counsel for Plaintiff
        WAITE, SCHNEIDER, BAYLESS
        & CHESLEY CO., L.P.A.
        1513 Central Trust Tower
        Cincinnati, OH  45202
        (513) 621-0267


        John S. Marshall (0015160) (*marshall@ee.net*)
        Edward R. Forman (0076651)(*eforman@ee.net*)
        Co-Counsel for Plaintiff
        MARSHALL AND MORROW LLC
        111 West Rich Street, Suite 430
        Columbus, Ohio  43215-5296
        (614) 463-9790
        Fax (614) 463-9780


        Michael J. O'Hara (0014966)
        (*mohara@ortlaw.com*)
        Co-Counsel for Plaintiff
        O'HARA RUBERG TAYLOR SLOAN
           & SERGENT
        25 Crestview Hills Mall Road, Suite 201
        Crestview Hills, Kentucky  41017-0411
        (859) 331-2000
        Fax (859) 578-3365

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following by ECF this 20th day of July 2004:

Jeffrey Joseph Harmon
Cors & Bassett
1881 Dixie Highway, Suite 350
Ft. Wright, KY  41011-2660

Nadine C. Abrahams
Fisher & Phillips LLP
140 South Dearborn Street, Suite 420
Chicago, IL  60603

Theresa M. Gallion
Natalie J. Storch
Fisher & Phillips LLP
Lincoln Plaza, Suite 1250
300 South Orange Avenue
Orlando, FL  32801-3392

                                                  s/Robert A. Steinberg
                                                  Robert A. Steinberg