UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| **BARBARA LODER HILDEBRANDT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. C-1-02 0003** |
| | ) | |
| **HYATT CORPORATION, et al.,** | ) | **Judge Sandra Beckwith** |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANTS' MOTION IN LIMINE TO EXCLUDE REFERENCE TO THE TREATMENT OF OTHER CURRENT OR FORMER HYATT EMPLOYEES

Defendants HYATT CORPORATION ("Hyatt"), TY HELMS ("Helms") and JACK HORNE ("Horne"), by and through their undersigned counsel, and pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence, specifically Fed. R. Evid. 401, 402, and 403, file this Motion in Limine to exclude testimony or evidence related to the circumstances surrounding Mary Catherine Sexton leaving Hyatt, the treatment of younger employees in the National Sales Force ("NSF"), and evidence of age discrimination unrelated to the September 2001 reduction in force. In support of their Motion, Defendants state as follows:

### LEGAL STANDARDS

Evidence which is not relevant is not admissible. Fed. R. Evid. 402. Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Even where the evidence may be arguably relevant, the evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice,

confusion of the issues or misleading the jury. Fed. R. Evid. 403.

<div align="center">

**DISCUSSION**

</div>

**A.      Plaintiff Should be Barred from Introducing any Evidence Related to Mary Catherine Sexton.**

Defendants anticipate that Plaintiff will attempt to introduce evidence related to the purported termination of Mary Catherine Sexton from her position as Associate General Counsel and Vice President at Hyatt.[1]  The circumstances surrounding the departure of Ms. Sexton are completely irrelevant and have no arguable bearing whatsoever on the facts at issue in this case. It is well known to Plaintiff's counsel that Ms. Sexton was a member of Hyatt's legal staff.  She was not employed in the National Sales Force (NSF) and reported to different supervisors.  She was not terminated from her position with Hyatt, but voluntarily left Hyatt seven months before the reduction in force at issue in this case.   She did not experience any type of age discrimination.

As established by Affidavit of Mary Catherine Sexton, attached hereto as Exhibit A, she is currently 46 years of age.  Ms. Sexton departed from her employment with Hyatt voluntarily and not due to any reasons or perceptions of age, gender or other discrimination. See Exhibit A. Only Ms. Sexton can testify whether she was discriminated against based on her age, and she has sworn under oath that she did not experience any age discrimination and voluntarily left her position with Hyatt.  If necessary, Ms. Sexton will testify in this case to dispel any notion that she was subject to age discrimination and to elaborate upon the collateral and irrelevant circumstances of her departure from Hyatt.  Based on the sworn statement of Ms. Sexton,

---

[1]The parties have already stipulated that former National Sales Force employees Dawn Beagle, Mary Rocereto, Wendy Jensen Aylward or Loretta Venazia will not be called as witnesses in this action

Plaintiff may not pursue a position known to be false.

Moreover, even if Ms. Sexton was subject to age discrimination, which she was not, any evidence of claims of alleged discriminatory treatment by nonparties can only be collateral to evidence of specific discrimination against Plaintiff. See Schrand v. Federal Pacific Elec. Co., 851 F.2d 152, 156 (6th Cir. 1988)(testimony of other discharged employees about the circumstances of their discharge was not relevant in age discrimination claim by another employee where the employees worked for a national company, in different locations and under different supervisors); Haskell v. Kaman Corp., 743 F.2d 113, 122 (2d. Cir. 1984) (district court erred in allowing six former employees to testify concerning the circumstances of their own terminations). In Haskell, the Court held that the testimony of the prior employees regarding the circumstances of their terminations was not relevant to whether the plaintiff was terminated for age-related reasons. Haskell, 743 F.2d at 122. The Court concluded that "the probative value of the testimony was so 'substantially outweighed by the danger of unfair prejudice' that it definitely should have been excluded by the district court in accord with Fed. R. Evid. 403." Id.

Accordingly, this Court should preclude Plaintiff and her attorneys from attempting to introduce any collateral, irrelevant and false evidence related to Ms. Sexton on the grounds that such evidence cannot even arguably be construed to support Plaintiff's own individual claim of age discrimination. Fed. R. Evid. 402. Furthermore, such evidence would be unduly prejudicial, as well as confusing and misleading to the jury. Fed. R. Evid 403.

**B.      Plaintiff Should be Barred from Introducing Any Evidence Related to Purported Preferential Treatment of Younger Employees in the National Sales Force.**

---

nor will any evidence be elicited related to their treatment by Hyatt.

The sole issue remaining in this case is whether Plaintiff's position in the National Sales Force was eliminated due to her age. Therefore, Plaintiff should not be permitted to introduce irrelevant and collateral evidence regarding preferential treatment of younger employees in the NSF unrelated to the employment decisions taken against Plaintiff in this case. Defendants expect that Plaintiff will seek to introduce evidence related to the treatment of Molly Crompton, Melissa Daniels, Barbara Hale and Jennifer Roman and other younger NSF employees, including but not limited to the introduction of testimony regarding their skills and qualifications; the granting of bonuses, raises and promotions; and the setting of quotas for these individuals. Specifically with regard to Molly Crompton, Defendants expect that Plaintiff will attempt to introduce evidence regarding the following: 1) Ms. Crompton's job relocation expenses; and 2) Ms. Crompton's transfer and promotion to Director of National Accounts in the Central Region. But Plaintiff is not complaining about her bonuses, salary or that she was not provided relocation expenses. Therefore, any testimony from younger workers about their bonuses, salaries or relocation expenses have no relation whatsoever to whether Plaintiff was terminated due to her age.

As a further example, any evidence regarding whether Melissa Daniels was permitted to work at home is not relevant to the issue of age discrimination. Plaintiff never sought to work from home and is not arguing that she was denied the opportunity to do so.

The introduction of collateral evidence regarding purported preferential treatment of younger employees in the NSF unrelated to the employment decisions taken against Plaintiff has no arguable probative value; it is unfairly prejudicial and would require a multitude of mini-trials. Absent evidence that Plaintiff was denied similar favorable or preferential treatment, the

Chicago 46772.2                                4

fact that a younger, non-similarly situated employee was treated favorably is meaningless and has no probative value on the issue of whether Plaintiff's position was eliminated due to her age. If such evidence is permitted, Defendants would be required to present a parade of witnesses over 40 years of age to testify regarding their positive treatment and to rebut the inference that the reason any of the younger employees were treated favorably was due to their age. Evidence of this type has no probative value and is unfairly prejudicial and misleading to the jury. Fed. R. Evid. 403. Accordingly, this Court should preclude Plaintiff and her attorneys from attempting to introduce such evidence.

### C.    Evidence of Age Discrimination Unrelated to the September 2001 Reduction In Force Should Be Barred.

Plaintiff should not be permitted to introduce evidence of alleged acts of age discrimination that are outside of the context of Hyatt's reduction in force in the fall of 2001 on the grounds that any such evidence is wholly irrelevant and unfairly prejudicial to Defendants. Under Federal Rule of Evidence 404(b), "[e]vidence of other . . . acts is not admissible to prove the character of a person in order to show action in conformity therewith." In the Sixth Circuit, evidence of prior acts is only admissible if: (1) the evidence is directed toward establishing something other than propensity to commit the act charged; (2) the other act is similar enough and close enough in time to be relevant to the matter at issue; (3) the evidence is such that the jury could find that the act occurred and the party in question committed it; and (4) the prejudicial effect of the evidence does not clearly outweigh its probative value. McLeod v. Parsons Corp., 73 Fed. Appx. 846, 854 (6th Cir. 2003) (a copy of this unpublished case is attached hereto as Exhibit B). In McLeod, the plaintiff appealed a jury verdict in favor of the defendants, challenging among other things the trial court's exclusion of evidence concerning

other lawsuits filed against the defendant. The court stated, "[a]necdotes about other employees cannot establish that discrimination [is] a company's standard operating procedure unless those employees are similarly situated to the plaintiff." Id. at 853-54 (citing Wyvill v. United Cos. Life Ins. Co., 212 F.3d 296, 302 (5th Cir. 2000)). According to the court, there was no clear nexus between the other acts of discrimination and the case at hand, because the other employees worked at different offices, and were discharged for a variety of reasons; the potential for prejudice would have substantially outweighed the probative value of the evidence; and the evidence would have misled the jury. There was, therefore, no abuse of discretion by the trial court in excluding the evidence. McLeod, 73 Fed. Appx. at 854.

Any offer by Plaintiff of evidence of other acts of alleged discrimination would be for the sole purpose of proving a propensity by Hyatt to discriminate against its employees on the basis of age. Furthermore, evidence of purported discrimination outside the context of the September 2001 reduction in force could not involve "similarly situated employees." See, e.g., Godfredson v. Hess & Clark, Inc., 173 F.3d 365, 375 (6th Cir. 1999) (plaintiff, terminated as part of a reduction in force was not similarly situated to an employee who was terminated outside of the reduction in force.) See also Schrand, 851 F.2d at 156 (trial court held to have committed reversible error in admitting testimony of two former employees regarding the circumstances of their terminations where the former employees were terminated well before the plaintiff, had worked at different locations, and had worked for different supervisors, as the probative value, if any, of such testimony was substantially outweighed by the danger of unfair prejudice.)

WHEREFORE, for the reasons set forth above, Defendants respectfully request that plaintiff and her attorneys be ordered not to mention, refer to, adduce, or interrogate concerning,

voluntarily answer, introduce any evidence concerning, or attempt to convey to the jury at any

time during these proceedings in any manner, directly or indirectly, the subject matter as stated

above, and that counsel be instructed to caution and warn each and every witness under their

control appearing in this litigation to strictly comply with the ruling of this Court.

Dated: July 30, 2004

<div style="margin-left:40%">

Respectfully submitted,
FISHER & PHILLIPS LLP
1250 Lincoln Plaza
300 South Orange Avenue
Orlando, Florida 32801
Telephone:    (407) 541-0888
Facsimile:    (407) 541-0887

By:    s/ Theresa M. Gallion
s/ Jeffrey J. Harmon per telephone
authorization on 7/30/04
Theresa M. Gallion, Esq.
Florida Bar No. 726801
TGallion@LaborLawyers.com
Nadine C. Abrahams
Illinois Bar No. 06208382
NAbrahams@LaborLawyers.com


s/ Jeffrey J. Harmon
Jeffrey J. Harmon
Ohio Bar No. 0032848
CORS & BASSETT
1881 Dixie Highway, Suite 350
Ft. Wright, Kentucky 41011
Telephone:    859-331-6440
Facsimile:    859-331-5337

ATTORNEYS FOR DEFENDANT

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 30, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Stanley M. Chesley, Esq. and Robert Steinberg, Esq., Waite, Schneider, Bayless, & Chesley Co., L.P.A., 1513 Central Trust Tower, Cincinnati, Ohio, 45202, Michael J. O'Hara, Esq., O'Hara, Ruberg, Taylor, Sloan & Sergent, 209 Thomas More Park, Suite C, P.O. Box 17411, Covington, Kentucky 41017-0411.

<div align="right">
s/Jeffrey J. Harmon<br>
Jeffrey J. Harmon
</div>

247210.1