UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BARBARA LODER HILDEBRANDT )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HYATT CORPORATION, et al., )<br>)<br>Defendants. ) | Case No. C-1-02 0003<br><br>Judge Sandra Beckwith |

**DEFENDANTS' MOTION IN LIMINE TO BAR
EVIDENCE OF AN ALLEGED STRAY REMARK BY
JACK HORNE REGARDING NATIONAL SALES FORCE**

Defendants Hyatt Corporation ("Hyatt"), Ty Helms ("Helms") and Jack Horne ("Horne") (collectively "Defendants"), by their undersigned attorneys, and pursuant to Rules 401, 402 and 403 of the Federal Rules of Evidence, move this Court for entry of an order before trial prohibiting Plaintiff, her counsel, and witnesses from introducing, eliciting evidence of, or referring at any time in the presence of the jury to, an isolated, ambiguous alleged remark by Defendant Jack Horne concerning certain unspecified "dinosaurs" in the National Sales Force – a purported remark made months before the elimination of Plaintiff's position in the reduction-in-force, and having nothing whatsoever to do with Plaintiff or the issues in this case.

**MEMORANDUM OF LAW IN SUPPORT**

**I.    INTRODUCTION**

This case arises out of the elimination of Plaintiff Barbara Loder Hildebrandt's position as Director, National Accounts, in the fall of 2001, after the events of September 11. Defendants nevertheless anticipate that Plaintiff will attempt to elicit testimony at trial concerning a purported comment by Defendant Jack Horne in the spring of 2001 – months before Plaintiff's

Chicago 47575.1

lay-off. The alleged comment, which Horne denies making, had nothing to do with Plaintiff. It was supposedly made to employee Dawn Beagle in the context of the resignation of a long-term employee, Brian Cassidy. According to Beagle, Horne made the cryptic remark that "there were other dinosaurs in the national sales force that he wouldn't mind seeing go, also, that they had just been around too long..." As demonstrated below, Horne's alleged comment should be excluded as irrelevant because it was temporally remote, unrelated to Plaintiff or the decisionmaking process concerning her lay-off, and ambiguous as to whether it even referred to age, as opposed to length of tenure with the company or some other innocuous meaning. Furthermore, the probative value, if any, of Horne's alleged comment is far outweighed by the potential for unfair prejudice, confusion of the issues and misleading the jury.

**II.    ARGUMENT**

  **A.    Horne's Alleged Comment Should Be Excluded Because It Is Irrelevant.**

Under Federal Rule of Evidence 402, evidence which is not relevant is inadmissible. Whether a purported stray remark such as Horne's constitutes relevant evidence of discrimination depends on the following factors: (1) whether the statement was made by a decision-maker or by an agent within the scope of his employment; (2) whether the statement was related to the decision-making process; (3) whether the statement was more than merely a vague, ambiguous, or an isolated remark; and (4) whether it was made proximate in time to the act of termination. Peters v. The Lincoln Electric Co., 285 F.3d 456, 477-78 (6th Cir. 2002) (citing Cooley v. Carmike Cinemas, Inc., 25 F.3d 1325, 1330 (6th Cir. 1994)).

It is apparent that Horne's alleged stray comment does not satisfy the criteria established by the Sixth Circuit for admission as probative evidence in this case for several reasons:

First, Horne's purported remark had nothing to do with the decisionmaking process relative to the elimination of Plaintiff's position as part of a reduction-in-force in the fall of 2001. Indeed, the comment had nothing to do with Plaintiff whatsoever. Rather, it was purportedly made to Hyatt employee Dawn Beagle, in connection with the voluntary resignation of another Hyatt employee, Brian Cassidy. Hence, the remark has no bearing on whether Defendants harbored age animus towards Plaintiff. See Peters, 285 F.3d at 477-78 (reference by supervisor to a co-worker of plaintiff as a "little old gray-haired man…[who was] waiting to retire" held not probative of age animus toward the plaintiff where the record was devoid of any remarks directed at the plaintiff that could be related to the defendant's decisionmaking process). Here, as discussed below, Horne's alleged remark is even less probative of age animus, as the "dinosaur" reference is, at most, ambiguous and susceptible to wholly innocuous interpretations having nothing to do with age – e.g., length of service, which the Supreme Court has held is a lawful consideration, analytically distinct from age. See Hazen Paper Co. v. Biggins, 507 U.S. 604, 611 (1993).

Second, Horne's alleged comment was remote in time from the only employment action at issue here – the elimination of Plaintiff's position in the fall of 2001. According to deponent Beagle, Horne's comment was made at the time of Cassidy's resignation, several months before Plaintiff's position was eliminated. See Phelps v. Yale Security, Inc., 986 F.2d 1020, 1025-26 (6th Cir. 1993) (affirming the trial court's entry of judgment notwithstanding the verdict in favor of employer, court notes that alleged age-related comments made nearly a year before plaintiff's lay-off were too temporally remote to raise an inference of discrimination).

Third, Horne's lone alleged comment was too isolated, vague and ambiguous to be probative of age animus toward Plaintiff on the part of Defendants. Horne purportedly made the

"dinosaur" remark on one occasion, several months before Plaintiff's lay-off, with reference to certain unspecified members of the National Sales Force. The Sixth Circuit has held that a manager's direct reference to the plaintiff as a "dinosaur," at a time remote from plaintiff's termination, was "isolated" and "ambiguous." Wilson v. Wells Aluminum Corp., 1997 U.S. App. LEXIS 2331, **16-18 (6th Cir., Feb. 7, 1997) (affirming summary judgment for the employer) (a copy of the unpublished decision is attached hereto as Exhibit A). As the Sixth Circuit noted, "dinosaur" was interpreted by the witness in that case to mean "out of date" or "old-fashioned," not old. Obviously, persons of any age can be old fashioned or out of date. Wilson, 1997 U.S. App. LEXIS 2331 at **17-18. Likewise, in Steeves v. Chatham Manufacturing Co., 1995 U.S. Dist. LEXIS 17242, *22 (W.D. Mich. 1995), which granted summary judgment for the employer, the court held that a decisionmaker's reference to the entire sales force, but not plaintiff individually, as "dinosaurs," was too abstract to raise a reasonable inference of age discrimination. See also, Phelps, 986 F.2d at 1025-26 (court holds that manager's comments to plaintiff, several months before her lay-off, that she was too old to be his secretary and that her fifty-fifth birthday was "cause for concern" were too abstract, isolated and ambiguous to allow a jury verdict for plaintiff to stand). Here, the purported comment at issue is, if anything, more isolated, abstract and ambiguous than the comments at issue in Phelps or the "dinosaur" reference in Wilson, and is quite similar to the "dinosaur" reference in Steeves that the court found raised no inference of age animus as a matter of law.

    The Sixth Circuit has not hesitated to reverse or overturn a trial court's decision to admit comments that had no bearing upon the ultimate issue of discriminatory animus. See, e.g., Schrand v. Federal Pacific Electric Co., 851 F.2d 152, 155-56 (6th Cir. 1988) (remanding case for new trial, court holds that managers' comments that other terminated employees were "too old"

Chicago 47575.1      4

should have been excluded by the trial court as irrelevant and unfairly prejudicial); Smith v. Leggett Wire Co., 220 F.3d 752, 759-60 (6th Cir. 2000) (court reversed a jury verdict where the trial court had admitted irrelevant testimony as to racial insults by plaintiff's co-workers); Boyle v. Mannesmann Demag Corp., 1993 U.S. App. LEXIS 8682, **6-7 (6th Cir., April 13, 1993) (unpublished opinion attached hereto as Exhibit B) (reversing jury verdict, court holds that trial court should have granted motion in limine barring admission of a statement by one of the persons involved in plaintiff's termination that the company had "too many old farts"). Conversely, the Sixth Circuit has upheld a trial court's decision to exclude statements too isolated, remote and/or abstract to support an inference of discrimination. See, e.g., McLaurin v. Fischer, 768 F.2d 98, 104 (6th Cir. 1985) (court affirms trial court's finding that isolated statement regarding the "young men whom we would like to attract" was inadmissible as irrelevant to issue of age discrimination).

In sum, Horne's isolated and ambiguous alleged comment fails to satisfy the Sixth Circuit's criteria for admissibility and, indeed, is akin to, if not even more isolated, remote and abstract than, comments the Sixth Circuit has found should not have been admitted by the trial court, or were properly excluded by such court.

    **B.    Horne's Alleged Comment Should Be Excluded Pursuant To Federal Rule Of Evidence 403.**

Even assuming Horne's alleged comment had any probative value, which it does not, it is far outweighed by the potential for unfair prejudice, confusion of the issues and misleading the jury. F.R.E. 403. The Sixth Circuit has held that stray remarks similar to the comment at issue here should be excluded on the grounds that they are unfairly prejudicial and likely to improperly inflame the passions of the jury. For example, in Schrand, the stray comments concerning other employees being "too old," while lacking in probative value, improperly "offered an emotional

Chicago 47575.1    5

element that was otherwise lacking" and confused the issue "by focusing the jury's attention on two totally unrelated events." 851 F.2d at 156. Therefore, the comments should have been excluded by the trial court. Id. Similarly, in Covington v. MCI Worldcom Network Services, Inc., 93 Fed. Appx. 837 (6th Cir. 2004) (a copy of the unpublished decision is attached hereto as Exhibit C), the Court reversed the trial court's denial of the employer's motion for a new trial on the ground that plaintiff's co-workers' misogynistic remarks and her supervisor's statement that such remarks constituted "a guy thing" should have been excluded at trial. 93 Fed. Appx. at 843. The court characterized such comments as not only irrelevant but "highly prejudicial" and "inflammatory" because they misleadingly parade as apparent "smoking gun" type evidence. Id. at 843.

Here, too, not only is Horne's comment irrelevant, but it is potentially inflammatory and unfairly prejudicial. Defendants anticipate that Plaintiff will attempt to cite such comment, out of context, at trial to make a naked and misleading emotional appeal to the jury by improperly conflating Horne's remark with the circumstances surrounding Plaintiff's lay-off months later. Because any attempt to link Horne's ambiguous statement with Plaintiff's lay-off will only serve to confuse and distract the jury from the real issues in this case, evidence of such statement should be excluded for this reason as well.

### III.   CONCLUSION

For all of the reasons stated above, Defendants respectfully request entry of an order before trial barring Plaintiff from introducing evidence of, or referring at any time in the presence of the jury to, an alleged remark by Jack Horne that there were some "dinosaurs" in Hyatt's national sales force.

Dated: July 30, 2004

Respectfully submitted,

FISHER & PHILLIPS LLP
1250 Lincoln Plaza
300 South Orange Avenue
Orlando, Florida 32801
Telephone:     (407) 541-0888
Facsimile:      (407) 541-0887

By:     s/ Theresa M. Gallion
s/ Jeffrey J. Harmon per telephone
authorization on 7/30/04
Theresa M. Gallion, Esq.
Florida Bar No. 726801
TGallion@LaborLawyers.com

Natalie J. Storch, Esq.
Florida Bar No. 0269920
NStorch@LaborLawyers.com

Nadine C. Abrahams. Esq.
FISHER & PHILLIPS LLP
140 S. Dearborn, Suite 420
Chicago, IL 60603
Illinois Bar No. 6209382
nabrahams@LaborLawyers.com

s/ Jeffrey J. Harmon
Jeffrey J. Harmon
Ohio Bar No. 0032848
CORS & BASSETT
1881 Dixie Highway, Suite 350
Ft. Wright, Kentucky 41011
Telephone:     859-331-6440
Facsimile:      859-331-5337

ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on July 30, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Stanley M. Chesley, Esq. and Robert Steinberg, Esq., Waite, Schneider, Bayless, & Chesley Co., L.P.A., 1513 Central Trust Tower, Cincinnati, Ohio, 45202, Michael J. O'Hara, Esq., O'Hara, Ruberg, Taylor, Sloan & Sergent, 209 Thomas More Park, Suite C, P.O. Box 17411, Covington, Kentucky 41017-0411.

                                            s/Jeffrey J. Harmon
                                            Jeffrey J. Harmon

247172.1