UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BARBARA LODER HILDEBRANDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. C-1-02 0003 |
| | ) | |
| HYATT CORPORATION, et al., | ) | Judge Sandra Beckwith |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING
HYATT'S PURPORTED REASONS FOR THE HIRING OF ROBERT SCHNITZ**

Defendants HYATT CORPORATION ("Hyatt"), TY HELMS ("Helms"), and JACK

HORNE ("Horne"), by and through their undersigned counsel, and pursuant to the Federal Rules

of Civil Procedure and the Federal Rules of Evidence, specifically Fed. R. Evid. 104, 402, and

403, move this Court for entry of an order prohibiting Plaintiff, her counsel and her witnesses

from introducing, eliciting evidence of, or referring at any time to the circumstances or reasons

for Hyatt's hiring of Robert Schnitz, its in-house counsel.  In support of their Motion, Defendants

state as follows:

1.    Evidence that is not relevant is not admissible.  Fed. R. Evid. 402.  Relevant

evidence is evidence having any tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable than it would be

without the evidence.  Fed. R. Evid. 401.  Even where the evidence may be arguably relevant,

the evidence may be excluded if its probative value is substantially outweighed by the danger of

unfair prejudice, confusion of the issues or misleading the jury.  Fed. R. Evid. 403.

2.     The following matters should be excluded under Rules 402 and 403 because they are irrelevant, unfairly prejudicial, unsupported by any evidence and rest on speculation: (a) evidence related to the circumstances of Robert Schnitz's hire and joining Hyatt; (b) any suggestion that Mr. Schnitz was hired by Hyatt in order to implement the September 2001 reduction-in-force; and (c) any reference to a plan to reduce the workforce starting with the hire of Mr. Schnitz in May 2001.   Defendants expect that Plaintiff will attempt to elicit testimony concerning the foregoing matters solely in an effort to impute nefarious motives behind the decision to hire Mr. Schnitz and improperly and unfairly suggest that there was something inherently inappropriate with Mr. Schnitz being hired by Hyatt.

3.     The evidence obtained in discovery contradicts Plaintiff's speculation about the reasons for Mr. Schnitz's hire. There has never been any evidence whatsoever that Schnitz, who was hired in or around May 2001, was hired to execute the reduction in force which occurred in September 2001.   In fact, all witnesses who could conceivably have knowledge of this claim denied it. For example,  Edward Rabin, President of Hyatt Hotels Corporation, testified that Mr. Schnitz was hired to fill a need in Hyatt's labor relations.  He was not hired in order to conduct a reduction-in-force.   As Mr. Rabin testified, to the extent that one of Mr. Schnitz's first assignments was to provide legal assistance in connection with a reduction-in-force, it was not planned and only coincidental.  See Select Portions of Edward Rabin's Deposition Transcript at pp. 20-22  (attached hereto as Exhibit A).

4.     Likewise, Mr. Schnitz testified that when he began working at Hyatt in May 2001, he did not believe that Hyatt was in the process of reducing its work force and remained unaware of any such plan throughout the period from May through August of 2001.  See Select Portions of Robert Schnitz's Deposition Transcript at pp. 11, 45 (attached hereto as Exhibit B).  Mr.

Schnitz's first involvement in providing legal advice with regard to a reduction in force was not until mid-September 2001. Id. at p. 45. Most significantly, he testified that prior to being hired by Hyatt, no one at Hyatt indicated that one of the purposes of his hire was to direct or participate in a reduction in force. Id. at p. 45.

5.      Further evidence of the speculative and groundless basis for Plaintiff's scandalous suggestions is Mr. Schnitz testimony that he did not represent Hyatt during the period he worked at Fisher & Phillips from 1991 to 2001. See Exhibit B at p.7. Moreover, lead counsel in this action, Theresa Gallion, did not know Mr. Schnitz before he joined Hyatt. Finally, Mr. Rabin, Hyatt's President, testified that he was unaware that Mr. Schnitz had worked at Fisher & Phillips at the time he was hired by Hyatt. See Exhibit A at p. 21.

6.      Finally, regardless of whether any of Plaintiff's speculation concerning Mr. Schnitz's hiring is true, such matters have no bearing on the issue of whether Plaintiff was subjected to age discrimination or whether Defendants had a legitimate non-discriminatory reason for eliminating Plaintiff's position. In fact, Mr. Schnitz testified that he was not involved in the decision to terminate Plaintiff and did not approve or disapprove of the reasons for the elimination of her position. See Exhibit B at p. 19. Whether Mr. Schnitz, who had practiced labor and employment law prior to being hired by Hyatt, had knowledge and experience relating to workforce reductions, as do many labor and employment attorneys, does not mean that Mr. Schnitz was hired for such a purpose at Hyatt. Moreover, even if Mr. Schnitz provided general legal advice regarding the reduction-in-force at issue, the circumstance surrounding his hire are not probative on the issue of whether Plaintiff was subject to unlawful discrimination based on her age and are unfairly prejudicial to Defendants and misleading to the jury. Fed. R. Evid. 403.

**WHEREFORE**, Defendants respectfully request that this Motion in Limine be granted in its entirety and Plaintiff be prohibited from introducing any evidence: (a) related to the circumstances of Robert Schnitz's hire and joining Hyatt; (b) any suggestion that Mr. Schnitz was hired by Hyatt in order to implement the September 2001 reduction-in-force; and (c) any reference to a plan to reduce the workforce starting with the hire of Mr. Schnitz in May 2001.

Dated: July 30, 2004

Respectfully submitted,
FISHER & PHILLIPS LLP
1250 Lincoln Plaza
300 South Orange Avenue
Orlando, Florida 32801
Telephone:    (407) 541-0888
Facsimile:    (407) 541-0887

By:    s/ Theresa M. Gallion
s/ Jeffrey J. Harmon per telephone
authorization on 7/30/04
Theresa M. Gallion, Esq.
Florida Bar No. 726801
TGallion@LaborLawyers.com
Nadine C. Abrahams
Illinois Bar No. 06208382
NAbrahams@LaborLawyers.com

s/ Jeffrey J. Harmon
Jeffrey J. Harmon
Ohio Bar No. 0032848
CORS & BASSETT
1881 Dixie Highway, Suite 350
Ft. Wright, Kentucky  41011
Telephone:    859-331-6440
Facsimile:    859-331-5337

ATTORNEYS FOR DEFENDANT
HYATT CORPORATION

<u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY that on July 30, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Stanley M. Chesley, Esq. and Robert Steinberg, Esq., Waite, Schneider, Bayless, & Chesley Co., L.P.A., 1513 Central Trust Tower, Cincinnati, Ohio, 45202, Michael J. O'Hara, Esq., O'Hara, Ruberg, Taylor, Sloan & Sergent, 209 Thomas More Park, Suite C, P.O. Box 17411, Covington, Kentucky 41017-0411.

<div align="center" style="text-align:right">

s/Jeffrey J. Harmon  
Jeffrey J. Harmon

</div>

247170.1