UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BARBARA LODER HILDEBRANDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. C-1-02 0003 |
| ) | |
| HYATT CORPORATION, et al., ) | Judge Sandra Beckwith |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE TESTIMONY OF KENT FRIEL, TERRI MADDEN AND TO EXCLUDE DOCUMENTS RECENTLY PRODUCED BY PLAINTIFF RELATED TO MITIGATION OF DAMAGES**

Defendants HYATT CORPORATION ("Hyatt"), TY HELMS ("Helms"), and JACK HORNE ("Horne"), by and through their undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and this Court's Orders move this Court for entry of an order: 1) prohibiting Plaintiff from calling Kent Friel or Terri Madden as witnesses in this action; and 2) prohibiting Plaintiff, her counsel and her witnesses from introducing, eliciting evidence of, or referring at any time to the matters contained within the documents produced by Plaintiff on July 9, 2004 and July 21, 2004. In support of their Motion, Defendants state as follows:

## INTRODUCTION

On February 19, 2002, Defendants served Plaintiff with Defendants' First Set of Interrogatories to Plaintiff and Defendants' First Request for Production of Documents to Plaintiff. The discovery requests are attached hereto as Exhibit A. The discovery requests contained questions directed specifically at Plaintiff's attempts to mitigate her damages.

For example, Interrogatory No. 5 states as follows:

Chicago 47633.1

1

Beginning on or about September 28, 2001, and continuing up to the present, describe in detail every attempt, either formally or informally, by you to find either full-time or part-time employment, providing for each such employer that you made application, the name, address and phone number, the date on which you applied to each such employer, and the result of each such application.

Additionally, document Request No. 28 states as follows:

Any documents which refer or relate to, or evidence, Plaintiff's attempt to obtain full-time employment subsequent to her employment with Defendant Hyatt, including but not limited to, copies of employment applications, resumes, correspondence, notes, memoranda and other documents to and from potential employers and employment agencies.

Plaintiff was first deposed in this case on March 19, 2002. She was subsequently re-deposed on December 18, 2003 for the sole purpose of obtaining updated testimony relating to her damages, including her duty to mitigate her damages. See Excerpt of Plaintiff's December 18, 2003 deposition transcript at p. 287 (attached hereto as Exhibit B).

### A. **Plaintiff Should be Barred from Calling Kent Friel or Terri Madden as Witnesses.**

According to this Court's Notice dated March 25, 2003, "[n]o witness may be included on a witness list if not identified in connection with initial disclosures required under Fed. R. Civ. P. 26 (or reasonable timely supplements thereto) or in response to a discovery request seeking the identity of persons with knowledge regarding the matters at issue (or reasonable timely supplements thereto)." See March 25, 2003 Notice at p. 3.

Plaintiff has violated this Court's March 25, 2003 Order by listing Kent Friel and Terri Madden as witnesses in the Final Pretrial Statement filed on July 20, 2004. Mr. Friel is apparently Plaintiff's friend who assisted her in her job search and Terri Madden is an employee of an employment search agency. Neither Mr. Friel nor Terri Madden was identified by Plaintiff during the more than two years of discovery in this case. In fact, Defendants were unaware of their identity until they were listed by Plaintiff on the Final Pretrial Statement. Although

Chicago 47633.1                                    2

Plaintiff was re-deposed on December 18, 2003 specifically on the issue of damages, she failed to identify Mr. Friel or Terri Madden. Additionally, Plaintiff never supplemented her responses to Defendants' discovery requests to disclose such individuals.

Plaintiff's counsel had initially identified Mr. Friel and Terri Madden as trial witnesses, but changed their designation to "rebuttal" witnesses when confronted by Defendants' counsel regarding his failure to have identified such witnesses during discovery in this matter. See July 12, 2002 e-mail from Theresa Gallion to Robert Steinberg attached hereto as Exhibit C. Plaintiff's counsel now appears to be stating that such witnesses will only be called if necessary to rebut evidence related to Plaintiff's failure to mitigate damages. He appears to be claiming that he is unaware whether Defendants will be asserting a failure to mitigate damages defense in the trial of this matter. Such a claim is disingenuous. Plaintiff has been fully aware since Defendants filed their Answer and Affirmative Defenses on January 2, 2002 that Defendants intended to argue that Plaintiff failed to mitigate her damages. For Plaintiff's counsel to now argue that he did not anticipate Defendants raising such an issue in their case in chief lacks any credibility and is a transparent attempt to circumvent the discovery rules and this Court's Order regarding the disclosure of witnesses. Had Defendants been aware of the existence of such individuals, Defendants would have taken their depositions prior to trial. Because these witnesses have been disclosed on the eve of trial, Defendants are grossly and unfairly prejudiced by the inability to take their depositions or to conduct additional discovery, if necessary, to rebut their testimony.

Accordingly, because Plaintiff failed to identify Kent Friel or Terri Madden during discovery in this case, she should be barred from calling them for any purpose at trial.

**B.      Plaintiff Should be Barred from Introducing Documents Recently Produced or Testifying as to the Documents' Contents.**

On July 9, 2004, Plaintiff provided a supplemental response to Defendants' Interrogatory No. 5 by producing an additional 176 documents (Bates stamped Nos. BH 001899-BH002075) purportedly related to Plaintiff's attempt to find employment. Approximately one half of the documents produced stem from Plaintiff's attempts to find employment in 2003 prior to the time she was re-deposed on the issue of damages. Additionally, many of the documents from 2004 are more than six months old.

On July 21, 2004, two days before the final pretrial conference in this case, Plaintiff provided a supplemental response to Request to Produce No. 28 and produced an additional 88 documents (Bates stamped Nos. BH 002076-BH 002164). The bulk of the documents produced related to Plaintiff's attempts to find employment in 2002, more than two years ago, and the remainder, with the exception of one e-mail, related to attempts to find employment in 2003.

Plaintiff had a duty seasonably to supplement her discovery responses and should have done so in a timely manner. Under Fed. Rule 26 (e) (2), "[a] party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respects incomplete or incorrect or if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Instead of seasonably supplement her discovery responses, Plaintiff waited until four weeks before trial to produce documents requested in discovery more than two years ago. In fact, although Plaintiff was fully aware that her December 18, 2003 deposition was scheduled solely for the purposes of obtaining updated information related to her attempts to find comparable employment, she failed to produce any of the above-referenced documents prior to her deposition.

Plaintiff's blatant violation of Rule 26 has prevented Defendants from engaging in meaningful discovery regarding her attempts to mitigate her damages. Defendants have been unfairly prejudiced due to the late production of the documents. Accordingly, Defendants respectfully request that Plaintiff be barred from introducing any documents produced on July 9, 2004 or July 21, 2004, or from testifying with regard to the content of the documents, or with regard to any matters relating to her mitigation efforts referenced in such documents.

**WHEREFORE**, Defendants respectfully request that this Motion in Limine be granted in its entirety, and that this Court enter an order: 1) barring Plaintiff from calling Kent Friel or Terri Madden as witnesses for any purpose; 2) barring Plaintiff from mentioning or making reference to assistance she received in her search for employment from Kent Friel or Terri Madden; 3) barring Plaintiff from introducing any documents produced on July 9, 2004 and July 21, 2004; 4) barring Plaintiff from testifying or introducing testimony regarding the content of or matters contained in the documents produced on July 9, 2004 and July 21, 2004; and 5) barring Plaintiff from introducing any evidence or testimony with regard to any matters relating to her mitigation efforts referenced in the documents produced on July 9, 2004 and July 21, 2004.

Dated: July 30, 2004

        Respectfully submitted,
        FISHER & PHILLIPS LLP
        1250 Lincoln Plaza
        300 South Orange Avenue
        Orlando, Florida 32801
        Telephone:  (407) 541-0888
        Facsimile:  (407) 541-0887

By:  s/ Theresa M. Gallion
     s/ Jeffrey J. Harmon per telephone authorization on 7/30/04
     Theresa M. Gallion, Esq.
     Florida Bar No. 726801

TGallion@LaborLawyers.com
Nadine C. Abrahams
Illinois Bar No. 06208382
NAbrahams@LaborLawyers.com


s/ Jeffrey J. Harmon
Jeffrey J. Harmon
Ohio Bar No. 0032848
CORS & BASSETT
1881 Dixie Highway, Suite 350
Ft. Wright, Kentucky 41011
Telephone:	859-331-6440
Facsimile:	859-331-5337

ATTORNEYS FOR DEFENDANT
HYATT CORPORATION

<u>CERTIFICATE OF SERVICE</u>

   I HEREBY CERTIFY that on July 30, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Stanley M. Chesley, Esq. and Robert Steinberg, Esq., Waite, Schneider, Bayless, & Chesley Co., L.P.A., 1513 Central Trust Tower, Cincinnati, Ohio, 45202, Michael J. O'Hara, Esq., O'Hara, Ruberg, Taylor, Sloan & Sergent, 209 Thomas More Park, Suite C, P.O. Box 17411, Covington, Kentucky 41017-0411.

              <u>s/Jeffrey J. Harmon</u>
               Jeffrey J. Harmon

247168.1