## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

|  |  |
|---|---|
| BARBARA LODER HILDEBRANDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  A0108390 |
| ) | |
| HYATT CORPORATION ) | Judge Sandra Beckwith |
| ) | Magistrate Judge Jack Sherman |
| and ) | |
| ) | |
| TY HELMS ) | |
| ) | |
| and ) | |
| ) | |
| BRIAN J. BOOTH, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

COME NOW, Defendants HYATT CORPORATION ("Hyatt"), TY HELMS ("Helms"), and BRIAN J. BOOTH ("Booth"), by and through their undersigned counsel, and hereby request, pursuant to Federal Rule of Civil Procedure 33, that Plaintiff, BARBARA LODER HILDEBRANDT ("Hildebrandt"), answer the following Interrogatories:

### INSTRUCTIONS

1.    In answering these Interrogatories, please furnish all information which is available to Plaintiff, including information in the possession of Plaintiff's current or former attorneys or investigators, and not merely such information known of Plaintiff's own personal knowledge.    If Plaintiff cannot answer the following Interrogatories in full, after exercising due diligence to secure the information to do so, so



EXHIBIT
A

state and answer to the extent possible, specifying Plaintiff's inability to answer the remainder, the reasons for Plaintiff's inability to fully respond, and provide whatever information or knowledge Plaintiff has concerning the unanswered portions.

2.    If any form of privilege or other protection from disclosure is claimed as a ground for withholding responsive information contained in a document or regarding a verbal communication, set forth with respect to such document or communication the date, title, identity of the author and the parties, subject matter (without revealing the information for which a privilege is claimed) and each and every fact or basis on which Plaintiff claims privilege with sufficient specificity to permit the Court to make a determination as to whether the claim or privilege is valid.

3.    In accordance with Rule 33 of the Federal Rules of Civil Procedure, Plaintiff's written responses to these Interrogatories must be made under oath and returned to Defendants' counsel within thirty (30) days after service of the Interrogatories.

## DEFINITIONS

For the purposes of these Interrogatories, the following definitions shall apply:

1.    The terms **"document"** or **"documents"** shall mean the original and all copies and annexed materials to any written, typewritten, handwritten, printed, graphic, photographic or recorded materials, including the following: correspondence and drafts of correspondence; notes or summaries of conversation; income tax returns, sales vouchers or records, forms, schedules or worksheets; inter- and intra-office memoranda; reports, comments; worksheets; plans; minutes; notes; notices or notifications; findings; memoranda; brochures; circulars; bulletins; advertisements; notes, records, summaries, or other reports of conferences, meetings, visits, surveys, discussions, inspections, examinations, review or telephone conversations; purchase orders; quotations; estimates; invoices; bids; receipts; pledge commitments;

2

acknowledgments; credit memoranda; contract or lease offers or proposals; executed or proposed agreements, contracts, franchise agreements; licenses; leases; insurance policies and riders, or options; proposals; diaries; desk calendars, appointment books, or telephone call books; affidavits, deposition transcripts, and statements, or summaries or excerpts thereof; stenographic notes; books and records, including but not limited to journals, ledgers, balance sheets, profit and loss statements and notes and memoranda concerning them; financial data; newspaper or magazine articles; pamphlets, books, texts, notebooks, magazines, manuals, journals, and publications; notepads, tabulations, data compilations, calculations, or computations; schedules; drafts; charts and maps; forecasts and projections; feasibility studies; drawings, designs, plans, specifications; graphs, blueprints, sketches, or diagrams; graphic, photographic or recorded materials, including the following:  correspondence and drafts of correspondence; notes or summaries of conversation; orders; pleadings and court filings; checks and check stubs (front and back); records or transcripts of statements, depositions, conversations, meetings, discussions, conferences or interviews, whether in person or by telephone or by other means; work papers; printouts or other stored information from computers or other information retention or processing systems; photographic matter or sound reproduction matter however produced, reproduced or stored; any other written, printed, typed, taped, recorded, or graphic matters; any exhibits, attachments, or schedules to or with the foregoing; any drafts of the foregoing; and any copies or duplicates of the foregoing which are different because of marginal or handwritten notations, or because of any markings thereon.

      2.    **"Copy"** when used in reference to a document means any color, or black and white facsimile reproduction of a document, regardless of whether that facsimile reproduction is made by means of carbon papers, pressure sensitive paper, xerography or any other means of process.

3

3.    **"Communication"** and **"communicate"** shall mean any recordation, exchange or transfer of information, whether in writing, oral or other form, including, but not limited to, memoranda or notes to the file, telephone conversations and meetings, letters, telegraphic and telex communications, and includes all information relating to all oral communications and **"documents"** (as hereinabove defined), whether or not such document, or information contained herein was transmitted by its author to any other person.

4.    **"Relate to"** or **"relating to"** shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

5.    **"Person"** or **"persons"** shall mean each and every individual, corporation, partnership, joint venture, social or political organization, or any other entity, incorporated or unincorporated, or encompassed within the usual and customary meaning of "person" or "persons."

6.    **"You"** or **"your"** shall mean Plaintiff Barbara Loder Hildebrandt.

7.    **"Plaintiff"** shall mean Plaintiff Barbara Loder Hildebrandt.

8.    **"Hyatt"** shall mean Defendant Hyatt Corporation.

9.    **"Helms"** shall mean Defendant Ty Helms.

10.    **"Booth"** shall mean Defendant Brian J. Booth.

11.    **"Date"** shall mean the exact day, month and year if ascertainable or, if not, the best approximation, including relationship to other events.

12.    **"Identify"** when used in reference to:

a.    an individual, shall mean to state his or her full and present or last known address (including zip code), phone number and present or last known position or business affiliation (designating which), and the job description;

b.    a firm, partnership, corporation, proprietorship, or association , shall mean to state its full name and present or last known address

4

(designating which) and to state the name and address of each person within the entity likely to have knowledge of the relationship between the entity and Plaintiff.

13. **"Data"** shall mean to state:

a. in the case of a document, the date, author, sender, recipient, type of document or some other means of identifying it and its present location and custodian;

b. in the case of an oral communication, the date, the communicator, communicatee, and the nature of the communication;

c. in the case of a document within the possession, custody or control of Plaintiff, whether Plaintiff will make it available to Defendants' counsel for inspection and/or copying;

d. in the case of a document that was, but is no longer in the possession, custody or control of Plaintiff, what disposition has been made of the document.

14. As used in these Interrogatories, the singular shall include the plural, and vice versa; the use of the word "any" shall include and encompass the word "all," and vice versa; the use of the disjunctive shall include the conjunctive, and vice versa; and, unless context indicates otherwise, the use of any gender includes all other genders.

15. To the extent that you consider any of the following Interrogatories objectionable, respond to so much of each Interrogatory and part thereof, as is not objectionable in your view and separately state that part of each Interrogatory as to which you raise objection and each ground for such objection.

## INTERROGATORY NO. 1:

List the full names, titles, addresses, and telephone numbers of any persons who have provided you with information or assistance in answering these Interrogatories.

## RESPONSE:

## INTERROGATORY NO. 2:

Identify yourself fully, giving your full name, Social Security Number, age, date and place of birth, residence address, and business address.

## RESPONSE:

## INTERROGATORY NO. 3:

List all former names and when you were known by those names, all addresses where you have lived for the past 10 years under any name, and the dates you lived at each address.

## RESPONSE:

## INTERROGATORY NO. 4:

Please list your educational background providing the name and address for each school, college, university, or other institution of learning or training which you have attended, listing the dates of attendance, grades or levels completed, and degrees or certificates received.

## RESPONSE:

**INTERROGATORY NO. 5:**

Beginning on or about September 28, 2001, and continuing up to the present, describe in detail every attempt, either formally or informally, by you to find either full-time or part-time employment, providing for each such employer that you made application, the name, address and phone number, the date on which you applied to each such employer, and the result of each such application.

**RESPONSE:**

## INTERROGATORY NO. 6:

Beginning on or about September 28, 2001, and continuing up to the present, please identify specifically every source of income of any description received by you or accruing to you during the period covered by this Interrogatory (including, but not limited to, wages, unemployment compensation, workers' compensation, social security or other similar payments, benefits or disability benefits), and with respect to each such source of income:

      (a)     State the total amount you received or to which you became entitled; and

      (b)     State the inclusive dates on which you received the stated income.

## RESPONSE:

## INTERROGATORY NO. 7:

State whether you have been employed by any person or entity or self-employed since September 28, 2001, and with respect to any such employment please provide the name, address and telephone number, or if self-employed, each person/entity for whom you have provided services, and the date(s) of your employment.

## INTERROGATORY NO. 8:

If you have received any medical treatment or medical care, including psychiatric or psychological treatment or counseling, by reason of the incident(s) which is the subject of this litigation, describe in detail the nature of such care and treatment received; the name and address of any hospital, clinic, or other institutions to which you were admitted for such care and treatment, and the dates you were admitted; the number of such examinations or treatments; the name, telephone number and address of any doctor or healthcare professional by whom you were examined or treated, and when and where each such examination or treatment took place; and the diagnosis and prognosis rendered by any such doctor or healthcare professional as a result of any such examination or treatment.

## RESPONSE:

**INTERROGATORY NO. 9:**

Please list the names, business addresses and telephone numbers of all medical doctors by whom, and all hospitals at which, you have been examined and/or treated in the past ten (10) years, along with the condition(s) for which you were treated and dates of treatment. Please also indicate any treatment that was provided as a result of any accident or injury caused by a third party, providing circumstances for each injury.

**RESPONSE:**

## INTERROGATORY NO. 10:

If you or any attorney or representative on your behalf has obtained statements, reports, memoranda or recordings from any person which in any way concern the facts of this case or the matters alleged in your pleadings, separately identify the author of each such statement, report, memorandum or recording; the person or persons to whom the statement, report, memorandum or recording was issued, distributed or otherwise provided; the present location and custodian of each such statement, report, memorandum or recording; and state the date each such statement, report, memorandum or recording was prepared.

## RESPONSE:

## INTERROGATORY NO. 11:

Identify each person who has contacted you or any attorney or representative of yours concerning this action or its subject matter, or who has been contacted by you, or any attorney or representative of yours, concerning this action or its subject matter, and for each person identified, please provide the individual's name, address and the phone number; the number of times you have had contact with the individual, the date of each contact, and the substance of the conversation(s); and state whether the individual purports to have a claim against Hyatt.

## RESPONSE:

## INTERROGATORY NO. 12:

Identify each person who may be used at trial to present expert evidence as an expert witness under the Federal Rules of Evidence. With respect to each expert identified, describe with particularity their field of expertise, academic credentials, professional credentials and publications, and the subject matter in which each expert intends to testify. In addition, please state whether each such person has prepared a written report.

## RESPONSE:

**INTERROGATORY NO. 13:**

Separately identify each and every person who is known or believed by you to have witnessed the events and/or have knowledge of any facts or material upon which you base the allegations contained in your Complaint, and for each such person, summarize the nature and substance of their knowledge.

**RESPONSE:**

## INTERROGATORY NO. 14:

Itemize and identify all damages you claim to have suffered as a result of Defendants' alleged unlawful conduct, specifying the nature of the damages, the amount of the damage, and how you calculated the amount of your damages.

## RESPONSE:

## INTERROGATORY NO. 15:

If you have ever been a party to or testified under oath in any legal proceeding, including, but not limited to, a trial, deposition or administrative proceeding, please state for each proceeding the caption, court and docket number and location and/or venue of the action; the name, telephone number and address of the parties in any such proceedings; the name, telephone number and address of all attorneys representing the parties in any such legal proceedings; and the general subject matter and outcome of any such legal proceeding.

## RESPONSE:

## INTERROGATORY NO. 16:

Aside from the case at issue, please identify any and all other matters, charges, lawsuits, internal investigations, claims, or allegations regarding discrimination or harassment against any employer or former employer in which you have been involved at any time, providing for each instance, the name of the employer, the type of charges made, the date of each claim, the State, County, and case number of any litigation, if applicable, along with the disposition of same.

## RESPONSE:

## VERIFICATION

I have reviewed the above Answers to Interrogatories, and verify that they are true and correct to the best of my knowledge.

_____
Barbara Loder Hildebrandt

STATE OF OHIO )
                 ) SS.
COUNTY OF _____ )

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2002, by _____ who is personally known to me or has produced _____ as identification.

_____
(Notary Signature)

(NOTARY SEAL)

_____
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _____

22

DATED this 19th day of February, 2002.

Respectfully submitted,

By: _Theresa Gallion by JJH_

(By Jeffrey J. Harmon per tel. auth.)
Theresa M. Gallion*
Florida Bar No. 726801
Natalie J. Storch*
Florida Bar No. 0269920

FISHER & PHILLIPS LLP
1250 Lincoln Plaza
300 South Orange Avenue
Orlando, Florida 32801
Telephone:    (407) 541-0888
Facsimile:    (407) 541-0887
TGallion@LaborLawyers.com
NStorch@LaborLawyers.com

Jeffrey J. Harmon
Ohio Bar No. 0032848
CORS & BASSETT
1881 Dixie Highway, Suite 350
Ft. Wright, Kentucky  41011
Telephone:    (859) 578-5419
Facsimile:    (859) 331-5337
JJH@CorsBassett.com

ATTORNEYS FOR DEFENDANT
HYATT CORPORATION

*Admitted pro hac vice

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendants' First Set of Interrogatories to Plaintiff has been furnished by U.S. Mail, postage prepaid, to: Stanley M. Chesley and Robert A. Steinberg, Waite, Schneider, Bayless, & Chesley Co., L.P.A., 1513 Central Trust Tower, Cincinnati, Ohio, 45202 this 19th day of February, 2002.

Jeffrey Harmon

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| BARBARA LODER HILDEBRANDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  A0108390 |
| | ) | |
| HYATT CORPORATION | ) | Judge Sandra Beckwith |
| | ) | Magistrate Judge Jack Sherman |
| and | ) | |
| | ) | |
| TY-HELMS | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BRIAN J. BOOTH, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

COME NOW, Defendants HYATT CORPORATION ("Hyatt"), TY HELMS ("Helms"), and BRIAN J. BOOTH ("Booth"), by and through their undersigned counsel, and hereby request, pursuant to Federal Rule of Civil Procedure 34, that Plaintiff, BARBARA LODER HILDEBRANDT (hereinafter "Hildebrandt"),    produce the documents described below. The requested documents are to be served on Defendants' counsel within thirty (30) days from the date of service of this Request.

This Request covers all documents which are in Plaintiff's possession, custody or control, available to Plaintiff, or in the possession, custody, control or available to any representative of Plaintiff.

## DEFINITIONS

For the purposes of this Request for Production, the following definitions shall apply:

(1)    The terms **"document"** or **"documents"** shall mean the original and all copies and annexed materials to any written, typewritten, handwritten, printed, graphic, photographic or recorded materials, including the following:  correspondence and drafts of correspondence; notes or summaries of conversations; income tax returns, sales vouchers or records, forms, schedules or worksheets; inter- and intra-office memoranda; reports, comments; worksheets; plans; minutes; notes; notices or notifications; findings; memoranda; brochures; circulars; bulletins; advertisements; notes, records, summaries, or other reports of conferences, meetings, visits, surveys, discussions, inspections, examinations, review or telephone conversations; purchase orders; quotations; estimates; invoices; bids; receipts; pledge commitments; acknowledgments; credit memoranda; contract or lease offers or proposals; executed or proposed agreements, contracts, franchise agreements; licenses; leases; insurance policies and riders, or options; proposals; diaries; desk calendars, appointment books, or telephone call books; affidavits, deposition transcripts, and statements, or summaries or excerpts thereof; stenographic notes; books and records, including but not limited to journals, ledgers, balance sheets, profit and loss statements and notes and memoranda concerning them; financial data; newspaper or magazine articles; pamphlets, books, texts, notebooks, magazines, manuals, journals, and publications; notepads, tabulations, data compilations, calculations, or computations; schedules; drafts; charts and maps; forecasts and projections; feasibility studies; drawings, designs, plans, specifications; graphs, blueprints, sketches, or diagrams; graphic, photographic or recorded materials, including the following:  correspondence and drafts of correspondence; notes or summaries of conversation; orders; pleadings and court filings; checks and check stubs (front and back); records or transcripts of statements, depositions, conversations, meetings, discussions, conferences or interviews, whether in person or by telephone or by other means; work papers; printouts or other stored information from computers or other information

retention or processing systems; photographic matter or sound reproduction matter however produced, reproduced or stored; any other written, printed, typed, taped, recorded, or graphic matters; any exhibits, attachments, or schedules to or with the foregoing; any drafts of the foregoing; and any copies or duplicates of the foregoing which are different because of marginal or handwritten notations, or because of any markings thereon.

(2)    **"Copy"** when used in reference to a document means any color, or black and white facsimile reproduction of a document, regardless of whether that facsimile reproduction is made by means of carbon papers, pressure sensitive paper, xerography or any other means of process.

(3)    **"Communication"** and **"communicate"** shall mean any recordation, exchange or transfer of information, whether in writing, oral or other form, including, but not limited to, memoranda or notes to the file, telephone conversations and meetings, letters, telegraphic and telex communications, and includes all information relating to all oral communications and **"documents"** (as hereinabove defined), whether or not such document, or information contained herein was transmitted by its author to any other person.

(4)    **"Relate to"** or **"relating to"** shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

(5)    **"Person"** or **"persons"** shall mean each and every individual, corporation, partnership, joint venture, social or political organization, or any other entity, incorporated or unincorporated, or encompassed within the usual and customary meaning of "person" or "persons."

(6)    **"You"** or **"your"** shall mean Plaintiff Barbara Loder Hildebrandt.

(7)    **"Hildebrandt"** shall mean Plaintiff Barbara Loder Hildebrandt.

(8)    **"Hyatt"** shall mean Defendant Hyatt Corporation.

(9)    **"Helms"** shall mean Defendant Ty Helms.

(10)    **"Booth"** shall mean Defendant Brian J. Booth.

3

(11)    **"Date"** shall mean the exact day, month and year if ascertainable or, if not, the best approximation, including relationship to other events.

(12)    **"Identify"** when used in reference to:

a.    an individual, shall mean to state his or her full and present or last known address (including zip code), phone number and present or last known position or business affiliation (designating which), and the job description;

b.    a firm, partnership, corporation, proprietorship, or association, shall mean to state its full name and present or last known address (designating which) and to state the name and address of each person within the entity likely to have knowledge of the relationship between the entity and Plaintiff.

(13)    **"Data"** shall mean to state:

a.    in the case of a document, the date, author, sender, recipient, type of document or some other means of identifying it and its present location and custodian;

b.    in the case of an oral communication, the date, the communicator, communicatee, and the nature of the communication;

c.    in the case of a document within the possession, custody or control of Plaintiff, whether Plaintiff will make it available to Defendant's counsel for inspection and/or copying;

d.    in the case of a document that was, but is no longer in the possession, custody or control of Plaintiff, what disposition has been made of the document.

(14)    As used in this Request for Production of Documents, the singular shall include the plural, and vice versa; the use of the word "any" shall include and encompass the word "all," and vice versa; the use of the disjunctive shall include the conjunctive, and vice versa; and, unless context indicates otherwise, the use of any gender includes all other genders.

(15)    To the extent that you consider any of the following Requests objectionable, respond to so much of each Request and part thereof, as is not objectionable in

your view and separately state that part of each Request as to which you raise objection and each ground for such objection.

       (16)    For each and every request to produce which requests information for which production is refused pursuant to claim of privilege, state:

      a.     the number of the request to produce;

      b.     the privilege claimed;

      c.     the form of the document (e.g., letter/memorandum);

      d.     the date of the document;

      e.     the subject matter of the document;

      f.     the author of the document;

      g.     the addressee of the document;

      h.     all persons to whom copies of the document were furnished;

      i.     addresses and telephone numbers of all such persons;

      j.     the number of pages of the document; and

      k.     whether the document contained any non-privileged material, and, if so, a description thereof.

## REQUESTS TO PRODUCE

1.    Any documents which refer or relate to, or evidence, any communication between Plaintiff and Defendant(s) concerning the subject matter of this action.

**RESPONSE:**

2.    Any documents which refer or relate to, or evidence, any communication between Plaintiff and any third parties concerning the Defendant(s) or the subject matter of this action.

**RESPONSE:**

3.    Any documents which refer or relate to, or evidence, any agreements between Plaintiff and the Defendant(s).

**RESPONSE:**

6

4.    Any documents which refer or relate to, or evidence, any agreements between Plaintiff and any third parties concerning the Defendant(s) or the subject matter of this action.

**RESPONSE:**

5.    Any documents which refer or relate to, support, or evidence, the allegations contained in Paragraph 1 of the Complaint.

**RESPONSE:**

6.    Any documents which refer or relate to, support, or evidence, the allegations contained in Paragraph 2 of the Complaint.

**RESPONSE:**

7.     Any documents which refer or relate to, support, or evidence, the allegations contained in Paragraph 3 of the Complaint.

**RESPONSE:**

8.     Any documents which refer or relate to, support, or evidence, the allegations contained in Paragraph 4 of the Complaint.

**RESPONSE:**

9.     Any documents which refer or relate to, support, or evidence, the allegations contained in Paragraph 5 of the Complaint.

**RESPONSE:**

10.    Any documents which refer or relate to, support, or evidence, the allegations contained in Paragraph 6 of the Complaint.

**RESPONSE:**

11.    Any documents which refer or relate to, support, or evidence, the allegations contained in Paragraph 7 of the Complaint.

**RESPONSE:**

12.    Any documents which refer or relate to, support, or evidence, the allegations contained in Paragraph 8 of the Complaint.

**RESPONSE:**

13.    Any documents which refer or relate to, support, or evidence, the allegations contained in Paragraph 9 of the Complaint.

**RESPONSE:**

14.    Any documents which refer or relate to, support, or evidence, the allegations contained in Paragraph 10 of the Complaint.

**RESPONSE:**

15.    Any documents which refer or relate to, support, or evidence, the allegations contained in Paragraph 11 of the Complaint.

**RESPONSE:**

16.    Any documents which refer or relate to, support, or evidence, the allegations contained in Paragraph 12 of the Complaint.

**RESPONSE:**

17.    Any documents which refer or relate to, support, or evidence, the allegations contained in Paragraph 13 of the Complaint.

**RESPONSE:**

18.    Any documents which refer or relate to, support, or evidence, the allegations contained in Paragraph 14 of the Complaint.

**RESPONSE:**

19.    Any documents which refer or relate to, support, or evidence, the allegations contained in Paragraph 16 of the Complaint.

**RESPONSE:**

11

20.    Any documents which refer or relate to, support, or evidence, the allegations contained in Paragraph 17 of the Complaint.

**RESPONSE:**

21.    Any documents which refer or relate to, support, or evidence, the allegations contained in Paragraph 19 of the Complaint.

**RESPONSE:**

22.    Any documents which refer or relate to, support, or evidence, the allegations contained in Paragraph 20 of the Complaint.

**RESPONSE:**

23. Any documents which refer or relate to, support, or evidence, the allegations contained in Paragraph 23 of the Complaint.

**RESPONSE:**

24. Any documents which refer or relate to, support, or evidence, the allegations contained in Paragraph 24 of the Complaint.

**RESPONSE:**

25. Any documents which refer or relate to, support, or evidence, the allegations contained in Paragraph 26 of the Complaint.

**RESPONSE:**

26.     Any documents which refer or relate to, or evidence, Plaintiff's employment with Defendant Hyatt, including but not limited to, personal records, newspaper articles, notes and/or diaries regarding her employment with Defendant Hyatt and discussions relating thereto with officials of Defendant Hyatt, employment applications, records of wages, fringe benefits, performance evaluations, employee handbooks, policy manuals, disciplinary rules, job assignments, notifications of wage increase, disciplinary actions taken against Plaintiff, notifications of transfer, correspondence and memoranda, notes to and from Plaintiff and documents regarding any matter relating to Plaintiff's claims in this case.

**RESPONSE:**

27.     Any documents which refer or relate to, or evidence, Plaintiff's notes or descriptions of events which occurred during the period in which Plaintiff was employed with Defendant Hyatt, whether in a journal, notebook, diary or otherwise.

**RESPONSE:**

28.    Any documents which refer or relate to, or evidence, Plaintiff's attempt to obtain full-time employment subsequent to her employment with Defendant Hyatt, including but not limited to, copies of employment applications, resumes, correspondence, notes, memoranda and other documents to and from potential employers and employment agencies.

**RESPONSE:**

29.    Any documents which refer or relate to, or evidence, Plaintiff's full-time or part-time employment subsequent to her employment with Defendant Hyatt, including but not limited to documents relating to her job title, self-employment, job status, rate of pay, change in job titles, status or rate of pay, descriptions of jobs held, work performed, employee handbooks and benefit statements of each such employer.

**RESPONSE:**

30.    Any documents which refer or relate to, or evidence, Plaintiff's resignation, retirement, layoff or termination from any employer subsequent to her employment with Defendant Hyatt.

**RESPONSE:**

31.    Any documents, including but not limited to Plaintiff's federal income tax forms, W-2 forms and payroll check stubs, which refer or relate to, or evidence, the amount or source of income received by Plaintiff or accruing to Plaintiff from the date she severed her employ with Defendant Hyatt.

**RESPONSE:**

32.    Any documents which may be described or characterized as an affidavit, report, or statement of any person on matters pertaining to the pending action.

**RESPONSE:**

33.    Any documents which refer or relate to, or evidence, any of the allegations of the Complaint, including but not limited to those documents Plaintiff intends to introduce into evidence or use in any manner during the course of this litigation, including trial.

**RESPONSE:**

34.    Any documents which refer or relate to, or evidence, the damages, other monetary relief or any affirmative relief which Plaintiff is seeking this action.

**RESPONSE:**

35.    Any documents which Plaintiff reviewed or relied upon in developing responses to Defendants' First Set of Interrogatories to Plaintiff.

**RESPONSE:**

36.    Any documents identified by Plaintiff in response to Defendants' First Set of Interrogatories to Plaintiff.

**RESPONSE:**

37.    Any documents Plaintiff, or any representative of Plaintiff provided to the Equal Employment Opportunity Commission, any related state agency or any other governmental office, agency or commission, relating to Plaintiff's claims in this action.

**RESPONSE:**

38.    Copies of Plaintiff's federal income tax returns for the previous five (5) years.

**RESPONSE:**

39.    Any documents which refer or relate to, or evidence, any medical treatment or care received by Plaintiff, including psychiatric or psychological treatment or counseling, as a result of the incidents which are the subject of this litigation.

**RESPONSE:**

40. Any documents which refer or relate to, or evidence, any medical treatment or care received by Plaintiff, including psychiatric or psychological treatment or counseling, at any time during the last ten (10) years.

**RESPONSE:**

41. Any written reports prepared by any person who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence.

**RESPONSE:**

DATED this 19th day of February, 2002.

Respectfully submitted,

By: _Theresa Gallion By_
(By Jeffrey J. Harmon per tel. auth.)
Theresa M. Gallion*
Florida Bar No. 726801
Natalie J. Storch*
Florida Bar No. 0269920

FISHER & PHILLIPS LLP
1250 Lincoln Plaza
300 South Orange Avenue
Orlando, Florida 32801
Telephone:    (407) 541-0888
Facsimile:    (407) 541-0887
TGallion@LaborLawyers.com
NStorch@LaborLawyers.com

Jeffrey J. Harmon
Ohio Bar No. 0032848
CORS & BASSETT
1881 Dixie Highway, Suite 350
Ft. Wright, Kentucky 41011
Telephone:    859-331-6440
Facsimile:    859-331-5337

ATTORNEYS FOR DEFENDANT
HYATT CORPORATION

*Admitted pro hac vice

20

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendants' First Request for Production of Documents to Plaintiff has been furnished by U.S. Mail, postage prepaid, to: Stanley M. Chesley and Robert A. Steinberg, Waite, Schneider, Bayless, & Chesley Co., L.P.A., 1513 Central Trust Tower, Cincinnati, Ohio, 45202 this 19th day of February, 2002.

Jeff Harmon

1                   UNITED STATES DISTRICT COURT

2                   SOUTHERN DISTRICT OF OHIO

3                       WESTERN DIVISION

4                  EASTERN DISTRICT OF KENTUCKY

5

6    --------------------------------------
                                           :
7    BARBARA LODER HILDEBRANDT,            :
                                           :
8            Plaintiff,                    :
                                           :
9        vs.                               :      CASE NO.
                                           :    C-1-02-003
10   HYATT HOTELS CORPORATION, et al,      :
                                           :
11           Defendants.                   :
                                           :
12   --------------------------------------

13

14

                 DEPOSITION OF:      BARBARA LODER HILDEBRANDT
15                                      Vol. II

16               TAKEN:             By the Defendants
                                    Pursuant to Agreement
17

                 DATE:              December 18, 2003
18

                 TIME:              Commencing at 8:30 a.m.
19

                 PLACE:             Waite, Schneider, Bayless &
20                                   Chesley
                                    1513 Central Trust Tower
21                                  Cincinnati, Ohio  45202

22               BEFORE:            Nancy A. Burns
                                    Notary Public - State of Ohio
23

24                                            ORIGINAL

25

Ace Reporting Services  (513) 241-3200
30 Garfield Place, Suite 620   Cincinnati, Ohio  45202



EXHIBIT

B

```
 1   APPEARANCES:

 2          On behalf of the plaintiff:

 3                  Robert A. Steinberg, Esq.
                        of
 4                  Waite, Schneider, Bayless & Chesley
                    1513 Central Trust Tower
 5                  Cincinnati, Ohio  45202

 6          On behalf of the defendants:

 7                  Theresa M. Gallion, Esq.
                        of
 8                  Fisher & Phillips
                    1250 Lincoln Plaza
 9                  300 South Orange Avenue
                    Orlando, Florida 32801

10

11                          -  -  -

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

BARBARA HILDEBRANDT

1

2  of lawful age, a plaintiff herein, being first duly sworn as

3  hereinafter certified, was examined and deposed as follows:

4                          CROSS-EXAMINATION

5  BY MS. GALLION:

6          Q.    Good morning, Miss Hildebrandt. How are you?

7          A.    I'm great. How are you?

8          Q.    Happy holidays.

9          A.    Same to you.

10         Q.    Thank you.  We are really here for these

11 purposes, and I appreciate Mr. Steinberg setting this up

12 really as a follow-up on certain damages items that pertain

13 to your lawsuit, and all I really intend to do this morning

14 is just to get an update on your personal status and your

15 employment status and the status of your damages and so

16 we're going to try to be very brief.  May I start by just

17 simply asking about your current employment?  Can you tell

18 me where you're currently employed?

19         A.    I'm currently employed by the Cincinnati

20 Horticultural Society in the office at 3731 Eastern Hills

21 Lane, Cincinnati.

22         Q.    Could you give me that one more time?  3731 --

23         A.    3731 Eastern Hills Lane, and that's Cincinnati,

24 Ohio 45209.

25         Q.    What is your current title?

## Abrahams, Nadine

**From:** Gallion, Theresa
**Sent:** Tuesday, July 13, 2004 9:23 AM
**To:** Abrahams, Nadine
**Subject:** FW: Witnesses

can you open now
-----Original Message-----
**From:** Robert A. Steinberg [mailto:bobsteinberg@wsbclaw.com]
**Sent:** Tuesday, July 13, 2004 10:15 AM
**To:** Gallion, Theresa
**Subject:** RE: Witnesses

Dear Theresa:

Kent Freil may be a rebuttal witness. He is not a witness in our case-in-chief. As a courtesy, we disclosed him because we are now aware of him. There may be other rebuttal witnesses, depending on what defenses you raise.

Attached is our revised Front Pay instruction.

Bob

Robert A. Steinberg
Waite, Schneider, Bayless & Chesley Co., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH 45202
bobsteinberg@wsbclaw.com

513-621-0267

> PRIVILEGED AND CONFIDENTIAL
> The information contained in this email message is legally privileged and confidential information which is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or reproduction of this message is strictly prohibited. If you have received this message in error, please immediately notify us by telephone or email and permanently delete the message from your computer. We apologize for any inconvenience. Thank you.

>

-----Original Message-----
**From:** Gallion, Theresa [mailto:tgallion@laborlawyers.com]
**Sent:** Monday, July 12, 2004 1:56 PM
**To:** Robert A. Steinberg
**Cc:** Abrahams, Nadine
**Subject:** RE: Witnesses

Hi Bob



7/26/2004

We will have our portions of the PTO to you tomorrow. Thanks for following up.

With respect to Kent Freil, has he ever been disclosed? I do not see him in any discovery answers or elsewhere, or perhaps I missed him. The Judge's order of March 29, 2003 says "[n]o witness may be included on a witness list if not identified in connection with initial disclosures...or in response to a discovery request seeking the identity of persons with knowledge..." Certainly, I have no objection to Mr.. Freil if this standard was met.

Along these same lines, I reviewed all of our discovery responses over the weekend and I have concluded Linda Olson Cellino was not identified consistent with the above standard. Therefore, we will not be calling her.
Thanks

-----Original Message-----
**From:** Robert A. Steinberg [mailto:bobsteinberg@wsbclaw.com]
**Sent:** Monday, July 12, 2004 10:15 AM
**To:** Abrahams, Nadine; Storch, Natalie; Gallion, Theresa
**Cc:** John S. Marshall Esq. (E-mail); Michael J. O'Hara Esq (E-mail 2); Michael J. O'Hara Esq (E-mail)
**Subject:** Witnesses

Dear Theresa:

I know the names of witnesses we exchanged on Friday was not a final list, but our best effort to advise each other of our witnesses. One name I forgot to give you was Kent Freil, an acquaintance of Mrs. Hildebrandt's who helped her with her job search.

I thought you indicated you had completed your part of the FPT Order and were sending it to me. I have not yet received it. In any event, I will have our draft to you by Wednesday.

Bob

Robert A. Steinberg
Waite, Schneider, Bayless & Chesley Co., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH 45202
bobsteinberg@wsbclaw.com

513-621-0267

> PRIVILEGED AND CONFIDENTIAL
> The information contained in this email message is legally privileged and confidential information which is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or reproduction of this message is strictly prohibited. If you have received this message in error, please immediately notify us by telephone or email and permanently delete the message from your computer. We apologize for any inconvenience. Thank you.

7/26/2004