UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BARBARA LODER HILDEBRANDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. C-1-02 0003 |
| ) | |
| HYATT CORPORATION, et al., ) | Judge Sandra Beckwith |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING CLAIMS DISMISSED IN THIS COURT'S RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants HYATT CORPORATION ("Hyatt"), TY HELMS ("Helms"), and JACK HORNE ("Horne"), by and through their undersigned counsel, and pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence, specifically Fed. R. Evid. 401, 402, and 403, move this Court for entry of an order prohibiting Plaintiff, her counsel and her witnesses from introducing, eliciting evidence of, or referring at any time to issues already dismissed by this Court or determined by this Court to be irrelevant to whether Plaintiff was subjected to age discrimination. On June 28, 2004, this Court granted in part and denied in part Defendants' Motion for Summary Judgment. Specifically, the Court dismissed all remaining gender discrimination claims, claims relating to a violation of public policy and claims relating to failure to promote. The Court also dismissed Brian Booth as a Defendant. In support of their Motion, Defendants state as follows:

**LEGAL STANDARD**

Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Relevant evidence is evidence having a tendency to make the existence of any fact that is of consequence to the

determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Even where the evidence may be said to be relevant, the evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. Fed. R. Evid. 403.

## ARGUMENT

### A.  Evidence Related to Promotions or Failure to Promote Should be Barred.

Plaintiff should be barred from introducing, eliciting evidence of, or referring at any time to: (a) the circumstances surrounding promotion opportunities purportedly denied to Plaintiff and granted to other Hyatt employees, including but not limited to the positions of Assistant Vice President for International Sales, Assistant Director of Sales, and Director of Sales for the Central National Sales Office; (b) Plaintiff's attempt to pursue or interest in, various promotional opportunities; (c) the denial of any promotions sought by or received by any Hyatt employees; (d) the selection process or reasons for selection of any employees for promotion; (e) alleged pre-positioning or pre-selection of male employees for advancement or promotion; (f) Hyatt's purported failure to list or post job openings or promotional opportunities; (g) Hyatt's purported failure to discuss certain promotional opportunities with Plaintiff or other employees; (h) Hyatt's purported abandonment of a formal application process for certain positions; and (i) the circumstances involved in the promotions granted to any Hyatt employees such as Molly Crompton, Barbara Hale or Brian Booth.

Plaintiff's claims that she was denied various promotions due to her gender and age were dismissed by this Court. See June 28, 2004 Order at pp. 28-32. Therefore, Plaintiff should not be permitted to introduce evidence regarding collateral issues already dismissed by this Court.

To permit Plaintiff to re-litigate issues already dismissed by this Court is unfairly prejudicial to Defendants and would greatly prolong the length of the trial and confuse the issues.

Likewise, allowing the introduction of evidence related to promotions granted or denied to other Hyatt employees or Hyatt's promotional policies, would result in mini-trials regarding irrelevant collateral issues. If such evidence is permitted, Defendants would need to introduce collateral testimony related to the skills and qualifications of the individuals promoted as well as Hyatt's rationale behind the promotional decisions. Mini-trials of this type would have no probative value to the issue of whether the elimination of Plaintiff's position was age-based and instead is unfairly prejudicial to Defendants and confusing for the jury. Fed. R. Evid. 403.

**B.   Evidence Related to An Alleged Violation of Public Policy Should be Barred.**

In the June 28, 2004 Order, the Court dismissed Plaintiff's state law breach of public policy claims with prejudice. See June 28, 2004 Order at p. 19. Accordingly, Plaintiff should be barred from making any reference to an alleged violation of public policy or to imply that Defendants' actions violated public policy.

**C.   Evidence Related to Plaintiff's Performance, Skills, Quotas, and Booth's Evaluation of Plaintiff Should be Barred.**

Plaintiff's performance or skills have no arguable bearing on whether she was discriminated against based on her age. This Court has held that the elimination of Plaintiff's position was not based on her performance. See June 28, 2004 Order at p. 16. The Court also noted that even if Plaintiff was given unreasonable sales quotas or was rated too low on her mid-year review, such actions are irrelevant because they did not result in any tangible adverse employment action. Id. at pp. 15-16. In fact, Horne testified that Plaintiff's performance, productivity or skills did not play a role in the decision to eliminate Plaintiff's position. See June 28, 2004 Order at p. 25. Moreover, the parties have already agreed as an uncontroverted fact,

that "Plaintiff routinely received a rating of 'exceed expectations' on her yearly evaluation." See Final Pretrial Statement at p. 2.

Accordingly, any evidence related to the following should be barred: (a) Plaintiff's performance, performance reviews, skills, evaluations or commendations; and (b) Plaintiff's productivity, sales quotas or the process for setting sales quotas. Because such evidence is not even arguably relevant to whether Plaintiff was subject to age discrimination and is unfairly prejudicial, likely to mislead the jury, will unnecessarily prolong the trial and confuse the issues, it should be barred. Fed. R. Evid. 401, 402 and 403. If Plaintiff is permitted to introduce evidence regarding her sales quotas, performance, productivity or skills, Defendants would be forced to introduce similar evidence regarding the sales quotas, performance, productivity and skills of a multitude of other employees whose positions were not eliminated resulting in several collateral mini-trials.

### D.    Evidence Related to Brian Booth Should be Barred.

In its Order granting in part and denying in part Defendants' Motion for Summary Judgment, this Court dismissed Brian Booth with prejudice as a defendant in this action. See June 28, 2004 Order at p. 17. The Court held that "the record demonstrates without contradiction that Defendant Booth played no decisionmaking role in any of the alleged adverse employment actions of which Plaintiff claims." Id. at p. 15. The Court concluded that "Plaintiff has failed to adduce any evidence which shows that Booth treated her in any actionable discriminatory manner." Id. at p. 17. Accordingly, because the Court has found that Booth played no role in the reduction in force, the only employment action at issue in this case, Plaintiff should not be permitted to call Booth as a witness, introduce any portions of his deposition testimony or present any evidence related to Booth as discussed below.

Defendants anticipate that Plaintiff's counsel will attempt to introduce evidence regarding the circumstances surrounding Booth's promotion to the position of Director of Sales and Marketing in the Central Region in December 2000, including the fact that Mr. Booth replaced Bruce Small.[1] Such evidence should be barred on the grounds that it is collateral to the determination of whether Plaintiff was discriminated against based on her age, is unfairly prejudicial to Defendants, misleading and would confuse the jury. Fed. R. Evid. 403. Plaintiff is not claiming that she was entitled to or should have been given the position of Director of Sales and Marketing in the Central Region. In fact, any claims related to failure to promote were dismissed by this Court in its June 28, 2004 Order. Additionally, if Plaintiff is permitted to introduce such evidence, it would result in a mini-trial on the issue of the propriety of and reasons for the promotion of Booth into the position previously held by Mr. Small.

**WHEREFORE**, Defendants respectfully request that this Motion in Limine be granted in its entirety, and that Plaintiff should be barred from introducing, eliciting evidence of, or referring at any time to: (a) the circumstances surrounding promotion opportunities purportedly denied to Plaintiff and granted to other Hyatt employees, including but not limited to the positions of Assistant Vice President for International Sales, Assistant Director of Sales, and Director of Sales for the Central National Sales Office; (b) Plaintiff's attempt to pursue or interest in, various promotional opportunities; (c) the denial of any promotions sought by or received by any Hyatt employees; (d) the selection process or reasons for selection of any

---

[1] The parties have already stipulated that they will not introduce any evidence related to: (a) Booth's qualifications for the position of Director of Sales and Marketing in the Central Region; (b) Booth's negative performance evaluations or reviews, reprimands, discipline, or self-assessments, including but not limited to the February 13, 1999 memorandum regarding interpersonal skills and the January 6, 2000 memorandum regarding inappropriate behavior; (c) Booth's alleged inquiry to Plaintiff regarding whether she planned on "staying home and enjoying marriage;" (d) Booth's alleged reputation for high turnover of his sales force or his poor

employees for promotion; (e) alleged pre-positioning or pre-selection of male employees for advancement or promotion; (f) Hyatt's purported failure to list or post job openings or promotional opportunities; (g) Hyatt's purported failure to discuss certain promotional opportunities with Plaintiff or other employees; (h) Hyatt's purported abandonment of a formal application process for certain positions; (i) the circumstances involved in the promotions granted to any Hyatt employees such as Molly Crompton, Barbara Hale or Brian Booth; (j) an alleged violation of public policy or to imply that Defendants' actions violated public policy; (k) her performance, performance reviews, skills, evaluations or commendations; (l) her productivity, sales quotas or the process for setting sales quotas; (m) adducing any testimony or evidence related to former defendant Brian Booth; (n) calling Brian Booth as a witness in this case or introducing into evidence any portions of Brian Booth's deposition testimony; and (o) introducing evidence regarding the circumstances surrounding Booth's promotion to the position of Director of Sales and Marketing in the Central Region in December 2000, including the fact that Mr. Booth replaced Bruce Small.

---

reputation for management; and (e) Booth's alleged inquiry of Plaintiff whether people in Chicago or somewhere else could handle her accounts.

Dated: July 30, 2004

                        Respectfully submitted,
                        FISHER & PHILLIPS LLP
                        1250 Lincoln Plaza
                        300 South Orange Avenue
                        Orlando, Florida 32801
                        Telephone:   (407) 541-0888
                        Facsimile:    (407) 541-0887

By:    s/ Theresa M. Gallion
        s/ Jeffrey J. Harmon per telephone
        authorization of 7/30/04
        Theresa M. Gallion, Esq.
        Florida Bar No. 726801
        TGallion@LaborLawyers.com
        Nadine C. Abrahams
        Illinois Bar No. 06208382
        NAbrahams@LaborLawyers.com


        s/ Jeffrey J. Harmon
        Jeffrey J. Harmon
        Ohio Bar No. 0032848
        CORS & BASSETT
        1881 Dixie Highway, Suite 350
        Ft. Wright, Kentucky 41011
        Telephone:   859-331-6440
        Facsimile:    859-331-5337

        ATTORNEYS FOR DEFENDANT
        HYATT CORPORATION

<u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY that on July 30, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Stanley M. Chesley, Esq. and Robert Steinberg, Esq., Waite, Schneider, Bayless, & Chesley Co., L.P.A., 1513 Central Trust Tower, Cincinnati, Ohio, 45202, Michael J. O'Hara, Esq., O'Hara, Ruberg, Taylor, Sloan & Sergent, 209 Thomas More Park, Suite C, P.O. Box 17411, Covington, Kentucky 41017-0411.

                                          <u>s/Jeffrey J. Harmon</u>
                                          Jeffrey J. Harmon

247165.1