UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BARBARA LODER HILDEBRANDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. C-1-02 0003 |
| ) | |
| HYATT CORPORATION, et al., ) | Judge Sandra Beckwith |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION IN LIMINE REGARDING PLAINTIFF CASHING IN HER SAVINGS PLAN AND REFERENCES TO PLAINTIFF'S HUSBAND AS A JUDGE**

Defendants HYATT CORPORATION ("Hyatt"), TY HELMS ("Helms"), and JACK HORNE ("Horne"), by and through their undersigned counsel, and pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence, specifically Fed. R. Evid. 401, 402, and 403, move this Court for entry of an order prohibiting Plaintiff, her counsel and her witnesses from 1) introducing, eliciting evidence of, or referring at any time to the fact that Plaintiff had to pay federally mandated taxes when she cashed out Hyatt's matching savings plan at the time of her termination; and 2) referring to Plaintiff's husband Lee Hildebrandt as Judge Hildebrandt, "your Honor," or any other similar terms. In support of their Motion, Defendants state as follows:

**LEGAL STANDARD**

Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Relevant evidence is evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Even where the evidence may be said to be relevant, the evidence may be

excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. Fed. R. Evid. 403.

### A. Plaintiff Should be Barred from Testifying Regarding the Tax Ramifications of Cashing Out Her Savings Plan.

Defendants expect that Plaintiff will testify that when her position was eliminated she cashed in her Matched Savings Plan at a time when the stock market was at its lowest and paid thousands of dollars in taxes on the proceeds. See Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment at p. 27. Such testimony is highly speculative and is unfairly prejudicial. Fed. R. Evid. 403. Even if Plaintiff had not been terminated, she would have been required to cash-out her savings plan at some point in the future and the relative worth of the plan and the tax consequences at that time are impossible to predict. 26 U.S.C. § 402(a) (providing that amounts distributed from, among other things, 401(k) plans, are taxable to the distributee in the taxable year in which distributed). In fact, the savings plan could be worth more at this time than at some undefined point in the future. Therefore, any speculative testimony regarding the tax consequences of Plaintiff cashing-out her savings plan should be barred as having no probative value and being unfairly prejudicial.

### B. All References to Lee Hildebrandt as "Judge" or "Your Honor" Should be Barred.

The fact that Plaintiff's husband is a judge has no relevance in this case. Defendants expect that Plaintiff's counsel will refer to Plaintiff's husband as "Judge" Hildebrandt, "your honor," or by other similar terminology. Any reference to Lee Hildebrandt as "Judge" or similar terminology is unfairly prejudicial to Defendants and creates the impression that his testimony should be given greater weight or is more credible than that of other "lay" witnesses. If called at trial, Mr. Hildebrandt would be presumably testifying regarding his wife's attempts to locate

subsequent employment after the elimination of her position and the effect her termination had on her. He would not be testifying in his capacity as a judicial officer and any impression that he is doing so or that his testimony is beyond reproach is misleading and unfairly prejudicial. Fed. R. Evid. 403. Accordingly, Defendants request that all parties be barred from referring to Mr. Hildebrandt by his judicial title.

**WHEREFORE**, Defendants respectfully request that this Motion in Limine be granted in its entirety, and that the parties be: 1) barred from referring to Plaintiff's husband as "Judge" Hildebrandt, "your honor," or by other similar terminology; and 2) barred from mentioning or alluding to the fact that Plaintiff paid mandated taxes when she cashed out her Hyatt matching savings plan.

Dated: July 30, 2004

        Respectfully submitted,
FISHER & PHILLIPS LLP
1250 Lincoln Plaza
300 South Orange Avenue
Orlando, Florida 32801
Telephone:   (407) 541-0888
Facsimile:   (407) 541-0887

By:   s/ Theresa M. Gallion
s/ Jeffrey J. Harmon per telephone authorization on 7/30/04
Theresa M. Gallion, Esq.
Florida Bar No. 726801
TGallion@LaborLawyers.com
Nadine C. Abrahams
Illinois Bar No. 06208382
NAbrahams@LaborLawyers.com


s/ Jeffrey J. Harmon
Jeffrey J. Harmon
Ohio Bar No. 0032848
CORS & BASSETT
1881 Dixie Highway, Suite 350
Ft. Wright, Kentucky 41011
Telephone:   859-331-6440
Facsimile:   859-331-5337

ATTORNEYS FOR DEFENDANT
HYATT CORPORATION

Chicago 47655.1      4

<u>CERTIFICATE OF SERVICE</u>

    I HEREBY CERTIFY that on July 30, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Stanley M. Chesley, Esq. and Robert Steinberg, Esq., Waite, Schneider, Bayless, & Chesley Co., L.P.A., 1513 Central Trust Tower, Cincinnati, Ohio, 45202, Michael J. O'Hara, Esq., O'Hara, Ruberg, Taylor, Sloan & Sergent, 209 Thomas More Park, Suite C, P.O. Box 17411, Covington, Kentucky 41017-0411.

                    <u>s/Jeffrey J. Harmon</u>
                    Jeffrey J. Harmon

247171.1