IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


Barbara Hildebrandt,            :

      Plaintiff,            : Case No. C-1-02-0003

      vs.            :

Hyatt Corporation, <u>et al.</u>,            :

      Defendants            :


THE PARTIES' AGREED INSTRUCTIONS TO THE JURY

## TABLE OF CONTENTS

Duty to Follow Instructions ............................. 1

Function of the Jury .................................... 3

Equal Standing of Parties ............................... 4

Burden of Proof ......................................... 5

Credibility of Witnesses ................................ 7

Number of Witnesses and Exhibits ........................ 9

Expert Witnesses ....................................... 10

Damages ................................................ 11

Failure to Mitigate Damages ............................ 13

Court's View of the Case ............................... 14

Jury Deliberations ..................................... 15

Verdict: the Exclusive Responsibility of the Jury ....... 17

Verdicts Must be Unanimous ............................. 18

Foreperson ............................................. 19

Items to go to Jury Room ............................... 20

Verdict Forms .......................................... 21

Procedure When Verdict Reached ......................... 22

<u>Duty to Follow Instructions</u>

Now that you have heard the evidence and the arguments of counsel, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the Court and to apply these rules of law to the facts as you find them from the evidence in the case.

The following instructions of law will be provided to you in written form for your use during your deliberations. Therefore you need not try to commit these instructions to memory or be concerned about taking notes.

Your deliberations are to be controlled by these final instructions of law. When you go to the jury room to begin your deliberations, you should leave the preliminary instructions, which I gave to you at the beginning of the trial, on your chairs. Only these final instructions should accompany you to the jury room.

Counsel have referred to some of the governing rules of law in their arguments.  If, however, any difference appears to you between the law as stated by counsel and the law as stated by the Court in these instructions, you are, of course, to be governed by these instructions.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by the Court.  Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in this case.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all jurors and to arrive at verdicts by applying the same rules of law as given in the instructions of the Court.

2

<u>Function of the Jury</u>

Your function as jurors will be to determine the issues
of fact in this case.  Perform your duty without bias or
prejudice and regardless of sympathy or public opinion.  The
Plaintiff, the Defendants, and the community you represent are
entitled to a careful and impartial consideration of all the
evidence, adherence to the law as explained to you in these
instructions, and just verdicts regardless of the consequences.

## Equal Standing of Parties

You should consider and decide this case as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A corporation is entitled to the same fair trial as an individual. All persons, including entities such as the Hyatt Corporation, stand equal before the law and are dealt with as equals in a court of justice.

4

## Burden of Proof

I will first instruct you about the burden of proof in this case.  In a civil case, the party bearing the burden of proof on a claim must establish her claim by a preponderance of the evidence in the case.  If the party bearing the burden of proof fails to establish her claim by a preponderance of the evidence, the jury must find for the opposing party as to that claim.  In this case the Plaintiff has the burden of proof in establishing her claim by a preponderance of the evidence.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposing it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true.  To put it differently, if you were to place Plaintiff's and Defendants' evidence on opposite sides of a scale, Plaintiff would have to make the scale tip somewhat on her side in order to prevail.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury

5

may, unless instructed otherwise, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. The jury, however, shall not consider as evidence the statements and arguments made by counsel in presenting this case.

If the weight of the evidence is equally balanced, or if you are unable to determine which side of an issue has the preponderance, the party who has the burden of proof has not established such issue by a preponderance of the evidence.

<u>Credibility of Witnesses</u>

Although you must consider all of the evidence, you are not required to accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony.  In weighing the testimony of a witness, you should consider the witness' relationship to any party in this action; the witness' interest, if any, in the outcome of the case; the witness' manner of testifying; the witness' opportunity to observe or acquire knowledge concerning the facts about which he or she testified; the witness' candor, fairness and intelligence; and the extent to which his or her testimony has been supported or contradicted by other evidence that you believe.  You may, in short, accept or reject the testimony of any witness in whole or in part.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.  If you believe that any witness has been so

7

discredited, then it is your exclusive province to give the testimony of that witness such credibility or weight as you think it deserves.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to discredit that testimony.  In considering the effect of a discrepancy, do not be misled by unimportant detail, but do consider all discrepancies that relate to matters of importance.  Consider also whether a discrepancy resulted from an innocent error or an intentional falsehood.

In your daily life, you are constantly determining who is worthy of belief and who is not.  Employ the same tests in determining the weight and credibility, if any, you will assign to the testimony of each witness.

<u>Number of Witnesses and Exhibits</u>

In resolving disputed issues of fact, you should not permit your decision concerning any particular question to be determined merely by the number, or quantity, of witnesses or exhibits that one side or the other has introduced into evidence. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witnesses and which evidence you find sufficiently believable and trustworthy.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Expert Witnesses

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists for expert witnesses.  An expert witness is a person who, by education and experience, has become expert in some art, science, profession, or calling.  Expert witnesses may state their opinions as to matters in which they profess to be expert and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case and give it such weight as you think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

10

Damages

In the event that you find that Plaintiff has proved
her claim by a preponderance of the evidence, you must determine
whether Plaintiff has sustained damages as a result of the
Defendants' actions in violation of the ADEA and/or the Ohio
Civil Rights Act.  The mere fact that I am giving you
instructions on the law of damages does not in any way suggest or
imply that the Court believes that any damages should be awarded
in this case.  Whether the Plaintiff should recover damages, and
the amount of the award, if any, is solely for the jury to
decide.

Damages must be reasonable.  If you find for Plaintiff,
you may award only such damages as will reasonably compensate her
for such injury and damages as you find, by a preponderance of
the evidence in the case, that she has sustained as a result of
the Defendants' conduct in violation of the ADEA and/or the Ohio
Civil Rights Act.  You are not permitted to award speculative
damages.  Instead, the Plaintiff has the burden of proving, by a
preponderance of the evidence, not only that she suffered
damages, but what those damages are.

11

A finding that the Defendants violated the ADEA and/or the OCRA does not necessarily mean that Plaintiff is entitled to recover damages.  A Plaintiff may establish liability but be unable to prove that she has been damaged.

## Failure to Mitigate Damages

Plaintiff has the duty to use reasonable diligence to find comparable employment.  If Defendants prove by the preponderance of the evidence that the Plaintiff failed to use reasonable diligence to find employment and that comparable employment was available to the Plaintiff, then you must subtract the amount of pay that the Plaintiff should have earned from any award of back pay or front pay.  Comparable employment need not be identical in responsibility or compensation but must be a type of work that a reasonable person would take if in the position of the Plaintiff.  Failure to mitigate damages is an affirmative defense which Defendants have the burden of proving by a preponderance of the evidence.

## Court's View of the Case

The fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to the merits of any party's case.  Instructions as to the measure of damages are given for your guidance in the event you should find in favor of a Plaintiff from a preponderance of the evidence in the case in accordance with my other instructions.

14

<u>Jury Deliberations</u>

It is your duty, as jurors, to confer with one another, and to deliberate with a view to reaching an agreement, if you can do so without sacrificing your individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous.

However, do not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember always that you are not partisans.  You are judges -- impartial judges of the facts.  Your sole interest is to ascertain the truth from the evidence in the case.  Do not take a firm position at the outset and then be too proud to change your position.

If it becomes necessary during your deliberations to communicate with the Court, you may send a written message

15

through the Courtroom Deputy to the Court, signed by your foreperson or by one of the other jurors. No member of the jury should ever attempt to communicate with the Court other than by a signed writing. The Court will not communicate with you other than in writing or in open court, on the record, with counsel present.

All court personnel are prohibited from talking to you about the merits of this case.

Should your deliberations extend to your usual hour of recess, 4:30 p.m., the Courtroom Deputy will inquire whether you wish to continue to deliberate to a later hour. The purpose of the inquiry is to facilitate the scheduling of Court personnel. Do not give the Courtroom Deputy any indication of how your vote stands or provide any information other than the hour to which you wish to deliberate.

The jury deliberation room is a non-smoking area. If any of you wishes to smoke during your deliberations, the jury must recess deliberations, and the juror who wishes to smoke must go to an area where smoking is permitted.

16

<u>Verdict: the Exclusive Responsibility of the Jury</u>

Nothing that the Court has said in these instructions and nothing in the verdict forms that have been prepared for your verdicts is intended to suggest or convey in any way the verdicts that the Court thinks you should return.  The verdicts are the exclusive duty and responsibility of the jury.

17

## Verdicts Must Be Unanimous

Your verdicts must represent the considered judgment of all jurors; in other words, they must be unanimous. In order to return a verdict for any of the Plaintiff or for the Defendants with respect to any claim or any award of damages, it is necessary that all jurors agree with that verdict and indicate their agreement by signing the appropriate verdict form.

<u>Foreperson</u>

When you arrive in the jury room, your first order of business will be the selection of a foreperson to preside over your deliberations.

The foreperson acts as the chairperson of the meeting. He or she must see to it that the issues are taken up as given to you; that everyone has a chance to speak to these matters; and that your deliberations proceed in an orderly way.

<u>Items to go to Jury Room</u>

All of the exhibits that have been admitted into evidence will go to the jury room with you, together with a copy of these instructions and the verdict forms, which I have discussed.

If you are unable to readily locate any particular exhibit, please have the foreperson notify the Courtroom Deputy of the exhibit in question, and the number of that exhibit will be given to you in order to facilitate your search for it.

20

<u>Verdict Forms</u>

You will be furnished with verdict forms that contain spaces to mark your verdicts.  The foreperson will complete the verdict form to indicate your verdict and the amount of damages, if any, to be awarded.  The remaining jurors will then sign the form to indicate their agreement with the verdict and award, if any.

## Procedure When Verdict Reached

When you have reached your verdicts and have filled out, signed and dated all of the verdict forms, the foreperson of the jury shall notify the Courtroom Deputy that the jury has reached its verdicts.

Never reveal to anyone exactly how the jury stands, numerically or otherwise, until it comes time for you to return to court with a complete verdict.

-END-

22