## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| **BARBARA LODER HILDEBRANDT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. C-1-02 0003** |
| | ) | |
| **HYATT CORPORATION, et al.,** | ) | **Judge Sandra Beckwith** |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' OBJECTION AND RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF BRUCE SMALL REGARDING HIS "STUDY" OF PLAINTIFF'S ACCOUNTS

Defendants HYATT CORPORATION ("Hyatt"), TY HELMS ("Helms") and JACK HORNE ("Horne"), by and through their undersigned counsel, provide the following objection and response to Plaintiff's Motion in Limine to Exclude the Testimony of Bruce Small Regarding his "Study" of Plaintiff's Accounts, and in support thereof state as follows:

### INTRODUCTION

Plaintiff is requesting that this Court bar Bruce Small from testifying "regarding his study of Plaintiff's accounts," on the grounds that such testimony is irrelevant to the issues in this case and because Hyatt's counsel prevented a complete examination of Mr. Small on this subject matter. Both grounds are meritless. As a preliminary matter, Plaintiff is mischaracterizing Mr. Small's testimony. Mr. Small testified that he requested that a search be conducted of Hyatt's database in Omaha to obtain a list of potential client prospects in Plaintiff's geographic area. He did not request that a study

be done of her accounts.   See e.g., Portions of Small's Deposition at p. 51 (attached hereto as Exhibit A).

It is true that Mr. Small was initially presented as a Rule 30(b)(6) witness but after that portion of his deposition was complete, Defendants' counsel commenced questioning Mr. Small, pursuant to a separate Notice of Deposition issued by Defendants, on issues related to his experience as Ms. Hildebrandt's supervisor from 1995-2000.   See Defendants' Notice of Deposition attached hereto as Exhibit B.   See also Exhibit A at p. 43.   At no point did Plaintiff's counsel object to the scope of the questions posed by counsel for Defendants.   After Defendants' counsel completed her questions, Plaintiff's counsel had ample opportunity to ask Mr. Small any follow-up questions.   See Exhibit A at p. 49.

Moreover, both Plaintiff and Defendants disclosed Mr. Small on their witness list filed on November 24, 2003. In Defendants' Witness List and Testimony Summary, Defendants disclosed Mr. Small as a potential witness to Plaintiff's claims.  Likewise, in Plaintiff's Witness List and Testimony Summary, Plaintiff identified Bruce Small as having knowledge regarding claims of Plaintiff and practices in the National Sales Force. For Plaintiff's counsel to somehow now suggest that he was unaware of the potential scope of Mr. Small's testimony is disingenuous.

### A.    Mr. Small's Testimony is Highly Relevant

Plaintiff argues that Mr. Small's testimony regarding Plaintiff's accounts is not relevant because he was not in the National Sales Force when Plaintiff was terminated. Although it is true that Mr. Small left the National Sales Force in the winter of 2000, he testified that when he left his position, he was still concerned about the viability of

Plaintiff's position and the potential for growth in her accounts. See Exhibit A at pp. 48-49. Any efforts by Mr. Small to assist Plaintiff in obtaining more viable national accounts in her account base are highly relevant to Horne's concerns regarding the adequacy and viability of Plaintiff's account base.

### B.    Plaintiff's Counsel was not Deprived of an Opportunity to Question Small.

Plaintiff's counsel argues that he was deprived of the opportunity to adequately depose Mr. Small. First, if Plaintiff's counsel had such a concern, he certainly did not follow-up by filing a Motion to Compel or bring such issues to the attention of the Court. He cannot now, more than two years later, ask the Court to impose the highly prejudicial and extreme sanction of limiting Mr. Small's testimony.

Second, Plaintiff was given an adequate opportunity to examine Mr. Small. Mr. Small stated that he did not have any records showing when he did the study of potential client prospects. He was then asked, the argumentative question, "Why not." Mr. Small was told that he did not need to answer why he did not have records showing when he did the study. See Exhibit A at pp. 52-53. Contrary to his assertion, Plaintiff's counsel then proceeded, without any objection by Defendants' counsel, to ask Mr. Small several questions regarding what happened to the documents in the study. See Id. at p. 53.

Based on the fact that Mr. Small was identified as a potential witness by both sides, that Plaintiff's counsel questioned him regarding the very testimony that is at issue here, and that Mr. Small did respond to questions regarding the "study," after being told that he did not need to answer an argumentative question, Defendants have the right to introduce evidence that Plaintiff was provided with client prospects by Mr. Small in an

attempt to expand upon her client base. In an attempt to resolve this Motion in Limine, Defendants are willing to agree not to introduce evidence that a formal "study" was done and would agree to limit the testimony on this point to the fact that client prospects in Plaintiff's geographic area were requested from Omaha and provided to Plaintiff.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that Plaintiff's Motion in Limine to Exclude the Testimony of Bruce Small Regarding his "Study" of Plaintiff's Accounts be denied.

Dated: August 2, 2004

                                        Respectfully submitted,
                                        FISHER & PHILLIPS LLP
                                        1250 Lincoln Plaza
                                        300 South Orange Avenue
                                        Orlando, Florida 32801
                                        Telephone:    (407) 541-0888
                                        Facsimile:    (407) 541-0887

                            By:         s/Theresa M. Gallion by
                                        s/Jeffrey J. Harmon per telephone
                                        authorization of 8/2/04
                                        Theresa M. Gallion, Esq.
                                        Florida Bar No. 726801
                                        TGallion@LaborLawyers.com
                                        Nadine C. Abrahams
                                        Illinois Bar No. 06208382
                                        NAbrahams@LaborLawyers.com


                                        s/Jeffrey J. Harmon
                                        Jeffrey J. Harmon
                                        Ohio Bar No. 0032848
                                        CORS & BASSETT
                                        1881 Dixie Highway, Suite 350
                                        Ft. Wright, Kentucky 41011
                                        Telephone:    859-331-6440
                                        Facsimile:    859-331-5337
                                        ATTORNEYS FOR DEFENDANT

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 2, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Stanley M. Chesley, Esq. and Robert Steinberg, Esq., Waite, Schneider, Bayless, & Chesley Co., L.P.A., 1513 Central Trust Tower, Cincinnati, Ohio, 45202, Michael J. O'Hara, Esq., O'Hara, Ruberg, Taylor, Sloan & Sergent, 209 Thomas More Park, Suite C, P.O. Box 17411, Covington, Kentucky 41017-0411.

s/Jeffrey J. Harmon<br>
Jeffrey J. Harmon

247280.1