# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**BARBARA LODER HILDEBRANDT**   )
)
    **Plaintiff,**   )
)   **Case No. C-1-02 0003**
**v.**   )
)   **Judge Sandra Beckwith**
**HYATT CORPORATION, et al.,**   )
)
    **Defendants.**   )

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Theresa M. Gallion, Esq.
Natalie J. Storch, Esq.
FISHER & PHILLIPS LLP
1250 Lincoln Plaza
300 South Orange Avenue
Orlando, Florida 32801
Telephone:   (407) 541-0888
Facsimile:   (407) 541-0887


Nadine C. Abrahams. Esq.
FISHER & PHILLIPS LLP
140 S. Dearborn, Suite 420
Chicago, IL 60603
Telephone:   (312) 346-8061
Facsimile:   (312) 346-3179

Jeffrey J. Harmon
CORS & BASSETT
1881 Dixie Highway, Suite 350
Ft. Wright, Kentucky  41011
Telephone:   859-331-6440
Facsimile:   859-331-5337

ATTORNEYS FOR DEFENDANTS

1

# TABLE OF CONTENTS

What is Evidence.................................................................................................. No. 1

The Claims in this Case........................................................................................ No. 2

Plaintiff's Prima Facie Case................................................................................. No. 3

Age Discrimination – Determining Factor........................................................... No. 3(A)

Employer Entitled To Make Business Judgments ............................................... No. 3(B)

Defendants' Legitimate Non-Discriminatory Reason.......................................... No. 4

No Obligation of Special Treatment for Older Employees.................................. No. 5

No Automatic Presumption.................................................................................. No. 6

Pretext ................................................................................................................. No. 7

Damages: Back Pay............................................................................................. No. 8

Damages: Front Pay ............................................................................................ No. 9

Damages: Compensatory Damages...................................................................... No. 10

Damages: No Award of Interest.......................................................................... No. 11

Punitive Damages................................................................................................ No. 12

Liquidated Damages............................................................................................ No. 13

Defendants' Requested Instruction No. 1

### What is Evidence

With some frequency, I have used the term "evidence." Evidence in a case consists of only the sworn testimony of the witnesses, the exhibits that have been received in evidence, and any stipulations of fact entered into by the parties.

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should not show prejudice against an attorney or his or her client because the attorney has made objections.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence.

When the Court has sustained an objection to a question addressed to a witness, you must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if he or she had been permitted to answer the question.

The opening statements of the parties that you heard before any evidence was presented are not to be considered as a part of the evidence. Any questions or statements to which I sustained an objection and any testimony I instructed you to disregard are not to be considered as evidence. The closing arguments of the parties are not evidence. Finally, anything you may have seen or heard outside this courtroom is not evidence and must not be considered by you as evidence.

You are to consider only the evidence in the case. You are permitted to draw, from the facts that you find have been proved by the evidence, such reasonable inferences as seem

justified in the light of your own experience. That is to say, from the facts that have been proved you may draw an inference based upon reason and common sense. You may draw more than one inference from the same facts or circumstances. You may not, however, base one inference solely and entirely upon another inference.

Testimony elicited on cross-examination of witnesses is evidence, as is testimony elicited on direct examination of witnesses.

There are two types of evidence you may properly consider in reaching a verdict. They are known as direct evidence and circumstantial evidence. Direct evidence is testimony by a witness as to what he or she saw or heard. In other words, when a witness testifies about what is known to the witness as personal knowledge by virtue of his or her own senses -- what he or she sees or hears -- that is called direct evidence.

Proof of a chain of circumstances pointing to the existence or non-existence of a fact is an example of circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining. Circumstantial evidence is of the same value as direct evidence.

As a general rule, the law does not distinguish between direct and circumstantial evidence. The law does require that before returning a verdict in favor of the Plaintiff, the jury must be satisfied from all the evidence in the case that the Plaintiff has proved her claim by a preponderance of the evidence.

Jury Instructions given by Judge Beckwith in <u>Applegate, et al., v. Aristech Chemical Corporation,</u> Case No. C-1-00-535 (modified).

Defendants' Requested Instruction No. 2

## The Claims in this Case

This is a civil case for money damages brought by the Plaintiff under the federal Age Discrimination in Employment Act ("the ADEA"), and the Ohio Civil Rights Act. In this case, Plaintiff claims that her employer, Hyatt Corporation, and Defendants Helms and Horne, discriminated against her on the basis of her age when her position was eliminated as part of a reduction-in-force. Defendants contend that Plaintiff's age played no part in its decision-making process with regard to the elimination of her position.

Jury Instructions given by Judge Beckwith in Applegate, et al., v. Aristech Chemical Corporation, Case No. C-1-00-535 (modified).

Defendants' Requested Instruction No. 3

### Plaintiff's Prima Facie Case

In order to establish a prima facie claim of age discrimination under both federal and state law, Plaintiff must prove each of the following four essential elements by a preponderance of the evidence:

1) that she was 40 years of age or older;

2) that her position was eliminated by Defendants;

3) that she was qualified for the position;

4) that there is additional evidence that Defendants singled out Plaintiff's position for elimination due to her age.

The mere fact that Plaintiff is 40 years of age or older and her position was eliminated is not sufficient, in and of itself, to establish Plaintiff's claim.

Remember that Plaintiff bears the burden of establishing a prima facie case of age discrimination. In this case, the parties agree that Plaintiff is over 40 years of age, that her position was eliminated and that she was qualified for the position. The parties dispute, however, whether there is additional evidence that Defendants singled out Plaintiff's position for elimination due to her age.

Barnes v. GenCorp, Inc. 896 F.2d 1457, 1465 (6th Cir.), *cert. denied*, 498 U.S. 878 (1990); 29 U.S.C. §623; O'Malley, Grening and Lee, Fed. Jury Prac. & Instr., §173.20 (5th Ed. 2001)(modified); Jury Instructions given by Judge Beckwith in Applegate, et al., v. Aristech Chemical Corporation, Case No. C-1-00-535 (modified).

Defendants' Requested Instruction No. 3(A) (Alternate)*


### Age Discrimination – Determining Factor

You are to determine whether Plaintiff has proved by a preponderance of the evidence that her age was a determining factor in Defendants' decision to eliminate her position. In other words, you are to determine whether Defendants would have taken the same action if Plaintiff had been younger than 40 and everything else had remained the same. If Defendants would have eliminated Plaintiff's position anyway regardless of her age, then you must decide in favor of the Defendants.

Please remember that the Plaintiff has the burden of proof at all times. Therefore, after all the evidence has been presented, in order for you to return a verdict in favor of Plaintiff, Plaintiff must have proved by a preponderance of the evidence that her age was a determining factor in the Defendants' decision to eliminate her position in order to prevail on her claims.

Please remember also that you may not return a verdict for Plaintiff because you believe that any of the Defendants acted harshly or unreasonably, or treated the Plaintiff unfairly. Rather, your task is to determine whether any Defendant was motivated by a desire to illegally discriminate against Plaintiff in eliminating her position. You may not return a verdict for Plaintiff unless you find such motivation existed.


Authority:

Eleventh Circuit Pattern Jury Instruction, Civil Cases, Instruction No. 1.4.1; 2 Ohio Jury Instructions, §266.03[1]; Gehring v. Case Corporation, 43 F.3d 340, 344 (7th Cir. 1994); Umpleby v. Potter & Brunfield, Inc., 69 F.3d 209, 213-14 (7th Cir. 1995); Spanier v. Morrison's Management Serv., Inc., 822 F.2d 975, 980 (11th Cir. 1987); Jury Instructions given by Judge

Beckwith in <u>Applegate, et al., v. Aristech Chemical Corporation,</u> Case No. C-1-00-535 (modified).

*Defendants tender proposed Instructions 3(A) and 3(B) as an alternative to the burden-shifting language contained in Defendants' proposed Instructions Nos. 3, 4 and 7.

Defendants' Requested Instruction No. 3(B) (Alternate)*

## Employer Entitled To Make Business Judgments

Your task is to determine whether Defendants discriminated against Plaintiff based upon her age. You may not substitute your judgment for Defendants' business judgment or decide this case based on what you would have done. You also may not base your decision on whether you approve or disapprove of Defendants' business judgment or think it unwise or unfair.

Authority:

Williams v. Williams Electronics, 856 F.2d 920, 924 (7th Cir. 1988); Dale v. Chicago Tribune Co., 797 F.2d 458, 464 (7th Cir. 1986), cert. denied, 107 S. Ct. 954 (1987); O'Malley, Grening and Lee, Fed. Jury Prac. & Instr., §173.66 (5th Ed. 2001)(modified); Jury Instructions given by Judge Beckwith in Applegate, et al., v. Aristech Chemical Corporation, Case No. C-1-00-535 (modified).

*Defendants tender proposed Instructions 3(A) and 3(B) as an alternative to the burden-shifting language contained in Defendants' proposed Instructions Nos. 3, 4 and 7.

Defendants' Requested Instruction No. 4

## Defendants' Legitimate Non-Discriminatory Reason

If you find that Plaintiff has established each of the essential elements of her claim of age discrimination, the burden shifts to the Defendants to articulate a legitimate, non-discriminatory reason for selecting Plaintiff's position for elimination. Because the burden of proof is always on Plaintiff, the Defendants need not prove their legitimate, non-discriminatory reason by a preponderance of the evidence. Rather, Defendants meet their burden as long as they state some reason, other than the Plaintiff's age, for eliminating Plaintiff's position.

Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment. An employer may make those employment decisions as it sees fit, as long as it is not unlawful.

Jury Instructions given by Judge Beckwith in <u>Applegate, et al., v. Aristech Chemical Corporation,</u> Case No. C-1-00-535 (modified).

Chicago 47679.1                    11

Defendants' Requested Instruction No. 5

No Obligation of Special Treatment for Older Employees

You are further instructed that there is nothing in the law that requires an employer to accord special treatment to older employees. The law does not require that advanced age and substantial length of service entitle employees to special favorable consideration. It requires merely that an employee may not be treated differently because of her age.

Authority:

Tice v. Lampert Yards, Inc., 761 F.2d 1210, 1217 (7th Cir. 1985); EEOC v. Sperry Corp., 852 F.2d 503, 509 (10th Cir. 1988); Williams v. General Motors Corp., 656 F.2d 120, 129 (5th Cir. 1981); cert. denied , 455 U.S. 943 (1982); Jackson v. Lyons Falls Pulp & Paper, Inc., 865 F. Supp. 87 (N.D.N.Y. 1994); Barry v. General Motors Corp., 838 F. Supp. 1479 (D. Kan. 1993); Reilly v. Friedman's Exp., Inc., 556 F. Supp. 618 (M.D.Pa. 1983); Barker v. Scovill, Inc., Schrader Bellows Div., 6 Ohio St. 3d 146, 451 N.E. 2d 807 (S. Ct. Ohio 1983).

Defendants' Requested Instruction No. 6

<u>No Automatic Presumption</u>

While the federal law prohibiting age discrimination is designed to protect the older worker from arbitrary action on account of age, it does not establish an automatic presumption that every action adverse to an employee over the age of 40 results in a violation of the law.

<u>Authority:</u>

<u>Laugeson v. The Anaconda Co.</u>, 510 F.2d 307 (6th Cir. 1975); <u>Locke v. Commercial Union Ins. Co.</u>, 676 F.2d 205 (6th Cir. 1982); <u>see also</u>, <u>Kephart v. Institute of Gas Technology</u>, 630 F. 2d 1217, 1222 (7th Cir. 1980).

Defendants' Requested Instruction No. 7

<u>Pretext</u>

If Defendants satisfy their burden of articulating a legitimate, non-discriminatory reason for eliminating Plaintiff's position, then Plaintiff must prove, by a preponderance of the evidence, that the reason articulated by the Defendants was not the true reason, but rather a pretext for discrimination on the basis of age. To prove that the reason articulated by the Defendants is a pretext, in other words a false or untrue reason, the Plaintiff must show by a preponderance of the evidence that one of the following is true:

> 1) that the articulated reason has no basis in fact;
>
> 2) that the articulated reason did not actually motivate the Defendants' decision to eliminate Plaintiff's position;
>
> 3) that the articulated reason was insufficient to motivate the Defendants to eliminate Plaintiff's position.

If the Plaintiff proves by a preponderance of the evidence that the articulated reason is a pretext, in other words false or not true, you may, but are not required to, infer that the Defendants discriminated against the Plaintiff. In other words, even if you believe that the reason proffered by the Defendants is not true, in order to return a verdict for the Plaintiff, you must still find that the real reason for the Defendants' decision was age discrimination.

In determining whether Defendants' stated reasons for its actions were a pretext for discrimination, you may not question Defendants' business judgment. Pretext is not established just because you disagree with Defendants' business judgment, unless you find that Defendants' reason was a pretext for discrimination.

Please remember that the Plaintiff has the burden of proof at all times. Therefore, after all the evidence has been presented, in order for you to return a verdict in favor of Plaintiff, Plaintiff must have proved by a preponderance of the evidence that her age was a determining factor in the Defendants' decision to eliminate her position in order to prevail on her claims.

Please remember, however, that you may not return a verdict for Plaintiff because you believe that any of the  Defendants acted harshly or unreasonably, or treated the Plaintiff unfairly. Rather, your task is to determine whether any Defendant was motivated by a desire to illegally discriminate against Plaintiff in eliminating her position. You may not return a verdict for Plaintiff unless you find such motivation existed.

Manzer v. Diamond Shamrock Chemicals Co., 29 F.3d 1078, 1084 (6th Cir. 1994); O'Malley, Grening and Lee, Fed. Jury Prac. and Instr., §173.66 (5th Ed. 2001)(modified); Jury Instructions given by Judge Beckwith in Applegate, et al., v. Aristech Chemical Corporation, Case No. C-1-00-535 (modified).

Defendants' Requested Instruction No. 8

<u>Damages:</u>    <u>Back Pay</u>

If you find that the Defendants unlawfully discriminated against Plaintiff on the basis of her age, then you may award the Plaintiff back pay.  That is,  you are to award Plaintiff an amount equal to the wages and benefits that Plaintiff would have received from Hyatt had her position not been eliminated up until the present.

You should deduct from this sum whatever wages and benefits Plaintiff has obtained from other employment during this period along with any additional compensation that Plaintiff should have earned in the exercise of reasonable diligence, in accordance with the Court's instruction on failure to mitigate damages.

Remember, however, that the Plaintiff bears the burden of proving the appropriate measure of damages by a preponderance of the evidence, and that damages cannot be based on speculation.  Finally, the damages must be reasonable and must be based on the evidence presented at trial.

O'Malley, Grening and Lee, Fed. Jur. Prac. & Instr., §173.70 (5th Ed. 2001)(modified); Jury Instructions given by Judge Beckwith in <u>Applegate, et al., v. Aristech Chemical Corporation,</u> Case No. C-1-00-535 (modified)

Defendants' Requested Instruction No. 9

*Damages:    Front Pay

If you find for Plaintiff on her age discrimination claim, you may consider an award of front pay. Front pay includes the amount Plaintiff would have earned from the date of the verdict until the date you find Plaintiff's loss of future pay and benefits will cease. The purpose of front pay is to temporarily compensate the employee while she seeks comparable employment and not to give long-term compensation from the date of the verdict to retirement. Among the factors to be considered in deciding the amount of front pay are the following: (1) the age of Plaintiff and her reasonable prospects of obtaining comparable employment elsewhere; (2) salary and other tangible benefits, such as bonuses and vacation pay; (3) expenses associated with finding new employment; and (4) the replacement value of fringe benefits until comparable fringe benefits are obtained or for a reasonable length of time. In determining the amount of front pay, you must deduct the amount of wages and benefits you believe will be received from replacement income during the period of front pay awarded, as well as any amounts Plaintiff could have earned in comparable employment through the exercise of reasonable diligence.

2 Ohio Jury Instructions, 266.27 (modified)

*Defendants tender this instruction in the event the Court determines that front pay should be submitted to the jury.

Defendants' Requested Instruction No. 10

<u>Damages</u>:    <u>Compensatory Damages</u>

The Ohio Civil Rights Act permits a jury to award damages to a plaintiff for her emotional pain and suffering, if any, as a result of her employer's age discrimination. You are to decide on an amount that will fairly compensate the Plaintiff for the emotional distress, if any, she has sustained, taking into consideration the nature, character, seriousness and duration of any emotional distress that Plaintiff may have experienced. There is no exact standard for fixing the compensation to be awarded on account of such damages. However, I remind you that damages that are merely speculative cannot be recovered.

Any award you make should be fair in light of the evidence presented at trial. In determining the amount of any damages, you should be guided by dispassionate common sense and not by sympathy or speculation. You must not guess at the appropriate amount of damages; however, a Plaintiff is not required to prove her damages with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

Jury Instructions given by Judge Beckwith in <u>Applegate, et al., v. Aristech Chemical Corporation</u>, Case No. C-1-00-535 (modified).

Defendants' Requested Instruction No. 11

<u>Damages:</u>      <u>No Award of Interest</u>

If you award damages, you may not award interest.  If interest is to be awarded to the Plaintiff, it is a separate matter for the Court to determine.

Jury Instructions given by Judge Beckwith in <u>Applegate, et al., v. Aristech Chemical Corporation,</u> Case No. C-1-00-535 (modified).

Defendants' Requested Instruction No. 12

## Punitive Damages

If you find that Defendants discriminated against Plaintiff on the basis of age and if you awarded back pay, front pay or compensatory damages, you may also consider whether to award punitive damages.  If you do not find that Plaintiff was entitled to back pay, front pay or compensatory damages, you cannot award punitive damages.

You are not required to award punitive damages to Plaintiff, and you may not do so unless you find that Defendants acted with "actual malice" toward Plaintiff.  "Actual malice" is: (1) a state of mind characterized by hatred, ill will or a spirit of revenge; or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm. The burden is on Plaintiff to establish actual malice by clear and convincing evidence.  Clear and convincing evidence is more than simply a greater weight of evidence than that in opposition to it.  Rather, to be "clear and convincing" the evidence must produce in your minds a firm belief or conviction that the Defendants acted with malice.  A finding that age was a determining factor in the Defendants' decision to eliminate Plaintiff's position does not, in and of itself, establish that the Defendants acted with malice.

If you award punitive damages, the amount should be fair and reasonable under all the facts and circumstances.  It should not be excessive, nor influenced by passion, sympathy or prejudice.

Ohio Jury Instructions, §§23.70, 23.71 (modified); Sutherland v. Nationwide Gen. Ins. Co., 96 Ohio App. 3d 793, 645 N.E. 2d 1338 (1994); Jury Instructions given by Judge Beckwith in Applegate, et al., v. Aristech Chemical Corporation, Case No. C-1-00-535 (modified).

Defendants' Requested Instruction No. 13

<u>Liquidated Damages</u>

If you find that Plaintiff was discriminated against by Hyatt on the basis of age, then you must decide whether Hyatt's conduct was "willful." If you find that Hyatt's violation of the ADEA was willful, the Court will award Plaintiff money damages in addition to the back pay that you have awarded. It is, however, up to you to determine whether such violation was "willful." A finding that age was a determining factor in Hyatt's decision to eliminate Plaintiff's position does not, in and of itself, establish that Hyatt acted willfully.

A violation is "willful" if Hyatt knew its action was a violation of the law, or acted in reckless disregard of that fact. If Hyatt did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, even if it acted negligently, then its conduct was not "willful."

O'Malley, Grenig and Lee, Fed. Jury Prac. & Instr., §173.72 (5th Ed. 2001); Jury Instructions given by Judge Beckwith in <u>Applegate, et al., v. Aristech Chemical Corporation</u>, Case No. C-1-00-535(modified).

DATED this 2nd day of August 2004.                Respectfully submitted,

FISHER & PHILLIPS LLP
1250 Lincoln Plaza
300 South Orange Avenue
Orlando, Florida 32801
Telephone:    (407) 541-0888
Facsimile:    (407) 541-0887

By:     s/Theresa M. Gallion by
        s/Jeffrey J. Harmon per telephone
        authorization of 8/2/04
        Theresa M. Gallion, Esq.
        Florida Bar No. 726801
        TGallion@LaborLawyers.com


        s/Jeffrey J. Harmon
        Jeffrey J. Harmon
        Ohio Bar No. 0032848
        CORS & BASSETT
        1881 Dixie Highway, Suite 350
        Ft. Wright, Kentucky 41011
        Telephone:    859-331-6440
        Facsimile:    859-331-5337


        ATTORNEYS FOR DEFENDANTS


CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that on August 2, 2004, I electronically filed the foregoing
with the Clerk of the Court using the CM/ECF system which will send notification of such filing
to Stanley M. Chesley, Esq. and Robert Steinberg, Esq., Waite, Schneider, Bayless, & Chesley
Co., L.P.A., 1513 Central Trust Tower, Cincinnati, Ohio, 45202, Michael J. O'Hara, Esq.,
O'Hara, Ruberg, Taylor, Sloan & Sergent, 209 Thomas More Park, Suite C, P.O. Box 17411,
Covington, Kentucky 41017-0411.

                        s/Jeffrey J. Harmon
                        Jeffrey J. Harmon


247314.1

Chicago 47679.1