IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


| | |
|---|---|
| **Barbara Hildebrandt,** | : |
| Plaintiff, | : Case No. C-1-02-0003 |
| vs. | : |
| **Hyatt Corporation, et al.,** | : |
| Defendants | : |


**PLAINTIFF'S PROPOSED INSTRUCTIONS TO THE JURY**

**TABLE OF CONTENTS**

What Is Evidence? ..................................... 1

The Claims in this Case ............................... 4

Back Pay Damages ......................................8

Front Pay Damages .....................................9

Emotional Distress Damages ........................... 11

Liquidated Damages ................................... 13

Punitive Damages .....................................14

What is Evidence

With some frequency, I have used the term "evidence." Evidence in a case consists of only the sworn testimony of the witnesses, the exhibits that have been received in evidence, and any stipulations of fact entered into by the parties.

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should not show prejudice against an attorney or his or her client because the attorney has made objections.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence.

When the Court has sustained an objection to a question addressed to a witness, the jury must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if he or she had been permitted to answer the question.

The opening statements of the parties that you heard before any evidence was presented are not to be considered as a

part of the evidence. Any questions or statements to which I sustained an objection and any testimony I instructed you to disregard are not to be considered as evidence. The closing arguments of the parties are not evidence. Finally, anything you may have seen or heard outside this courtroom is not evidence and must not be considered by you as evidence.

You are to consider only the evidence in the case. You are permitted to draw, from the facts that you find have been proved by the evidence, such reasonable inferences as seem justified in the light of your own experience. That is to say, from the facts that have been proved you may draw an inference based upon reason and common sense. You may draw more than one inference from the same facts or circumstances. You may not, however, base one inference solely and entirely upon another inference.

Testimony elicited on cross-examination of witnesses is evidence, as is testimony elicited on direct examination of witnesses.

There are two types of evidence a jury may properly consider in reaching its verdict. They are known as direct evidence and circumstantial evidence. Direct evidence is testimony by a witness as to what he or she saw or heard. In other words, when a witness testifies about what is known to the

witness as personal knowledge by virtue of his or her own senses -- what he or she sees or hears -- that is called direct evidence.

Proof of a chain of circumstances pointing to the existence or non-existence of a fact is an example of circumstantial evidence. Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact. For example, if you observe that the ground is dry when you go to sleep at night and the next morning you observe two inches of snow on the ground, that would be circumstantial evidence from which you can reasonably conclude that it snowed while you slept. In employment discrimination cases, there will seldom be direct evidence as to the employer's mental processes.[1] Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence.[2]

As a general rule, the law does not distinguish between direct and circumstantial evidence. The law does require that before returning a verdict in favor of a plaintiff, the jury must be satisfied from all the evidence in the case that the plaintiff has proved her claim by a preponderance of the evidence.

---
[1] United States Postal Service Bd. of Govs. v. Aiken, 460 U.S. 711, 716 (1983).
[2] Desert Palace, Inc. v. Costa, 539 U.S. 90, 100 (2003).

## The Claims in this Case

This is a civil case for money damages brought by the Plaintiff under the federal Age Discrimination in Employment Act ("the ADEA"), and the Ohio Civil Rights Act. In this case, Plaintiff alleges that her age was a motivating factor[3] in the decision by the Defendants to terminate her employment during a reduction in force. She alleges that Defendants selected her for termination instead of more recently hired, less experienced, and substantially younger employees, to whom Defendants gave the majority of Plaintiff's valuable accounts. The Defendants contend that age played no part in their decision-making process.

Both Federal and Ohio discrimination laws make it unlawful for an employer to discharge any individual because of such individual's age. To prove such discrimination, the plaintiff must submit facts that, if believed, indicate that age was at least a factor in the decision to terminate her.[4]

In this case, it is undisputed that the Plaintiff was at least 40 years of age at the time of her termination and thus was protected by the Federal and Ohio laws relating to age discrimination. It is also undisputed that she suffered an

---

[3]   "Motivating factor" is a term approved by the Sixth Circuit. Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 926 (6th Cir.1999).

[4]   Wexler v.White's Fine Furniture, Inc., 317 F.3d 564, 572 (6th Cir. 2003) (en banc); Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 153 (2000); Blackwell v. Sun Electric Corp., 696 F.2d 1176, 1182 (6th Cir. 1983).

adverse employment action, i.e., termination of her employment. It is further undisputed that the Plaintiff was qualified for the job she lost. Therefore, the only question remaining to be resolved in order to determine if age discrimination occurred is whether the Plaintiff's age was a motivating factor in the decision to terminate her.[5] In showing that Plaintiff's age was a motivating factor for the action, the Plaintiff is not required to prove that her age was the sole motivation or the primary motivation for the Defendants' decision. The Plaintiff need only prove that her age played a part in the decision by the Defendants.[6]

In order to prove that her age was a motivating factor in her termination, the Plaintiff must establish by a preponderance of the evidence one of the following:

> a) That Defendants provided more favorable treatment to similarly situated people who were either under 40 years of age or who, although 40

---

[5] Both the Sixth Circuit and Ohio agree that there should be no jury instruction on the elements of a prima facie case, because this is too confusing to the jury and because this issue is a question for the Court. *See In re Lewis*, 845 F.2d 624, 634(6th Cir. 1988). In *Lewis*, the Sixth Circuit approved the position of the Michigan Supreme Court Committee on Jury Instructions, which considered and " 'deliberately eschewed' the *McDonnell Douglas* shifting-burdens formulation, stating specifically that such an instruction would: 'add little to the juror's understanding of the case and, even worse, may lead jurors to abandon their own judgment and to seize upon poorly understood legalisms to decide the ultimate question of discrimination.' II Michigan Standard Jury Instructions 2d, Employment Discrimination Introduction 17-5." 845 F.2d at 634. Ohio's Committee of the Judicial Conference took the same position, as reflected in the comments to OJI § 266.03, which cites *Lewis*. In addition, this Court has already determined that Plaintiff has established a prima facie case and that there is sufficient evidence to submit her claim to the jury. Order dated June 28, 2004 denying summary judgment (Doc. 85), pages 23-27 and cases cited therein.

[6] Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Civil Cases, Instruction No. 11.2 (1999); Federal Jury Practice and Instructions, Devitt, Blackmar and Wolf, § 106.03 (2000 Pocket Part); Ohio Jury Instructions, 2 OJI 266.03.

>years of age or older, were substantially younger than Plaintiff[7]; or
>
>b)   That Defendants' reason for terminating Plaintiff is a pretext for discrimination; or
>
>c)   That Plaintiff has produced additional direct, circumstantial, or statistical evidence which indicates that Defendants terminated her for impermissible reasons.[8]

To prove that the reason articulated by the Defendants is a pretext for discrimination, the Plaintiff must show by a preponderance of the evidence that one of the following is true:

>1) that the Defendants' articulated reason has no basis in fact; or
>
>2) that Defendants'articlueated reason did not actually motivate the Defendants to terminate the Plaintiff's employment; or

---

[7]   Coryell v. Bank One Trust Company N.A., 101 Ohio St.3d 175, 178, 180, 181 (2004) ("Because the ADEA prohibits discrimination on the basis of age and not class membership, the fact that a replacement is *substantially* younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class," quoting O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 313 (1966) (emphasis in original);  "A "substantially younger" test serves R.C. 4112.14(A)'s purpose because it is logically connected to the discrimination that R.C. 4112.14(A) seeks to prevent." "The term 'substantially younger' as applied to age discrimination in employment cases defies an absolute definition and is best determined after considering the particular circumstances of each case."). See also Grossjean v. First Energy Corp., 349 F. 3d 332, 340 (6th Cir. 2003) ("Given this array of authority, and our circuit's precedent, we hold that, in the absence of direct evidence that the employer considered age to be significant, an age difference of six years of less between an employee and a replacement is not significant. This rule will assist district courts in making a firm determination, yet does not encroach on our precedent holding that eight years can be a significant factor.")

[8]   Order dated June 28, 2004 denying summary judgment (Doc. 85), pages 21-22 and cases cited therein.  See also Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 350; Mitchell v. Toledo Hosp., 964 F.2d 577, 582-83 (6th Cir. 1992); Barnes v. GenCorp Inc., 896 F.2d 1457, 1465 (6th Cir. 1990).

>    3) that Defendants' articulated reason was
>       insufficient to warrant the termination of
>       Plaintiff's employment.[9]

On the other hand, your verdict should be for the Defendants if you find that Plaintiff has failed to prove that her age was a motivating factor in Defendants' termination decision. You should not find that the decision is discriminatory just because you may disagree with the Defendants' stated reason or because you believe the decision was harsh or unreasonable, as long as Defendants would have reached the same decision regardless of Plaintiff's age.[10]

Plaintiffs have presented evidence that Hyatt did not follow its own reduction in force termination policies in terminating Plaintiff. An employer's conscious, unexplained departure from its usual policies and procedures when conducting a reduction in force may in appropriate circumstances support an inference of age discrimination if the Plaintiff establishes some nexus between Defendants' employment actions and the Plaintiff's age.[11]

---

[9] Order dated June 28, 2004 denying summary judgment (Doc. 85), page 23 and cases cited therein.

[10] Federal Jury Practice and Instructions, Devitt, Blackmar and Wolf, § 106.03 (2000 Pocket Part)

[11] Tyler v. Union Oil Co. of Calif., 304 F.3d 379, 396 (5th Cir. 2002); EEOC v. Texas Instruments, 100 F.3d 1173, 1182 (5th Cir. 1996); Moore v. Eli Lilly Co., 990 F.2d 812, 819 (5th Cir.), cert. denied, 510 U.S. 976 (1993).

7

Back Pay Damages

If you find that the Defendants discriminated against the Plaintiff with respect to the termination of her employment, the Plaintiff is entitled to recover lost wages and benefits, including any increases in wages and benefits lost because of discrimination, which is known as Back Pay.  Back pay consists of the wages and employee benefits that the Plaintiff would have received from the date of her termination to the present. You may include all forms of compensation that the Plaintiff proved she would have earned, including salary, bonuses, vacation pay, pension, health insurance, and other benefits.

You should deduct the amount of wages and benefits received from replacement income during the period of back pay awarded.[12]

The Plaintiff bears the burden of proving the appropriate measure of damages by a preponderance of the evidence, and damages cannot be based on speculation.

Finally, the damages must be reasonable and must be based on the evidence at trial.

---

[12]    2 OJI § 266.27

8

## Front Pay Damages

If you find that the Defendant discriminated against the Plaintiff with respect to the termination of her employment, the Plaintiff is also entitled to recover Front Pay.  Front pay runs from the date of your verdict forward into the future to compensate plaintiff with the amount she would have received from defendant for the time reasonably necessary for her to find comparable employment.  An award of front pay is limited to the amount required to place Plaintiff in the position she would have occupied had the discharge not occurred.  In making this determination you may consider, among other factors, the following:

1. The availability of comparable employment;
2. The amount of time it may take plaintiff to obtain regular full-time employment, considering her age;
3. The pay plaintiff may earn when re-employed;
4. The number of years plaintiff is expected to work; and
5. Plaintiff's duty to mitigate her damages.

While the damages must be proven with reasonable certainty, the employee is not required to prove with unrealistic precision the amount of lost earnings, if any, due him/her.  Any

uncertainties in the amount employee could have earned should be resolved against the employer.[13]

You may not award front pay based on sympathy, speculation, or guesswork.  On the other hand, the law does not require plaintiff to prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

If you find that plaintiff is entitled to an award of front pay, you must reduce the amount of the front pay award to present value.[14]

---

[13]   Worrell v. Multipress, Inc., 45 Ohio St.3d 241, 246 (1989).

[14] Shore v. Federal Express Corp., 777 F.2d 1155, 1160 (6th Cir. 1985).

<u>Emotional Distress Damages</u>

The Ohio Civil Rights Act permits a jury to award damages to a plaintiff for her emotional pain and suffering as a result of her employer's age discrimination.  There is no exact standard for fixing the compensation to be awarded on account of such damages.  Damages such as mental pain and suffering are intangible things about which no evidence of value is required.  In awarding these damages, you are not determining value, but you should award an amount that will fairly compensate the plaintiff for her injuries.  There is no exact standard for fixing the compensation to be awarded for this element of damages. Any award that you make should be fair in the light of the evidence.[15]

In deciding the amount, if any, you will decide by the preponderance of the evidence the amount of money that will reasonably compensate Plaintiff, you will consider the nature, character, seriousness, and duration of any emotional pain or anguish, humiliation and inconvenience Plaintiff may have experienced.[16]

The Plaintiff also claims that she will continue to experience emotional pain and suffering and inconvenience in the future.  You may not return a verdict for future injury unless you find by a preponderance of the evidence that the emotional

---

[15] Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Civil Cases, Instruction No. 4.8 and 15.4 (1999)
[16] OJI §266.27(3)(B)

pain and suffering are reasonably certain to occur and were the proximate result of the Defendant's conduct.[17]

Any award you make should be fair in light of the evidence presented at trial.  In determining the amount of any damages, you should be guided by dispassionate common sense and not by sympathy or speculation.  You must not guess at the appropriate amount of damages; however, a Plaintiff is not required to prove her damages with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

---

[17] OJI §266.27(3)(B)

Liquidated Damages

If you find that the Defendant violated the ADEA by terminating the Plaintiff's employment, then you will be asked to decide whether the Defendant's violation of the ADEA "willful." A "willful" violation of the ADEA subjects the employer to liability for additional money damages, known as liquidated damages, which will be awarded by the Court in addition to the back pay you have awarded. It is, however, up to you to determine whether such violation was "willful." A finding that age was a determining factor in the Defendant's failure to promote a Plaintiff does not, in and of itself, establish that the Defendant acted willfully. A violation is "willful" if the Defendant knew its action was a violation of the law, or acted in reckless disregard of that fact. A violation is willful if it is done voluntarily, deliberately, and intentionally, and not by accident, inadvertence, or ordinary negligence. Intentional discrimination is seldom admitted, and it is not necessary to find direct evidence of intent to discriminate in order to find the violation was willful. You may consider statements made, acts done or omitted, and all facts or circumstances received into evidence during the trial which show whether or not Defendants acted willfully.[18]

---

[18]    Federal Jury Practice and Instructions, Devitt, Blackmar and Wolf, § 06.07 (2000 Pocket Part); Hazen Paper Co. v. Biggins, 507 U.S. 604 (1993), affirming Trans World Airlines v. Thurston, 469 U.S. 111 (1985).

<u>Punitive Damages</u>

If you find that the Defendants discriminated against Plaintiff on the basis of age and if you awarded back pay, front pay or emotional distress damages, you may also consider whether to award punitive damages. Punitive damages may be awarded against Defendants as a punishment to discourage others from committing similar wrongful acts.

You may award punitive damages if you find that the Defendant acted with "actual malice" with regard to that particular Plaintiff. "Actual malice" is: (1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm. The burden is on the plaintiff to establish actual malice by clear and convincing evidence. Clear and convincing evidence is more than simply a greater weight of evidence than that in opposition to it. Rather, to be "clear and convincing" the evidence must produce in your minds a firm belief or conviction that the Defendant acted with malice. A finding that age was a motivating factor in the Defendants' termination of Plaintiff's employment does not, in and of itself, establish that the Defendant acted with malice.

Respectfully submitted,


s/Robert A. Steinberg
Stanley M. Chesley (0000852)
Robert A. Steinberg (0032932)
     (Trial Attorney)
**WAITE, SCHNEIDER, BAYLESS**
  **& CHESLEY CO., L.P.A.**
1513 Fourth and Vine Tower
Cincinnati, OH  45202
513-621-0267
bobsteinberg@wsbclaw.cc

     and

Michael J. O'Hara (0014966)
**O'HARA, RUBERG, TAYLOR, SLOAN**
  **& SERGENT**
209 Thomas More Park, Suite C
P.O. Box 17411
Covington, Kentucky 41017-0411
(606) 331-2000
mohara@ortlaw.com



**CERTIFICATE OF SERVICE**
     The undersigned hereby certifies that a copy of the foregoing Notice was served by electronic filing via the CM/ECF System to Theresa M. Gallion, Esq. and Nadine Abrahams, Esq. this 3rd day of August, 2004.


                         s/Robert A. Steinberg
                         Robert A. Steinberg









15

-END-