UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BARBARA LODER HILDEBRANDT,

    Plaintiff

vs.

HYATT CORPORATION, et al.,

    Defendants

CASE NO. C-1-02-0003

Judge Beckwith
Magistrate Judge Black

## STIPULATIONS

It is hereby stipulated among and between the Plaintiff and the Defendants that the following agreements and stipulations of fact apply to this case.

1) Neither party will make reference to, comment on or introduce testimony, evidence, or documents regarding the following:

    a)    The fact that Hyatt is insured or the holder of an employment practices liability insurance policy;

    b)    The fact that Hyatt has insurance coverage for expenses incurred in defending against lawsuits brought by current or former employees;

    c)    The fact that Hyatt has insurance coverage for judgments entered against it as a result of lawsuits brought against it by current or former employees;

    d)    The income, salaries or personal assets of the individual Defendants or any high-level management employees of Hyatt such as Edward Rabin;

    e)    Brian Booth's negative or unfavorable performance evaluations or reviews, reprimands, discipline, and self-assessments including but not limited to introduction of or reference to the February 13, 1999 memorandum regarding interpersonal skills and the January 6, 2000 memorandum regarding his inappropriate behavior;

    f)    Brian Booth's qualifications for the position of Director of Sales and Marketing in the Central Region;

    g)    Brian Booth's alleged inquiry to Plaintiff regarding whether she planned on "staying home and enjoying marriage."

h)   Brian Booth's alleged reputation for high turnover of his sales force or his poor reputation for management.

i)   Brian Booth's alleged inquiry to Plaintiff whether people in Chicago or somewhere else could handle her accounts;

j)   Adverse or negative treatment of females generally, based upon their gender, by any of the Defendants;

k)   Alleged preferential treatment by Defendants of male employees because of their gender; however, such stipulation shall not prevent Plaintiff from introducing evidence of favoritism toward male employees because of their age.

l)   Alleged pre-selection or pre-positioning of male employees for promotions due to their gender; however, such stipulation shall not prevent Plaintiff from introducing evidence of favoritism toward male employees because of their age

m)   The fact that past or present Hyatt employees, other than Plaintiff, have filed complaints, charges of discrimination or lawsuits related to their employment with Hyatt;

n)   Testimony or evidence regarding allegations of discrimination experienced by current or former Hyatt employees during their course of employment with Hyatt, with the exception of allegations made by Plaintiff.

o)   Christine Hicks or the circumstances of her leaving her employment with Hyatt;

p)   Any analysis of company-wide termination statistics;

2)   The parties can use and refer to factual information contained in the personnel files of the people in the NSF including such individuals' ages, dates of birth, date of hire by Hyatt, date of hire into the NSF, and salary information including raises. This stipulation means that any witness can refer to such information on direct, cross, or redirect examination, that such information can be mentioned during opening statements or closing arguments, and such information can be contained within demonstrative exhibits or trial aids.

3)   Dawn Beagle, Mary Rocereto, Wendy Jensen Aylward or Loretta Venezia will not be called as witnesses in this action, and neither party will offer any information contained within their depositions or affidavits. Additionally, no evidence will be introduced related to Dawn Beagle, Mary Rocereto, Wendy Jensen Aylward or Loretta Venezia's treatment by Hyatt except for the fact that they were subject to a reduction in force in September 2001 and were included on various lists and documents related to the reduction in force.

4) Dawn Beagle, if called at trial would testify as follows:

"She was a Director of National Accounts and a member of Hyatt's National Sales Force during 2001. At about the time Brian Cassidy resigned from the company after many years with the company, Dawn Beagle had a telephone conversation with Jack Horne. She told Jack Horne that she was surprised that Cassidy had actually left. Mr. Horne

responded that there were other dinosaurs in the National Sales Force that he would not mind seeing go, also, that they had just been around too long."

Defendant reserves the right to move to exclude reference to the above-quoted statement and will be seeking a ruling on this issue prior to trial. If that motion is granted, the above-referenced stipulation will not be introduced.

5)   The information contained in Plaintiff's Exhibit 199 is an accurate summary of the information contained in exhibits XXII, XXIII, XXIV, XXV, and XXVI, based on the contents of the personnel files of the named individuals. Defendant reserves the right to move to exclude reference to this exhibit.

6)   Defendant has advised Plaintiff that witnesses Brian Booth, Molly Crompton, Edward Rabin, and David Berins will not be available to testify during Plaintiff's case in chief; therefore Plaintiff is entitled to use their deposition and documentary testimony in lieu of their live testimony.

If either party violates any of the aforesaid stipulations, the other party may bring this to the attention of the Court and seek appropriate sanctions, including the introduction of such evidence for rebuttal or for impeachment.

SIGNATURES:
Attorneys for Plaintiffs

_/s/ Robert A. Steinberg_
Robert A. Steinberg
Ohio Bar # 0032932
Trial Attorney for Plaintiffs

Attorneys for Defendants or Third Parties:

_/s/ Nadine Abrahams_
Theresa M. Gallion,
Florida Bar # 726801
Fisher & Phillips LLP
300 South Orange Avenue
Suite 1250
Orlando, Florida 32801

Nadine C. Abrahams
Illinois Bar No. 06208382
NAbrahams@LaborLawyers.com
Fisher & Phillips, LLP
140 S. Dearborn, Suite 400
Chicago, IL 6060

Jeffrey J. Harmon (OH#0032848)
Ohio Bar No. 0032848
CORS & BASSETT
1881 Dixie Highway, Suite 350
Ft. Wright, Kentucky 41011
Telephone:   859-331-6440
Facsimile:   859-331-5337

                                            ATTORNEYS FOR DEFENDANTS HYATT CORPORATION, JACK HORNE, AND TY HELMS