FILED

04 AUG 11 PM 12: 14

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BARBARA LODER HILDEBRANDT, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. C-1-02 0003 |
| HYATT CORPORATION, et al., | ) Judge Sandra Beckwith |
| Defendants. | ) |

### DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendants Hyatt Corporation ("Hyatt"), Jack Horne and Ty Helms, by and through their undersigned counsel, and pursuant to Rule 50, Fed. R. Civ. P., hereby move for judgment as a matter of law for the reasons set forth in the Memorandum of Law below.

### MEMORANDUM OF LAW

**I.    INTRODUCTION**

Plaintiff Barbara Loder Hildebrandt ("Plaintiff") claims that Hyatt and individual Defendants Helms and Horne discriminated against her on the basis of her age in violation of the Ohio Civil Rights Act ("OCRA"), Ohio Revised Code ("O.R.C.") Chapter 4112, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.*, ("ADEA") when her position was eliminated. For the reasons discussed below, Defendants are entitled to entry of judgment as a matter of law with respect to Plaintiff's age discrimination claims. Furthermore, Defendant Helms is entitled to judgment as a matter of law because there is no evidence that he played a "direct role" in the decision to eliminate Plaintiff's position. Finally, Defendants are entitled to judgment as a matter of law as to Plaintiff's claims for punitive damages under Ohio law and liquidated damages under

Chicago 48074.1

the ADEA. Even if Plaintiff has introduced evidence sufficient to withstand judgment as a matter of law as to liability, which she has not, Plaintiff definitely has not introduced any evidence from which a reasonable juror could conclude that Defendants acted with "actual malice" or "willfully" within the meaning of Ohio and federal law, respectively.

## II.    ARGUMENT

### A.    The Standard of Review.

A motion for judgment as a matter of law should be granted " if reasonable minds could not come to a conclusion other than one in favor of the movant." *Phelps v. Yale Sec., Inc.*, 986 F.2d 1020, 1023 (6th Cir. 1993); see also, *Garrison v. Cassens Transport Co.*, 334 F.3d 528, 537-38 (6th Cir. 2003). In ruling on such a motion, the Court is only to give the non-movant "the benefit of all reasonable inferences." *Phelps*, 986 F.2d at 1023; *Gray v. Toshiba America Consumer Products, Inc.*, 263 F.3d 595, 598 (6th Cir. 2003)(the Rule 50 "motion may be granted only if in viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion, in favor of the moving party."). Furthermore, although the Court does not weigh the evidence on a motion for judgment as a matter of law, a mere scintilla of evidence will not suffice to defeat the motion. *Simpson v. Midland-Ross Corporation*, 823 F.2d 937, 944 (6th Cir. 1987); *Wilkins v. Eaton Corporation*, 790 F.2d 515, 522 (6th Cir. 1986). As the Sixth Circuit noted in *Chappell v. GTE Products Corporation*, 803 F.2d 261, 265 (6th Cir. 1986), in affirming judgment as a matter of law for the employer in an ADEA case: "Jury control devices such as judgment n.o.v. or directed verdict have been recognized by courts as applicable in certain age discrimination cases due to the possibility that sympathy for the plaintiff may present an overriding but impermissible factor in a jury verdict for plaintiff." 803 F.2d at 265.

B.  **Defendants Are Entitled To Judgment As A Matter Of Law On Plaintiff's Age Discrimination Claim.**

Plaintiff did not establish as a matter of law that her job was eliminated due to her age. To establish a *prima facie* case of discrimination, a plaintiff must demonstrate (1) she is a member of a protected class; (2) that an adverse employment action was taken against her; (3) that she was qualified for the position; and (4) that there is "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out [the plaintiff] for discharge for impermissible reasons." *Irwin v. Marquette Medical Systems, Inc.*, 107 F. Supp. 2d 974, 981-982 (S.D. Ohio 2000); *Barnes v. GenCorp Inc.*, 896 F. 2d 1457, 1465 (6th Cir. 1990). Here, Plaintiff did not present any "additional direct, circumstantial, or statistical evidence tending to indicate that [Hyatt] singled out [Plaintiff] for discharge for impermissible reasons." Plaintiff presented no evidence whatsoever linking her age to the decision made to terminate her employment in connection with the reduction in force. *Irwin*, 107 F. Supp. 2d at 982. Indeed, the only evidence Plaintiff has adduced is that approximately 80% of the employees whose positions were eliminated were over the age of 40. But this statistic, without more, is not probative of whether Defendants were motivated by age animus in the action taken with respect to Plaintiff's position.

Even if Plaintiff had established a *prima facie* case, which she has not, Defendants have articulated a legitimate, non-discriminatory reason for the adverse employment action. *Barnhart v. Pickrel, Schaeffer Ebeling Co., L.P.A*, 12 F.3d 1382, 1390 (6th Cir. 1993). Specifically, Plaintiff's position was eliminated in a reduction in force necessitated by well-known economic considerations arising out of the events of September 11. Plaintiff has failed to present any evidence that Defendants' articulated reason was pretextual. Pretext may be demonstrated by showing (1) the stated reasons had no basis in fact; (2) the stated reasons were not the actual reasons; and (3) the stated reasons were insufficient to explain the discharge. *See Barnhart*, 12 F.3d at 1390; *Kline v. Tennessee Valley Auth.*,

128 F. 3d 337, 342-343 (6th Cir. 1997)(stating pretext may be demonstrated with a "direct showing that a discriminatory reason more likely motivated the employer or by an indirect showing that the employer's explanation is not credible.").

Defendant Horne testified that he made his decisions as to which positions to eliminate based neither on seniority nor performance, but rather on other, age-neutral legitimate, nondiscriminatory grounds. Just because Plaintiff disagrees with Horne's decisions and believes he should have considered production, long-term performance, history with the Company and other factors that she would have chosen does not indicate such decisions were made on the basis of Plaintiff's age or the age of any other member of the NSF. *See Hedrick v. Western Reserve Care System*, 355 F.3d 444, 462 (6th Cir. 2004). Courts agree that "[w]hen a business is in a process of deliberately downsizing for legitimate financial reasons, economies of scale, an inference of discrimination does not automatically arise simply because one's job is terminated and the job duties redistributed among the reduced work force, even when that person is a member of a distinct age group or gender." *Frantz v. Beechmont Pet Hosp.*, 117 Ohio App. 3d 351, 358, 690 N.E.2d 897, 902 (1996). Plaintiff's position was eliminated during a workforce reduction, a business decision made by Defendants due to well-known and understandable economic factors, and Plaintiff has not presented any evidence to the contrary, other than meaningless statistics and her own belief and speculation as to Defendants' motives.

In determining whether pretext exists, courts are not to second-guess legitimate business decisions of employers. *See Herbst v. System One Info. Mgmt., 31 F. Supp. 2d 1025, 1035 (N.D. Ohio 1998)*[1]; *Ruth v. Allis-Chalmers Corp.*, 1986 U.S. Dist. LEXIS 26531 at *9-*11(stating that it is not the

---

[1] In *Herbst*, the plaintiff attempted to rely on the employer's "cursory, unstructured, undocumented and subjective manner in which the defendant made its decision" and that the defendant failed to follow its own reduction in force policy. *Id.* The court rejected this argument and found there was a lack of contemporaneous documentation

function of the court to second-guess the business decisions made by employers or to judge whether the employee's position should have been eliminated or whether the employer treated him fairly by not offering him another position, but instead exclusively to judge whether he was discriminated against on the basis of his age). Furthermore, for purposes of assessing whether evidence of pretext exists, statements by nondecisionmakers or statements by decisionmakers unrelated to the decisional process itself cannot satisfy the plaintiff's burden to establish discriminatory animus. *See Bush v. Dictaphone Corp.*, 161 F.3d 363, 369 (6th Cir. 1998).

Indeed, even decisions which appear to be made for reasons other than merit are not *per se* violative of federal law, without evidence from which an inference of impermissible discrimination could be found. *See Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1096 (6th Cir. 1996). In *Betkerur*, the court recognized:

> [T]he district court correctly found that charges of nepotism, even if proven, do not constitute evidence of impermissible discrimination . . . . While we share . . . distaste for a decision which appears to have been made for reasons other than merit, we do not believe that Title VII authorizes courts to declare unlawful every arbitrary and unfair employment decision. To hold that favoritism toward friends and relatives is *per se* violative of Title VII would be, in effect, to rewrite federal law. The list of impermissible considerations within the context of employment practice is both limited and specific: "race, color, religion, sex, or national origin." We are not free to add our own considerations to the list.

*Id.* at 1096 (citations omitted). Here, too, Plaintiff's criticisms of Defendants' rationale for the selection of her position are of no moment. It is irrelevant that Defendants could have adopted a different rationale, or based their decisions on a different set of factors.

---

with regard to all employees affected by the reduction in force. *See id.* Moreover, the individual making the decision to eliminate jobs was familiar with job duties and performance and thus it was unnecessary to officially evaluate the affected employees prior to making his decision. *See id.*

Because Plaintiff cannot offer any evidence sufficient to allow a reasonable fact-finder to believe Hyatt or the individual Defendants acted with an age discriminatory animus in eliminating her position, Defendants are entitled to judgment as a matter of law.

### C.    Defendant Helms Is Entitled To Judgment As A Matter Of Law

Defendant Helms is entitled to judgment as a matter of law for all of the reasons discussed above. In addition to those reasons, Helms is also entitled to judgment as a matter of law because Plaintiff has not adduced evidence from which Helms can be found individually liable under Ohio law. Ohio law does permit supervisors or managers to be found individually liable for acts of discrimination. *Brown v. Worthington Steel, Inc.*, 211 F.R.D. 320, 327 (S.D. Ohio 2002). However, a supervisor can only be liable "for his own discriminatory conduct." *Brown*, 211 F.R.D. at 327. Put differently, only "direct supervisors or supervisors who played a direct role in making an employment decision" can be found individually liable as a matter of Ohio law. *Williams v. General Electric Company*, 269 F. Supp. 2d 958, 970 (S.D. Ohio 2003).

Here, Plaintiff has no evidence that Helms personally engaged in any discriminatory conduct. Helms was undisputedly not Plaintiff's direct supervisor. Nor did Plaintiff introduce any evidence that Helms played a direct role in the decision to eliminate Plaintiff's position. At most, Helms simply approved the decision made by Horne. That is too tenuous a connection to the employment decision to impose individual liability on Helms.

### E.    Defendants Are Entitled To Judgment As A Matter Of Law On Plaintiff's Claims For Punitive and Liquidated Damages.

Plaintiff seeks recovery of punitive damages under the Ohio Civil Rights Act. To prove entitlement to punitive damages under the OCRA, Plaintiff must show that Defendants acted with actual malice. *See Sutherland v. Nationwide Gen. Ins. Co.*, 96 Ohio App. 3d 793, 810 (1994), *discretionary appeal den'd*, 73 Ohio St. 3d 1426 (1995). Actual malice is (1) a state of mind characterized by hatred,

ill will or a spirit of revenge; or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm. *Preston v. Marty*, 32 Ohio St. 3d 334, 512 N.E. 2d 1174 (1987). Plaintiff must establish actual malice by clear and convincing evidence. Furthermore, "the Ohio Supreme Court has indicated that conduct sufficient to satisfy the 'conscious disregard' prong of the definition of 'actual malice' must be of such a nature as to be regarded as 'outrageous, flagrant, and criminal.'" *Pelletier v. Rumpke Container Service*, 142 Ohio App. 3d, 54, 753 N.E.2d 958, 965 (1st Dist. 2001)(reversing trial court's denial of employer's motion for judgment notwithstanding the verdict), citing *Preston*, 32 Ohio St. 3d at 336, 512 N.E.2d at 1176; *see also, Ridley v. Federal Express*, 2004 Ohio App. LEXIS 2261, * 31 (8th Dist. 2004)(affirming trial court's grant of directed verdict on punitive damages claim, court notes that a plaintiff is not automatically entitled to an award of punitive damages upon proof of a violation of Ohio anti-discrimination law, but rather there must be "evidence of egregious conduct or malice" by the defendants)

. Plaintiff has not introduced any evidence of the kind of "outrageous, flagrant and criminal" conduct that is necessary to support an award of punitive damages under Ohio law, let alone clear and convincing evidence of such conduct. It is not enough that Defendants selected Plaintiff's position for elimination as part of a reduction-in-force. Nor would it be enough that age played a role in such decision, which it did not. There is simply no evidence that Defendants were motivated by "hatred, ill will or a spirit of revenge," or that they acted in "conscious disregard" for Plaintiff's rights. *See Vedder v. City of Warrensville Heights*, 2002 Ohio App. LEXIS 5572, **27, 31 (8th Dist. 2002)(reversing judgment as to punitive damages where it was based upon mere differential treatment of the plaintiff as to promotion and upon employer's failure to follow Civil Service Rules).

Here, as in *Vedder*, Plaintiff's accusations of differential treatment as to whose position would be eliminated, and her contentions that Defendants failed to follow their RIF policies are not, without more, enough to support a claim for punitive damages as a matter of law.

Plaintiff also seeks liquidated damages under the ADEA. To recover such damages, Plaintiff must prove that Defendants acted "willfully," which requires more than simply a showing that age was a determining factor in the decision to eliminate Plaintiff's position. 29 U.S.C. § 626(b). Rather, Plaintiff must show that Defendants knew that the elimination of her position was a violation of the law, or that they acted in reckless disregard for the requirements of the ADEA in doing so. *See Schrand v. Federal Pacific Electric Co.*, 851 F.2d 152, 157 (6th Cir. 1988). "It is not enough that the employer knew that the ADEA was 'in the picture' or that the employer 'acted without a reasonable basis for believing that it was complying with the statute.'" *Skalka v. Fernald Environmental Restoration Management Corp.*, 178 F.3d 414, 423 (6th Cir. 1999); *see also, Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128-30 (1985)(reversing award of liquidated damages, Supreme Court holds that the employer's mere knowledge of the potential application of the ADEA would result in the imposition of liquidated damages in nearly every case, which is contrary to Congress's intent).

Here, even if there is sufficient evidence for Plaintiff's age discrimination claims to survive a motion for judgment as a matter of law, there is no evidence from which a reasonable juror could conclude that Defendants acted "willfully"—i.e., with knowledge that their actions were in violation of the law, or in reckless disregard as to such fact.

### III. CONCLUSION

For the foregoing reasons, judgment as a matter of law should be entered in favor of Defendants.

Dated: August 11th, 2004

Respectfully submitted,

FISHER & PHILLIPS LLP
140 South Dearborn Street
Suite 420
Chicago, IL 60603
Telephone: (312) 346-8061
Facsimile: (312) 346-3179

By: /s/ Nadine Abrahams
Nadine C. Abrahams
Illinois Bar No. 06209382
NAbrahams@LaborLawyers.com

Theresa M. Gallion, Esq.
Florida Bar No. 726801
TGallion@LaborLawyers.com
FISHER & PHILLIPS LLP
1250 Lincoln Plaza
300 South Orange Avenue
Orlando, Florida 32801
Telephone:    (407) 541-0888
Facsimile:    (407) 541-0887

Jeffrey J. Harmon
Ohio Bar No. 0032848
CORS & BASSETT
1881 Dixie Highway, Suite 350
Ft. Wright, Kentucky  41011
Telephone:    859-331-6440
Facsimile:    859-331-5337

ATTORNEYS FOR DEFENDANT
HYATT CORPORATION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 11, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Stanley M. Chesley, Waite, Schneider, Bayless, & Chesley Co., L.P.A., 1513 Central Trust Tower, Cincinnati, Ohio, 45202.

*all by hand*

Jeffrey J. Harmon