FILED

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

04 AUG 12 PM 1:28

| | |
|---|---|
| BARBARA LODER HILDEBRANDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. C-1-02 0003 |
| ) | |
| HYATT CORPORATION, et al., ) | Judge Sandra Beckwith |
| ) | |
| Defendants. ) | |

### DEFENDANTS' SUPPLEMENTAL MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendants Hyatt Corporation ("Hyatt"), Jack Horne and Ty Helms, by and through their undersigned counsel, and pursuant to Rule 50, Fed. R. Civ. P., hereby move for judgment as a matter of law for the supplemental reasons set forth in the Memorandum of Law below.

### MEMORANDUM OF LAW

I.  INTRODUCTION

Plaintiff Barbara Loder Hildebrandt ("Plaintiff") claims that Hyatt and individual Defendants Helms and Horne discriminated against her on the basis of her age in violation of the Ohio Civil Rights Act ("OCRA"), Ohio Revised Code ("O.R.C.") Chapter 4112, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.*, ("ADEA") when her position was eliminated. For the reasons discussed below, Defendants are entitled to entry of judgment as a matter of law with respect to Plaintiff's age discrimination claims. Furthermore, Defendant Helms is entitled to judgment as a matter of law because there is no evidence that he played a "direct role" in the decision to eliminate Plaintiff's position. Finally, Defendants are entitled to judgment as a matter

Chicago 48074.1

of law as to Plaintiff's claims for punitive damages under Ohio law and liquidated damages under the ADEA. Even if Plaintiff has introduced evidence sufficient to withstand judgment as a matter of law as to liability, which she has not, Plaintiff definitely has not introduced any evidence from which a reasonable juror could conclude that Defendants acted with "actual malice" or "willfully" within the meaning of Ohio and federal law, respectively.

## II. ARGUMENT

### A. The Standard of Review

A motion for judgment as a matter of law should be granted " if reasonable minds could not come to a conclusion other than one in favor of the movant." *Phelps v. Yale Sec., Inc.*, 986 F.2d 1020, 1023 (6th Cir. 1993); see also, *Garrison v. Cassens Transport Co.*, 334 F.3d 528, 537-38 (6th Cir. 2003). In ruling on such a motion, the Court is only to give the non-movant "the benefit of all reasonable inferences." *Phelps*, 986 F.2d at 1023; *Gray v. Toshiba America Consumer Products, Inc.*, 263 F.3d 595, 598 (6th Cir. 2003)(the Rule 50 "motion may be granted only if in viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion, in favor of the moving party"). Furthermore, although the Court does not weigh the evidence on a motion for judgment as a matter of law, a mere scintilla of evidence will not suffice to defeat the motion. *Simpson v. Midland-Ross Corporation*, 823 F.2d 937, 944 (6th Cir. 1987); *Wilkins v. Eaton Corporation*, 790 F.2d 515, 522 (6th Cir. 1986). As the Sixth Circuit noted in *Chappell v. GTE Products Corporation*, 803 F.2d 261, 265 (6th Cir. 1986), in affirming judgment as a matter of law for the employer in an ADEA case: "Jury control devices such as judgment n.o.v. or directed verdict have been recognized by courts as applicable in certain age discrimination cases due to the possibility that sympathy for the plaintiff may present an overriding but impermissible factor in a jury verdict for plaintiff." 803 F.2d at 265.

Chicago 48074.1

2

B.  **Defendants are Entitled to Judgment as a Matter of Law on Plaintiff's Claim for Back Pay.**

Plaintiff has failed to establish that she is entitled to back pay in this case. She has a duty to mitigate her damages by making reasonable efforts to find comparable alternative employment. *Ford Motor Co. v. EEOC*, 458 U.S. 219 (1982); *Katch v. Speidel, Div. Of Textron*, 746 F.2d 1136 (6th Cir. 1984); *see also Lathem v. Dept. of Children and Youth Services*, 172 F.3d 786, 794 (11th Cir. 1999) (Title VII requires former employees to mitigate their damages through reasonably diligent efforts to seek employment that is substantially equivalent). The evidence has established that she did not engage in a good faith job search. At the time of her lay-off, Plaintiff was only 49 years old, with over 20 years of experience and contacts in the hospitality industry. Yet eight months after her lay-off, Plaintiff elected to take a position with a small, local non-profit organization, the Cincinnati Horticultural Society, earning approximately $30,000 a year, or less than one-third of what she had earned at Hyatt. Pursuant to Plaintiff's employment agreement with the Cincinnati Horticultural Society, she has not actively looked elsewhere for other employment. To the limited extent that Plaintiff has considered other employment opportunities since her hiring with the Cincinnati Horticultural Society, the positions have been, for the most part, with other non-profit organizations and have been concentrated in the past few months. Furthermore, in May 2001, just a few months before her lay-off from Hyatt, Plaintiff married a local judge. Because of her husband's position, Plaintiff has expressed a strong preference for remaining in Cincinnati, and has made no affirmative efforts to look for positions in the hospitality industry outside of Cincinnati. Defendants should not be required to subsidize Plaintiff's deliberate decision to remain underemployed. *See Johnson v. Memphis Police Dept.*, 713 F.Supp. 244, 249 (W.D. Tenn. 1989) (defendant should not be required to finance in retrospect a plaintiff who took himself off the type of employment for which

he was trained and undertook to leave and develop a different means of livelihood). Plaintiff has failed to establish any evidence of back pay justifying such issue to be submitted to the jury.

### C. Defendants are Entitled to Judgment as a Matter of Law on Plaintiff's Claim for Front Pay

Plaintiff also seeks entitlement to front pay. The determination of whether to award front pay is within the discretion of the trial court. *Suggs v. Servicemaster Education Food Management*, 72 F.3d 1228, 1234 (6th Cir. 1996). In determining whether front pay is awardable, the court should consider the employee's duty to mitigate; the availability of employment opportunities; the period within which, through reasonable efforts, the plaintiff might have secured substitute employment; the employee's work and life expectancy; and other pertinent factors. *Rousch v. KFC Nat'l Mgmt. Co.*, 10 F.3d 392, 398 (6th Cir. 1993). The purpose of front pay is to temporarily compensate the employee while she seeks comparable employment and not to give long-term compensation from the date of the verdict to retirement. *See O.J.I.*, § 266.27[2].

This Court should exercise its discretion to deny Plaintiff any entitlement to front pay in this case and not to permit this issue to be considered by the jury. Plaintiff is only in her early 50's, and there is no reason to believe that, through the exercise of reasonable diligence, she could not have found comparable employment by now, or certainly by some point well before retirement age. A front pay award to Plaintiff until age 60 or beyond – a period of over eight years – would be unduly speculative. *See Stafford v. Electronic Data Systems Corp.*, 749 F. Supp. 781, 791 (E.D. Mich. 1990) (42 year old plaintiff does not have the right "to have his former employer fund his retirement while he pursues vocational interests… off into an unlimited future," as this would amount to a windfall for the plaintiff). Here, as discussed above in connection with her back pay claim, the evidence has established Plaintiff has made a conscious decision to remain under- employed, rather than to engage in a diligent search for comparable jobs in the hospitality industry. The Sixth Circuit has

Chicago 48074.1

reversed an award of front pay to a plaintiff in an employment discrimination case where her "intentional limitation of her income... terminate[d] any entitlement to front pay which she may otherwise have had." *Roush,* 10 F.3d at 400. For these reasons, we request that the issue of front pay not be submitted to the jury.

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's claims for back and front pay not be submitted to the jury.

Dated: August 12th, 2004

Respectfully submitted,

FISHER & PHILLIPS LLP
140 South Dearborn Street, Suite 420
Chicago, IL 60603
Telephone: (312) 346-8061
Facsimile: (312) 346-3179

By: _____
Nadine C. Abrahams
Illinois Bar No. 06209382
NAbrahams@LaborLawyers.com
Theresa M. Gallion, Esq.
Florida Bar No. 726801
TGallion@LaborLawyers.com
FISHER & PHILLIPS LLP
1250 Lincoln Plaza
300 South Orange Avenue
Orlando, Florida 32801
Telephone:   (407) 541-0888
Facsimile:   (407) 541-0888

Jeffrey J. Harmon
Ohio Bar No. 0032848
CORS & BASSETT
1881 Dixie Highway, Suite 350
Ft. Wright, Kentucky  41011
Telephone:   859-331-6440
Facsimile:   859-331-5337
ATTORNEYS FOR DEFENDANT
HYATT CORPORATION

Chicago 48074.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 12th, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Stanley M. Chesley, Waite, Schneider, Bayless, & Chesley Co., L.P.A., 1513 Central Trust Tower, Cincinnati, Ohio, 45202.

Jeffrey J. Harmon /NCA

Chicago 48074.1

6