**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **BARBARA LODER HILDEBRANDT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. C-1-02 0003** |
| | ) | |
| **HYATT CORPORATION, et al.** | ) | **Judge Sandra Beckwith** |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' BILL OF COSTS

Defendants Hyatt Corporation ("Hyatt"), Tyson Helms ("Helms"), Jack Horne ("Horne") and Brian Booth ("Booth")[1] ("Defendants"), by and through the undersigned counsel of FISHER & PHILLIPS LLP, and in support of their Bill of Costs, state as follows:

### I.    INTRODUCTION

This Bill of Costs arises from the jury verdict entered in this case on August 16, 2004 in favor of Defendants Hyatt, Helms and Horne. Final judgment was entered in this case pursuant to Fed. R. Civ. P. 54 on August 16, 2004. Additionally, judgment was entered by this Court on June 28, 2004 disposing of all claims brought by Plaintiff against Defendant Booth. Accordingly, as prevailing parties, Defendants submit this Bill of Costs, pursuant to Fed. R. Civ. P. 54(d), 28 U.S.C. § 1920, and L.R. 54.1, for the taxable costs incurred by Defendants in this case.

---

1 Defendant Brian Booth had filed a Bill of Costs on July 12, 2004. Defendants are hereby withdrawing the Bill of Costs filed on behalf of Defendant Booth and are substituting this Bill of Costs on behalf of all Defendants.

Chicago 47233.1

## II.    ARGUMENT

### A.    General Legal Principles

Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs are allowed "as of course to the prevailing party unless the Court otherwise directs . . ." Fed. R. Civ. P. 54(d)(1). The Sixth Circuit has recognized that the prevailing party is presumptively entitled to costs and that it is incumbent upon the losing party to overcome this presumption. McHugh v. Olympia Entm't, Inc., 37 Fed. Appx. 730, 2002 U.S. App. Lexis 10312 (6th Cir. 2002); White & White, Inc. v. American Hospital Supply Corp., 786 F.2d 728, 730-32 (6th Cir. 1986); Watkins & Son Pet Supplies v. Iams Co., 197 F. Supp. 2d 1030, 1035 (S.D. Ohio 2002); United States ex rel. Pickens v. GLR Constructors, Inc., 196 F.R.D. 69, 72 (S. D. Ohio 2000). The district court's discretion is narrowly confined under Rule 54(d), such that the court must award costs unless it states good reasons for denying them. Zackaroff v. Koch Transfer Co., 862 F.2d 1263, 1265-66 (6th Cir. 1988).

It is well-settled that the district court has broad discretion when determining whether expenses claimed by the prevailing party are taxable as costs. Zackaroff, 862 F.2d at 1265-66. In order for the district court to award costs to the prevailing party, the court must determine that the expenses are allowable cost items and the costs are reasonable and necessary to the litigation. Jefferson v. Jefferson County Public School System, 360 F.3d 583, 591 (6th Cir. 2004).

### B.    Categories Of Recoverable Costs

The total taxable costs incurred by Defendants in this case amount to $83,765.18,

including deposition costs, court transcript fees, outside photocopying costs, witness fees, expert witness fees and trial consultant fees.  See Bill of Costs, Affidavit of Theresa Gallion, ¶10.

### 1.    Deposition Costs

The applicable standard in awarding costs for a deposition is whether the deposition was necessary in light of the facts known at the time it was taken, regardless of whether it is actually used at trial. <u>Baker v. First Tenn. Bank Nat'l Assn.</u>, 1998 U.S. App. LEXIS 5769, *11 (6th Cir. 1998) (the expense of discovery depositions that are reasonably necessary for use in the case, even though not used at trial, is recoverable as costs).

Defendants incurred $11,474.26 in costs incident to the taking of depositions in this case. Such costs were incurred for the court reporter attendance time, videography and/or for obtaining the deposition transcripts in this case.  All of the deposition costs set forth in Defendants' Bill of Costs and accompanying supporting materials, filed contemporaneously herewith, were reasonably necessary for use in this case.  See Bill of Costs, Gallion Aff. , ¶4.  The following persons have been deposed in this lawsuit:  Doug Patrick, Cathy Petz, Jeanne Pearson, Bruce Small, Robert Schnitz, Jack Horne, Ty Helms, Brian Booth, Molly Crompton, Ed Rabin, George Parsons, Harvey Rosen, Dawn Beagle, Leo Hildebrandt, Wendy Aylward, Dean D'Anna, Mary Rocereto, Barbara Hildebrandt and David Berins.  Booth, Horne, Helms and Ms. Hildebrandt are or were parties to the case, and Leo Hildebrandt is Plaintiff's husband.  George Parsons and Harvey Rosen were identified by Plaintiff as expert witnesses.  David Berins was Defendants' expert.  Aylward, Beagle and Rocereto are plaintiffs in another suit filed against Hyatt in Chicago, and were identified by Plaintiff as having knowledge of her allegations in this case.

The remaining listed deponents were defense witnesses deposed by Plaintiff. Excerpts from the depositions of several of the above-listed individuals were used in the summary judgment motion filed by Defendants and at trial.

### 2.    Official Court Transcript Fees

Defendants claim $16.50 for the cost of obtaining a transcript of a January 28, 2003 proceeding before Magistrate Judge Sherman, as set forth in the accompanying Bill of Costs and Itemization. Section 1920 of the United States Code allows the Court to tax as costs "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The official court transcript of the hearing on sanctions before Magistrate Judge Sherman was reasonable and necessary in that opposing counsel had sought discovery sanctions against Defendants' counsel, and the Court's oral ruling in Defendants' counsel's favor was relevant to a potential appeal and/or other further proceedings relating to that issue. See Bill of Costs, Gallion Aff., ¶5.

Defendants also seek $312.40 in costs for the transcript of the July 23, 2004 Final Pretrial Conference in this action before Judge Beckwith. Defendants further seek $812.90 in costs for the transcript of Judge Beckwith's rulings on the Motions in Limine, and Defendants' Rule 50 Motion, as well as the transcript of the trial testimony of Jack Horne and Barbara Hildebrandt. Id.

### 3.    Photocopying Fees

Defendants claim $6,478.72 for the cost of outside photocopying associated with document productions in this case, as set forth in the Itemization attached to the Bill of Costs. See Bill of Costs, Gallion Aff., ¶6. Section 1920 of Title 28 of the U.S. Code allows the Court to

tax as costs "fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The documents for which outside copying costs are sought were necessary to the defense of this case, and the copying charges are reasonable. See National Truck Equip. Ass'n v. National Highway Traffic Safety Admin., 972 F.2d 669, 674 (6th Cir. 1992) (photocopying charges attributable to discovery are "reasonably necessary for use in the case" and can be awarded).

Additionally, Defendants claim $18,207.61 for the costs of copying documents for use at the trial in this case, including the documents included in Defendants' trial exhibit binders, and the production and creation of Defendants' demonstrative trial aids. See Bill of Costs, Gallion Aff. ¶6.

### 4.    Expert Witness Fees

Defendants claim $29,089.94 for the expert witness fees of David Berins, who was a witness at trial, incurred by Defendants in connection with the defense of this case. See Bill of Costs, Gallion Aff., ¶7. Expert witness fees are recoverable as costs. See Trepel v. Roadway Express, Inc., 266 F.3d 418, 427 (6th Cir. 2001) (expert fees are Rule 54 recoverable costs under the authority provided by Rule 26(b)(4)(c)).

### 5.    Consultant Fees

Defendants are claiming $7,956.25 in costs incurred for retention of Zagnoli McEvoy Foley, LLC, who served as trial consultants and created the demonstrative exhibits which were used throughout the trial in this case. Additionally, Defendants are claiming $4,334.75 in costs associated with the retention of Dr. Samuel J. Kursh of LECG, who served as a consultant with regard to the opinions proferred by Plaintiff's economics expert, Dr. Harvey Rosen. Dr. Kursh's

expertise was crucial to Defendants' cross-examination of Dr. Rosen. <u>See</u> Bill of Costs, Gallion Aff., ¶8.

### 6. Witness Fees

Pursuant to 28 U.S.C. §1821, a witness in attendance at any court of the United States shall be paid fees and allowances including the following: an attendance fee of $40.00 per day for each day's attendance; the "actual expenses of travel on the basis of the means of transportation reasonably utilized;" miscellaneous allowances such as taxicabs between place of lodging and airport terminals; and a subsistence allowance when the witness is required to stay overnight at the place of attendance. Pursuant to the Guidelines For Attorneys Taxation of Court Costs in the Southern District of Ohio, the subsistence rate is $131.00 per day.

Accordingly, Defendants claim $5,081.85 for the witness fees associated with the testimony of Douglas Patrick, Mark Henry, Bruce Small, and David Berins. <u>Soberay Machine & Equipment Company v. MRF Limited, Inc.</u>, 181 F.3d 759 (6th Cir. 1999) (the Court noted that in exercising discretion to allow expenses for traveling in excess of 100 miles, "the Court should consider the length of the journey, necessity of the testimony and the possibility of averting the travel expenses)." <u>See</u> Bill of Costs, Gallion Aff., ¶9.

## CONCLUSION

For all of the foregoing reasons, Defendants request that the Court award the costs set forth in their Bill of Costs and accompanying supporting materials.

Respectfully submitted,

FISHER & PHILLIPS, LLP
140 South Dearborn Street, Suite 420
Chicago, IL 60603
Telephone: (312) 346-8061
Facsimile:  (312) 346-3179

By:    s/ Nadine C. Abrhams*
Nadine C. Abrahams
Illinois Bar No. 06209382
NAbrahams@LaborLawyers.com
Theresa M. Gallion, Esq.
Florida Bar No. 726801
Tgallion@LaborLawyers.com
FISHER & PHILLIPS, LLP
1250 Lincoln Plaza
300 South Orange Avenue
Orlando, Florida 32801
Telephone: (407) 541-0888
Facsímile: (407) 541-0888

s/Jeffrey J. Harmon
Jeffrey J. Harmon
Ohio Bar No. 0032848
CORS & BASSETT, LLC
1881 Dixie Highway, Suite 350
Ft. Wright, Kentucky  41011
Telephone:    (859) 331-6440
Facsimile:    (859) 331-5337
E-mail:  jjh@corsbassett.com

Attorneys for Defendants, HYATT
CORPORATION, et al.

* By Jeffrey J. Harmon

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 24, 2004, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to Stanley M. Chesley and Robert A. Steinberg, Waite, Schneider, Bayless & Chesley Co., L.P.A., 1513 Central Trust Tower, Cincinnati, Ohio 45202 and Michael J. O'Hara, O'Hara, Ruberg, Taylor, Sloan & Sergent. 209 Thomas More Park, Suite C, Covington, Kentucky 41017-0411.

s/Jeffrey J. Harmon
Jeffrey J. Harmon
Ohio Bar No. 0032848
CORS & BASSETT, LLC
1881 Dixie Highway, Suite 350
Ft. Wright, Kentucky 41011
Telephone:    (859) 331-6440
Facsimile:     (859) 331-5337
E-mail: jjh@corsbassett.com

Chicago 47233.1

8