IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BARBARA LODER HILDEBRANDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. C-1-02 0003 |
| ) | |
| HYATT CORPORATION, et al. ) | Judge Sandra Beckwith |
| ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT OF THERESA M. GALLION

I, Theresa M. Gallion, being first duly sworn on oath, state as follows:

1. I am a partner in the law firm of Fisher & Phillips LLP, counsel for Defendants in the above-captioned lawsuit.

2. On August 16, 2004 a jury verdict was entered in this case in favor of Defendants, Hyatt, Tyson Helms and Jack Horne after a jury trial which was held from August 9, 2004-August 13, 2004. Final judgment was entered in the case on August 16, 2004. Additionally, on June 28, 2004, this Court granted in part Defendants' Motion for Summary Judgment pursuant to a Memorandum Opinion of the same date, and dismissed with prejudice all of Plaintiff's claims against Defendant Brian Booth.

3. I have knowledge of the discovery taken in this case as well as expenses incurred in preparation for trial and verify that each item set forth in the Itemization of Bill of Costs attached hereto is correct and has been necessarily incurred in this case, and that the services identified in the attached Itemization were actually and necessarily performed. Additionally, the

Chicago 47239.1

exhibits to the attached Itemization are true and correct copies of invoices issued in this case.

4. Costs incurred by Defendants incident to the taking of depositions in this case is $11,474.26. Such costs were incurred for the court reporter attendance time, videography, and/or for obtaining the deposition transcripts in this case. All of the deposition costs set forth in the Itemization attached hereto were reasonably necessary for use in this case. See Itemization, Section I. The following persons have been deposed in this lawsuit: Ed Rabin, Leo Hildebrandt, Robert Schnitz, Wendy Aylward, Doug Patrick, Cathy Petz, Jeanne Pearson, Bruce Small, Jack Horne, Ty Helms, Brian Booth, Molly Crompton, George Parsons, Harvey Rosen, Dawn Beagle, Leo Hildebrandt, Dean D'Anna, Mary Rocereto, Barbara Hildebrandt, and David Berins. Booth, Horne, Helms and Ms. Hildebrandt are or were parties to the case, and Leo Hildebrandt is Plaintiff's husband. George Parsons and Harvey Rosen were identified by Plaintiff as expert witnesses. Aylward, Beagle and Rocereto are plaintiffs in another suit filed against Hyatt in Chicago, and were identified by Plaintiff as having knowledge of her allegations in this case. David Berins was Defendants' expert in this case and testified at trial. The remaining listed deponents were defense witnesses deposed by Plaintiff. Excerpts from the depositions of several of the above-listed individuals were used in the summary judgment motion filed by Defendants and at trial.

5. Defendants also incurred the cost of obtaining the official court transcript of a hearing on sanctions before Magistrate Judge Sherman. The transcript was necessary as a record in this case as Magistrate Judge Sherman made his ruling in favor of Defendants' counsel orally, and made additional comments at the hearing that were relevant to a potential appeal or other additional proceedings in this matter. The total cost of the hearing transcript was $16.50.

Chicago 47239.1

Defendants also seek costs of the transcript of the July 23, 2004 Final Pretrial Conference in this action before Judge Beckwith, the transcript of Judge Beckwith's August 9, 2004 rulings on the Motions in Limine, and other transcripts of the opening statements and testimony at trial, all of which were necessary for Defendants to comply with Judge Beckwith's rulings and trial procedures, and to adequately pursue its defense in the trial held in this case on August 9-13, 2004. The total costs of the transcripts of the July 23, 2004, August 9, 2004 and other proceedings were $1,125.30. See Itemization, Section II.

6. Defendants also incurred $24,686.33 in costs associated with outside copying of document productions necessary for use in this case including documents used at trial and the production and creation of Defendants' demonstrative trial aids. See Itemization, Section IV.

7. Defendants likewise incurred expert witness fees in this case in the amount of $29,089.94. See Itemization, Section III.

8. Defendants also incurred $7,956.25 for the retention of Zagnoli McEvoy Foley, LLC who served as trial consultants and created the demonstrative exhibits used during the trial. Additionally, Defendants retained Dr. Samuel Kurszh of LECG who served as a consultant with regard to the opinions proffered by Dr. Harvey Rosen. Defendants incurred $4,334.75 in costs for Dr. Kursh's retention. See Itemization, Section V.

9. Defendants are entitled to recover $5,081.85 in costs and expenses associated with the testimony at trial of the following witnesses: Douglas Patrick, Bruce Small, Mark Henry and David Berins. See Itemization Section VI.

10. The total taxable cost incurred in this case amounts to $83,765.18.

Chicago 47239.1

THIS ENDS MY AFFIDAVIT

_____
Theresa M. Gallion

Subscribed and sworn to
before me this 23rd day of July, 2004

_____
Notary Public

[Notary Seal: JUNE G. COFFMAN, Commission # DD0086886, Expires 6/14/2006, Bonded through Florida Notary Assn., Inc.]

Chicago 47239.1