UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BARBARA LODER HILDEBRANDT,  :
:
Plaintiff  :
:   CASE NO. C-1-02-0003
vs.  :
:   Judge Beckwith
HYATT CORPORATION, *et al.*,  :   Magistrate Judge Black
:
Defendants  :

**PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' BILL OF COSTS WITHOUT PREJUDICE TO REFILE IT AFTER JUDGMENT IS FINAL FOLLOWING ALL APPEALS**

Now comes Plaintiff, and respectfully requests the Court to dismiss Defendants' Motion For An Award Of Costs without prejudice, because a timely notice of appeal has been filed (Doc. 141) and because this Court's Local Rules provide that a bill of costs will not be taxed during the pendency of an appeal. Defendant's requested costs are not supported by legal authority and will be strongly opposed by Plaintiff if and when it is appropriate to tax costs.

S.D. Ohio Local Rule 54.1, TAXATION OF COSTS, provides in part (a):

Unless otherwise ordered, ***taxation of costs shall not occur until a final judgment in favor of a party entitled to an award of costs has been entered by the Court***. The bill of costs is to be served and filed within fourteen (14) days after the date such judgment becomes final, ***which ordinarily is*** the date on which any timely appeal should have been noticed, if one is not taken, or is ***the date on which the judgment is final after all appeals.*** (Emphasis added).

In the instant case, Plaintiff has filed a timely notice of appeal; thus, the bill of costs is not due to be filed until fourteen days after the appeal is resolved and final judgment is entered. Although the Court may retain jurisdiction over

taxation of costs when a timely notice of appeal is filed,[1] the logic of the Local Rule is to avoid effort on taxation of costs when such taxation may not be necessary, depending on the outcome of the appeal. This logic is especially applicable in this case, where Defendants have included in their request for costs many items that are not supported by legal authority. Furthermore, this Court has identified numerous factors that must be considered when determining whether to assess any of the prevailing party's costs against the losing party. This Court has denied the prevailing party's Rule 54(d) costs in cases where: (1) the losing party acted in good faith; (2) the case was difficult; (3) the case was close; and (4) the award of costs would have a chilling effect upon similar plaintiffs. *See U.S. ex rel. Pickens v. GLR Constructors, Inc.*, 196 F.R.D. 69 (S.D. Ohio 2000); *Rosser v. Pipefitters Union Local 392*, 885 F.Supp. 1068, 1071-72 (S.D. Ohio 1995).

Therefore, the issue as to whether costs should be awarded to the prevailing party in this case would require extensive briefing and a decision by this Court. For this reason, it is appropriate to dismiss the motion at this time while an appeal is pending, without prejudice to refiling it at the appropriate time. *See Cobell v. Norton,* 319 F.Supp. 2d 36, 41 (D.D.C. 2004); *Ceraso v. Motiva Enterprises, L.L.C.,* 2002 WL 32175199, *3 (D. Conn. 2002); *McCollum v. McDaniel,* 136 F.Supp. 2d 472, 479, n.11 (D. Md. 2001); *Julie Research Laboratories, Inc. v. Select Photographic Engineering, Inc.*, 1996 WL 148435, *2 (S.D.N.Y. 1996); *Czajka v. Caspari,* 1991 WL 278668, *4 (E.D. Mo. 1991).

---

[1] See, however, *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58-59 (1982); *Securities and Exchange Commission v. Johnson,* 143 F.3d 260 (6th Cir. 1996).

In the event the Court does not grant this motion, Plaintiff respectfully requests an extension of time of fifteen (15) days after the Clerk has taxed costs within which to respond to the items taxed.

Respectfully submitted,

s/Robert A. Steinberg
Stanley M. Chesley (0000852)
Robert A. Steinberg (0032932)
    (Trial Attorney)
**WAITE, SCHNEIDER, BAYLESS
  & CHESLEY CO., L.P.A.**
1513 Fourth and Vine Tower
Cincinnati, OH  45202
513-621-0267
bobsteinberg@wsbclaw.cc

and

Michael J. O'Hara (0014966)
**O'HARA, RUBERG, TAYLOR, SLOAN
  & SERGENT**
209 Thomas More Park, Suite C
P.O. Box 17411
Covington, Kentucky 41017-0411
(606) 331-2000
mohara@ortlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice was served by electronic filing via the CM/ECF System to Theresa M. Gallion, Esq. and Nadine Abrahams, Esq. this 27th day of August, 2004.

s/Robert A. Steinberg
Robert A. Steinberg
