UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BARBARA LODER HILDEBRANDT, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HYATT CORPORATION, et al. ) <br> ) <br> Defendants. ) | Case No. C-1-02 0003 <br><br> Judge Sandra S. Beckwith |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO DISMISS DEFENDANTS' BILL OF COSTS WITHOUT PREJUDICE**

Defendants Hyatt Corporation ("Hyatt"), Tyson Helms ("Helms"), Jack Horne ("Horne") and Brian Booth ("Booth") (collectively "Defendants"), by and through their undersigned counsel, and for their Response in Opposition to Plaintiff's Motion to Dismiss Defendants' Bill of Costs Without Prejudice, state as follows:

1. On August 16, 2004, this Court entered a final judgment in this case pursuant to a jury verdict in favor of Defendants Hyatt, Helms and Horne. Defendant Booth had previously been dismissed from this case on partial summary judgment. An amended final judgment was entered on August 25, 2004.

2. On August 24, 2004, a little over a week after this Court's initial entry of final judgment, Defendants filed their Motion for an Award of Costs in the amount of $83,765.18.

3. Plaintiff has not responded to the substance of Defendants' request for costs. Instead, Plaintiff moves to dismiss Defendants' request without prejudice, in light of Plaintiff's subsequent filing of a notice of appeal on August 27, 2004, with Defendants being given leave to

re-file the costs motion upon the conclusion of the appeal. For all of the reasons discussed below, Plaintiff's motion should be denied. There is no reason to delay the disposition of the costs issue.

4. Contrary to Plaintiff's contention, this Court's Local Rule 54.1 does not require this Court to delay or defer taxation of costs. While the Local Rule <u>permits</u> the bill of costs to be served as late as 14 days after the conclusion of all appeals from a final judgment, it does not <u>require</u> that the prevailing party await such resolution. The Local Rule permits taxation of costs upon entry of a final judgment. LR 54.1(a). A final judgment was entered in this case on August 16, 2004. The pendency of Plaintiff's appeal does not convert this Court's August 16 order into something other than a final judgment. Indeed, Plaintiff concedes that this Court "may retain jurisdiction over taxation of costs when a timely notice of appeal is filed..." Pl. Mot. to Dismiss, pp. 1-2.

5. Plaintiff contends that her objections to Defendants' bill of costs will require "extensive briefing," warranting deferral of Defendants' request for costs while Plaintiff's appeal is pending. There are two responses to this. <u>First</u>, the legal issues pertaining to resolution of Defendants' bill of costs are not novel or complex, and should not require extensive briefing. <u>Second</u>, if there is to be briefing over the propriety of an award of costs, the interests of judicial economy militate in favor of proceeding with such briefing now, rather than further delaying the matter. Plaintiff's appeal from this Court's rulings and the jury verdict in this case is patently without merit, and should not be a pretext for Plaintiff to avoid the prompt and efficient resolution of the issue of taxation of costs.

6. This Court has rejected a similar request that consideration of a costs petition be stayed pending resolution of the plaintiffs' appeal to the Sixth Circuit Court of Appeals. <u>Rooney</u>

v. Medical Center Hospital of Chillicothe, 1995 WL 437548, *4 (S. D. Ohio 1995) (Beckwith J.) (noting that the timing of consideration of the costs issue is entrusted to the Court's "sound discretion" and that "there is no advantage to delay in this matter"). (A copy of this decision is attached hereto as Exhibit A.) Numerous Federal District Courts have exercised their discretion to entertain a costs petition, notwithstanding the pendency of an appeal. See, e.g., Epcon Gas Systems v. Bauer Compressors, Inc., 2001 WL 363933, *1 (E.D. Mich. 2001) (court notes that it has "discretion to issue a stay or to award costs where a case is pending on appeal" and "it is in the interests of judicial economy to resolve all of the remaining issues in this case at this time") (A copy of this decision is attached hereto as Exhibit B.); EEOC v. Allied Systems, Inc., 1999 WL 395377, *1 (N.D. N.Y. 1999) (plaintiff "fails to demonstrate good reason for the Court to exercise its discretion to delay an award of costs pending an appeal") (A copy of this decision is attached hereto as Exhibit C.); Blevins v. Heilig-Meyers Corporation, 184 F.R.D. 663, 669-70 (M.D. Ala. 1999) (rejecting plaintiffs' request to stay execution of taxation of costs pending appeal); Ziemack v. Centel Corporation, 1997 WL 97384, *1 (N.D. Ill 1997) (same). (A copy of this decision is attached hereto as Exhibit D.) Conversely, none of the cases on which Plaintiff relies stands for the proposition that this Court lacks discretion to entertain Defendants' costs petition now, rather than deferring all briefing and other activity on it until after the conclusion of Plaintiff's fruitless appeal.

7.    Here, as in the cases cited above, this Court should exercise its discretion to consider Defendants' requests for costs at this time, rather than awaiting the conclusion of the appellate process. Plaintiff is not appealing a ruling on a close and controversial legal issue which has a significant likelihood of being reversed. To the contrary, Defendants anticipate that this Court's rulings and the jury verdict in their favor will almost certainly be affirmed. Given

the remote likelihood of a reversal, and the inefficiency of awaiting the conclusion of the appellate process before this matter can be briefed and resolved, Plaintiff's motion to dismiss Defendants' costs motion should be denied, and Plaintiff should be required to file her substantive response and objections, if any, forthwith.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff's Motion to Dismiss Defendants' Bill of Costs Without Prejudice should be denied.

Dated: September 1, 2004.

                                        Respectfully submitted,

                                        FISHER & PHILLIPS LLP
                                        1250 Lincoln Plaza
                                        300 South Orange Avenue
                                        Orlando, Florida 32801
                                        Telephone:   (407) 541-0888
                                        Facsimile:    (407) 541-0887

By:    s/Theresa M. Gallion by
        s/Jeffrey J. Harmon per telephone
        authorization of 9/1/04
        Theresa M. Gallion, Esq.
        Florida Bar No. 726801
        E-mail: TGallion@LaborLawyers.com

        Natalie J. Storch, Esq.
        Florida Bar No. 0269920
        E-mail: NStorch@LaborLawyers.com

        Nadine C. Abrahams. Esq.
        Illinois Bar No. 6209382
        FISHER & PHILLIPS LLP
        140 S. Dearborn, Suite 420
        Chicago, Illinois 60603
        Telephone:   (312) 580-7811
        Facsimile:    (312) 346-3179
        E-mail: nabrahams@LaborLawyers.com

        s/Jeffrey J. Harmon
        Jeffrey J. Harmon
        Ohio Bar No. 0032848
        CORS & BASSETT, LLC
        537 E. Pete Rose Way, Suite 400
        Cincinnati, Ohio 45202-3578
        Telephone:  (513) 852-8201
        Facsimile:  (513) 852-8222
        E-mail: jjh@corsbassett.com

        TRIAL ATTORNEYS FOR
        DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 1, 2004, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to Stanley M. Chesley, Esq. and Robert Steinberg, Esq., Waite, Schneider, Bayless, & Chesley Co., L.P.A., 1513 Central Trust Tower, Cincinnati, Ohio, 45202, and Michael J. O'Hara, Esq., O'Hara, Ruberg, Taylor, Sloan & Sergent, 209 Thomas More Park, Suite C, P.O. Box 17411, Covington, Kentucky 41017-0411.

        s/Jeffrey J. Harmon
        Jeffrey J. Harmon