UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BARBARA LODER HILDEBRANDT, | : | |
| | : | |
| Plaintiff | : | |
| | : | CASE NO. C-1-02-0003 |
| vs. | : | |
| | : | Judge Beckwith |
| HYATT CORPORATION, *et al*., | : | Magistrate Judge Black |
| | : | |
| Defendants | : | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' BILL OF COSTS WITHOUT PREJUDICE**

Defendants' response to Plaintiff's motion to dismiss Defendants' bill of costs without prejudice fails to adequately address this Court's Local Rule 54.1(a). Defendants argue that Local Rule 54.1(a) permits taxation of costs upon entry of final judgment. (Doc. 145, Defendants' response, p. 2). They argue that judgment was entered on August 16, 2004. Id. However, they fail to quote the remainder of the Local Rule, which specifies that the date of judgment "ordinarily is the date on which any timely appeal should have been noticed, if one is not taken, ***or is the date on which the judgment is final after all appeals***." Local Rule 54.1(a) (Emphasis added). Thus, for the purposes of billing costs under Rule 54.1(a), our Court has determined that judgment is not final in this case until all appeals have been resolved. There is no reason in this case not to follow the precepts of our Local Rule.

The cases cited by Defendants to support taxing costs at this time are inapposite. *Rooney v. Medical Center Hospital of Chillicothe*, 1995 WL 437548 (S.D. Ohio 1995) (Beckwith, J.), was not a case where costs were sought under Local Rule 54.1(a), but a case where this Court applied 42 U.S.C. § 11113 and found that the plaintiffs' conduct was "frivolous, unreasonable, without foundation . . . and in bad faith." Id., *3.  The Court found that the plaintiffs "failed to produce a scintilla of evidence to warrant their claims" and that their conduct was "abusive, harassing and intimidating toward colleagues, co-workers and patients." Id. .  No such findings have been made in this case.  Unlike the instant case, the Court had awarded summary judgment on all of plaintiffs' claims.

The remaining cases are from other jurisdictions, where Local Rule 54.1(a) does not apply.  None of them involve an award of costs following a jury verdict that was appealed.  *Epcon Gas Systems v. Bauer Compressors, Inc.*, 2001 WL 363933 (E.D. Mich. 2001) (attached to Defendants' response), is a Magistrate Judge's recommendation following the grant of summary judgment in favor of the defendant on the plaintiff's claim of patent infringement.  The recommendation involved $9,166.13 in costs.  There is no indication that the recommendation was adopted and that costs were actually awarded.  In contrast, the instant case proceeded to trial, the jury deliberated a substantial period of time before rendering a verdict, and the requested costs in this case exceed $80,000, are unsupported by adequate documentation, and are grossly excessive.  *Epcon*, however, is instructive as to why costs should not be billed

until judgment is final after all appeals. Following the cited decision in 2001, the Federal Circuit reversed the case in part, holding that a genuine issue of fact existed as to whether there was direct infringement of the patent and remanded it to the district court, thus rendering any decision to award costs moot. *Epcon Gas Systems v. Bauer Compressors, Inc.*, 279 F.3d 1022 (Fed. Cir. 2002). The district court then issued a new decision after remand, granting summary judgment for the defendant and holding there was no infringement. *Epcon Gas Systems v. Bauer Compressors, Inc.*, 243 F. Supp. 729 (E.D. Mich. 2003). On appeal, the Federal Circuit determined that the district court violated the law of the case as set forth in the Federal Circuit's previous decision. *Epcon Gas Systems v. Bauer Compressors, Inc.*, 90 Fed. Appx. 540, 2004 WL 232089 (Fed. Cir. 2004). The Court also determined that Epcon could point to no evidence to support its claim of direct infringement and affirmed the grant of summary judgment. Id.

*EEOC v. Allied Systems*, 1999 WL 395377 (N.D.N.Y. 1999) (attached to Defendants' response), is also a case where the district court awarded summary judgment to the defendant on all claims. The defendant filed an amended bill of costs for $3,540.57. The Court proceeded to award costs. This case is distinguishable because our Local Rule specifies that judgment is not final until all appeals are exhausted, because requested costs are far greater, and because the instant case involved a trial and significant deliberation by the jury before rendering a verdict.

*Ziemack v. Centel Corp.*, 1997 WL 97384 (N.D. Ill. 1997) (attached to Defendants' response), also involves an award of summary judgment to the defendant and the assessment of costs following a request for $71,944.63 in costs. *Ziemack* is distinguishable because our Local Rule specifies that judgment is not final until all appeals are exhausted and because the instant case involved a trial and significant deliberation by the jury before rendering a verdict. The opinion also points out the numerous factual issues that must be decided in the event the court would even award costs. The case holds that the court must make "a reasonable allocation between covered costs incurred as necessary to the defense of this action and those more appropriately viewed as incurred for the defendant's own convenience." Id. The court held that the depositions of the named plaintiffs were not necessary, and their costs could not be recovered. Id. The court held that the charge of 18 cents per page for copies was not appropriate and that 13 cents per page was the "outer limit of permissible charges when defendant had control over copying costs." Id. The court set a limit on the number of copies for which plaintiffs could be billed costs. All of these issues and many more would be raised in the instant case if costs were assessed. This creates a very substantial amount of work for the Clerk, followed by briefing and decisions by the Court. For that reason, it makes sense to follow the Local Rule and wait until judgment is final after all appeals.

*Blevins v. Heilig-Meyers Corp.*, 184 F.R.D. 663, 669-70 (M.D. Ala. 1999) is also a case where summary judgment was granted in favor of the defendant. *See Blevins v. Heilig-Meyers Corp.*, 52 F.Supp.2d 1337 (M.D. Ala. 1998). The

4

claim for costs in *Blevins* was $2,397.90, while the claim in the instant case exceeds $80,000. *Blevins* is distinguishable because our Local Rule specifies that judgment is not final until all appeals are exhausted and because the instant case involved a trial and significant deliberation by the jury before rendering a verdict. The opinion also points out the numerous factual issues that must be decided, assuming the court would even award costs. The case holds that deposition costs are not taxable if the deposition was obtained for the defendant's convenience or for investigative purposes. Id. at 666. Defendant's failure to obtain a discount by paying within 30 days resulted in reduction of costs. Id. at 668. The court also reduced costs because defendant obtained too many copies of its summary judgment brief. All of these issues and many more are involved in the excessive bill of costs submitted by Defendants in the instant case.

      Defendants argue that costs should be awarded because Plaintiff is not appealing an issue that has a significant likelihood of being reversed. Plaintiff's counsel have obtained transcripts of the pertinent portions of the trial and have studied the summary judgment decision of the Court. While it is not appropriate at this time to argue the merits of the appeal, Plaintiff's counsel are convinced that, in their professional opinion, the issues to be raised on appeal of this case have merit and are not frivolous.

      As the Court knows, there is a serious question whether any costs should be assessed in a case such as this, where the Plaintiff acted in good faith; the case was difficult; the case was close; and the award of costs would have a

5

chilling effect upon similar plaintiffs. *See U.S. ex rel. Pickens v. GLR Constructors, Inc.*, 196 F.R.D. 69 (S.D. Ohio 2000); *Rosser v. Pipefitters Union Local 392*, 885 F.Supp. 1068, 1071-72 (S.D. Ohio 1995). Certainly, Defendants' claim of over $80,000 in costs is more of a punitive measure than a costs recovery. A Plaintiff should have the right to have her case tried by a jury, where the Court has determined that jury trial is appropriate, without the imposition of excessive costs as a penalty for an unfavorable jury verdict.

Plaintiff has cited to the Court numerous authorities that hold it is appropriate to dismiss Defendants' motion for costs at this time while an appeal is pending, without prejudice to refiling it at the appropriate time. *See Cobell v. Norton,* 319 F.Supp. 2d 36, 41 (D.D.C. 2004); *Ceraso v. Motiva Enterprises, L.L.C.,* 2002 WL 32175199, *3 (D. Conn. 2002); *McCollum v. McDaniel,* 136 F.Supp. 2d 472, 479, n.11 (D. Md. 2001); *Julie Research Laboratories, Inc. v. Select Photographic Engineering, Inc.*, 1996 WL 148435, *2 (S.D.N.Y. 1996); *Czajka v. Caspari,* 1991 WL 278668, *4 (E.D. Mo. 1991).

In the event the Court does not grant Plaintiff's motion, Plaintiff respectfully requests an extension of time of fifteen (15) days after the Clerk has taxed costs within which to respond to the items taxed.

Respectfully submitted,

s/Robert A. Steinberg
Stanley M. Chesley (0000852)
Robert A. Steinberg (0032932)
    (Trial Attorney)
**WAITE, SCHNEIDER, BAYLESS**
 **& CHESLEY CO., L.P.A.**
1513 Fourth and Vine Tower
Cincinnati, OH  45202
513-621-0267
bobsteinberg@wsbclaw.cc

and

Michael J. O'Hara (0014966)
**O'HARA, RUBERG, TAYLOR, SLOAN**
 **& SERGENT**
209 Thomas More Park, Suite C
P.O. Box 17411
Covington, Kentucky 41017-0411
(606) 331-2000
mohara@ortlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice was served by electronic filing via the CM/ECF System to Theresa M. Gallion, Esq. and Nadine Abrahams, Esq. this 8th day of September 2004.

s/Robert A. Steinberg
Robert A. Steinberg