Westlaw.

90 Fed.Appx. 540
90 Fed.Appx. 540, 2004 WL 232089 (Fed.Cir.)
(Cite as: 90 Fed.Appx. 540, 2004 WL 232089 (Fed.Cir.))

Page 1

H
Briefs and Other Related Documents

This case was not selected for publication in the Federal Reporter.

NOTE: Pursuant to Fed.Cir.R. 47.6, this order is not citable as precedent. It is public record.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Federal Circuit Rule 47.6. (FIND CTAF Rule 47.6.)

United States Court of Appeals, Federal Circuit.

EPCON GAS SYSTEMS, INC. and Norman S. Loren, Plaintiffs-Appellants,
v.
BAUER COMPRESSORS, INC., Defendant-Appellee.

No. 03-1303.

DECIDED: Feb. 2, 2004.

**Background:** Owner of patent brought action against alleged infringer relating to patent directed to method and apparatus for providing gas assistance to injection molding process. The District Court, 134 F.Supp.2d 838, Arthur J. Tarnow, J., granted summary judgment for alleged infringer, and owner appealed. The Court of Appeals, 279 F.3d 1022, affirmed in part, reversed in part and remanded. On remand, United States District Court for the Eastern District of Michigan, 243 F.Supp.2d 729, entered summary judgment of non-infringement in favor of alleged infringer, and owner appealed.

**Holding:** The Court of Appeals, Linn, Circuit Judge, held that district court's purported clarification of prior claim construction violated law of the case.

Affirmed.

West Headnotes

Patents ⚷327(13)
291k327(13)

District court's purported clarification of prior claim construction that Court of Appeals had previously affirmed on appeal violated law of the case, where district court amended its prior claim construction to add numerical values, even though nothing in written description or prosecution history warranted incorporation of numerical values into claims.

Patents ⚷328(2)
291k328(2)

5,118,455. Not Infringed.

*540 Before CLEVENGER, LINN, and PROST, Circuit Judges.

LINN, Circuit Judge.

**1 Epcon Gas Systems, Inc. and Norman S. Loren (collectively "Epcon") appeal from a decision of the United States District Court for the Eastern District of Michigan, 98-CV-

90 Fed.Appx. 540                                                                                              Page 2
90 Fed.Appx. 540, 2004 WL 232089 (Fed.Cir.)
(Cite as: 90 Fed.Appx. 540, 2004 WL 232089 (Fed.Cir.))

75392, granting summary judgment of non-infringement of Epcon's U.S. Patent No. 5,118,455 ("the '455 patent") in favor of defendant Bauer Compressors, Inc. ("Bauer"). *Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 243 F.Supp.2d 729 (E.D.Mich.2003). Although the district court erred by modifying the construction of the claim term "substantially below" on remand from this court, the district court correctly concluded that Epcon failed to show that Bauer met the "increased, decreased, or held substantially constant" limitation of claim 2 of the '455 patent and thus correctly granted summary judgment of non-infringement on that basis. We *affirm.*

## BACKGROUND

The '455 patent is directed to a method and apparatus for providing gas assistance to an injection molding process. In 1998, Bauer began making and selling a "nitrogen control unit" suitable for use in gas assisted injection molding. Epcon sued Bauer, alleging that Bauer's activities infringed claims 2 and 16 of the '455 patent. *Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 134 F.Supp.2d 838, 841 (E.D.Mich.2000) ("*Epcon I*"). After construing *541 the disputed claim limitations, the district court ultimately granted summary judgment of non-infringement in favor of Bauer. Id. at 850. Epcon appealed to this court. *Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022 (Fed.Cir.2002) ("*Epcon II*").

In *Epcon II,* we held that claim 2 "is a garden variety process claim" and the district court erred in analyzing claim 2 according to 35 U.S.C. § 112, ¶ 6. Id. at 1028. After discussing the claim language and prosecution history, we affirmed the district court's construction of the limitation "substantially below." Id. at 1031. However, we reversed the district court's construction of other claim terms. Id. at 1033. Based on the revised claim constructions and a review of Epcon's evidence of direct infringement, we determined that Epcon had raised a genuine issue of material fact concerning direct infringement, reversed the district court's grant of summary judgment of non-infringement, and remanded the case for further consideration. Id. at 1034.

On remand, the district court revised its claim construction of "substantially below" and again granted summary judgment of non-infringement of method claim 2 in favor of Bauer on two alternate grounds: Epcon failed to present evidence that Bauer practiced the method by selectively increasing, decreasing, and holding constant the gas pressure, and Epcon failed to present evidence that Bauer infringed the method by practicing gas injection molding at pressure differentials of 6000 psi or higher. *Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 243 F.Supp.2d 729, 738-39 (E.D.Mich.2003) ("*Epcon III*"). Epcon appealed to this court for a second time. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(1) (2000).

## ANALYSIS
### I. *Standard of Review*

**2 "We review the grant of summary judgment de novo, drawing all reasonable inferences in favor of the non-moving party." *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1323 (Fed.Cir.2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Summary judgment is only appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1116 (Fed.Cir.1985) (en banc).

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

90 Fed.Appx. 540                                                                                                   Page 3
90 Fed.Appx. 540, 2004 WL 232089 (Fed.Cir.)
(Cite as: 90 Fed.Appx. 540, 2004 WL 232089 (Fed.Cir.))

## II. "Substantially Below"

On appeal, Epcon argues that the district court modified the construction of the "substantially below" limitation in claim 2 of the '455 patent that we approved in the previous appeal, and thereby violated the doctrine of law of the case. The doctrine of law of the case requires lower courts to follow the rulings of appellate courts on issues that have actually been decided by appellate courts. *Exxon Corp. v. United States,* 931 F.2d 874, 877 (Fed.Cir.1991). Claim constructions previously determined on appeal to this court are law of the case on remand. *Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.,* 149 F.3d 1309, 1315 (Fed.Cir.1998) ("In the previous appeal, this court established the construction of all the claim terms in dispute. Thus, claim construction need not be repeated here, as our prior construction is law of the case.") (internal citation omitted); *see also Bio-Tech. Gen. Corp. v. Genentech, Inc.,* 267 F.3d 1325, 1331 (Fed.Cir.2001).

The district court initially construed the "substantially below" limitation as follows:
> Accordingly, the court must determine the proper meaning for the term "substantially" in the context of the 455 Patent.... *542 In the case of the second phrase, that stating that the pressure of the gas injected into the mold is substantially below that of the stored gas supply, it will be read to mean that the pressure of gas injected into the mold is below that of the stored gas supply to a considerable degree.
>
> \* \* \* \* \* \*
>
> In an effort to forestall any future dispute about the meaning of "considerable", this court understands that term to mean large. *This court does not attach specific values to the respective pressures, that in the supply of stored gas and the pressure of the gas injected into the mold. The court notes, however, that the drafters of the 455 Patent include examples of the pressures at which various elements of the claimed invention are to operate at several points in the specification of the 455 Patent. These values disclose pressure differences on the order of 6-11,000 psi, with the pressure of the stored gas supply always being the higher of the quoted pressures.* Accordingly, the court finds that pressure differentials of 6-11,000 psi are "substantial" for purposes of the interpretation of the disputed claims of the 455 Patent, with the pressure of the gas injected into the mold always being the lower of the two values. The court believes that a pressure differential of, say, 8,000 psi would commonly be understood by one skilled in the art to be "substantial".
>
> \*\*3 *Epcon I,* 134 F.Supp.2d at 847 (emphasis added).

When we reviewed the claim constructions of the '455 patent in Epcon's prior appeal, we affirmed the district court's construction of "substantially below," stating *inter alia:*
> The district court construed the term "substantially" in the claimed phrase "substantially below" to mean "to a considerable degree," and further construed "considerable" to mean "large." *The district court did not attach specific values to the pressures compared in the claims using the phrase "substantially below,"* but did find that pressure differentials between 6- 11,000 psi, including 8,000 psi, are "substantial" for purposes of the '455 patent.

*Epcon II,* 279 F.3d at 1030 (emphasis added). On remand, the district court "clarified" its earlier construction of the "substantially below" limitation:
> In addition, because of the exemplary pressure differentials in the specification,

90 Fed.Appx. 540                                                                                                                Page 4
90 Fed.Appx. 540, 2004 WL 232089 (Fed.Cir.)
(Cite as: 90 Fed.Appx. 540, 2004 WL 232089 (Fed.Cir.))

the Court makes explicit its prior, ambiguous ruling and holds that "substantially below" requires a pressure differential of at least 6,000 [psi]." *Epcon III,* 243 F.Supp.2d at 739.

The district court's "clarification" of its prior claim construction that we previously affirmed on appeal violated law of the case. In *Epcon II,* we affirmed the district court's stated claim construction from *Epcon I* that "the pressure of gas injected into the mold is below that of the stored gas supply to a considerable degree," where "considerable" further meant "large." *Epcon II,* 279 F.3d at 1030; *see also Epcon I,* 134 F.Supp.2d at 847. We further affirmed that the district court's claim construction did not include the specific numeric values from the specification as a limitation of the claim. *Epcon II,* 279 F.3d at 1030. Indeed, the district court's initial claim construction recognized that the numerical range was simply an "example" from the specification. *Epcon I,* 134 F.Supp.2d at 847 ("The court notes, however, that the drafters of the 455 Patent include examples of the pressures at which various elements of the claimed invention are to operate at several points in the *543 specification of the 455 Patent. These values disclose pressure differences on the order of 6-11,000 psi...."). Thus, the district court violated law of the case when it amended its prior claim construction to add numerical values from the specification. Moreover, there is nothing in the written description or prosecution history to warrant the incorporation of the numerical values into the claims. *See, e.g., Teleflex,* 299 F.3d at 1326 ("[L]imitations from the specification are not to be read into the claims."). The proper claim construction of "substantially below" was previously affirmed in the *Epcon II* appeal: "the pressure of gas injected into the mold is below that of the stored gas supply to a considerable degree," where "considerable" means "large."

### III. *"Increased, Decreased, or Held Substantially Constant"*

**\*\*4** In the proceedings below following our remand in *Epcon II,* Epcon admitted that the gas pressure in the mold must be selectively increased, decreased *and* held constant during any injection cycle to meet the "increased, decreased, or held substantially constant" limitation of method claim 2 of the '455 patent. *Epcon III,* 243 F.Supp.2d at 737. In granting summary judgment, the district court found that Epcon had failed to present any evidence that Bauer met that limitation. *Id.* at 738. On appeal, Epcon points only to evidence that Bauer's apparatus was capable of infringing claim 2 of the '455 patent. After ample opportunity for discovery, Epcon has failed to present sufficient evidence from which a reasonable juror could find that Bauer infringed directly, that Bauer induced infringement, or that Bauer's sale of the apparatus constituted contributory infringement. At oral argument before this court, Epcon's counsel was unable to identify any evidence in the record that proves Bauer had infringed the method of claim 2. Because the district court properly found no genuine issue of material fact that Bauer actually performed the method of claim 2 of the '455 patent, we *affirm* the grant of summary judgment of non-infringement on this basis.

90 Fed.Appx. 540, 2004 WL 232089 (Fed.Cir.)

Briefs and Other Related Documents (Back to top)

- 03-1303                (Docket)

90 Fed.Appx. 540            Page 5
90 Fed.Appx. 540, 2004 WL 232089 (Fed.Cir.)
**(Cite as: 90 Fed.Appx. 540, 2004 WL 232089 (Fed.Cir.))**

(Mar. 19, 2003)

END OF DOCUMENT

90 Fed.Appx. 540    Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.