FILED

NOV 18 2005

LEONARD GREEN, Clerk

INFORMATION COPY
MANDATE NOT YET ISSUED
DIS. CT. # 02-00003

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 04-4119

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| BARBARA LODER HILDEBRANDT, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | 1:02 cv 3 |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| HYATT CORPORATION; TY HELMS; | ) | SOUTHERN DISTRICT OF OHIO |
| BRIAN J. BOOTH; JOHN M. HORNE, | ) | |
| | ) | |
| Defendants-Appellees. | | |

Before: RYAN, GILMAN, and COOK, Circuit Judges.

COOK, Circuit Judge. Barbara Loder Hildebrandt appeals the district court's grant of summary judgment on her failure-to-promote discrimination claim and also appeals two of the district court's evidentiary rulings on her discriminatory-termination claim. Because the district court properly found that Hildebrandt failed to establish a prima facie case of discriminatory failure to promote, and because it did not abuse its discretion in its evidentiary rulings, we affirm.

I

Over the course of a twenty-two-year career at Hyatt Hotels Corporation, Barbara Loder Hildebrandt merited several promotions, culminating in her elevation to director of national accounts in Hyatt's National Sales Force. Despite an impressive track record, Hildebrandt was then passed

No. 04-4119
*Hildebrandt v. Hyatt Hotels Corp., et al.*

over for several promotions, including one to the position of director of sales for Hyatt's Central National Office, which Hyatt instead gave to Brian Booth. Then, at the age of forty-nine, Hildebrandt lost her job during a reduction in force.

Hildebrandt sued Hyatt and several Hyatt employees, alleging that her career stagnation resulted from age and gender discrimination and her termination from age discrimination. The district court granted summary judgment on the failure-to-promote claims,[1] but allowed the discriminatory-termination claim to go to trial, where a jury found in favor of Hyatt. Hildebrandt challenges summary judgment on one of her failure-to-promote claims as well as two evidentiary rulings from her unsuccessful trial.

II

A. Failure to Promote

We review de novo the district court's grant of summary judgment on Hildebrandt's state-law claim for failure to promote, viewing the evidence in the light most favorable to Hildebrandt and affirming summary judgment only if there is no genuine issue as to any material fact. *DiCarlo v. Potter*, 358 F.3d 408, 414 (6th Cir. 2004).

---

[1] Hildebrandt originally alleged Hyatt wrongly denied her three positions: assistant director of sales for the Central National Office (1999), assistant vice president of international sales (2000), and director of sales for the Central National Office (2000). She appeals summary judgment of only the last position.

-2-

No. 04-4119
*Hildebrandt v. Hyatt Hotels Corp., et al.*

Hildebrandt's appealed claim centered on Hyatt's selection of Brian Booth in December 2000 to become director of sales and marketing for the Central National Sales Force Office in Chicago. The district court analyzed Hildebrandt's claim under the *McDonnell Douglas* framework and concluded that Hildebrandt failed to establish the requisite prima facie case of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). In the absence of a prima facie showing, the court granted Hyatt's summary judgment motion.

Hildebrandt initially argues that the *McDonnell Douglas* test "is not the exclusive method for proving age discrimination." But Ohio courts have adopted the framework of *McDonnell Douglas* and its progeny in considering state-law discrimination claims where a plaintiff lacks direct evidence of discrimination. *See, e.g., Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm'n*, 421 N.E.2d 128, 131-32 (Ohio 1981); *Dunnigan v. City of Lorain*, No. 02CA008010, 2002 WL 31313216, at *2-3 (Ohio App. Oct. 16, 2002) (applying *McDonnell Douglas* analysis to state-law claim for failure to promote based on age and gender discrimination); *Myers v. Goodwill Indus. of Akron*, 701 N.E.2d 738, 743-44 (Ohio App. 1997) (analyzing summary judgment of gender and age discrimination claims under *McDonnell Douglas*).

### 1. Qualification

The district court opined Hildebrandt fell short on her prima facie showing because she could not demonstrate she was qualified for the promotion. According to the court, the promotion required the employee to relocate to Chicago, a requirement Hildebrandt was unwilling to fulfill. Hildebrandt

No. 04-4119
*Hildebrandt v. Hyatt Hotels Corp., et al.*

attacks this conclusion, arguing that genuine disputes existed as to both whether the promotion required relocation and whether she was unwilling to relocate. Hildebrandt bears the burden of producing evidence on these points. *See McDonnell Douglas*, 411 U.S. at 802-04 (setting forth the burden-shifting framework).

Though Hildebrandt argues that the promotion did not require relocation to Chicago, this appears to be her own personal assessment of the lack of corporate necessity; she proffered no evidentiary support. Brian Booth, the candidate promoted to the position, did relocate from Dallas to Chicago, Hyatt required other managers to live in Chicago, and one managerial candidate turned down a promotion on the basis of the required move to Chicago.[2]

Next, Hildebrandt argues she was open to relocation, and the district court lifted a single statement—that she told her supervisor she would "prefer to remain in Cincinnati"—out of context in order to reach its conclusion. Again, however, she failed to come forward with evidence to raise an issue of fact on this point. Hildebrandt acknowledged at her deposition her desire to remain in Cincinnati and admitted she told her supervisor of this preference. She elaborated that her father was ill at the time but that she was amenable to a move after he passed away; she points to no evidence,

---

[2]Although Hildebrandt does not dispute Hyatt's claim that "Chicago was the location of the administrative office for the Central Region," Hyatt's brief referenced Hildebrandt's testimony from the wrongful-termination trial to support this fact, and that testimony occurred after the district court granted summary judgment. *See Niecko v. Emro Mktg. Co.*, 973 F.2d 1296, 1303 (6th Cir. 1992) ("When reviewing a summary judgment, however, an appellate court must not consider evidence that was not before the district court.").

No. 04-4119
*Hildebrandt v. Hyatt Hotels Corp., et al.*

however, that she conveyed the temporary nature of her preference to her supervisor. She instead argues the court should, in resolving all inferences in her favor, infer that she so informed her superiors. Yet upon twice being directly asked whether she ever informed her superiors she was willing to relocate, she hedged, "I expressed an interest to [my supervisor] about [the Assistant Vice President of International Sales] position." But she believed this position "didn't have to be" in Chicago. Absent evidence that a promotion to director of sales for Hyatt's Central National Office did not require relocation to Chicago or that she was willing to relocate to Chicago, a reasonable trier of fact could not find in her favor on this issue, and the district court properly granted summary judgment on her failure-to-promote claim.

### 2. Hyatt's Nondiscriminatory Reasons

Even if Hildebrandt had established a prima facie case of discrimination, we would nevertheless affirm the district court because Hildebrandt failed to rebut Hyatt's proffered nondiscriminatory reasons for selecting Booth. Specifically, Hyatt points to Booth's experience as a sales director for Hyatt's second largest hotel and the positive recommendations of Booth's supervisors. In addition, Booth was able to "bring[] a field perspective to the national sales office." The decisionmaker, Jack Horne, testified that he did not review Booth's personnel file (which Hildebrandt argues would have shown Booth's "deplorable" record) because he received oral recommendations directly from Booth's current and former supervisors.

-5-

No. 04-4119
*Hildebrandt v. Hyatt Hotels Corp., et al.*

Hildebrandt argues she was qualified for the position and Booth was not, and thus Hyatt's proffered reasons did not actually motivate its selection of Booth but instead constitute a pretext for discrimination. Hildebrandt seems to have been qualified for the job (aside from relocation issues). She had an impeccable history with Hyatt, and, judging by her performance reviews, she was a model employee. This alone, however, does little to rebut Hyatt's legitimate nondiscriminatory reasons for promoting Booth. Thus Hildebrandt points to Booth's lack of qualifications in further support of her argument.

Hildebrandt does not dispute that Booth held director's titles at both Marriott and Hyatt hotels or that he was director of sales in one of Hyatt's largest convention hotels. Instead, she argues Booth had a "deplorable" performance record, as demonstrated by two items in Booth's personnel file: a February 1999 memorandum regarding Booth's interpersonal skills and a January 2000 memorandum addressing negativism. The first memorandum discussed Booth's management style and interpersonal skills, but added if Booth "had his head in the game, [his supervisor] thought he was the best person for the job." The second memorandum dealt with Booth's negative attitude, although Booth responded to the memorandum in a letter to his file.

Hildebrandt's argument resembles the plaintiff's argument in *Johnston v. O'Neill*, 130 Fed. Appx. 1 (6th Cir. 2005). There, Johnston applied for supervisory positions with the Bureau of Alcohol, Tobacco, and Firearms ("ATF"), and, in each case, "a younger and, according to Mr. Johnston, less experienced candidate was selected." *Id.* at 3. Johnston alleged age-based failure to

No. 04-4119
*Hildebrandt v. Hyatt Hotels Corp., et al.*

promote, and the ATF responded that its selection of another candidate was based on certain qualifications, such as "generally . . . promot[ing] people from [the] outside." *Id.* at 6. The court affirmed summary judgment in favor of the ATF:

> Mr. Johnston contests . . . the ATF's proffered reasons for hiring Mr. Carpenter, but his opinion regarding the relative merits of his experience and Mr. Carpenter's does not rebut the non-discriminatory reasons offered by [the ATF] for selecting Mr. Carpenter. Mr. Johnston presents no evidence of discrimination on the basis of age, other than the fact that a younger individual was selected for the promotion, to rebut the testimony of [the ATF decisionmakers]. He cannot rely solely on his prima facie case to rebut the ATF's proffered reason for hiring Mr. Carpenter, and therefore summary judgment was proper . . . .

*Id.* at 8. Similarly, although Hildebrandt contends Booth "had never held [her] position of Director of National Accounts, nor had he held positions comparable to her Director of Sales positions . . . in Savannah, Georgia and Cincinnati, Ohio," Hildebrandt's opinion regarding the relative merits of her experience and Booth's does not rebut the nondiscriminatory reasons offered by Hyatt. Hyatt averred it chose Booth because of his experience as a sales director for Hyatt's second-largest hotel and because of positive recommendations from his supervisors. Despite Hildebrandt's opinion that Booth was less qualified, given the contrast between her unblemished record and his, she fails to present any evidence that Hyatt's reasons—proceeding on experience and recommendations—did not actually motivate it to select Booth. Nor has Hildebrandt presented evidence to show these reasons have no basis in fact or are insufficient to explain Booth's selection. *See Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994).

No. 04-4119
*Hildebrandt v. Hyatt Hotels Corp., et al.*

### B. Trial Rulings

Hildebrandt also contends the district court erred in two evidentiary rulings during her discriminatory-termination trial: foreclosing her inquiry into other discrimination complaints during cross-examination of Douglas Patrick, Hyatt's vice president of human resources; and refusing to allow her to inquire into the whereabouts of notes Patrick took during a conversation with the decisionmakers, Helms and Horne. We review the district court's evidentiary rulings for abuse of discretion, *Barnes v. City of Cincinnati*, 401 F.3d 729, 741 (6th Cir. 2005), reversing only if the rulings denied Hildebrandt substantial justice. *United States v. Robinson*, 389 F.3d 582, 593 (6th Cir. 2004). We find neither of the district court's rulings to be an abuse of discretion.

### 1. Other Discrimination Complaints

Before trial, the parties stipulated there would be no mention of discrimination complaints filed against Hyatt by past or present employees, including several contemporaneous suits filed as a result of the reduction in force. During trial, Hyatt's counsel asked Patrick three questions regarding whether Horne and Helms had ever been involved in discrimination allegations. Patrick replied they had not, and Hildebrandt's counsel objected to the third question. The court sustained the objection, ordered the question and answer stricken, and had Hyatt's counsel rephrase the question to ask whether, prior to the reduction in force at issue, Horne and Helms had been the subject of discrimination allegations. The court then denied Hildebrandt's request to use the

No. 04-4119
*Hildebrandt v. Hyatt Hotels Corp., et al.*

contemporaneous suits to impeach Patrick, stating, "[Y]ou can't prove discrimination against her by showing that anyone else was allegedly discriminated against."

Hildebrandt first argues the district court abused its discretion in permitting Hyatt's counsel to ask the modified question regarding other discrimination cases because "[t]he jury undoubtedly was unable to fathom the difference between this question and the previous one." Her argument lacks merit, since juries are presumed to follow instructions given them and nothing indicates the jury here did otherwise. *Holmes v. City of Massillon*, 78 F.3d 1041, 1047 (6th Cir. 1996).

Hildebrandt further argues she should have been permitted to impeach Patrick on cross-examination regarding the other suits. But Patrick's answer to the modified question obviated impeachment.[3] Further, the court's discretion allowed it to conclude the impeachment value of the evidence was substantially outweighed by its prejudicial effect. *See* FED. R. EVID. 403; *Schrand v. Federal Pacific Elec. Co.*, 851 F.2d 152, 157 (6th Cir. 1988) (finding reversible error under Rule 403 where district court admitted evidence of prior discrimination).

Finally, even if the district court abused its discretion, Hildebrandt bears the burden of showing prejudice. *Tompkin v. Phillip Morris, USA, Inc.*, 362 F.3d 882, 891 (6th Cir. 2004). Hildebrandt speculates "there is little doubt that the outcome would have been affected had . . .

---

[3]To the extent Hildebrandt challenges the preceding two questions and answers in Patrick's testimony, her failure to timely object at trial precludes challenge on appeal absent meeting the plain-error standard. *See* FED. R. EVID. 103(a), (d); *Bowman v. Corr. Corp. of America*, 350 F.3d 537, 548 (6th Cir. 2003).

No. 04-4119
*Hildebrandt v. Hyatt Hotels Corp., et al.*

Appellant been allowed to impeach Patrick" because "the jury deliberated for two days, including returning on a Monday after a four-plus day trial." Notwithstanding jurors' aversion to post-weekend deliberation, Hildebrandt's conjecture fails to show that this ruling affected substantial justice in the face of the other significant evidence Hyatt offered: Hildebrandt was over age forty when she was promoted to her position with Hyatt's National Sales Force; the decisionmakers testified at length regarding their considerations in determining whom to terminate; and, of the nine National Sales Force employees over age fifty, none was terminated during the reduction in force. The trial court styled this "a very thin case." On this record, we cannot say the trial court's decision to prohibit cross-examination on the other discrimination complaints affected substantial justice.

2. Patrick's Notes

During cross-examination, Hildebrandt's counsel asked Patrick whether he took any notes of his discussion with Horne and Helms. When he replied in the affirmative, Hildebrandt's counsel asked whether he produced those notes during discovery. The court sustained Hyatt's subsequent objection. Hildebrandt's counsel argued that Patrick's answer surprised him, and he should be given the opportunity to ascertain the whereabouts of the notes. The district court responded, "We're not going to get into relitigating potential discovery issues in front of the jury." Hildebrandt maintains that her counsel should have been permitted to uncover the reason Patrick did not produce these notes in discovery and that she was entitled to a spoliation jury instruction regarding allowable inferences from the destruction of evidence.

No. 04-4119
*Hildebrandt v. Hyatt Hotels Corp., et al.*

The district court has substantial discretion over both discovery and the introduction of evidence. *See Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 760-61 (6th Cir. 2005) ("Because the scope of discovery is within the sound discretion of the trial court, this court will not reverse the district court's decision unless the district [court] has abused its discretion.") (quotation omitted); *United States v. Bilderbeck*, 163 F.3d 971, 978 (6th Cir. 1999) ("The trial court's determinations of admissibility and relevancy depend on the exercise of sound judgment within the context of the entire trial[, and] should not be disturbed absent a clear abuse of discretion."). The district court also has discretion in permitting spoliation evidence. *Beck v. Haik*, 377 F.3d 624, 641 (6th Cir. 2004) ("We review the district court's decision to exclude evidence of spoliation for abuse of discretion."). Here, Hildebrandt's counsel deposed Patrick prior to trial and conducted extensive discovery. Thus counsel had ample pretrial opportunity to discover whether Patrick made notes of the conversation and to ask what became of those notes. The court did not abuse its discretion in concluding this was not a proper subject for inquiry during trial.

III

Because the district court properly concluded that Hildebrandt fell short of a prima facie case of discrimination in her failure-to-promote claim, we affirm the district court's grant of summary judgment. Because the district court did not abuse its discretion in its evidentiary rulings, we affirm the judgment of the trial court on Hildebrandt's discriminatory-termination claim.