UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **BARBARA LODER HILDEBRANDT,** | : | ***ELECTRONICALLY FILED*** |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. C-1-02-0003 |
| vs. | : | |
| | : | Judge Beckwith |
| **HYATT CORPORATION,** *et al.*, | : | |
| | : | |
| Defendants. : | | |
| | : | |

**PLAINTIFF'S OBJECTIONS TO BILL OF COSTS**

**I.    INTRODUCTION**

On August 24, 2004, the Defendants submitted a Bill of Costs to the Court in the amount of $83,765.18. (Doc. 139). Since the matter was on appeal, no bill of costs was issued by the clerk until after conclusion of the appeals affirming judgment in favor of Defendants. (Doc. 162). Plaintiff now submits her objections to the Bill of Costs within the time period set by the Court. (Notation Order to Doc. 163)

**II.    RELEVANT FACTS**

Plaintiff brought this action alleging both gender and age discriminaiton. The gender claims were resolved in Defendants' favor on summary judgment, but summary judgment was denied as to Plaintiff's primary claim, i.e., age discrimination with respect to her termination as part of a reduction in force. The age discrimination claim was subsequently tried to a jury over the period of approximately one week.[1] The jury verdict for the

---

[1] The 6th and 7th trial days included the jury charge, questions by the jury and deliberations.

Defendants was subsequently affirmed on appeal. Defendants now seek an extraordinary award of $83,765.18 for reimbursement for costs they alleged to have incurred in defending the case in the District Court. As demonstrated below, previous decisions from the Supreme Court as well as the Sixth Circuit compel the conclusion that costs should not be awarded to Defendants under the circumstances of this case . Moreover, the actual costs sought by the Defendants are clearly exorbitant and not supported by applicable statute and other authority.

A review of the costs sought by the Defendant makes it readily apparent that the Defendants are simply seeking to punish the Plaintiff for bringing her lawsuit. For example, Defendants seek reimbursement of $41,380.94 for testifying and consulting expert fees. (See Defendants' Itemization of Bill of Costs, Sections III and V, pp. 3 and 5).[2] If we include the costs paid to the Defendants' consulting expert under the category of trial preparation, total costs paid to Defendants' experts climbs to $59,588.44. (See Defendants' Itemization of Bill of Costs, Sections III, IV.B., and V, attached). While such an unprecedented expenditure of fees for experts in an individual employment discrimination case certainly demonstrates the Defendants' concern about the merits of Plaintiff's claims, Plaintiff demonstrates below that none of these costs are recoverable.

Defendant Hyatt also dramatically increases the *per diem* attendance fees allowed by federal law by adding in air travel and "subsistence allowances" for each of their witnesses adding more than $4,500.00 to costs normally reimbursed for witness attendance.

---

[2] Plaintiff attaches hereto Defendants' Itemization of Bill Of Costs, as Attachment A, for convenient reference by the Court.

Plaintiff demonstrates below that this Court should exercise its discretion by denying Defendants' reimbursement request for unreasonably inflated costs, thus, avoiding punishing Plaintiff further for pursuing in good faith her employment discrimination claims.

## III. ARGUMENT

### A. THIS COURT SHOULD EXERCISE ITS DISCRETION BY DENYING AS INEQUITABLE DEFENDANTS' REQUEST FOR BILL OF COSTS UNDER THE CIRCUMSTANCES OF THIS CASE.

The Defendants seek in excess of $83,000.00 for costs they alleged to have incurred in the course of defending the lawsuit brought by Barbara Hildebrandt. Defendants seek costs under Rule 54(b), FRCP, and 28 U.S.C. §1920. Because an award of such extraordinary costs to a large corporate defendant against an individual would be both inequitable and have the effect of inhibiting meritorious litigation under the ADEA, this Court should deny the requested costs.

It is well established that this Court may exercise its discretion to deny an award of costs to prevailing defendants under Rule 54(d) "`where, although a litigant was the successful party, it would be inequitable *under the circumstances in the case* to put the burden of costs upon the losing party.'" (Emphasis in original). *White & White, Inc. v. American Hospital and Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986), quoting, *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959). In *White & White, Inc.*, the Sixth Circuit reviewed cases under which taxable costs to a prevailing party may be completely denied. The Court noted several circumstances justifying the rejection of costs to a prevailing party including, "cases where taxable expenditures by the prevailing party are `***unnecessary or unreasonably large***' . . . and cases that are `***close and difficult.***'

(Emphasis added). *Id.*, 786 F.2d at 730. The Court of Appeals further held that, although "good faith" standing alone is an insufficient basis for denying costs, it is "a relevant consideration in Rule 54(d) deliberations." *Id.* at 731. Applying those factors, the Sixth Circuit in *White & White, Inc.*, affirmed the District Court's denial of all costs to a prevailing defendant "on the basis of the plaintiffs' good faith, the defendant's unnecessary costs, and the difficulty of the case." *Id.* at 733. The same result must obtain here.

In this case, the jury was presented with what it obviously believed to be difficult factual and legal questions regarding whether Hyatt engaged in age discrimination at the time it terminated Barbara Hildebrandt. After the Court failed to grant Defendants' renewed motion for a directed verdict, the jury deliberated over two days, submitting questions to the Court in the course of those deliberations, before returning a verdict for the Defendants. The length of the jury deliberation and the questions it addressed to the court in the course of those deliberations, in itself, demonstrates both the closeness of the case and the good faith of the Plaintiff.[3] Thus, Plaintiff has demonstrated two of the factors recognized by the Sixth Circuit in *White &White* as bases for denying costs to a prevailing defendant.

In addition, it is clear from the itemization of costs attached to the costs bill that the Defendants have submitted requests for reimbursement of costs that are both unnecessary and unreasonably large. For example, the Defendants paid their testifying expert, Berins & Co., LLC, a total of $29,089.94 to address a very limited factual matter in the case related to the state of the lodging market in the United States during the relevant time period and

---

[3] Although unreasonable and excessive, the Defendants' expenditure of more than $80,000 in costs (excluding attorneys fees) demonstrates their belief in the closeness of the issues and good faith on Plaintiff's part in pursuing her discrimination claims.

Hyatt's response to the market realities.[4] For this limited role, Mr. Berins expended more than 76 hours, including testimony, and billed in excess of $29,000.00. Although the Defendant attaches Mr. Berins' time sheets, those time sheets provide no detail on the work performed and thus, provide no basis for finding reasonableness.

Similarly, Defendants attempt to include as costs the fees paid to the following consulting (i.e., non-testifying ) experts: The Presentation Group, Zagnoli McEvoy Foley LLC, and LEGC, LLC. (See Itemization of Bill of Costs, Sections IV.B and V, p. 5) Again, no detailed itemization of work performed is provided. (See Exhibits 38, 39, 40, 41 and 42, attached to Defendants Itemization of Bill of Costs). The fees for the services of these non-testifying experts totals $30,498.61. While very little description of these services is provided, there are some very questionable entries. For example, Defendants' Bill of Costs, Exhibit 38 appears to be a bill from the Presentation Group for **28 sets** of "litigation copies," exceeding 10,000 pages, and more than 1,000 tab dividers, placed in 28 binders. Defendants identify these as "Trial Exhibits" without further explanation. This number is substantially more than necessary for the Court, the witness and counsel.

More disturbing are the fees Defendants attempt to assess as costs for the consultants' "preparation of witnesses." For this service, Zagnoli McEvoy Foley LLC, bill $7,956.25. One can only wonder why a consulting group is "preparing witnesses." Whatever the explanation, it is clearly a cost that is both unreasonable and unnecessary. These are tasks that should be handled by attorneys and their staff, not by outside consultants.

---

[4] See Excerpt of Berins Report describing his scope of assignement. Attachment 2.

These charges are simply examples of the of excessive billing that renders the entire bill unreasonable. Defendants are billing for costs regarding which they are not entitled to reimbursement under either Rule 54(d) or 28 U.S.C. §1920. "[A] federal court may tax expert witness fees in excess of $30.00-per-day limit set out in Section 1821(b) **only when the witness is court-appointed.**" (Emphasis added). *Crawford Fitting Co. v. JT Givens, Inc.*, 482 U.S. 437, 442 (1987). See also *West Virginia University Hospitals, Inc. v. Casey*, 499 U.S. 83, 86-87 (1991).[5] None of the experts for whose consultation services and testimony Defendants seek fee reimbursements was court appointed. Consistent with holdings in *Crawford Fitting Co.* and *Casey*, none of the fees for the testifying or consulting experts can be considered reasonable or necessary. (See Argument B, pp.7-10, below for a more complete discussion of the case law prohibiting reimbursement for expert fees sought by Defendants here.)

Plaintiff has demonstrated that, like the prevailing defendant in *White & White, Inc. v. American Hospital Supply Corp., supra*, the Defendants here have also engaged in inappropriate taxing of "unnecessary or unreasonably large" costs. As the Sixth Circuit held in *White & White, Inc.*, the District Court may deny all costs where the Plaintiff has acted in good faith, the case has been a close and difficult one, and Defendants have inappropriately sought unnecessary or unreasonably large costs reimbursement. *Id.*, 786 F.2d at 733. A similar result obtained in *U.S. ex rel. Pickens v. GLR Constructors, Inc.*, 196 F.R.D. 69, 75-78 (S.D. Ohio) where the Court denied an award of costs to the prevailing

---

[5]This case was superceded on other grounds by passage of the Civil Rights Act of 1991. See 42 U.S.C. §1988(c) which authorized discretionary award of expert fees as part of an attorney's fee awarded under subsection (b) of §1988. Defendants here do not seek an award of attorney's fees under 42 U.S.C. §1988(b) as such provision clearly would not authorize an award of fee to Hyatt in this action.

defendant because, among other reasons, some of the costs were found to be unreasonable and unnecessary, the losing plaintiff's action was found to be brought in good faith, the case was a close and difficult case, and it would be likely that a "chilling effect" on future similar claims would occur if the requested costs were taxed against the losing plaintiff. *Id.* at 77. The court directed each party to bear its own costs.

Applying these principles to the facts of this case, it is clear that Defendants' request for costs should be denied in full. There can be no doubt that Ms. Hildebrandt's claims against Hyatt were brought in good faith, as the Court declined to grant Defendants' motions for a directed verdict and submitted the case to the jury. Nor can there be a question that this case was both a close and difficult case as it took the jury nearly two days to return a verdict. Finally, it is apparent that Defendants have submitted a Bill of Costs most of which includes "unreasonable and unnecessary" billings. Consistent with the Sixth Circuit's decision in *White & White* and the rationale used by this Court in *Pickens,* this Court should deny Defendants' request for reimbursement of costs *in toto.* To do otherwise would have the unintended effect of chilling individual litigants from pursuing otherwise legitimate claims of employment discrimination in federal court. *See, U.S. ex rel. Pickens v. GLR Constructors, Inc.*, *supra,* 196 F.R.D. at 77.

### B. DEFENDANTS' REQUEST FOR EXPERT FEES, CONSULTING EXPERT FEES AND COSTS ASSOCIATED WITH EXPERT PREPARATION OF DEMONSTRATIVE EXHIBITS TOTALING $59,588.55 SHOULD BE DENIED.

As demonstrated above, Defendants seek reimbursement for fees paid to Berins & Company, LLC totaling $29,089.94.[6] Additionally, the Defendants seek reimbursement of

---

[6] See Itemization of Bill of Costs, Item III, p. 3.

$12,291.00 for consulting fees for experts who did not testify.[7] In addition, the Defendants seek reimbursement of $18,207.64 for reimbursement to their non-testifying consulting firm for its preparation and production of trial and demonstrative exhibits.[8] It should be noted that this latter figure is over and above the costs for reproducing documents for production to the Plaintiff in discovery for which Defendants bill $6,478.39.[9] In short, the Defendants seek reimbursement for fees paid for the assistance of testifying and non-testifying experts in the total amount of $59,588.55. None of these expenses are recoverable under Rule 54(d) and 28 U.S.C. §1920.

As demonstrated above, this Court should completely deny the prevailing Defendants' requests for costs and require each party to assume their own costs. To the extent this Court considers imposition of any costs against the Plaintiff, however, its discretion is not unrestrained. As the Supreme Court has cautioned, "[i]tems proposed by winning parties as costs should always be given careful scrutiny. Any other practice would be too great of movement in the direction of some systems of jurisprudence, that are willing, if not indeed anxious, to allow litigation costs ***so high as to discourage the litigants from bringing lawsuits, no matter how meritorious they might in good faith believe their claims to be.***" (Emphasis added). *Farmer v. Arabian American Oil*

---

[7] *Id.*, Item V, p. 5.

[8] *Id.*, Item IV.B., p. 5, items 2 through 4. Defendants' request for exhibit costs are, in any event, not supported by the case law. Incredibly Defendants seek $18,207.61 for services relating to preparing trial and demonstrative exhibits (having spent only $6,478.39 in producing all documents produced to Plaintiff in discovery). In circumstances not unlike those in the case at bar, the Eleventh Circuit denied the prevailing Defendants' request to tax exhibit costs. Applying the constraints set out in *Crawford Fitting*, the Court of Appeals held "that exhibits costs are not taxable because there is no statutory authorization." *EEOC v. W&O*, 213 F.3d 600, 623 (11th Cir. 2000).

[9] *Id.*, IV.A., Items 1 through 13.

8

*Company*, 379 U.S. 227, 235 (1964). Understanding the potential chilling effect of assessing costs against a plaintiff, the Court concluded that,

> the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute. Such a restrained administration of the rule is in harmony with our national policy of reducing insofar as possible the burdensome cost of litigation.

*Id.*, 379 U.S. at 235. Applying that rule, the Supreme Court reinstated the District Court's reduction of costs billed by prevailing defendant in the amount of $11,900.00 to the sum $831.60. *Id.*, 379 U.S. at 230, 235.

Consistent with the principles enunciated in *Farmer*, the Supreme Court has furhter denied costs for expert fees, limiting prevailing defendants to the *pre diem* limit set by 28 U.S.C. §1821(b). In *Crawford Fitting Company v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987), the Court denied the prevailing defendant's request for expert fees in an employment discrimination case. Specifically, the Supreme Court held,

> We think that it is clear that in [28U.S.C.] §§1920 and 1821, Congress comprehensibly addressed the taxation of fees for litigations' witnesses. . . We think that the inescapable effect of these sections in combination is that the **federal court may tax expert witness fees in excess of the $30.00-per-day limit set out in §1821(b) only when the witness is court appointed.** (Emphasis added).

*Id.*, 482 U.S. at 442. The Court reaffirmed this holding in *West Virginia University Hospitals v. Casey*, 499 U.S. 83, 86 (1991). Of course, none of the experts for whose services Defendants seek reimbursement were court appointed and thus none of their fees are reimbursable.

Following the Supreme Court's directive, the court in *Moreland v. Speybrock*, 2005

9

WL 2347271 (N.D. Ind. 2005), rejected an award of costs for a defense expert finding that "Rule 54(d) expressly states that we are only allowed to award costs that are authorized by statute. 28 U.S.C. §1920 does not provide for an award of expert fees in excess of the $40.00 per day witness fee." *Id.* at *5. Thus, the $59,588.55 in fees for expert assistance in this case must be denied, even should this Court otherwise consider awarding costs.

Finally, in *Farmer v. Arabian American Oil Company*, *supra,* the Supreme Court affirmed the denial of travel costs for foreign witnesses brought in by the Defendant. *Id.*, 379 U.S. at 230 and 235. Similar costs in the amount of $4,521.85 are sought by the Defendant in this case and should likewise be denied. "See Itemization of Bill of Costs, Section VI, p. 6.)

## CONCLUSION

This Court should exercise its discretion consistent with the Sixth Circuit's holding in *White & White* and deny *in toto* Defendants' requests for costs and direct each party to bear its won costs. Alternatively, all costs relating to services of Defendants' experts ($59,588.55) and all witness costs other than the statutory *per diem* ($4,521.85) must be deducted.

Respectfully submitted,

s/Robert A. Steinberg
Stanley M. Chesley (0000852)
Robert A. Steinberg (0032932) (Trial Attorney)
**WAITE, SCHNEIDER, BAYLESS**
**& CHESLEY CO., L.P.A.**
1513 Fourth and Vine Tower
Cincinnati, OH 45202
513-621-0267
bobsteinberg@wsbclaw.cc
and

10

        Michael J. O'Hara (0014966)
        O'HARA, RUBERG, TAYLOR, SLOAN
        & SERGENT
        209 Thomas More Park, Suite C
        P.O. Box 17411
        Covington, Kentucky 41017-0411
        (606) 331-2000
        mohara@ortlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion was served by electronic filing via the CM/ECF System Joel W. Rice, Esq., Fisher & Phillips, 140 South Dearborn Street, Chicago, IL 60603-5202 this 10th day of February, 2006.

                                    <u>s/Michael O'Hara</u>
                                    Michael O'Hara