THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **BARBARA LODER HILDEBRANDT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. C-1-02 0003 |
| | ) | |
| **HYATT CORPORATION, et al.** | ) | Judge Sandra Beckwith |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
OBJECTIONS TO BILL OF COSTS**

Defendants Hyatt Corporation, Tyson Helms, Jack Horne and Brian Booth (collectively referred to herein as "Hyatt"), by and through the undersigned counsel of FISHER & PHILLIPS LLP, respond to Plaintiff's Objections to Bill of Costs as follows:

**I.     INTRODUCTION**

On January 12, 2006, the Clerk taxed costs in this case in the amount of $83,765.18, pursuant to Hyatt's previously filed Bill of Costs. Plaintiff Barbara Hildebrandt ("Hildebrandt") has filed objections to the cost award. Hildebrandt's objections fall into two categories. First, Hildebrandt contends that it would be "inequitable" under the circumstances of this case to award any costs to Hyatt, even though Hyatt clearly was the prevailing party. Second, Hildebrandt raises individual objections to Hyatt's cost requests pertaining to expert witnesses, expert consultants, the preparation of trial exhibits and certain witness travel costs, in the total amount of $64,110.40. Hildebrandt raises no individual objections with respect to the balance of Hyatt's Bill of Costs ($19,654.78), including Hyatt's deposition-related expenses, court

transcript fees, photocopying, and certain components of the witness fees.

As demonstrated below, Hildebrandt's blanket objection to the award of any costs in this case is not supported by the authorities on which she relies. To the contrary, this is not one of those rare instances in which the prevailing party should be denied recovery of the costs to which it is presumptively entitled. With respect to Hildebrandt's specific objections, Hyatt demonstrates below why most are not well-taken. At a minimum, Hyatt is at least entitled to partial reimbursement of the expert-related and other costs to which Hildebrandt objects, as well as the full amount of the costs totaling $19,654.78 to which Hildebrandt has not lodged any specific objection.

## II.    ARGUMENT

### A.    Hyatt's Bill of Costs Should Not be Disallowed on Equitable Grounds.

As Hyatt has already shown, the law in this Circuit is clear that the prevailing party is presumptively entitled to recover its costs under Rule 54(d) of the Federal Rules of Civil Procedure. Memorandum in Support of Defendants' Bill of Costs ("Def. Mem."), filed August 24, 2004, p. 2. Notwithstanding the foregoing presumption, Hildebrandt contends that this Court should exercise its discretion to deny costs outright, based upon the decision in White & White, Inc v. American Hospital and Supply Corp., 786 F.2d 728 (6th Cir. 1986). Hildebrandt contends that Hyatt is not entitled to recover any costs because the case was "close and difficult," she brought the lawsuit in good faith, and some of Hyatt's requested costs were "unnecessary and unreasonably large." Plaintiff's Objections to Bill of Costs ("Pl. Obj."), pp. 3-4.

Hildebrandt's reliance upon White & White is completely misplaced for a number of reasons. First, White & White is factually distinguishable in that it was a complex antitrust case. 786 F.2d at 732 (case "involved complex issues requiring protracted litigation" consuming "80

trial days").[1]  Second, as the decision in White & White makes clear, courts have narrow and limited discretion to deny costs outright given the presumption under Rule 54(d) that costs are to be awarded.  Id. at 731-32.  Third, as Hildebrandt acknowledges (Pl. Obj., p. 4), the losing party's "good faith" alone is an insufficient basis for denying costs to the prevailing party.  Fourth, as stated in White & White, "[t]he closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." Id. at 732-33.  Finally, the fact that certain requested costs may be unnecessary is "not a reason," according to White & White, "for denying all costs."  Id. at 732.

Here, unlike in White & White, the facts and law were neither novel nor complex. Rather, this was a single plaintiff employment discrimination case.  Nor was this a "close case" in any sense of the term.  Certainly, this was not a "close case" in the narrow sense intended by White & White, as set forth above.  Moreover, while this Court reserved ruling on Hyatt's Rule 50 motion, it characterized this as "a very thin case."  This Court's assessment of the case was borne out by the Sixth Circuit's complete affirmance on appeal.[2]  Furthermore, as noted above, Hildebrandt's alleged "good faith"  is not a sufficient basis for denying Hyatt those costs to which it is legitimately entitled.  Indeed, courts in this Circuit have routinely rejected similar arguments advanced by losing plaintiffs in employment discrimination cases.  See, e.g., Hunter

---

[1] The decision in U.S. ex rel. Pickens v. GLR Constructors, Inc., 196 F.R.D. 69 (S.D. Ohio 2000), on which Hildebrandt also relies, is likewise factually and procedurally inapposite.  Pickens was a lengthy and complicated case brought under the False Claims Act in which the prevailing party defendant had engaged in discovery abuses, and which the court found had resulted in significant benefits to the public at large, notwithstanding the fact that defendant had prevailed.  196 F.R.D. at 75-77.

[2] Hyatt notes that the weakness of Hildebrandt's case is further underscored by the fact that the United States District Court for the Northern District of Illinois granted summary judgment in Hyatt's favor on all the discrimination claims brought by two of Hildebrandt's cohorts in the National Sales Force whose positions were also eliminated in the Fall 2001 reduction-in-force.  See Aylward v. Hyatt Corporation, 2005 U.S. Dist. LEXIS 16218 (N.D .Ill., August 5, 2005).

Chicago 70512.1                                         3

v. General Motors Corp., 2005 U.S. App. LEXIS 28671, **2-4 (6th Cir.) (reversing district court's denial of costs to defendant employer, court finds that the employment discrimination case was not "close and difficult") (copy is attached as Exhibit A hereto); Tuggles v. Leroy-Somer, Inc., 328 F.Supp. 2d 840, 846 (W.D. Tenn. 2004) (after jury verdict for employer defendant in discrimination case, court rejects plaintiff's argument for disallowance of all costs, noting that "[j]ust because a matter is contested does not mean that it is 'close and difficult'"); Myrick v. TNT Overload Express, 143 F.R.D. 126, 128 (N.D. Ohio 1992) (court rejects losing plaintiff's argument that costs should not be awarded to defendant in race discrimination case where it "was not of the 'close and difficult' nature envisioned in White & White, for the law itself was quite clear, as was the application of the law to the facts").

In sum, Hildebrandt's threshold "equitable" argument for disallowance of all costs should be rejected, as it is not supported by the law of this Circuit.

    **B.    Hildebrandt's Individual Objections To Portions Of Hyatt's Taxed Costs Should Be Overruled, In Whole Or In Part.**

In addition to contending that Hyatt is not entitled to recover any costs, Hildebrandt specifically objects to the following components of Hyatt's cost award: (1) expert witness fees paid to David Berins; (2) fees for Hyatt's non-testifying consulting experts, who assisted Hyatt at the trial; (3) fees associated with the preparation and production of trial exhibits; and (4) travel costs for certain of Hyatt's trial witnesses. Each of the foregoing items is addressed separately below.

### 1. Expert Witness Fees

Hyatt requested costs in the amount of $29,089.94 for the fees incurred by its testifying expert, David Berins. <u>See</u> Itemization of Bill of Costs ("Itemization"), Section III. Contrary to Hildebrandt's contention (Pl. Obj., p. 4), Berins' time was spent on an important component of Hyatt's defense – its need to cut costs in the wake of the tragic events of September 11th and their resulting impact upon the hospitality industry. Berins' total of 76 hours expended – which included the preparation of a written report, preparing for and being deposed, and time spent preparing for as well as testifying at trial - - was reasonable and necessary.

Hildebrandt asserts that Hyatt is not entitled to recover expert witness fees beyond the $30.00 per-day limit set forth in 28 U.S.C. §1821(b), unless the expert is court appointed. <u>See</u> Pl. Obj., p. 6 and cases cited therein. Hildebrandt ignores, however, the Sixth Circuit case cited by Hyatt in its opening memorandum of law, <u>Trepel v. Roadway Express, Inc.</u>, 266 F.3d 418 (6th Cir. 2001). As <u>Trepel</u> makes clear, the United States Supreme Court's decision in <u>Crawford Fitting Co. v. J. T. Gibbons, Inc.</u>, 482 U.S. 437 (1987), on which Hildebrandt relies, only "precludes recovery under Rule 54 when there is no explicit statutory authority." 266 F.3d at 427. The court in <u>Trepel</u>, however, noted that Rule 26 of the Federal Rules of Civil Procedure provides an independent basis for recovery of expert fees incurred as part of discovery. <u>Id</u>. Here, Berins was deposed by Hildebrandt's counsel on May 18, 2004. <u>See</u> Itemization, Section I, p. 2. Hence, at a minimum, Hyatt is entitled to recover Berins' fees for the time he spent in May 2004 preparing for and being deposed (9.0 hours), as well as the time he spent in February 2004 preparing his expert report (29.0 hours). <u>See</u>, Itemization, Exhs. 22 and 23. Likewise, Hyatt is at least entitled to recover the statutory per diem rate for Berins' trial testimony.

**2.     Consulting Expert Fees**

Hyatt requested that it be awarded the costs it incurred in retaining the firm of Zagnoli McEvoy Foley LLC, who served as trial consultants and created the demonstrative exhibits used at trial. Def. Mem., p. 5. Likewise, Hyatt requested that it be awarded its costs associated with retaining Dr. Samuel Kursh, who served as a consulting expert with respect to cross-examination of Hildebrandt's damages expert, Dr. Harvey Rosen. Def. Mem., pp. 5-6.

Hildebrandt does not specifically attack the reasonableness of Dr. Kursh's services, other than to complain that his invoices are not sufficiently descriptive. To the contrary, Dr. Kursh's invoices make clear that he was involved in reviewing Dr. Rosen's deposition and advising Hyatt on a potential Daubert motion in May 2004, as well as assisting Hyatt's counsel with cross-examination topics at the trial in August 2004. See Itemization, Exh. 41, p. 3 and Exh. 42, p. 3. Those services were reasonable and necessary. As for the Zagnoli firm, the only service Hildebrandt specifically contends was unnecessary is time spent assisting in the preparation of witnesses. Pl. Obj., p. 5. As Exhibit 39 to the Itemization reflects, witness preparation was only one component of the services provided by Zagnoli, which included the creation of demonstrative aids used at the trial. In any event, notwithstanding Hildebrandt's disparaging reference to Zagnoli's role, there is nothing unusual or unreasonable about a party retaining a consultant's services to assist in certain aspects of witness preparation.

Hildebrandt cites no case which has specifically disallowed consultant's fees as part of a costs determination. Indeed, in Ferrero v. Henderson, 2005 U.S. Dist. LEXIS 15246,*14 (S.D. Ohio) (a copy of which is attached as Exhibit B hereto), this District upheld a prevailing party's request for recovery of fees charged by its communications consultant where those fees were deemed reasonably necessary to assist the attorney with his trial preparation. Here, too, the

services of Dr. Kursh and Zagnoli were reasonably necessary to Hyatt's preparation of its successful defense at trial.

      3.    **Trial Exhibit Costs**

Hyatt also requested that it be awarded the costs it incurred in connection with the creation, production and duplication of trial exhibits and demonstrative exhibits used at trial. See Itemization, Section IV(B). This includes fees charged by the Zagnoli consulting firm (Exh. 39), as well as copying charges for trial exhibits that were incurred by an outside service, The Presentation Group (Exh. 38).

Hildebrandt objects to Hyatt's trial preparation and exhibit costs as excessive. Pl. Obj., p. 8, n. 8. Hyatt has already addressed Hildebrandt's objections to its use of the Zagnoli consulting firm in Section B(2) above. That leaves Hildebrandt's objection to The Presentation Group's invoice (Exh. 38) for $2,588.97 in charges associated with copying trial exhibits. Contrary to Hildebrandt's contention, the invoice found at Exhibit 38 does not indicate that 28 copy sets of the documents were made. Rather, it only reflects that 28 ring binders were ordered. The total number of copied pages (10,472) is not consistent with 28 copy sets given that Hyatt had identified well over 100 trial exhibits, one set of which consisted of at least a few thousand pages. At a minimum, exhibit books were needed for Hyatt's counsel, opposing counsel and the Court. That alone accounts for the number of pages copied by The Presentation Group. Hildebrandt cites to EEOC v. W&O, Inc., 213 F.3d 600 (11th Cir. 2000), as support for the proposition that the cost of trial exhibits is not recoverable. Pl. Obj., p. 8, n. 8. W&O, Inc. is an Eleventh Circuit decision that is not binding on this Court. While Hyatt has found no Sixth Circuit case addressing this precise issue, the Eleventh Circuit in W&O, Inc. acknowledges that other Circuits have taken a contrary view and allowed trial exhibit costs under the authority

provided by 28 U.S.C. §1920 (4) - - which permits taxation of "fees for exemplification and copies of papers necessarily obtained for use in the case." W&O, Inc., 213 F.3d at 622, citing Ninth and Second Circuit decisions holding that §1920(4) covers trial exhibits and other illustrative materials.

  **4. Travel Costs of Hyatt's Trial Witnesses**

  Hyatt also requested reimbursement for fees associated with the trial testimony of out-of-state witnesses Douglas Patrick, Mark Henry, Bruce Small and David Berins. Def. Mem., p. 6, Itemization, Section VI. Notwithstanding Hildebrandt's contention (Pl. Obj., p. 2), there is nothing improper about Hyatt's cost request for these witnesses. The request conforms to the Guidelines published by this District, and is consistent with the law of the Sixth Circuit which allows this Court, in its discretion, to award reasonable travel expenses to witnesses traveling from beyond 100 miles of the courthouse. Def. Mem., p. 6, citing Soberay Machine & Equipment Co. v. MRF Limited, Inc., 181 F.3d 759 (6th Cir. 1999); see also, Trepel, 266 F.3d at 425-26 (reversing trial court's decision to limit prevailing party's witness expenses to $0.31 per mile). This case is in no way comparable to Farmer v. Arabian American Oil Co, 379 U.S. 227, 230, 235 (1964), in which the Supreme Court upheld the lower court's decision to disallow the prevailing party's costs of flying in numerous witnesses from Saudi Arabia. Here, Doug Patrick, Bruce Small and Mark Henry were all Hyatt employees whose testimony was important to the defense, and David Berins was Hyatt's expert witness. Messrs. Patrick, Small and Henry were traveling from Hyatt's corporate headquarters in Chicago, and Berins was traveling from Dallas. The travel expenses submitted for these witnesses were reasonable under the circumstances.

### III. CONCLUSION

For the foregoing reasons, Hyatt requests that the objections to its Bill of Costs be overruled, consistent with the discussion contained herein, and that Hyatt be awarded all other taxed costs to which no individual objections have been made.

Dated: March _____, 2006                                  Respectfully submitted,

                                                  FISHER & PHILLIPS LLP
                                                140 South Dearborn Street, Suite 1000
                                                Chicago, IL  60603
                                                Telephone:  (312) 346-8061
                                                Facsimile:  (312) 346-3179

                                   By:    /s/ Nadine C. Abrahams_____
                                                Nadine C. Abrahams
                                                Illinois Bar No. 06209382
                                                NAbrahams@LaborLawyers.com
                                                Theresa M. Gallion, Esq.
                                                Florida Bar No. 726801
                                                TGallion@LaborLawyers.com
                                                FISHER& PHILLIPS, LLP
                                                2525 SunTrust Financial Centre
                                                401 E. Jackson Street
                                                Tampa, Florida  33602
                                                Telephone:  (813) 769-7500
                                                Facsimile:  (813) 796-7501

                                                Jeffrey J. Harmon
                                                Ohio Bar No. 0032848
                                                CORS & BASSETT
                                                1881 Dixie Highway, Suite 350
                                                Ft. Wright, Kentucky  41011
                                                Telephone:  (859) 331-6440
                                                Facsimile:  (859) 331-5337

                                                Attorneys for Defendants,
                                                HYATT CORPORATION, et al.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on March 3, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of each filing to Stanley M. Chesley and Robert A. Steinberg, Waite, Schneider, Bayless and Chesley Co., L.P.A., 1513 Central Trust Tower, Cincinnati, Ohio 45202 and Michael J. O'Hara, O'Hara, Ruberg, Taylor, Sloan & Sergent, 209 Thomas More Park, Suite C, Covington, Kentucky 41017-0411.

                                                            By:    /s/ Nadine C. Abrahams
                                                                      Nadine C. Abrahams
                                                                      Illinois Bar No. 06209382
                                                                      NAbrahams@LaborLawyers.com
                                                                      FISHER & PHILLIPS LLP
                                                                      140 South Dearborn Street, Suite 1000
                                                                      Chicago, IL  60603
                                                                      Telephone:  (312) 346-8061
                                                                      Facsimile:  (312) 346-3179