**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| BARBARA LODER HILDEBRANDT, | : |
| Plaintiff | : |
| | : CASE NO. C-1-02-0003 |
| vs. | : |
| | : Judge Beckwith |
| HYATT CORPORATION, *et al.*, | : Magistrate Judge Black |
| | : |
| Defendants | : |
| | : |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S DECISION TO IMPOSE COSTS OF $27,751.63**

Now comes Plaintiff, and respectfully requests the Court to reconsider its decision to impose costs of $27,751.63 upon Plaintiff because of an apparent misapplication of Sixth Circuit and other federal authority.

**MEMORANDUM**

The Court has denied various costs sought by Defendants because they were not justified by law. The Court then determined that "the costs requested by Hyatt and not individually objected to by Plaintiff (beyond the *in toto* argument to deny all costs to Defendants) will be awarded to Hyatt so long as they are authorized pursuant to 28 U.S.C. § 1920." Order, p. 22. The Court then added the fees Hyatt requested in each such category and awarded a total of $27,751.63 in costs.

The Court has based its order on the panel decision of the Sixth Circuit in *Goosetree v. State of Tennessee*, 796 F.2d 854, 863 (6th Cir. 1986), which the

Court held establishes the taxation of costs as a normal or presumed course of action. The Court cites *Goosetree* for the proposition that the court's discretion pursuant to Rule 54(d)(1) is "more limited than it would be if the rule were nondirective." The *Goosetree* panel took this proposition from a Seventh Circuit decision, *Coyne-Delaney*, 717 F.2d 385, 392 (7th Cir. 1983). The state of the law on this subject in the Sixth Circuit, however, is not as clear as *Goosetree* seems to indicate. In the Sixth Circuit, and pursuant to U.S. Supreme Court holdings, the trial court has a greater degree of discretion and should exercise it here.

Although the Court cited *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 732 (6th Cir. 1986) as applying the *Goosetree* standard, the Sixth Circuit in *White & White* applied an equitable standard. It held that all costs should be denied to the prevailing defendants where "it would be inequitable under the circumstances of the case to put the burden on the losing party." There, the Sixth Circuit upheld the denial of costs to the prevailing defendants. In that case, the defendant was put to a far greater expense during an 80-day trial than was Hyatt in the instant case.

Subsequent to the *Goosetree* decision, another panel of the Sixth Circuit entered a decision in *Haynie v. Ross Gear Division of TRW, Inc.*, 799 F.2d 237 (6th Cir. 1986), *vacated as moot*, 482 U.S. 901 (1987), in which rehearing and rehearing en banc were denied. Haynie failed to make out a prima facie case against her union and lost after a full trial on her discrimination claim against her employer. The trial court awarded costs to both the union and the employer. On appeal, in a decision written by Chief Judge Lively and joined by Judges Nelson

2

and Merritt, the Sixth Circuit reversed the award of costs and fees to the employer.  The Court held that since Ms. Haynie did not bring the action in subjective bad faith, and her action was not "frivolous, unreasonable, or without foundation," the defendant's attorney fees **and costs** may not be shifted to the Plaintiff.  *Haynie*, 799 F.2d at 242.  As regards the claim against the union, which the court found baseless, it authorized the district court to relieve Haynie from liability due to her economic situation.  Id.

Other District Courts have applied the *Haynie* rationale.  *See Williams v. Hevi-Duty Electric Company*, 122 F.R.D. 206 (M.D. Tenn. 1988).  There, over the defendant's objection, the court held that in an employment discrimination suit brought pursuant to 42 U.S.C. §2000e *et seq.*, an award of attorney fees and costs to the prevailing defendant is improper unless the case is frivolous, unreasonable or without foundation.   122 F.R.D. at 209.

The United States Supreme Court has interpreted Rule 54(d) as vesting the trial court with discretion to either allow or deny costs to the prevailing party.  *Farmer v. Arabian American Oil Co.*, 379 U.S. 227 (1964).  "Rule 54(d) generally grants federal courts discretion to refuse to tax costs in favor of the prevailing party."  *Crawford Fitting Co. v. J.T. Gibbons*, 482 U.S. 437, 441-42 (1987).   In *Rosser v. Pipefitters Union Local 392*, 885 F. Supp. 1068 (S.D. Ohio 1995), the Southern District of Ohio denied costs to the prevailing defendants in a civil rights action.  Among the factors the court considered were whether the taxable expenditures were unreasonably large, whether the losing party unnecessarily prolonged the trial, whether the losing party acted reasonably and in good faith in

3

prosecuting the case, whether the losing party conducted the case with propriety, whether the prevailing party benefited from the case, and whether the award would have a chilling effect on other litigants.  *Rosser*, 885 F.Supp. at 1071-72, citing *White v. White*, 786 F.2d 730-731.   All of these factors weigh in favor of Plaintiff in the instant case.  See also *U.S. ex rel. Pickens v. GLR Constructors, Inc.*, 196 F.R.D. 69 (S.D. Ohio 2000), and *Allstate v. Michigan Carpenter's Coun. H&W Fund*, 760 F.Supp. 665 (W.D. Mich. 1991).

      Plaintiff understands that the Court's personal opinion of the merits of her case is not high.  However, that is not the only consideration.  She brought this action in good faith and presented it in a professional manner.  Barbara Hildebrand, as the evidence showed in this case, earned her way throughout her life as a working woman, rising to a high level in her profession.  She lost virtually everything when she was terminated by Hyatt.  To impose almost $30,000 in costs on her after the fact is a punitive measure that is not called for by the equities of the case.  Plaintiff respectfully requests the Court to reconsider its decision.

Respectfully submitted,

s/Robert A. Steinberg
Stanley M. Chesley (0000852)
Robert A. Steinberg (0032932)
    (Trial Attorney)
**WAITE, SCHNEIDER, BAYLESS**
 **& CHESLEY CO., L.P.A.**
1513 Fourth and Vine Tower
Cincinnati, OH 45202
513-621-0267
bobsteinberg@wsbclaw.cc

and

Michael J. O'Hara (0014966)
**O'HARA, RUBERG, TAYLOR, SLOAN**
 **& SERGENT**
209 Thomas More Park, Suite C
P.O. Box 17411
Covington, Kentucky 41017-0411
(606) 331-2000
mohara@ortlaw.com

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing Motion was served by electronic filing via the CM/ECF System to Theresa M. Gallion, Esq. and Nadine Abrahams, Esq. this 19th day of September, 2006.

s/Robert A. Steinberg
Robert A. Steinberg