**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Barbara Loder Hildebrandt,   )
                              )
           Plaintiff,   ) Case No. 1:02-CV-003
                              )
    vs.                 )
                              )
Hyatt Corporation, et al.,   )
                              )
          Defendants.   )

O R D E R

      This matter is before the Court on Plaintiff Barbara Loder Hildebrandt's motion for reconsideration of this Court's prior order imposing costs of $27,751.63 (Doc. No. 169). For the reasons set forth below, Plaintiff's motion is not well-taken and is **DENIED.**

      Plaintiff sued her former employer, Defendant Hyatt Corporation, and several individual executives of Hyatt, for age and gender discrimination after she was terminated in a reduction-in-force. The Court dismissed Plaintiff's gender discrimination claims at the summary judgment stage. The case went to trial before a jury on Plaintiff's age discrimination claims. After a seven day trial, the jury deliberated for the equivalent of one day (spread over a two day period) before returning a verdict against Plaintiff on each claim. The Sixth Circuit Court of Appeals affirmed both the Court's order on summary judgment and the jury's verdict in favor of the

1

Defendants.  Hildebrandt v. Hyatt Corp., 154 Fed. Appx. 484 (6th

Cir. 2005).

        After trial, Defendants filed a motion for a bill of

costs pursuant to 28 U.S.C. § 1920 and Rule 54(d) of the Federal

Rules of Civil Procedure with the Clerk of Court.  Defendants'

motion sought an award of $83,765.18 in costs.  On January 12,

2006, the Clerk taxed costs to Plaintiff in the amount sought by

Defendants.  Plaintiff then filed objections (Doc. No. 165) to

the Clerk's award.  After full briefing on Plaintiff's

objections, the Court reduced Defendants' award of costs to

$27,751.63.  Plaintiff now moves the Court to reconsider that

decision.

        In her primary memorandum in opposition to the Clerk's

award of costs, Plaintiff argued that the Court should not award

Defendants any costs because it would be in inequitable under the

circumstances of this case.  In further support of her

objections, Plaintiff argued that the Court should not award

Defendants any costs because she filed the lawsuit in good faith,

the case was close and difficult, Defendants' costs were

unnecessary and unreasonable, and an award of costs would have a

chilling effect on other employment discrimination litigants.

Plaintiff then objected to individual items awarded by the Clerk.

        In determining whether it should deny Defendants

recovery of any costs despite the fact that they were the

prevailing parties, the Court relied principally on the Sixth

Circuit's decision in Goosetree v. State of Tennessee, 796 F.2d

854 (6th Cir. 1986).  The Court stated:

> Rule 54(d)(1) states in pertinent part, "Except when
> express provision therefor is made either in a statute
> of the United States or in these rules, costs other
> than attorney's fees shall be allowed as of course to
> the prevailing party unless the court otherwise
> directs." Fed. R. Civ. P.54(d)(1).  In Goosetree v.
> State of Tennessee, 796 F.2d 854 (6th Cir. 1986), the
> Sixth Circuit interpreted this language as establishing
> the taxation of costs against the losing party as the
> normal course of action. Therefore, the burden is
> placed on the unsuccessful party to demonstrate to the
> Court that the presumption in favor of awarding costs
> does not apply and why the Court should exercise its
> discretion not to award costs. Furthermore, since the
> language of Rule 54(d)(1) is mandatory, the Court is
> more limited in its exercise of discretion than it
> would be if the Rule were discretionary.  See id. at
> 863. The Sixth Circuit has ruled that costs may
> properly be denied where: 1) taxable expenditures by
> the prevailing party are unnecessary or unreasonably
> large; 2) the prevailing party should be penalized for
> unnecessarily prolonging trial or for injecting
> unmeritorious issues; or 3) the case is "close and
> difficult." Id. at 864. The good faith of an
> unsuccessful litigant is a relevant consideration in
> Rule 54(d) deliberations, but good faith alone is an
> insufficient basis for denying costs to a prevailing
> party. Id.

Doc. No. 167, at 4.

In weighing the Goosetree factors, the Court found that

the case was not close and difficult and provided a factual and

legal basis for that conclusion.  Id. at 5-8.  The Court also

addressed Plaintiff's contention that the costs were unnecessary

and unreasonable, stating, "Although the court may deny

unnecessary costs, unnecessary costs are not a reason for denying

3

all costs." Id. at 8 (quoting White & White, Inc. v. American
Hospital Supply Corp., 786 F.2d 728, 732 (6th Cir. 1986)). Based
on White & White, the Court concluded that even if some of the
costs billed by Defendants were unreasonable or unnecessary that
was not a basis for denying all costs. Id. at 8-9. Instead, the
Court stated that it would assess the reasonableness of the costs
claimed when it addressed Plaintiff's objections to individual
items. Id. at 9. The Court then stated that Plaintiff's good
faith alone was not a sufficient basis upon which to deny costs
in toto. Then, as indicated above, in addressing objections to
individual items, the Court reduced the award of costs to
$27,751.63.

In her motion for reconsideration, Plaintiff argues
that the Court misapprehended Sixth Circuit case law by applying
Goosetree. Citing White & White, Plaintiff argues that the Court
should have determined whether it was equitable under all of the
circumstances of the case to award costs against the losing
party. Relying on Haynie v. Ross Gear Div. of TRW, Inc., 799
F.2d 237 (6th Cir. 1986), Plaintiff further argues that the Court
cannot award costs against a losing plaintiff unless she brought
the case in subjective bad faith, and the action was frivolous,
unreasonable, and without foundation.

A motion for reconsideration is not specifically
provided for in the Federal Rules of Civil Procedure, but is

often treated as a motion to alter or amend under Rule 59(e).

See McDowell v. Dynamics Corp. of Am., 931 F.2d 380, 382 (6th

Cir. 1991); Shivers v. Grubbs, 747 F. Supp. 434, 436 (S.D. Ohio

1990).  Generally, there are three situations which justify

reconsideration under Rule 59(e): "(1) to accommodate an

intervening change in controlling law; (2) to account for new

evidence not available at trial; (3) to correct a clear error of

law or to prevent manifest injustice."  In re Continental

Holdings, Inc., 170 B.R. 919, 933 (Bankr. N.D. Ohio 1994).

Plaintiff essentially argues that her motion for reconsideration

should be granted because the Court made a clear error of law,

although it could be read to encompass the manifest injustice

prong as well.  The Court disagrees with Plaintiff, however, that

it should reconsider its prior order awarding costs to

Defendants.

Contrary to Plaintiff's argument, there is no

divergence between Goosetree and White & White on the standard

for determining when to deny costs to the prevailing party under

Rule 54.  Indeed, the factors cited by the Court in Goosetree are

objective factors established by the White & White Court for the

trial court to assess in determining when it would be inequitable

to award costs to the prevailing party:

> In an early analysis of Rule 54(d), this court stated
> that the rule was "intended to take care of a situation
> where, although a litigant was the successful party, it
> would be inequitable under all the circumstances in the

case to put the burden of costs upon the losing party."
<u>Lichter</u>, 269 F.2d at 146 (emphasis added). We have
described several circumstances in which a denial of
costs is a proper exercise of discretion under the
rule. Such circumstances include cases where <u>taxable
expenditures by the prevailing party are "unnecessary
or unreasonably large"</u>, <u>id.</u>, cases where the prevailing
party should be penalized for unnecessarily prolonging
trial or for injecting unmeritorious issues, <u>National
Transformer Corp.</u>, 215 F.2d at 362, cases where the
prevailing party's recovery is so insignificant that
the judgment amounts to a victory for the defendant,
<u>Lichter</u>, 269 F.2d at 146, and <u>cases that are "close and
difficult"</u>. <u>United States Plywood Corp.</u>, 370 F.2d at
508.

This court has also identified factors that a district
court should ignore when determining whether to
exercise its discretion and deny costs. Examples of
inappropriate factors include the size of a successful
litigant's recovery, <u>Lichter</u>, 269 F.2d at 146, and the
ability of the prevailing party to pay his or her
costs.  <u>Lewis</u>, 400 F.2d at 819.  Other courts have
identified factors that may be considered but, in the
absence of other relevant factors, do not warrant an
exercise of discretion under Rule 54(d).  An example of
<u>a relevant but insufficient basis for denying costs is
the good faith a losing party demonstrates in filing,
prosecuting or defending an action</u>.  <u>Coyne-Delany v.
Capital Development Board of Illinois</u>, 717 F.2d 385,
390 (7th Cir. 1983).  Another is the propriety with
which the losing party conducts the litigation. <u>Delta
Air Lines, Inc. v. Colbert</u>, 692 F.2d 489, 490 (7th Cir.
1982).

<u>White & White</u>, 786 F.2d at 730 (emphasis added).  As can be seen,

had this Court cited <u>White & White</u> instead of <u>Goosetree</u>, it would

have reviewed the same set of factors.  Thus, Plaintiff's reading

of <u>White & White</u> to assert that the Court applied the wrong

standard is incomplete at best.

Plaintiff's reliance on <u>Haynie</u> to contend that the

Court must find subjective bad faith to award Defendants costs

comes too late because she failed to cite it in her original
brief.  Essentially, therefore, she has waived reliance on
<u>Haynie</u>.  In any event, <u>Haynie</u> is not applicable because it
addressed an award of attorney's fees to the prevailing defendant
pursuant to 42 U.S.C. § 2000e-(5)(k), and not an award of costs
under Rule 54(d).

All that remains is Plaintiff's good faith and her
contention that an award of fees will chill other potential
employment discrimination plaintiffs.  Addressing the latter
argument first, despite Plaintiff's claims of a chilling effect,
the Sixth Circuit continues to indicate that an award of Rule 54
costs to prevailing employers in employment discrimination cases
is appropriate.  <u>See</u>, <u>e.g.</u>, <u>Hunter v. General Motors Corp.</u>, 161
Fed. Appx. 502, 503-04 (6th Cir. 2005); <u>Lindsay v. Pizza Hut of</u>
<u>Am., Tricon, Inc.</u>, 84 Fed. Appx. 582, 582-83 (6th Cir. 2003);
<u>Bawle v. Rockwell Int'l Corp.</u>, 79 Fed. Appx. 875, 877 (6th Cir.
2003); <u>Bivins v. United States Pipe & Foundry Co.</u>, 48 Fed. Appx.
570, 572-73 (6th Cir. 2002).  Therefore, the Court does not
believe that Plaintiff's claim of a chilling effect can overcome
the presumption that Defendants are entitled to recover their
costs.

Finally, the Court has never doubted that Plaintiff
brought and pursued her claims in good faith.  By the same token,
however, the jury's verdict establishes that Defendants also

acted in good faith in terminating Plaintiff's employment.  In a case that was not close or difficult, the Court does not believe that it is equitable to require an innocent employer to subsidize the cost of unsuccessful employment discrimination litigation despite all of the important and virtuous policies which are furthered by the various anti-discrimination statutes.

Plaintiff has not demonstrated that the Court's first order awarding costs to Defendants was a clear error of law or would result in manifest injustice.  Accordingly, Plaintiff's motion for reconsideration is not well-taken and is **DENIED.**

**IT IS SO ORDERED**

Date October 26, 2006            s/Sandra S. Beckwith
                         Sandra S. Beckwith, Chief Judge
                          United States District Court